1  DAVEN G. LOWHURST, St. Bar #124723, dglowhurst@thelen.com
2  PATRICK M. RYAN, St. Bar #203235, pryan@thelen.com
   THELEN REID BROWN RAYSMAN & STEINER LLP
3  101 Second Street, Suite 1800
   San Francisco, California  94105
4  Telephone:  (415) 371-1200
   Facsimile:   (415) 371-1211
5
6  Attorneys for Defendant
   JARDINE MATHESON HOLDINGS LIMITED
7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | HANA HILSENRATH AND OLIVER HILSENRATH, | Case No.:  3:07-CV-03312 CRB |
12 | | **DEFENDANT JARDINE MATHESON HOLDINGS LIMITED'S NOTICE OF MOTION AND MOTION TO DISMISS** |
   | Plaintiffs, | |
13 | | |
14 | v. | **[F.R.Civ.P. 12(b)(2) and (b)(5)]** |
15 | EQUITY TRUST (JERSEY) LIMITED, CANDOVER INVESTMENTS PLC, INSINGER DE BEAUFORT SA, JARDINE MATHESON HOLDINGS LIMITED, GRANT BROWN, MELVYN KALMAN, JOHN PERKINS, CAROLINE BOUGEARD, AND DOES 1-10, | |
16 | | |
17 | | Date:   August 31, 2007 |
   | | Time:   10:00 a.m. |
18 | | Place:  Courtroom 8 |
   | | Judge:  Honorable Charles R. Breyer |
19 | | |
   | Defendants. | Complaint Filed:  June 25, 2007 |
20 | | |

SF #1302652 v4

# TABLE OF CONTENTS

**Page**

I. SUMMARY OF MOTION AND REQUESTED RELIEF ................................................................ 1

II. THERE IS NO PERSONAL JURISDICTION OVER JARDINE ........................................... 2

    A. PLAINTIFFS BEAR THE BURDEN OF PROVING PERSONAL JURISDICTION OVER JARDINE ................................................................ 2

    B. THERE IS NO PERSONAL JURISDICTION OVER JARDINE ................................. 2

    C. THIS COURT DOES NOT HAVE GENERAL JURISDICTION OVER JARDINE ................................................................ 3

    D. THIS COURT DOES NOT HAVE SPECIFIC JURISDICTION OVER JARDINE FOR THE CLAIMS ASSERTED BY HILSENRATH .............................. 4

    E. EXERCISING JURISDICTION OVER JARDINE WOULD NOT BE REASONABLE ................................................................ 5

III. JARDINE HAS NOT BEEN SERVED WITH PROCESS ...................................................... 7

    A. JARDINE HAS NOT BEEN SERVED AT ALL ................................................................ 8

    B. HILSENRATH SENT HIS SUMMONS AND COMPLAINT VIA PRIVATE INTERNATIONAL OVERNIGHT COURIER, WHICH IS NOT PERMITTED UNDER THE FEDERAL RULES OF CIVIL PROCEDURE ........................................ 8

    C. SERVICE WAS DEFECTIVE BECAUSE IT WAS NOT PERFORMED BY THE CLERK OF THIS COURT ................................................................ 8

IV. CONCLUSION ................................................................ 10

SF #1302652 v4   -i-

DEFENDANT JARDINE'S MOTION TO DISMISS [F.R.Civ.P. 12(b)(2) AND (b)(5)]
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CRB]

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on August 31, 2007, 2007 at 10:00 a.m. in the above-entitled Court located at 450 Golden Gate Avenue, Courtroom 8, San Francisco, California, the Honorable Charles R. Breyer presiding, Defendant JARDINE MATHESON HOLDINGS LIMITED ("Jardine") will and hereby does move this Court under Rules 12(b)(2) and 12(b)(5) for entry of an Order dismissing this action filed by Hana and Oliver Hilsenrath (collectively, "Hilsenrath"), on the ground that there is no personal jurisdiction over Jardine, and on the ground that service of process was invalid and ineffective. This Motion is based on this Notice of Motion and Motion, the memorandum below, the Declaration of Charles Harry Wilken, all other pleadings and papers on file in this action, and such other matters as may be presented at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   SUMMARY OF MOTION AND REQUESTED RELIEF**

Hilsenrath's complaint alleges a variety of purported legal theories against Jardine, although it is difficult to comprehend the factual basis for the claims. But, as a threshold matter, the claims against Jardine, regardless of their factual basis, should be dismissed because there is no personal jurisdiction over Jardine, as Jardine does not have any, much less sufficient, contacts with California, nor would it be reasonable to force Jardine to defend itself in California.

In addition, the complaints should be dismissed since service of process on Jardine was defective for three independent reasons:

  A. Jardine was not served at all (papers were sent to another company in Hong Kong).

  B. Papers were sent via Federal Express, which is not permissible under the Federal Rules (F.R.Civ.P. 4; *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1430 (9th Cir. 1996).)

  C. Papers were sent by Hilsenrath himself without prior direction from this Court (F.R.Civ.P. 4(f)(3)), and were not mailed by the clerk of this Court in a method requiring return receipt as is required (F.R.Civ.P. 4(f)(2)(C)(ii)). (*Brockmeyer v. May*, 383 F.3d 798, 804–09 (9th Cir. 2004) (service by international mail to a Hague

SF #1302652 v4                -1-
DEFENDANT JARDINE'S MOTION TO DISMISS [F.R.Civ.P. 12(b)(2) AND (b)(5)]
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CRB]

Convention signatory, such as Hong Kong, must be made under direction of the Court or by the clerk of the Court with a method requiring return receipt).)

Accordingly, Jardine respectfully requests that this action be dismissed as against Jardine for lack of personal jurisdiction and for failure to effectively serve Jardine with the summons and complaint, in accordance with Rules 12(b)(2) and 12(b)(5).

## II. THERE IS NO PERSONAL JURISDICTION OVER JARDINE

### A. Plaintiffs Bear The Burden of Proving Personal Jurisdiction Over Jardine

Although a defendant is the moving party on a motion to dismiss for lack of personal jurisdiction, it is the plaintiff, by seeking to invoke the court's jurisdiction, who bears the burden of proving the necessary jurisdictional facts (e.g., the existence of "minimum contacts") between the defendant and the forum state. (*E.g., Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).)

### B. There Is No Personal Jurisdiction Over Jardine

Hilsenrath has not met (nor can he meet) his burden of proving that Jardine can be subjected to the personal jurisdiction of this Court.

The exercise of personal jurisdiction must be consistent with the demands of due process. (*E.g., Greenspun v. Del E. Webb Corp.*, 634 F. 2d 1204, 1207 (9th Cir. 1980).) To comport with the demands of due process, a defendant must have sufficient "minimal contacts" with the forum so that the court's exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice." (*Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977), citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).) When a defendant moves to dismiss a suit for lack of personal jurisdiction, the plaintiff has the burden of making "a prima facie showing of jurisdictional facts." (*Id*. at 1285-86.) The *prima facie* showing must be of either general or specific jurisdiction. (*Id*. at 1287.)

Here, Hilsenrath has not made and cannot make such a showing, as there are no facts to support a finding of general or specific jurisdiction over Jardine.

SF #1302652 v4                -2-
DEFENDANT JARDINE'S MOTION TO DISMISS [F.R.Civ.P. 12(b)(2) AND (b)(5)]
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CRB]

**C.     This Court Does Not Have General Jurisdiction Over Jardine**

In order for courts in California to have general personal jurisdiction over a defendant, the defendant must either:  (1) be domiciled in California; or (2) engage in "substantial, continuous and systematic" activities in California.  (*Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 445 (1952); *Data Disc*, 557 F.2d at 1287.)  Further, the Ninth Circuit consistently has recognized that general personal jurisdiction extends to foreign companies (as a result of "substantial, continuous and systematic" activities) only in very limited circumstances.  (*See, e.g., Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1242-43 (9th Cir. 1984) (finding no general jurisdiction over a West German corporation in California where the corporation's contact with California was limited to sales and marketing efforts in which the corporation employed consultants to, among other things, solicit orders and promote the defendant's products in California); *Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998) (affirmed and adopted by *Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001)) (finding no personal jurisdiction over French corporation where contracts in question were entered into in Asia, France and Bermuda; contracts concerned a pipeline in Burma; oil was to go to Thailand, not the United States; and governing law was the law of England, Bermuda or Burma).)

Here, Jardine does not have sufficient contacts with the State of California sufficient to establish general personal jurisdiction.  As a threshold matter, Jardine is not domiciled in California — rather, it is a company formed under the laws of Bermuda, and its registered office is located at Jardine House, 33-35 Reid Street, Hamilton, Bermuda.  (Wilken Decl., ¶3.)

Moreover, Jardine does not engage, nor has it ever engaged, in "substantial" or "continuous and systematic" contacts with the State of California.  In fact, Jardine has never been qualified to conduct business in California, nor has it ever conducted business in California.  (*Id.*, ¶4.)  Jardine has never incurred or paid taxes to the State of California, nor has it appointed an agent for service of process in California.  (*Id.*)  Jardine has not filed suit, nor has it been sued, in a California court.  (*Id.*)

Jardine has never maintained an office in California, nor has it advertised in California. (*Id.*, ¶3.)  Jardine does not have, and has never had, officers, directors, managing agents, or

SF #1302652 v4                -3-
DEFENDANT JARDINE'S MOTION TO DISMISS [F.R.Civ.P. 12(b)(2) AND (b)(5)]
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CRB]

employees working in California.  Jardine does not own, and has never owned, real property, personal property, bank accounts, or any other assets located in California.  Jardine does not advertise in California.  (*Id*.)

Accordingly, Jardine does not have minimum contacts with California sufficient to support a finding of general jurisdiction.[1]

**D.    This Court Does Not Have Specific Jurisdiction Over Jardine for the Claims Asserted by Hilsenrath**

Similarly, Jardine has not purposefully availed itself of the benefits of this forum in a manner sufficient to warrant a finding of specific jurisdiction.

The Ninth Circuit has articulated a three-prong test that must be satisfied for specific jurisdiction to exist:

> (1)  The nonresident defendant must do some act or consummate some transaction with the forum by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.
>
> (2)  ***The claim must be one which arises out of or results from the defendant's forum-related activities***.
>
> (3)  An exercise of jurisdiction must be "reasonable."

(*Data Disc*, 557 F.2d at 1287 (emphasis added).)  Put simply, whether specific jurisdiction exists "turns on an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action." *Id*.

The Ninth Circuit has described the first prong, often referred to as the "purposeful availment prong," as follows:

> "Purposeful availment requires that the defendant engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state.  This focus upon the affirmative conduct of the defendant is designed to ensure that the defendant is not

---

[1]  In addition to requiring "substantial, continuous and systematic" activities in California, exercise of general personal jurisdiction by California courts must be "reasonable."  (*See Amoco Egypt Oil Co. v. Leonis Navigation Co*., 1 F.3d 848, 851 fn. 2 (9th Cir. 1993).)  Because Jardine has not engaged in any activities in California, much less activities that are "continuous and systematic," the exercise of general jurisdiction would not be reasonable.

SF #1302652 v4                                    -4-
DEFENDANT JARDINE'S MOTION TO DISMISS [F.R.Civ.P. 12(b)(2) AND (b)(5)]
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CRB]

1         haled into court as the result of random, fortuitous or attenuated

2         contacts. . . ." [Citation.]  A defendant has purposely availed himself

3         of the benefits of a forum if he has deliberately "engaged in significant

4         activities within a State or has created 'continuing obligations'

5         between himself and the residents of the forum." [Citation.]

6 (*Gray & Co. v. Firstenberg Machinery Co.*, 913 F.2d 758, 760 (9th Cir. 1990).)  It is not sufficient

7 that the plaintiff simply resides in the forum state and thus may feel the effects of the defendant's

8 actions there.  (*Casualty Assurance Risk Ins. Brokerage Co. v. Dillon*, 976 F.2d 596, 601 (9th Cir.

9 1992).)

10         Here, there was no purposeful availment on the part of Jardine, nor were there any

11 activities at all by Jardine in California that relate in any way to the claims asserted in the

12 complaint.  (Wilken Decl., ¶¶2-6.)  Thus, Hilsenrath cannot establish specific jurisdiction.

13 **E.    Exercising Jurisdiction Over Jardine Would Not Be Reasonable**

14         Even assuming, for the sake of argument, that there was a basis for finding that Jardine

15 somehow purposefully availed itself of the benefits of California (which is not the case), and even

16 if there was a basis to find that there were activities of Jardine in California that gave rise to

17 Hilsenrath's claims (which also is not the case), exercising jurisdiction over Jardine would not be

18 reasonable.  For this independent reason, this motion should be granted.

19         The Ninth Circuit considers seven factors in determining the "reasonableness" of

20 exercising personal jurisdiction:  (1) The extent of the defendant's purposeful interjection into the

21 forum state; (2) the burden on the defendant of defending in the forum state; (3) the extent of

22 conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating

23 the dispute; (5) the most efficient forum for judicial resolution of the dispute; (6) the importance

24 of the forum to plaintiff's interest in convenient and effective relief; and (7) the existence of an

25 alternative forum.  (*E.g., Core-Vent Corp. v. Nobel Indus.*, *A.B.*, 11 F.3d 1482, 1487 (9th Cir.

26 1993).)

27         As to the first factor, where a defendant's contacts with the forum state are slight or

28 minimal, the exercise of jurisdiction likely is not reasonable.  (*E.g., Insurance Co. of N. America*

SF #1302652 v4     -5-
DEFENDANT JARDINE'S MOTION TO DISMISS [F.R.Civ.P. 12(b)(2) AND (b)(5)]
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CRB]

1  *v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981) ("the smaller the element of

2  purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its

3  exercise").)  Here, Jardine has no contacts with California.  Thus, the first factor weighs against a

4  finding of reasonableness.

5        As to the second factor, it would be extremely burdensome to require Jardine to defend an

6  action in California, nearly 3,250 miles from Bermuda, especially since Jardine has not conducted

7  any business in California, and has not consented to jurisdiction here.  (*See Rocke v. Canadian*

8  *Automobile Sport Club*, 660 F.2d 395, 399 (9th Cir. 1981) (recognizing that Canadian defendants

9  would face "significantly greater burden" in defending action in California rather than Canada).)

10  Thus, the second factor weighs against a finding of reasonableness.

11        As to the third factor, this Court's adjudication of the claims Hilsenrath has alleged in this

12  lawsuit against Jardine, a Bermuda company with its registered office in Bermuda, would interfere

13  with Bermuda's sovereign interest in deciding disputes that allegedly arise within its territory and

14  involve its citizens.  As recognized by the Ninth Circuit, "[w]here the defendant is a resident of a

15  foreign nation rather than a resident of another state within our federal system, the sovereignty

16  barrier is 'higher'."  (*Id.,* citing *Insurance Co. of N. America*, 649 F. 2d at 1272.)  Thus, the third

17  factor weighs against a finding of reasonableness.

18        As to the fourth factor, the fact that Hilsenrath now resides in California, standing alone, is

19  insufficient to justify jurisdiction against a foreign entity such as Jardine.  Further, this factor is

20  offset by the third factor, which gives substantial weight to Bermuda's interest in deciding the

21  dispute.  Indeed, it is well established that a jurisdictional analysis gives greater weight to the

22  burden faced by the defendant than to the burden the plaintiff would face if forced to litigate in a

23  different forum.  As explained by the Ninth Circuit:

24             The law of personal jurisdiction ... is asymmetrical.  The primary

25             concern is for the burden on a defendant.  [Citation.]  If the burdens

26             of trial are too great for a plaintiff, the plaintiff can decide not to sue

27             or, perhaps, to sue elsewhere.  A defendant has no such luxury.  The

28

SF #1302652 v4      -6-
DEFENDANT JARDINE'S MOTION TO DISMISS [F.R.Civ.P. 12(b)(2) AND (b)(5)]
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CRB]

1           burdens on a defendant are of particular significance if, as here, the

2           defendant has done little to reach out to the forum state.

3 (*Insurance Co. of N. Am.*, 649 F.2d at 1272.)  Thus, the fourth factor weighs against a finding of

4 reasonableness.

5     As to the fifth factor, this Court is not the most efficient forum for litigating this dispute

6 given that, according to Hilsenrath's complaint, every defendant is a foreign entity.  (Complaint,

7 ¶¶10, 14, 16, 19, 26.)  In addition, Hilsenrath's complaint is founded, at least in part, on alleged

8 misconduct transpiring outside California.  (*E.g.*, Complaint, ¶60.)  Thus, the fifth factor weighs

9 against a finding of reasonableness.

10     Finally, as to the sixth and seventh factors, Hilsenrath could pursue his purported claims

11 against Jardine in Bermuda; the fact that California might be more convenient to Hilsenrath is of

12 no consequence.  (*See Core-Vent*, 11 F.3d at 1490 (plaintiff, which bears burden of proving no

13 alternative forum exists, failed to prove it would be precluded from suing defendants in alternative

14 forum).)  Thus, the sixth and seventh factors weigh against a finding of reasonableness.

15     In sum, as Hilsenrath cannot meet his burden of establishing either general or specific

16 jurisdiction over Jardine, and as the exercise of jurisdiction would be unreasonable in any event,

17 Jardine respectfully requests that this motion to dismiss be granted.

18                     **III.    JARDINE HAS NOT BEEN SERVED WITH PROCESS**

19     "Once service is challenged, plaintiffs bear the burden of establishing that service was

20 valid under Rule 4.  4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure

21 §1083 (3d ed. 2002 & Supp. 2003); *see also Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788

22 F.2d 535, 538 (9th Cir. 1986)."  (*Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).)  Here,

23 Hilsenrath cannot meet his burden of proof because (A) Jardine was not served at all (papers were

24 sent to another company in Hong Kong), (B) service was by Federal Express, which is not

25 permissible under the Federal Rules, and (C) papers were sent by Hilsenrath himself, not mailed

26 by the clerk of this Court in a method requiring return receipt as is required, under the

27 circumstances here, under the Federal Rules.

28

SF #1302652 v4             -7-

**A.  Jardine Has Not Been Served At All**

Jardine is a Bermuda company.  Jardine has no registered agent in Hong Kong for service of process, nor has Jardine consented to service of process in Hong Kong.  (Wilken Decl., ¶6.)  Nonetheless, Hilsenrath sent his summons and complaint to some other entity in Hong Kong.  (DE 3 [Declaration of Hana and Oliver Hilsenrath Re Proof of Service on All Defendants Pursuant to Hague Convention], pp. 3, 6.)  Accordingly, Jardine has not been served at all, and for this independent reason, this action as against Jardine should be dismissed.

**B.  Hilsenrath Sent His Summons and Complaint Via Private International Overnight Courier, Which Is Not Permitted Under the Federal Rules of Civil Procedure**

Hilsenrath sent his summons and complaint to Hong Kong via a private international overnight courier — Federal Express.  (DE 3 [Decl. of Hana and Oliver Hilsenrath Re Proof of Service, etc.], pp. 2-4, 6.)  But the summons and complaint must be served in accordance with Federal Rule of Civil Procedure 4, which does not permit such service.  Though, under some circumstances, service by international "mail" is permitted (F.R.Civ.P. 4(f)(2)(C)),[2] the term "mail" as used in Rule 4 does not include private overnighter couriers such as Federal Express.  (*Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1430 (9th Cir. 1996) ("[D]elivery by Federal Express is not 'mail' for the purposes of Rule 4.") (citing *Audio Enterprises, Inc. v. B & W Loudspeakers*, 957 F.2d 406, 409 (7th Cir. 1992)).)  Accordingly, for this independent reason, service here was defective.

**C.  Service Was Defective Because It Was Not Performed By The Clerk of This Court**

Even if Hilsenrath had served Jardine in Bermuda (which he did not), and even if he had served process by international "mail" rather than by overnight courier (which he did not), his service would still be defective because, absent explicit direction from the Court, he would have been required to have the clerk of this Court mail the summons and complaint.

---

[2]  As discussed in the next subsection, under some circumstances, service by international mail is permitted when sent by the clerk of the Court by a method requiring return receipt.

SF #1302652 v4                                             -8-
DEFENDANT JARDINE'S MOTION TO DISMISS [F.R.Civ.P. 12(b)(2) AND (b)(5)]
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CRB]

Specifically, in order to comply with Rule 4 when serving a foreign defendant by mail, the plaintiff is not permitted to mail process himself unless he has been directed to do so by the Court.[3] (F.R.Civ.P. 4(f)(3); *Brockmeyer*, 383 F.3d at 808–09 (9th Cir. 2004).) .)  Rather, he must comply with Rule 4(f)(2)(C)(ii), which requires that service be mailed by the clerk of the Court, using a form of mail requiring a signed receipt.  In ruling on this exact point, the Ninth Circuit invalidated service of process where the plaintiff itself mailed its summons and complaint without prior direction from the district court, and did not have the clerk of the court mail process in a manner requiring return receipt in compliance with Rule 4(f)(2)(C)(ii):

> Service by international mail is affirmatively authorized by *Rule 4(f)(2)(C)(ii)*, which requires that service be sent by the clerk of the court, using a form of mail requiring a signed receipt. Service by international mail is also affirmatively authorized by *Rule 4(f)(3)*, which requires that the mailing procedure have been specifically directed by the district court. Service by international mail is not otherwise affirmatively authorized by *Rule 4(f)*. Plaintiffs neither followed the procedure prescribed in *Rule 4(f)(2)(C)(ii)* nor sought the approval of the district court under *Rule 4(f)(3)*.  They simply dropped the complaint and summons in a mailbox in Los Angeles, to be delivered by ordinary, international first class mail.  There is no affirmative authorization for such service in *Rule 4(f)*.  The attempted service was therefore ineffective…

(*Brockmeyer*, 383 F.3d at 804–09.)

Here, since Hilsenrath simply dropped the summons and complaint in a FedEx box without direction from the Court (F.R.Civ.P. 4(f)(3)), and without having the clerk of this Court perform

---

[3] In contrast to other types of service under the Hague Convention such as service through the destination country's "Central Authority," service by international mail under the Hague convention requires that such service be "permitted" by the laws of the sending country — here, the United States. (*Brockmeyer v. May*, 383 F.3d 798, 801, 804–09 (9th Cir. 2004).)  And service by mail is only permitted when performed by the clerk of the Court in a method requiring return receipt or with explicit direction from the Court.  (F.R.Civ.P. 4(f)(2)(C)(ii), 4(f)(3).)

SF #1302652 v4                -9-
DEFENDANT JARDINE'S MOTION TO DISMISS [F.R.Civ.P. 12(b)(2) AND (b)(5)]
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CRB]

service with return receipt required ((F.R.Civ.P. 4(f)(C)(ii)), his service is defective, even if he had served process on Jardine by mail.

### IV.   CONCLUSION

While it is difficult to understand the factual basis for the claims asserted against Jardine, it is clear that there is no personal jurisdiction over Jardine, as Jardine does not have any, much less sufficient, contacts with California.  Nor would it be reasonable to force Jardine, a Bermuda company, to defend itself in California.

In addition, service of process was defective because (A) Jardine was not served at all (papers were sent to another company in Hong Kong), (B) service by Federal Express is not permitted, and (C) papers were sent by Hilsenrath himself without Court direction (as is required under F.R.Civ.P. 4(f)(3)) and were not mailed by the clerk of this Court (as is required under F.R.Civ.P. 4(f)(2)(C)(ii)).

Accordingly, Jardine respectfully requests that this action be dismissed as against Jardine for lack of personal jurisdiction and for failure to serve Jardine with process.

Dated:  July 16, 2007                               Respectfully submitted,

THELEN REID BROWN RAYSMAN & STEINER LLP

By    */s/ Patrick M. Ryan*
DAVEN G. LOWHURST
PATRICK M. RYAN
Attorneys for Defendant
JARDINE MATHESON HOLDINGS LIMITED

SF #1302652 v4                                   -10-
DEFENDANT JARDINE'S MOTION TO DISMISS [F.R.Civ.P. 12(b)(2) AND (b)(5)]
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CRB]