QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John M. Potter (Bar No. 165843)
   johnpotter@quinnemanuel.com
   Rachel Herrick (Bar No. 191060)
   rachelherrick@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for Defendant
INSINGER DE BEAUFORT HOLDINGS S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HANA HILSENRATH AND OLIVER HILSENRATH,<br><br>Plaintiffs,<br><br>vs.<br><br>EQUITY TRUST (JERSEY) LIMITED, et al.,<br><br>Defendants. | CASE NO. C:07-CV-3312-CRB<br><br>INSINGER DE BEAUFORT HOLDINGS, S.A.'S EX PARTE APPLICATION TO EXTEND TIME TO RESPOND TO COMPLAINT<br><br>**[Civil Local Rule 7-10 and Judge Breyer's Standing Order]**<br><br>Judge:   Honorable Charles R. Breyer |

Pursuant to Civil Local Rule 7-10 and Judge Breyer's Standing Order dated June 30, 2004, Insinger de Beaufort Holdings S.A. hereby applies <u>ex parte</u> for an order granting it thirty (30) additional days to respond to Plaintiffs Hana and Oliver Hilsenrath's complaint.

**Factual and Procedural Background**

On June 25, 2007, Plaintiffs filed their 29-page complaint in this action ("Complaint"), alleging 11 causes of action against 8 named defendants, including Insinger de Beaufort Holdings S.A. ("Insinger"),[1] allegedly arising from events dating back more than 10 years. Insinger became aware of the Complaint on or about July 2, 2007, when a copy of the Complaint was received by another entity, via international Federal Express delivery, at Herengracht 537, 1017 BV Amsterdam, The Netherlands. Assuming the summons and Complaint properly had been served (1) upon defendant Insinger, and (2) in conformance with the Hague Convention and other governing law, Insinger's response to the Complaint would be due July 23, 2007. *See* Fed. R. Civ. P. 12(a).[2]

On Thursday, July 12, U.S. counsel for Insinger spoke with plaintiff Oliver Hilsenrath in an attempt to obtain a 30-day extension of time to respond to the Complaint. Declaration of Rachel M. Herrick in Support of Motion for Extension of Time to Respond to Complaint, ("Herrick Decl."), ¶ 2. Mr. Hilsenrath verbally agreed to the requested extension, which agreement Insinger's counsel confirmed by email later that evening. *Id.* However, the following day, Friday, July 13, upon being presented with the draft stipulation, Mr. Hilsenrath withdrew his agreement, stating that the standard "reservation of rights" clause Insinger had

---

[1] The caption of the Complaint erroneously refers to Insinger de Beaufort Holdings S.A. as "Insinger de Beaufort S.A." The body of the Complaint refers to Insinger de Beaufort Holdings S.A. *See* Complaint, ¶ 16.

[2] Though its investigation is ongoing, at this time it appears that Plaintiffs' attempt to serve Insinger was defective. By this application, Insinger in no way waives, and hereby expressly reserves, all rights (including those conferred by Fed. R. Civ. P. 12) to object to, contest or otherwise respond to the Complaint, and service thereof. This motion is not a general appearance and shall not be considered an acceptance of jurisdiction or waiver of service under the Federal Rules of Civil Procedure and the Hague Convention.

included in the stipulation was unacceptable.[3] *Id.*, ¶ 4. After further negotiation on July 13 and 16, Mr. Hilsenrath agreed to sign the stipulation only if Insinger would remove the reservation of rights language. *Id.*, ¶ 5. Insinger declined. *Id.* This motion followed.

### Argument

Insinger requests this extension so as to allow sufficient time in which to prepare a response to Plaintiffs' Complaint. Insinger is a foreign corporation incorporated and headquartered in Luxembourg, with no offices in the United States. The 29-page Complaint alleges 11 causes of action against 8 named defendants, allegedly arising from events dating back more than 10 years. To avoid substantial prejudice, Insinger will need additional time to confer with its recently retained United States counsel, investigate Plaintiffs' allegations, to research the applicable law and to prepare a response to the Complaint. Accordingly, for these reasons Insinger respectfully requests a 30-day extension of time in which to respond to the Complaint.

No previous time modifications have been sought or granted in the case, whether by stipulation or Court order. Insinger believes that the requested extension would have no effect on the schedule for the case.

Accordingly, Insinger respectfully requests that it be granted a 30-day extension of time to respond to the Complaint, and that its response be due by August 22, 2007.

DATED: July 18, 2007        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_____/s/_____
Rachel M. Herrick
Attorneys for Insinger de Beaufort Holdings S.A.

---

[3] The reservation of rights language read as follows: "By this stipulation, Insinger de Beaufort S.A. in no way waives, and hereby expressly reserves, all rights (including those conferred by Fed. R. Civ. P. 12) to object to, contest or otherwise respond to the Complaint and service thereof. This Stipulation is not an appearance and shall not be considered an acceptance of jurisdiction or waiver of service." Herrick Decl., ¶ 3.