QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John M. Potter (Bar No. 165843)
johnpotter@quinnemanuel.com
Rachel Herrick (Bar No. 191060)
rachelherrick@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Defendant
INSINGER DE BEAUFORT HOLDINGS S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HANA HILSENRATH AND OLIVER HILSENRATH,<br><br>Plaintiffs,<br><br>vs.<br><br>EQUITY TRUST (JERSEY) LIMITED, et al.,<br><br>Defendants. | CASE NO. C:07-CV-3312-CRB<br><br>DECLARATION OF RACHEL M. HERRICK IN SUPPORT OF INSINGER DE BEAUFORT HOLDINGS S.A.'S EX PARTE APPLICATION TO EXTEND TIME TO RESPOND TO COMPLAINT<br><br>**[Civil Local Rule 7-10 and Judge Breyer's Standing Order]**<br><br>Judge: Honorable Charles R. Breyer |

NEWJMP/2169913.1

Case No. C:07-CV-3312-CRB
Herrick Decl. ISO Ex Parte Application To Extend Time To Respond To Complaint

I, Rachel M. Herrick, declare as follows:

1. I am a member of the bar of the State of California, and I am admitted to practice before this Court. I am of counsel at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for defendant Insinger de Beaufort Holdings S.A. in the above-captioned action brought by Oliver and Hana Hilsenrath ("Plaintiffs"). I have personal, firsthand knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. On Thursday, July 12, 2007, I telephoned Oliver Hilsenrath to request a 30-day extension of time to respond to the complaint ("Complaint"). Mr. Hilsenrath verbally agreed to stipulate to the extension. I confirmed our agreement in an email to Mr. Hilsenrath later that day.

3. On Friday, July 13, I emailed Mr. Hilsenrath the draft stipulation for his review and signature. The draft stipulation included a standard reservation of rights clause which read as follows: "By this stipulation, Insinger de Beaufort S.A. in no way waives, and hereby expressly reserves, all rights (including those conferred by Fed. R. Civ. P. 12) to object to, contest or otherwise respond to the Complaint and service thereof. This Stipulation is not an appearance and shall not be considered an acceptance of jurisdiction or waiver of service."

4. Later on Friday, July 13, Mr. Hilsenrath responded to my email, stating that the stipulation was unacceptable, and suggesting that we file a motion instead. In subsequent emails, he explained that he could not stipulate to Insinger de Beaufort Holdings, S.A.'s reservation of rights clause, because he was uncertain as to the ramifications of the reservation.

5. After further email correspondence on July 13 and 16, Mr. Hilsenrath confirmed his position that he would sign the stipulation only if Insinger de Beaufort Holdings S.A. removed the reservation of rights clause. I informed Mr. Hilsenrath that his condition was unacceptable, and that we would ask the Court to extend Insinger's time to respond to the Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of July, 2007, at San Francisco, California.

Rachel M. Herrick

Case No. C:07-CV-3312-CRB
Herrick Decl. ISO Ex Parte Application To Extend Time To Respond To Complaint