1  LATHAM & WATKINS LLP
   Peter A. Wald (Bar No. 85705)
2    Darius Ogloza (Bar No. 176983)
   Sarah M. Ray (Bar No. 229670)
3    Katie Y. Chang (Bar No. 246247)
   505 Montgomery Street, Suite 2000
4  San Francisco, California  94111-2562
   Telephone: +415.391.0600
5  Facsimile: +415.395.8095

6  Attorneys for Defendant
   EQUITY TRUST (JERSEY) LIMITED

7

8            UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  HANA HILSENRATH AND OLIVER
   HILSENRATH,
12
          Plaintiffs,
13
      v.
14
   EQUITY TRUST (JERSEY) LIMITED,
15  CANDOVER INVESTMENTS PLC,
   INSINGER DE BEAUFORT SA, JARDINE
16  MATHESON HOLDINGS LIMITED,
   GRANT BROWN, MELVYN KALMAN,
17  JOHN PERKINS, CAROLINE BOUGEARD,
   AND DOES 1-10,
18
          Defendants.
19

CASE NO. C-07-3312 CRB

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANT EQUITY TRUST (JERSEY)
LIMITED'S MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE,
LACK OF PERSONAL JURISDICTION,
INSUFFICIENCY OF SERVICE OF PROCESS,
AND *FORUM NON CONVENIENS*

Date:    August 24, 2007
Time:    10:00 a.m.
Place:   Courtroom 8
Judge:  Honorable Charles R. Breyer

Complaint Filed:  June 25, 2007

20

21

22

23

24

25

26

27

28

Case Number: C-07-3312 CRB
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

|  |  |  |  | Page |
|---|---|---|---|---|
| I. | | SUMMARY OF ARGUMENT | | 1 |
| II. | | BACKGROUND FACTS | | 2 |
| | A. | Equity Trust (Jersey) Limited's Contacts With California | | 2 |
| | B. | The Management Agreements | | 2 |
| | C. | The Complaint | | 3 |
| III. | | ARGUMENT | | 4 |
| | A. | Venue is Improper Based On the CMAs' Forum Selection Clauses | | 4 |
| | | 1. | The CMAs' Forum Selection Clauses Should be Enforced | 5 |
| | | 2. | Resolution of Plaintiffs' claims will Require Interpretation of the Management Agreements | 6 |
| | B. | Exercise of Personal Jurisdiction Over ETJL Is Improper | | 6 |
| | | 1. | No General Jurisdiction Exists Over ETJL | 7 |
| | | 2. | No Specific Jurisdiction Exists Over ETJL | 8 |
| | C. | Plaintiffs' Service of ETJL Was Defective | | 12 |
| | D. | Dismissal Is Appropriate Under The Doctrine Of *Forum Non Conveniens* | | 13 |
| IV. | | CONCLUSION | | 16 |

Case Number: C-07-3312 CRB
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

Page(s)

## CASES

*American Home Assur. Co. v. TGL Container Lines, Ltd.*

    347 F. Supp. 2d 749 (N.D. Cal. 2004)............................................................ 4

*Arno v. Club Med, Inc.*

    22 F.3d 1464, 1467 (9th Cir. 1994) ............................................................ 15

*Asahi Metal Industry Co., Ltd. v. Superior Court*

    480 U.S. 102, 114 (1987) ............................................................................ 11

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*

    223 F.3d 1082, 1087 (9th Cir. 2000) .......................................................... 8

*Brockmeyer v. May*

    383 F.3d 798 (9th Cir. 2004) ............................................................... 1, 12

*Cheng v. Boeing Co.*

    708 F.2d 1406, 1411 (9th Cir. 1983) .......................................................... 14

*Core-Vent Corp. v. Nobel Indus. AB*

    11 F.3d 1482, 1485-1488 (9th Cir. 1993).............................................. 1, 10

*Creative Technology, Ltd. v. Aztech System PTE, Ltd.*

    61 F.3d 696, 702 (9th Cir. 1995) ................................................................ 13

*Doe v. American Nat'l Red Cross*

    112 F.3d 1048, 1051 & fn. 7 (9th Cir. 1997) .............................................. 10

*Doe v. Unocal Corp*

    27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998) .............................................. 7

*Doe v. Unocal Corp.*

    248 F.3d 915 (9th Cir. 2001) ................................................................. 7, 10

*FDIC v. British-American Ins. Co.*

    828 F.2d 1439, 1444 (9th Cir. 1987) .......................................................... 11

*Fields v. Sedgwick Associated Risks*, Ltd.

    796 F.2d 299, 302-03 (9th Cir. 1986).......................................................... 11

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

Page(s)

*Flintkote Co. v. General Accident Assur. Co. of Canada*

  2004 WL 1977220, at *2 (N.D. Cal. Sept. 7, 2004) ................................................. 7

*Hilsenrath et al. v. Nixon Peabody LLP*, 07-cv-03193-TEH (N.D. Cal. filed Jun.

  18, 2007) .................................................................................................................... 3

*Hilsenrath v. Shepard*

  C-07-3586 (N.D. Cal. filed Jul. 11, 2007) .............................................................. 9

*Indemnity Insurance Co. v. Schneider Freight USA, Inc.*

  2001 WL 1356247, at 5 (C.D. Cal. 2001) ............................................................... 6

*International Shoe Co. v. Washington*

  326 U.S. 310 (1945) ................................................................................................. 6

*Jackson v. Hayakawa*

  682 F.2d 1344, 1347 (9th Cir. 1982) ..................................................................... 12

*Jazini v. Nissan Motor Co., Ltd.*

  148 F.3d 181, 184, 186 (2d Cir. 1998) .................................................................... 6

*Kovzac Ltd. v. Westway Trading Co.*

  No. Civ.A. 02-3702, 2003 WL 21459953 (E.D.La. June 19, 2003) ...................... 13

*Kramer Motors v. British Leyland*

  628 F.2d 1175, 1177 (9th Cir. 1980) ..................................................................... 10

*KVOS, Inc. v. Assoc. Press*

  299 U.S. 269, 278 (1936) ......................................................................................... 6

*Lueck v. Sundstrand Corp.*

  236 F.3d 1137, 1142-43 (9th Cir. 2001) ................................................................ 13

*M/S Bremen v. Zapata Offshore Co.*

  407 U.S. 1 (1972) ..................................................................................................... 1

*M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1 (1972) ............................................... 4

*Manetti-Farrow, Inc. v. Gucci*

  858 F.2d 509 (9th Cir. 1988) .................................................................................... 1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB                                          iii
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

Page(s)

*Manetti-Farrow, Inc. v. Gucci*

   858 F.2d 509, 514 (9th Cir. 1988) ................................................................ 6

*Mayo Assoc. v. Union Bank of Switzerland*

   No. 97 Civ. 8835(AGS), 1998 WL 274283 (S.D.N.Y. May 27, 1998) .............. 13

*McGlinchy v. Shell Chem Co.*

   845 F.2d 802 (9th Cir. 1988) ............................................................ 8, 9

*Mississippi Publishing Corp. v. Murphree*

   326 U.S. 438 ............................................................................ 12

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*

   473 U.S. 614 (1985) ..................................................................... 5

*Murphy v. Schneider Nat'l, Inc.*

   362 F.3d 1133 (9th Cir. 2004) .......................................................... 4

*Northrop Corp. v. Triad Int'l Mktg, S.A.*

   811 F.2d 1265 (9th Cir. 1987) .......................................................... 5

*Omeluk v. Langsten Slip & Batbyggeri A/S*

   52 F.3d 267, 270 (9th Cir. 1995) ..................................................... 7, 8

*Pacific Atl. Trading Co. v. M/V Main Express*

   758 F.2d 1325, 1330 (9th Cir. 1985) .................................................. 11

*Peterson v. Kennedy*

   771 F.2d 1244, 1262 (9th Cir. 1985) .................................................. 8

*Piper Aircraft v. Reyno*

   454 U.S. 235, 254 n. 22 (1981) ....................................................... 13

*Richards v. Lloyd's of London*

   135 F.3d 1289 (9th Cir. 1998) ......................................................... 4

*Rocke v. Canadian Auto. Sport Club*

   660 F.2d 395 (9th Cir. 1981) ........................................................ 6, 11

Case Number: C-07-3312 CRB                                   iv
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

Page(s)

*Scherk v. Alberto-Culver Co.*

   417 U.S. 506,  517 n.11 (1974) ................................................................ 5

*Schwarzenegger v. Fred Martin Motor Co.*

   374 F.3d 797, 801 (9th Cir. 2004) ........................................................... 7

*Seecom Network Services Corp. v. COLT Telecom*

   2004 WL 1960174 (N.D. Cal. Sept. 3, 2004) .......................................... 4

*Starlight Co., Inc. v. Arlington Plastics Mach, Inc.*

   2001 WL 677908 (N.D. Cal. June 8, 2001) ............................................. 4

*Transure, Inc. v. Marsh & McLennan, Inc.*

   766 F.2d 1297 (9th Cir. 1985) ................................................................ 10

*U.S. v. Bestfoods*

   524 U.S. 61, 68 (2003) ........................................................................... 9

Rules

Fed. R. Civ. P. 45.................................................................................... 14

Federal Rule of Evidence 201 ................................................................ 2

FRCP  4(f)(3) ("Rule 4(f)(3) .................................................................. 12

FRCP 4(f)(2)(C)(ii)................................................................................. 12

Codes

California Code of Civil Procedure § 410.10 ......................................... 7

Case Number: C-07-3312 CRB                                    v

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF ARGUMENT

Plaintiffs filed their claims in this Court despite clear forum selection clauses contained in two Company Management Agreements ("CMA") that require them to seek relief against ETJL in the Island of Jersey. *See* Declaration of Philip Joseph Austin ("Austin Decl."), Exhs. F & G. Under controlling Supreme Court precedent, the CMAs' forum selection clauses mandate dismissal of plaintiffs' complaint. *See M/S Bremen v. Zapata Offshore Co.,* 407 U.S. 1 (1972) (forum selection clauses in international contracts are presumptively valid). *See also Manetti-Farrow, Inc. v. Gucci,* 858 F.2d 509, 514 (9th Cir. 1988) (forum selection clause will apply to a tort claim when the resolution of the claim relates to interpretation of the contract).

Alternatively, the complaint should be dismissed for lack of personal jurisdiction. From the time it entered into business relations with the Hilsenraths, and at all times since, ETJL has been a Jersey corporation lacking any substantial contact with California. *See Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482 (9th Cir. 1993). Indeed, plaintiffs have failed to allege a single contact to this forum to support exercise of personal jurisdiction over ETJL, and their purported service of process on ETJL was fatally flawed. *See Brockmeyer v. May,* 383 F.3d 798 (9th Cir. 2004). Lastly, even if plaintiffs had, or could, sufficiently plead facts to establish this as a permissible forum for this dispute (which is not the case), this Court should reject, under the *forum non conveniens* doctrine, plaintiffs' attempt to litigate in the Northern District of California this dispute over the administration of trust services provided to two Israeli citizens by a Jersey-based trust company. *See* Austin Decl., ¶12, Exhs. F & G; *Sussman v. Bank of Israel,* 801 F. Supp. 1068 (S.D.N.Y. 1992). The CMAs, which set forth the parties' respective rights and duties relating to those trust services, provide that they "shall be governed by construed and interpreted in accordance with the laws of the Island of Jersey," the forum in which these sophisticated parties agreed to resolve their disputes, where the alleged misconduct occurred and where most material witnesses and documents can be found. Austin Decl., Exhs. F&G.

//
//

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB                                    1
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

## II.    BACKGROUND FACTS

### A.    Equity Trust (Jersey) Limited's Contacts With California

ETJL is a leading trust company providing trust and fiduciary services to high net worth individuals, corporations and intermediaries. Austin Decl., ¶ 3.  ETJL offers its clients trust, estate planning, family office, structuring, investor support and other financial services. *See id.*  Although it has clients globally, ETJL has had limited contact with California.  For example, ETJL does not maintain offices or places of business in California and does not own or lease any property here.  *Id.*, ¶ 7.  ETJL does not have any officers, employees, agents, or maintain books or records in California.  *Id.*, ¶ 8.  Nor does it have bank accounts, telephone directory listings or mailing addresses in the state.  *Id.*  ETJL does not direct any advertising of its services toward California.  *Id.*, ¶ 6.  ETJL has never appointed an agent to receive service of process in California, and, in fact, no ETJL employee has traveled to California for business purposes in several years.  *Id.*, ¶¶ 9, 10.  Furthermore, at the time ETJL entered into contractual relations with the Hilsenraths, they were Israeli citizens.[1]  *See* Austin Decl., Exh. F; *see also* Declaration of Sarah M. Ray ("Ray Decl."), ¶ 2, Exh. A.  Plaintiffs themselves acknowledge that ETJL operates outside of the United States and has not acted in California.  Cmpl. ¶¶ 26, 39, 12.

### B.    The Management Agreements

ETJL does *not* provide tax or legal advice to its clients; nor does it maintain beneficial ownership of any of the structures (i.e., trusts, corporations, partnerships, limited liability companies, etc.) typically created during a client relationship.  *See* Austin Decl., ¶¶ 3, 15, 16.  However, ETJL's clients usually request administrative services for these structures —

---

[1]  The Hilsenraths entered into CMAs with ETJL (then called Matheson Trust Company (Jersey) Limited) in 1996 as "Hana and Oliver Hilsenrath of Haifa, Israel" and identified their address as "58 Shimshon Street, Haifa, Israel."  *See* Austin Decl., Exh. F.  Oliver Hilsenrath is presently engaged in as many as six actions in the Northern District of California.  At least two of these actions are directly related to the present matter.  The Hilsenraths have claimed Israeli citizenship and residency in numerous recently-filed submissions with this Court in other pending cases.  *See* Ray Decl., ¶¶ 3-5, Exhs. B, C & D; *see also* Appendix A to this Motion.  Pursuant to Federal Rule of Evidence 201, these documents are matters of which a court must take judicial notice.  FRE 201(d).  Certified copies of the Hilsenrath filings are attached as exhibits to the concurrently-filed Declaration of Sarah M. Ray.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB                                        2
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

services ETJL provides pursuant to CMAs which set forth the rights and duties that govern legal relations with its clients. In May 1996 and August 1999, the Hilsenraths entered into CMAs with ETJL as to two structures which they admit are implicated in this litigation:[2] (i) Aida Holdings Ltd.[3] and (ii) Oliver Hilsenrath Family Investments Limited ("OHFI"). Austin Decl., Exhs. F & G. These CMAs bind ETJL to "provide directors" to the Hilsenrath structures, who, in turn, are to "receive the advice and recommendations of the client." *Id.*, Exh. F, ¶ 1(f)-(g); Exh. G, ¶ 1(h)-(i). The CMAs limit the liability of ETJL and its agents, providing that "the client agrees":

> [n]either himself nor any third party of which he has control shall hold [ETJL] . . . responsible as a shareholder or as a director or other officer of the company, except in the case of fraud, wilful misconduct or gross negligence . . . and that furthermore he will indemnify [ETJL] . . . by reason of [ETJL] . . . acting or having acted . . . with regard to the affairs of the company . . . or by the provision by [ETJL] of such directors, shareholders, secretary or other officers . . . provided the same shall not be due to fraud, willful misconduct or gross negligence . . . .

*Id.*, Exhs. F ¶ 3(b) & G ¶ 3(b).

The CMAs also include forum selection and choice of law clauses requiring application of Jersey law and submission of disputes implicating the CMAs to the Jersey courts. Specifically, the CMAs provide as follows:

> 8. THIS AGREEMENT shall be governed by construed and interpreted in accordance with the laws of the Island of Jersey, and all parties shall submit to the jurisdiction of the courts of the said Island.

*See id.*, Exhs. F, ¶ 8 & G, ¶8.

## C.    The Complaint

Despite its length and significant number of claims, the complaint as to ETJL identifies a single direct act of alleged misconduct. Specifically, the complaint alleges that ETJL

---

[2]   While the complaint does not on its face identify the purportedly confidential information that was allegedly disclosed, the Hilsenraths filed a sworn declaration from David Dahan in a related action Hilsenrath recently filed against Dahan's former attorneys at Nixon, Peabody, *Hilsenrath et al. v. Nixon Peabody LLP*, 07-cv-03193-TEH (N.D. Cal. filed Jun. 18, 2007). In his Declaration, Dahan indicates that "Aida/Borazon" and "OHFI" confidential information was purportedly disclosed. Ray Decl., ¶ 5, Exh. D.

[3]   Aida Holdings Ltd. was renamed Borazon and continued to be administered under the same Company Management Agreement. Austin Decl., ¶ 13.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB                                                    3
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1    wrongly permitted attorneys acting for Janvrin Holdings Ltd., Crossgar Ltd. and Ryburn Ltd.

2    (collectively, "the BVI companies") — three British Virgin Island corporations beneficially

3    owned by two of Hilsenrath's former cronies, David Dahan ("Dahan") and Haim Haruvi

4    ("Haruvi"), who at the time had apparently had a falling out over business matters — to gain

5    access to allegedly confidential financial information in either November or December 2000,

6    which was then used against Hilsenrath.  The balance of the complaints' claims against ETJL

7    rests on the sole premise that ETJL should be held legally responsible for the BVI companies'

8    subsequent actions, including their use of the allegedly confidential information in March 2001

9    to pressure U.S. Wireless, a public company Hilsenrath then served as CEO, to enter into an

10   unfavorable settlement and to initiate an internal investigation by U.S. Wireless Board against

11   Oliver Hilsenrath, which led to his dismissal,[4] and prosecution of an allegedly malicious lawsuit

12   beginning in May 2002.  The complaint concedes that the three BVI companies are distinct,

13   separately incorporated entities from ETJL.  *See, e.g.,* Cmpl. ¶¶ 10-11; 36; 57-60.

14   **III.    ARGUMENT**

15         **A.    Venue is Improper Based On the CMAs' Forum Selection Clauses**

16                In *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1 (1972) ("The Bremen"), the

17   Supreme Court held that forum selection clauses in international contracts are presumptively

18   valid.  Since then, federal courts have consistently enforced such clauses.  *See, e.g., Richards v.*

19   *Lloyd's of London*, 135 F.3d 1289 (9th Cir. 1998); *American Home Assur. Co. v. TGL Container*

20   *Lines, Ltd.*, 347 F. Supp. 2d 749 (N.D. Cal. 2004); *Seecom Network Servs. Corp. v. COLT*

21   *Telecom*, 2004 WL 1960174 (N.D. Cal. Sept. 3, 2004); *Starlight Co., Inc. v. Arlington Plastics*

22   *Mach, Inc.*, 2001 WL 677908 (N.D. Cal. June 8, 2001).  A motion to dismiss for improper venue

23   is the appropriate means for raising contractual forum selection rights.  *Murphy v. Schneider*

24   *Nat'l, Inc.*, 362 F.3d 1133 (9th Cir. 2004).  In considering such motions, courts may "consider

25

26   [4]  The complaint implies that Mr. Hilsenrath was exonerated of defrauding U.S. Wireless
          shareholders. Cmpl. ¶ 76.  In fact, Hilsenrath was sentenced on July 9, 2007 after pleading
27        guilty to a count of securities fraud and tax evasion relating to his use of offshore accounts.
          *See* Ray Decl., ¶¶ 6-7, Exh. E.

28

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB                                    4
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1    facts outside the pleadings." *Seecom*, 2004 WL 1960174 (*citing Murphy*, 362 F.3d at 1137); *see*

2    *also American Home*, 347 F. Supp. 2d at 755.  Because the CMAs contain forum selection

3    clauses that specify Jersey as the parties' selected forum,  this forum is not a proper venue.

### 1.    The CMAs' Forum Selection Clauses Should be Enforced

5         In *Northrop Corp. v. Triad Int'l Mktg, S.A.*, the Ninth Circuit observed:  "choice

6    of law and choice of forum provisions in international commercial contracts are an almost

7    indispensable precondition to achievement of the orderliness and predictability essential to any

8    international business transaction, and should be enforced absent strong reasons to set them

9    aside." 811 F.2d 1265, 1270 (9th Cir. 1987).  In other words, "concerns of international comity,

10   respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the

11   international commercial system for predictability in the resolution of disputes require that we

12   enforce the parties' agreement, even assuming that a contrary result would be forthcoming in a

13   domestic context."  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614,

14   629 (1985).  As the Supreme Court has explained, in the context of international commercial

15   agreements, there is "no basis for a judgment that only United States laws and United States

16   courts should determine this controversy in the face of a solemn agreement between the parties

17   that such controversies be resolved elsewhere."  *Scherk v. Alberto-Culver Co.*, 417 U.S. 506,

18   517 n.11 (1974).

19        The enforcement of the CMAs' forum selection clauses is eminently reasonable

20   under the circumstances of this case.  The complaint's allegations that ETJL violated the

21   Hilsenraths' rights by granting the BVI companies' attorneys access to allegedly confidential

22   financial information requires interpretation of the CMAs, which are expressly governed by

23   Jersey law.  *See* Austin Decl., Exhs, F & G.  Moreover, the Hilsenraths are sophisticated, highly

24   educated parties who availed themselves of the trust services provided by ETJL because Jersey is

25   a "stable, low-tax  jurisdiction."  *See* Austin Decl., ¶ 12, Exh. E.  They should not now be heard

26   to complain that the forum they selected cannot offer them a fair and adequate hearing.

27   //

28   //

LATHAM&WATKINS⌐⌐
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB                              5
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1

2

### 2.    Resolution of Plaintiffs' Claims will Require Interpretation of the Management Agreements

3    The law is clear that a party "cannot avoid enforcement of the forum selection

4 clause merely by couching its claims in tort…" *Indemnity Ins. Co. v. Schneider Freight USA,*

5 *Inc.*, 2001 WL 1356247, at 5 (C.D. Cal. 2001).  Whether the forum selection clause will apply to

6 a tort claim "depends on whether resolution of the claim relates to interpretation of the contract."

7 *Manetti-Farrow, Inc. v. Gucci*, 858 F.2d 509, 514 (9th Cir. 1988).  In *Manetti-Farrow*,  the Ninth

8 Circuit enforced the forum selection clause before it, reasoning that each of plaintiff's tort claims

9 "relates in some way to rights and duties enumerated in the exclusive dealership contract" and,

10 therefore, "cannot be adjudicated without analyzing whether the parties were in compliance with

11 the contract."  858 F.2d at 514.  *Manetti-Farrow* is controlling and dispositive.  Although

12 couched in the language of tort, the Hilsenraths' claims against ETJL necessarily "relate in some

13 way to the rights and duties" enumerated in the CMAs they entered into with ETJL.  In fact, at

14 least five CMA clauses are directly implicated by the Hilsenraths' claim that ETJL improperly

15 disclosed their personal financial information: ¶ 3(b) (indemnity rights); ¶¶ 3(c) & 5 (effect of a

16 director's resignation); ¶¶ 3(b) & (e) (requirement of proof of bad faith); ¶ 3(e) (exculpation

17 clause); and ¶ 1(h) or 1(j) (creation and maintenance of financial records).  Austin Decl., Exhs. F

18 & G.  Because plaintiffs' claims against ETJL relate to "the rights and duties enumerated" in the

19 CMAs,  the parties' forum selection clauses should be enforced.

20    **B.    Exercise of Personal Jurisdiction Over ETJL Is Improper**

21    This Court may not exercise jurisdiction over ETJL absent the existence of

22 sufficient minimum contacts with California such that "maintenance of the suit must not offend

23 traditional notions of fair play and substantial justice."  *International Shoe Co. v. Washington*,

24 326 U.S. 310, 316 (1945) (citation omitted).  It is plaintiff's burden to allege and establish facts

25 demonstrating personal jurisdiction.  *KVOS, Inc. v. Assoc. Press*, 299 U.S. 269, 278 (1936).

26 Where, as here, plaintiffs have failed to allege sufficient facts to establish a *prima facie* showing,

27 the case must be dismissed.  *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184, 186 (2d Cir.

28 1998).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB                                    6
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1

2          California's long-arm statute, Code of Civil Procedure § 410.10, permits the

3   exercise of jurisdiction "on any basis not inconsistent with the Constitution of this state or of the

4   United States." Consequently, the inquiry turns on whether the assertion of jurisdiction comports

5   with due process. *Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395, 398 (9th Cir. 1981).

6   ETJL's lack of contacts with California in general, and in particular with respect to this action,

7   renders maintenance of this action unconstitutional.

8          **1.    No General Jurisdiction Exists Over ETJL**

9          Exercise of general jurisdiction over a non-resident firm requires contacts with the

10  forum that are so substantial, continuous, and systematic that the defendant should expect to be

11  haled into court on any cause of action. *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d

12  267, 270 (9th Cir. 1995). The contacts must be so pervasive as to "approximate a physical

13  presence within the state." *Flintkote Co. v. Gen. Accident Assur. Co. of Canada*, 2004 WL

14  1977220, at *2 (N.D. Cal. Sept. 7, 2004). It "is an exacting standard, as it should be, because a

15  finding of general jurisdiction permits a defendant to be haled into court in the forum state to

16  answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor*

17  *Co.*, 374 F.3d 797, 801 (9th Cir. 2004); *see also Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1181

18  (C.D. Cal. 1998) (*aff'd Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001)) (noting that the

19  Ninth Circuit extends general personal jurisdiction to foreign companies only in very limited

20  circumstances). No such contacts exist in this case. Plaintiffs' complaint describes ETJL as a

21  "foreign (non-US) corporation," Cmpl. ¶ 26, which operates "in far foreign countries, from

22  Jersey/UK." Cmpl. ¶ 39. ETJL was incorporated as a private company under the Companies

23  (Jersey) Law 1991. Austin Decl., ¶ 3. It is headquartered in Jersey on the Channel Islands of the

24  United Kingdom. *Id.* It does not have offices in California. *Id.*, ¶ 7. It owns no property in

25  California and does not advertise in California or in publications expected to reach California.

26  *Id.*, ¶¶ 6, 7. It does not have any officers, employees, or agents in California. *Id.*, ¶ 8. In fact,

27  no ETJL employees conduct regular business trips to California. *Id.*, ¶ 10.

28  //

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB                              7
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1  //

2  **2.    No Specific Jurisdiction Exists Over ETJL**

3      Demonstrating specific jurisdiction over a defendant requires a showing that: (1)

4  defendant performed some act by which it "purposefully avail[ed] [it]sel[f] of the privilege of

5  conducting activities in the forum," *and* (2) plaintiffs' claims "arise out of" or "result[] from" the

6  defendant's forum-related contacts—*i.e.*, a nexus test, *and* (3) the forum's exercise of personal

7  jurisdiction in the particular case comports with "fair play and substantial justice."[5]  *Omeluk*, 52

8  F.3d at 270.  The complaint fails this three-part test.

9      a.    ETJL Did Not "Purposefully Avail" Itself of the Forum's Benefits

10      The complaint's scant allegations of direct misconduct by ETJL confirm that

11  ETJL did not "purposefully avail" itself of this forum's benefits.  In fact, the allegations tend to

12  confirm that exercise of jurisdiction over ETJL by this Court is improper.  Specifically, ETJL

13  performed all services for the Hilsenraths in Jersey, and these services bore no substantial

14  connection to California.  The complaint alleges that ETJL, while in possession of allegedly

15  confidential financial information in Jersey pursuant to agreements that were to be interpreted

16  according to Jersey law, breached its duties to the Hilsenraths by disclosing this information to

17  lawyers for the BVI companies in London, England.  Notably, all of these predicate acts

18  occurred in Jersey and London.

19      None of these acts were "expressly aimed" at California residents.[6]  In fact,

20  during all relevant times, the Hilsenraths considered themselves to be Israeli citizens with their

21  permanent home in Israel.   For example, when the Hilsenraths entered into CMAs with ETJL in

22  1996 they did so as  "Hana and Oliver Hilsenrath of Haifa, Israel" and identified their address as

23

---

24  [5]  Where the court finds that plaintiffs have not met the "purposeful availment" prong of the
25  three-part personal jurisdiction test, it need not even reach other prongs. *McGlinchy v. Shell
    Chem. Co.*, 845 F.2d 802, 817 (9th Cir. 1988).

26  [6]  The "expressly aiming" requirement is satisfied only when it is alleged that the nonresident
27  engaged in "wrongful conduct targeted at a plaintiff whom the defendant knows to be a
    *resident of the forum state.*" *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082,
28  1087 (9th Cir. 2000) (italics added); *see also Schwarzenegger*, 374 F.3d at 804.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB                                                          8
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1  "58 Shimshon Street, Haifa, Israel." *See* Austin Decl., Exh. F. As they have admitted in a

2  motion filed November 30, 2006 in a related case: "Oliver and Hana Hilsenrath … at all times

3  relevant to [their proposed cross-complaint alleging ETJL's purportedly wrongful disclosure of

4  their financial information] have maintained their domicile in Israel."[7] *See* Ray Decl., ¶2, Exh.

5  A. In short, ETJL could not have "expressly aimed" any conduct toward this forum when the

6  Hilsenraths themselves claimed to be Israelis during all relevant times.[8] Exercising personal

7  jurisdiction over ETJL under these circumstances would be improper. *See McGlinchy*, 845 F.2d

8  at 802 (no purposeful availment where "substance of the relationship was formed" outside of

9  California, "contract makes no reference to California…either as [plaintiff's] place of residence

10  or as a forum for dispute settlement," "no authorized agents of [defendant] were alleged to have

11  performed any portion of the contract in California, and other alleged acts within California "fail

12  to state a *prima facie* case").

13          The Hilsenraths' remaining allegations against ETJL are based not on any acts

14  undertaken by ETJL or by employees on its behalf but on alleged misconduct by what the

15  complaint admits were three separate and distinct corporations – Janvrin Holdings, Ltd., Ryburn

16  Ltd., and Crossgar, Ltd. – and their lawyers.[9] ETJL's sole relationship with the three BVI

---

[7] The only apparent contact with California is an exchange of correspondence between ETJL and Mr. Hilsenrath that occurred when the latter was present in California. *See* Austin Decl., ¶12, Exh. E. These communications are not sufficient to satisfy the purposeful availment test. *See Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) ("use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state"). As noted in the text, the Hilsenraths affirmed their status as Israeli citizens and residents immediately after these communications occurred. *See* Austin Decl., Exh. F.

[8] The Hilsenraths continue to assert that they are Israeli domiciles today. In *Hilsenrath v. Shepard*, C-07-3586 (N.D. Cal. filed Jul. 11, 2007), a case filed on July 11, 2007, the Hilsenraths claim that they are "residents of Tel Aviv, Israel" that "presently reside in California *for the sole purpose of defending legal actions brought by the U.S. government*." Ray Decl., ¶ 8, Exh. F at ¶21 and n.1 (emphasis added).

[9] The Hilsenraths repeatedly admit that ETJL and the BVI companies are separate and distinct entities. *See* Cmpl. ¶¶ 10, 11 (describing the relationship as similar to that of a parent and subsidiary); *see also* Cmpl. ¶ 36 (noting that the BVI companies were incorporated in BVI and not in Jersey as ETJL is). Further, the Hilsenraths admit that ETJL's purported involvement with the alleged wrongful acts was solely through their alleged ownership of the BVI companies. *See* Cmpl. ¶ 36 (describing the "criminal activities" as being done by the "shell corporations"). *See also* Cmpl. ¶ 57-60 (admitting that it was the BVI companies that

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB                                        9
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1   companies was, as with the Hilsenrath structures, contractual. Austin Decl., ¶¶ 12-14, 16, Exhs.

2   F, G, H, I. Moreover, even if the complaint's incorrect allegation that ETJL "owned" the BVI

3   companies[10] is accepted as true for purposes of this motion, the law remains clear that the acts of

4   these separately incorporated entities cannot be imputed to ETJL for purposes of establishing

5   personal jurisdiction. *See, e.g., U.S. v. Bestfoods*, 524 U.S. 61, 68 (2003) ("it is a general

6   principle of corporate law deeply ingrained in our legal system that a corporation is not liable for

7   the acts of its subsidiaries"); *Doe*, 248 F.3d at 926 (it is "entirely appropriate for directors of a

8   parent corporation to serve as directors of its subsidiary") (citations omitted); *Transure, Inc. v.

9   Marsh & McLennan, Inc.,* 766 F.2d 1297, 1299 (9th Cir. 1985) ("[c]orporate separation, though

10  perhaps merely formal, [is] real") (citations omitted); *Kramer Motors v. British Leyland*, 628

11  F.2d 1175, 1177 (9th Cir. 1980) (subsidiary's contacts could not be imputed to parent for

12  personal jurisdiction where parent guaranteed loans for subsidiary, approved major decisions,

13  placed its own directors on the subsidiary's board, and was closely involved in pricing

14  decisions).

15              b.      The Hilsenraths' Claims Do No "Arise Out Of" Forum-Related

16                      Activities

17          The Ninth Circuit has adopted a "but for" test for determining whether a

18  plaintiffs' injury arises out of a defendant's forum-related activities. *Doe v. American Nat'l Red

19  Cross*, 112 F.3d 1048, 1051 & n.7 (9th Cir. 1997). Under this standard, a claim "arises out of" a

20  defendant's forum-related activities if plaintiff would not have suffered loss but for defendant's

21  activities in the forum. Here, because they cannot allege that ETJL performed any activities

22  within California, the complaint also fails this prong as well.

23              c.      The Exercise of Specific Jurisdiction Over Equity Trust Would

24                      Not Be Reasonable

25          The Ninth Circuit employs a seven factor balancing test to determine whether

26  _____

27  "hired" Nixon Peabody and purportedly conspired and that ETJL was party to this "scheme"
    only through their alleged ownership of the BVI companies).

28  [10]  *See, e.g.,* Cmpl. ¶¶ 10-11.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB                                        10
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1  exercise of personal jurisdiction over a defendant would be reasonable. *Core-Vent*, 11 F.3d at

2  1485-88. Consideration of these factors confirms that exercise of personal jurisdiction over

3  ETJL is not proper.

4      *(1) The extent of ETJL's "purposeful interjection"* – As shown above in the

5  "minimum contacts" analysis, there no purposeful interjection by ETJL into California.

6      *(2) The burden on ETJL of defending in this forum* – There is a heavy burden

7  on a defendant located in Jersey to defend actions taken seven years ago half-way across the

8  world in a forum in which it has no business presence. *See Asahi Metal Industry Co., Ltd. v.*

9  *Superior Court*, 480 U.S. 102, 114 (1987) ("unique burdens" placed upon a foreign national

10  defending itself locally "should have significant weight" in assessing the "reasonableness" of a

11  local court's exercise of personal jurisdiction); *see also Pacific Atl. Trading Co. v. M/V Main*

12  *Express*, 758 F.2d 1325, 1330 (9th Cir. 1985) (burden on defendant is of paramount importance).

13      *(3) The extent of conflict with the sovereignty of Jersey's courts* – Clearly, the

14  courts of Jersey have a strong interest in adjudicating the issues in dispute here as they concern

15  the relationship between a Jersey company and the beneficial owner of structures created and

16  administered by the Jersey company pursuant to agreements governed by Jersey law. *See Fields*

17  *v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 302-03 (9th Cir. 1986).

18      *(4) California's interest in adjudicating the dispute* – California has no genuine

19  interest in the present dispute where as shown above, the Hilsenrath were (and continue to be

20  today) foreign domiciles,[11] and California law has no application to any purported wrongdoing

21  by ETJL. *See FDIC v. British-American Ins. Co.*, 828 F.2d 1439, 1444 (9th Cir. 1987)

22  (California's interest in adjudicating is small where its law does not govern the dispute).

23      *(5) The most efficient judicial resolution of the controversy* – The availability of

24  evidence and witnesses clearly favors Jersey over California, as the defendant's operations are in

25  Jersey, as well as the individual defendants and other witnesses. *See id.* Further, as the laws of

26

27  [11]  The Hilsenraths' transitory presence in California is to answer for Oliver Hilsenrath's *admitted* criminal activity. Ray Decl., ¶¶ 6, 7, 13, Exhs. E, K.

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB                                                11
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1   Jersey govern this dispute, resolution in a Jersey forum is clearly more efficient than engaging

2   Jersey legal experts to advise this Court on the laws of Jersey. *See Rocke*, 660 F.2d at 399

3   (Quebec is the most efficient forum where Quebec law likely controls).

4           ***(6) Plaintiff's interest in convenient and effective relief and (7) the existence of***

5   ***an alternative forum*** – As the efficiencies favor litigating this matter in Jersey, plaintiffs appear

6   to have selected a wholly unsuitable forum if their interest genuinely is in acquiring convenient

7   and effective relief. Not only does an alternative forum available to the Hilsenraths exist, the

8   courts of Jersey, but the Hilsenraths affirmatively chose Jersey's forum and laws to adjudicate

9   their disputes with ETJL at the time they contracted for trust services.

10          In sum, subjecting ETJL to the jurisdiction of this Court would be unreasonable in

11  light of controlling precedent.

12  **C.      Plaintiffs' Service of ETJL Was Defective**

13          This Court lacks jurisdiction over ETJL for the independent reason that plaintiffs'

14  service of process was insufficient. *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438,

15  444-45 (proper service of a summons is the basis by which a court asserts jurisdiction over the

16  person of the party being served). Plaintiffs bear the burden of establishing that service was

17  properly effected. *Brockmeyer*, 383 F.3d at 801.

18          In *Brockmeyer*, the Ninth Circuit addressed whether service of a summons and

19  complaint by mail from the United States to the United Kingdom satisfies the requirements of

20  federal law. The court held that because the Hague Convention does not authorize service by

21  international mail, "any service by mail … [i]s required to be performed in accordance with the

22  requirements of Rule 4(f)." *Id.* at 808. Specifically, service by international mail is permissible

23  only if it complies with the FRCP 4(f)(2)(C)(ii), "which requires that service be sent by the clerk

24  of the court, using a form of mail requiring a signed receipt" or with FRCP  4(f)(3) ("Rule

25  4(f)(3)"), "which requires that the mailing procedure have been specifically directed by the

26  district court." *Id.* at 808-09.

27          Plaintiffs attempted to serve ETJL by personally sending the summons and the

28  complaint through Federal Express. Ray Decl., ¶ 9, Exh. G. The notice was not sent by the clerk

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB                     12
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1    of the district court, as required by *Brockmeyer*, but was, instead, sent directly by plaintiffs. *See*

2    *id.* There is no indication that plaintiffs obtained the Court's permission under Rule 4(f)(3) to

3    mail the summons and complaint directly to ETJL. Accordingly, plaintiffs' service of process on

4    ETJL is insufficient, and, as a result, this Court lacks jurisdiction over it for this independent

5    reason. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

6        **D.**    <u>**Dismissal Is Appropriate Under The Doctrine Of *Forum Non Conveniens***</u>

7        A Court may dismiss an action under the doctrine of *forum non conveniens* upon

8    finding: (1) that an alternative forum exists, and (2) the balance of the "private interest" and

9    "public interest" factors weighs in favor of dismissing the action. *Lueck v. Sundstrand Corp.*,

10    236 F.3d 1137, 1142-43 (9th Cir. 2001) (citations omitted). The CMAs' forum selection clauses

11    establish the availability of an alternative forum in Jersey, and the public and private interest

12    factors favor Jersey as the proper forum for addressing the Hilsenraths' claims against ETJL.

13        An alternative forum ordinarily exists when the defendant is amenable to process,

14    unless the remedy offered by the other forum is clearly unsatisfactory. *Piper Aircraft v. Reyno*,

15    454 U.S. 235, 254 n. 22 (1981). ETJL is based in Jersey, organized under Jersey law, and is

16    amenable to process there. Austin Decl., ¶¶ 3, 17. Moreover, courts in the U.S. have on more

17    than one occasion concluded that the Jersey Royal Court is more than capable of providing

18    plaintiffs with an adequate remedy. *See Kovzac Ltd. v. Westway Trading Co.*, No. Civ.A. 02-

19    3702, 2003 WL 21459953 (E.D. La. June 19, 2003); *Mayo Assoc. v. Union Bank of Switzerland*,

20    No. 97 Civ. 8835(AGS), 1998 WL 274283 (S.D.N.Y. May 27, 1998). In fact, in *Mayo*

21    *Associates*, which involved an alleged breach of fiduciary duty like the claims at issue here, the

22    Southern District of New York found that Jersey was a "sophisticated financial and commercial

23    legal regime" and concluded that Jersey law provided adequate redress for plaintiffs' breach of

24    fiduciary duty claims. As the Ninth Circuit has held, the alternative forum simply must "provide

25    some potential avenue for redress." *Creative Tech., Ltd. v. Aztech System PTE, Ltd.*, 61 F.3d

26    696, 702 (9th Cir. 1995). That avenue is available and should be pursued, in Jersey.

27        The balance of private and public factors also weighs heavily in favor of Jersey.

28    The Ninth Circuit has identified the following relevant private interest factors:

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB                                    13
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1        (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

The public interest factors include:

        (1) local interest of lawsuit; (2) the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to this forum.

*Lueck*, 236 F.3d at 1145, 1174 (citations omitted).

        Each of the private interest factors counsels that Jersey is the proper forum for this dispute. Defendants in this case all reside outside the United States, and litigation here would cause them not insignificant hardship.[12] Austin Decl., ¶¶ 17, 18. The law is clear that "[t]he presence of American plaintiffs . . . is not in and of itself sufficient to bar a district court from dismissing a case on the ground of *forum non conveniens*." *Cheng v. Boeing Co.*, 708 F.2d 1406, 1411 (9th Cir. 1983). *Cheng's* mandate bears particular force here, where plaintiffs themselves, in this very district are claiming *Israeli citizenship and residence* in another pending case where doing so serves their strategic interests. *See* Ray Decl., ¶ 2-4, 8, Exhs. A-C, F; *see also* Appendix A. As the Southern District of New York has concluded: "[w]here an American plaintiff chooses to invest in a foreign country and then complains of fraudulent acts occurring primarily in that country, the plaintiff's ability to rely upon citizenship as a talisman against *forum non conveniens* dismissal is diminished." *Sussman v. Bank of Israel*, 801 F.Supp. 1068, 1073 (S.D.N.Y. 1992). In *Sussman*, plaintiff-investors in an Israeli bank sought damages for alleged fraudulent activities committed by Israeli defendants in Israel. *Id.* at 1069. Although one plaintiff was an American citizen residing in New York, the Southern District dismissed on *forum non conveniens* grounds. *Id.* at 1079. The facts in *Sussman* certainly warrant dismissal here, where the Hilsenraths' presence in the U.S. is, by their own admission, solely for purposes

---

[12] This is particularly true for the four individual defendants named in the complaint, all of whom reside in Jersey. Austin Decl., ¶ 18.

ᴸATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB
14
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1    of defending related criminal and civil claims asserted by the U.S. government. *See* Ray Decl., ¶

2    8, Exh. F.

3           Because the core of plaintiffs' case is the alleged "documents-harvesting meeting"

4    that purportedly took place in London in December 2000 (Cmpl. ¶ 60-61) and involved

5    documents generated and maintained in Jersey, the key evidence and witnesses are located in

6    England or in Jersey. Few witnesses are located in California; most reside outside the Court's

7    subpoena power. *See* Fed. R. Civ. P. 45. Compelling discovery of third-party witnesses in

8    California will be cumbersome, expensive and time-consuming.

9           The public interest factors also weigh heavily towards litigation in Jersey. The

10   CMAs signed by plaintiffs and ETJL designate that "this agreement shall be governed by

11   construed and interpreted in accordance with the laws of the Island of Jersey." *See* Austin Decl.,

12   Exhs. F, ¶ 8 & G, ¶ 8. Accordingly, numerous key issues, including the scope of ETJL's duties

13   to the Hilsenraths, available defenses, and the applicable statute(s) of limitations, among many

14   others, will be governed by Jersey law. As noted above, resolving plaintiffs' claims against

15   ETJL will require application of Jersey law to at least five covenants set forth in the CMAs. *See*

16   Austin Decl., Exhs. F & G. Because ETJL is organized under the laws of Jersey, Jersey properly

17   has a "vital interest" in formulating policies that will greatly affect "investment and enterprise"

18   within its borders. *Arno v. Club Med, Inc.*, 22 F.3d 1464, 1467 (9th Cir. 1994).

19          In short, this forum should not bear the burden of resolving a dispute that has no

20   substantial connection to it, especially where, as here, the parties have contracted for such

21   disputes to be resolved elsewhere. Simply put, Jersey courts are better suited to apply

22   controlling Jersey law.

23   //

24   //

25   //

26   //

27   //

28   //

Case Number: C-07-3312 CRB                                    15
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*

1    **IV.    CONCLUSION**

2              For the foregoing reasons, ETJL respectfully requests that this action be dismissed

3    for improper venue.  Alternatively, the Court should dismiss this action for lack of proper

4    service, lack of jurisdiction over ETJL or based upon *forum non conveniens*.

5    Dated: July 19, 2007

6                                              Respectfully Submitted,

7                                              LATHAM & WATKINS LLP

8

9                                              By    /s/ Sarah Ray
                                               ATTORNEYS FOR EQUITY TRUST
10                                             (JERSEY) LIMITED

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Number: C-07-3312 CRB                           16
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF
SERVICE OF PROCESS AND *FORUM NON CONVENIENS*