LATHAM & WATKINS LLP
  Peter Wald (Bar No. 85705)
  Darius Ogloza (Bar No. 176983)
  Sarah M. Ray (Bar No. 229670)
  Katie Chang (Bar No. 246247)
505 Montgomery Street, Suite 2000
San Francisco, California  94111-2562
Telephone: +415.391.0600
Facsimile: +415.395.8095

Attorneys for Defendants
EQUITY TRUST (JERSEY) LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANA HILSENRATH AND OLIVER HILSENRATH,<br><br>                    Plaintiffs,<br><br>          v.<br><br>EQUITY TRUST (JERSEY) LIMITED, CANDOVER INVESTMENTS PLC, INSINGER DE BEAUFORT SA, JARDINE MATHESON HOLDINGS LIMITED, GRANT BROWN, MELVYN KALMAN, JOHN PERKINS, CAROLINE BOUGEARD, AND DOES 1-10,<br><br>                    Defendants. | CASE NO. C-07-3312 CRB<br><br>DECLARATION OF PHILIP JOSEPH AUSTIN IN SUPPORT OF EQUITY TRUST (JERSEY) LTD'S MOTION TO DISMISS FOR IMPROPER VENUE; LACK OF PERSONAL JURISDICTION; INSUFFICIENCY OF SERVICE OF PROCESS AND *FORUM NON CONVENIENS*<br><br>Date:      August 24, 2007<br>Time:      10:00 a.m.<br>Place:     Courtroom 8<br>Judge:     Honorable Charles R. Breyer<br><br>Complaint Filed:  June 25, 2007 |

          I, PHILIP JOSEPH AUSTIN, declare as follows:

          1.      I currently am a Managing Director of Equity Trust (Jersey) Limited

("ETJL") and have held this position since 8 May 2006.  In my capacity as Managing

Director, I have access to, and would in the ordinary course of ETJL's business become

aware of information with respect to:  the location of ETJL's officers, directors, managing

agents and employees; the location of ETJL's offices, real property, personal property, bank

accounts and other assets; the location of ETJL's business activities; the payment of taxes;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\616928.2
Case Number: C-07-3312 CRB
DECLARATION OF PHILIP JOSEPH AUSTIN

1  the appointment of agents for service of process; and the location of legal actions pursued or

2  defended by ETJL.

3         2.     I have personal and first-hand knowledge of all of the facts stated in

4  this Declaration, except where otherwise stated that my knowledge is based on information

5  and belief. If called upon to do so, I could, and would, testify competently thereto.

6         3.     ETJL is a leading trust company which provides trust and fiduciary

7  services to high net worth individuals, corporations and intermediaries. ETJL offers its

8  clients trust, estate planning, family office, structuring, investor support and other financial

9  services. ETJL was first incorporated as a private company under the Companies (Jersey)

10  Law 1991. Both its headquarters and operations are located exclusively in Jersey, Channel

11  Islands in the United Kingdom.

12         4.     The company known as ETJL today has undergone several changes

13  in its name over the years, principally as a result of changes in ownership. Originally

14  incorporated 28 January 1994 as Integro Trust (Jersey) Limited, it changed its name to

15  Insinger Trust (Jersey) Limited on 13 January 1998. A further name change occurred on 20

16  July 2001, when it became known as Insinger de Beaufort Trust (Jersey) Limited. Since

17  July 18, 2003, the company has been known as Equity Trust (Jersey) Limited.

18         5.     A true and correct copy of the Certificate of Incorporation of Integro

19  Trust (Jersey) Limited is attached as Exhibit A. A true and correct copy of the Certificate of

20  Incorporation on Change of Name for Insinger Trust (Jersey) Limited is attached as Exhibit

21  B. A true and correct copy of the Certificate of Incorporation on Change of Name for

22  Insinger de Beaufort Trust (Jersey) Limited is attached as Exhibit C. A true and correct

23  copy of Certificate of Incorporation and Change of Name for Equity Trust (Jersey) Limited

24  is attached as Exhibit D.

25         6.     ETJL's management, administrator and directorship services are

26  performed from St. Helier, Jersey, the location of its headquarters and operations. ETJL

27  has clients around the world. However, ETJL does not specifically advertise in an effort to

28

1  provide services in California, nor in publications expected to reach the State of California.

2  I do not understand that ETJL has ever applied for any license to do business in California.

3         7.     ETJL does not maintain any offices or places of business in

4  California and does not own or lease any real or personal property in California.

5         8.     ETJL does not maintain any officers, employees, or agents in

6  California; it does not have bank accounts in California or telephones, telephone directory

7  listings, or mailing addresses.  ETJL does not maintain books or records in California.

8         9.     ETJL has never appointed an agent to receive service of process in

9  California.

10         10.    I have inquired of ETJL's travel consultants and have been advised

11  that no ETJL employees conduct regular trips to California for business purposes, and am

12  not aware that any such travel occurred during the time period relevant to this action.

13         11.    In connection with the preparation of this Declaration, I reviewed

14  business records which were maintained in the regular course of business and created

15  contemporaneously with the events they record.  My knowledge of the facts I declare in the

16  following paragraphs 12 through 15 is based on information and belief as a result of my

17  review of these business records.

18         12.    By way of background, ETJL was introduced to the Hilsenraths

19  through a client, David Dahan ("Dahan"), who, like the Hilsenraths, identified himself as an

20  Israeli citizen.  The Hilsenraths were interested in obtaining trust and asset management

21  services provided by ETJL because Jersey is a stable, low-tax jurisdiction.  After speaking

22  with Oliver Hilsenrath, and by his request, an ETJL employee sent some materials

23  describing ETJL services to Mr. Hilsenrath, who at the time happened to be located in

24  California.  A true and correct copy of a letter from John Perkins to Oliver Hilsenrath, dated

25  14 May 1996, is attached as Exhibit E.

26         13.    In or around May 1996, the Hilsenraths entered into a Company

27  Management Agreement with ETJL by which terms ETJL established and administered

28  Aida Holdings Limited, a BVI corporation, for their benefit.  Aida Holdings Limited was

LATHAM&WATKINS™  SF\616928.2
ATTORNEYS AT LAW  Case Number: C-07-3312 CRB
SAN FRANCISCO  DECLARATION OF PHILIP JOSEPH AUSTIN

3

1    later renamed Borazon and continued to be administered under the same Company

2    Management Agreement.   A true and correct copy of the Aida Holdings Limited Company

3    Management Agreement is attached as Exhibit F.

4          14.     In or around August 1999, the Hilsenraths entered into a Company

5    Management Agreement with ETJL by which terms ETJL established and administered the

6    Oliver Hilsenrath Family Investments Limited, a BVI corporation, for their benefit.  A true

7    and correct copy of the Oliver Hilsenrath Family Investments Limited Company

8    Management Agreement is attached as Exhibit G.

9          15.     As a general rule, and as provided in the Company Management

10   Agreements governing the parties' rights and duties, ETJL would not provide funding for

11   any of the entities that it administered on behalf of the Hilsenraths.

12         16.     I have reviewed the complaint in this action and, contrary to what is

13   alleged therein, ETJL is not the "owner" of any of the three British Virgin Islands

14   companies referenced therein: Janvrin Holdings Limited, Crossgar Limited, and Ryburn

15   Limited.  These three British Virgin Island corporations were formed in 1995 and 1996 by

16   ETJL for their beneficial owners, Messrs. Dahan and Haim Haruvi ("Haruvi").  ETJL

17   provided administrative and directorship services to the three BVI companies. ETJL did not

18   "finance" these companies. As with the Hilsenraths' structures, responsibility for funding

19   these companies remained in the beneficial owners, Dahan and Haruvi.  True and correct

20   copies of the Certificates of Incorporation of Janvrin Holdings Limited (formerly Baharu

21   International Limited), Crossgar Limited, and Ryburn Limited are attached as Exhibit H.  A

22   true and correct copy of the Company Management Agreement between Matheson Trust

23   Company (Jersey) Limited (a company acquired by ETJL) and Janvrin Holdings Limited is

24   attached as Exhibit I.

25   ///

26   //

27   //

28

17.    Defending this action in California, a jurisdiction with which ETJL has no contacts, would impose a significant burden on ETJL employees and resources. ETJL has a particular interest in having this dispute, which is governed by Jersey law, adjudicated by a Jersey court. I understand that, according to the Hilsenrath Company Management Agreements, the Hilsenraths have agreed in fact to do so. See Exhibits F & G, attached hereto.

18.    On information and belief, the four current and former employees of ETJL sued in their individual capacities are all current residents of the Island of Jersey. Accordingly, litigation in California would be particularly burdensome as to them.

19.    ETJL does not knowingly, intelligently, or purposefully consent to the jurisdiction of the State of California. I do not consent to the jurisdiction of California in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of July 2007 at St. Helier, Jersey, Channel Islands.

_____
SIGNED: Philip Joseph Austin

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO
SF\616928.2
Case Number: C-07-3312 CRB
DECLARATION OF PHILIP JOSEPH AUSTIN
5

# EXHIBIT A

JC841

 States
of
Jersey

## COMPANIES (JERSEY) LAW 1991

# Certificate of
# Incorporation of a
# Limited Company

Registered Number    57583

## I HEREBY CERTIFY THAT

**INTEGRO TRUST (JERSEY) LIMITED**

is this day incorporated as a    private    company
under the Companies (Jersey) Law 1991

Dated this    28th    day of    January    199 4

*Deputy Registrar of Companies*

**EXHIBIT B**

 **States of Jersey**

## COMPANIES (JERSEY) LAW 1991

### *CERTIFICATE OF*

### *INCORPORATION ON CHANGE OF NAME*

### *OF A LIMITED COMPANY*

Registered Number 57583

## I HEREBY CERTIFY THAT

**INTEGRO TRUST (JERSEY) LIMITED**

a private company incorporated under the Companies (Jersey) Law 1991, having changed its name by special resolution, has today been entered on the Register of Companies incorporated in Jersey as a private company having the name of

**INSINGER TRUST (JERSEY) LIMITED**

dated this 13th January 1998

Assistant Registrar of Companies

**EXHIBIT C**



# JERSEY FINANCIAL SERVICES COMMISSION

### COMPANIES (JERSEY) LAW 1991

## CERTIFICATE OF
## INCORPORATION ON CHANGE OF NAME
## OF A LIMITED COMPANY

Registered Number 57583

### I HEREBY CERTIFY THAT

### INSINGER TRUST (JERSEY) LIMITED

a private company incorporated under the Companies (Jersey) Law 1991, having changed its name by special resolution, has today been entered on the Register of Companies incorporated in Jersey as a private company having the name of

### INSINGER de BEAUFORT TRUST (JERSEY) LIMITED

dated this 20th day of July 2001

Deputy Registrar of Companies

**EXHIBIT D**



# JERSEY FINANCIAL SERVICES COMMISSION

### COMPANIES (JERSEY) LAW 1991

## CERTIFICATE OF INCORPORATION

## CHANGE OF NAME OF A LIMITED COMPANY

**Registered Number 57583**

### I HEREBY CERTIFY THAT

## INSINGER DE BEAUFORT TRUST (JERSEY) LIMITED

a private company incorporated under the Companies (Jersey) Law 1991, having changed its name by special resolution, has today been entered on the Register of Companies incorporated in Jersey as a private company having the name of

## EQUITY TRUST (JERSEY) LIMITED

dated this 18th day of July 2003

*Julian Lamb*

Assistant Registrar of Companies

Under Article 13 of the Companies (Jersey) Law 1991, as amended, Jersey companies shall end (a) with the word "Limited" or the abbreviation "Ltd" or (b) with the words "avec responsabilité limitée" or the abbreviation "a.r.l". A company which uses (a) or (b) may, in setting out or using its name for any purpose under this law, do so in full or in the abbreviated form, as it prefers.

**EXHIBIT E**

**Matheson Trust Company (Jersey) Limited**

A Member of the Jardine Matheson Group

P.O. Box 316
Jardine House
1 Wesley Street
St. Helier
Jersey JE4 8UD
Channel Islands

Telephone:  01534 888111
Facsimile:  01534 888118
Telex:      4192012JARJSY G

Dr Oliver Hilsenrath                                    14 May 1996
32 Essex Court
Round Hill Country Club                                 JHP/VJJ
Alamo
CA 94507
USA

Dear Dr Hilsenrath

I write with further reference to our recent telephone conversation and your fax of 11 May 1996. I am grateful for the information provided concerning your personal background.

As promised, I now have pleasure in providing you with some details regarding this company and the nature of our services.

As you will see from the enclosed brochure, this company is part of the Jardine Matheson Group of Trust Companies, which are geared to combine asset management in its broadest terms with asset protection arrangements through the use of trust and corporate structures established and administered from a stable, low tax jurisdiction. Our group consists of six principal operating companies, located in Jersey Channel Islands, Bermuda, British Virgin Islands, Hong Kong, Labuan, Malaysia and Mauritius through which we are able to provide effective arrangements for the protection and management of a world-wide asset base, having regard to the varying demands and concerns of our international clientele. These operating companies are owned by Jardine Matheson Trust Corporation, a British Virgin Island holding company, which in turn, is a direct subsidiary of the Bermuda parent of the Jardine Matheson Group.

We believe that this ownership structure itself is of significant appeal and importance to our clients, given that it avoids any ultimate connection with the main jurisdictions such as, for example, the United States of America or the United Kingdom. We further believe that our international trading background affords a depth of commercial experience, understanding and support to our trust and financial services.

Our parent company, Jardine Matheson Holdings, is, as I am sure you appreciate, an international service-related company incorporated in Bermuda, and headquartered in Hong Kong. Founded in 1832, the group has extensive business interests world-wide, falling into five main areas of financial services, marketing and distribution, engineering and construction, property and hotels and transport services.

The facilities of the Trust Group are particularly directed towards those individuals, family groups and indeed private companies who hold investments and assets away from the home base. We often find that although there may well be a focus on the merits of investment diversification, less attention is given to the establishment of an effective and efficient holding structure that will provide long term protection.

A Trust Corporation registered in Jersey, Channel Islands.  Registered No: 42712

- 2 -

<u>Dr Oliver Hilsenrath</u>                                                                    14 May 1996

Some of the aspects of trusts that are important in this respect are addressed in the accompanying paper which outlines the principal features of trusts and which may be of interest to you.

As you will see from our brochure, our services extend to the incorporation and management of companies established in a wide range of jurisdictions. Our facilities are provided for both investment holding and trading companies and in addition to the maintenance of the necessary statutory records will extend to the full management of the underlying affairs of the company.

Also enclosed is a Questionnaire and a Fee Schedule in connection with the incorporation and ongoing administration of a British Virgin Islands registered company. As I explained over the telephone, if we are required to provide full services, this will include the provision of three Directors, all of whom are directors of Matheson Trust Company (Jersey) Limited, the Company Secretary, Nominee Shareholders, the Registered Office in the BVI and Administrative Office here in Jersey. We will establish bank accounts in the name of the BVI company in whatever currencies are required, the authorised signatories of which will again be officers of Matheson Trust Company. It is not our policy to allow third parties to be signatories over bank accounts; neither do we entertain 'mixed' Boards of Directors. There are several reasons for adopting this policy but primarily, we take our responsibilities as directors of the company seriously and all major decisions regarding the company's activities, including the administration of its financial affairs must be clearly seen to rest with the Board.

In the circumstances you may well ask what recourse you would have if for any reason you were unhappy with our administration of the company's affairs at some future date. I would simply say that, as the actual beneficial owner of the company you have the necessary power to appoint alternative directors in place of our officers and instruct us to transfer the administration to another organisation. A copy of our standard Company Management Agreement is enclosed which I think you will agree clearly sets out both our responsibilities as the administrators of the company and what is required of you as the client.

I believe I also mentioned that the setting up costs and ongoing administration fees for either a Jersey registered or BVI registered company were broadly similar although there are no disclosure requirements in the BVI, whereas if we incorporate a Jersey company the name of the beneficial owner must be given to the local Financial Services Department. Nevertheless, this is not a matter of public record and at the end of the day the choice of jurisdiction is largely down to the client's preference. If you have no particular concerns, I would like to suggest that a BVI company would be most appropriate in your particular circumstances.

Turning now to the question of ownership, I note that your children are all minors. Therefore I suggest that you and your wife be named jointly so that, in the event of the demise of one or other of you, the survivor will automatically become the sole owner of the issued share capital of the company and therefore its underlying assets. Once the children come of age, we can review the position. Alternatively, depending on the sums involved, you may wish to contemplate creating a trust into which the company shares could be settled. Please refer to the enclosed paper entitled 'Features of a Trust'.

Finally, if the proposed company was to be used for the purpose of investing funds and holding securities, it would be perfectly in order for the directors of the BVI company to appoint an Investment Manager such as the gentleman in New York referred to in your fax. Obviously we would report to you on a regular basis in accordance with guidelines which we would need to establish with you.

<u>Dr Oliver Hilsenrath</u>                                                        14 May 1996

I hope that I have addressed the main issues which may be of interest and concern to you at this early stage, although I am sure you will have further questions once you have had an opportunity to consider this letter and the enclosures.  I therefore look forward to hearing from you again in due course.

Yours sincerely,

John H Perkins
Senior Manager

Encl

**EXHIBIT F**



| RUSH TO: | John Perkins |
| --- | --- |

| FAX: | 011441 534 888 118 |
| --- | --- |

| FROM: | Dr. Oliver A. Hilsenrath |
| --- | --- |

**PAGES (INCLUDING THIS COVER):  10**

### Wednesday, May 22, 1996

Hi,  Enclosed the signed documents plus passports; funds will be wired tomorrow.
Regards and tanks, Oliver.

*Aicia Holding*



**Matheson Trust Company (Jersey) Limited**
A Member of the Jardine Matheson Group

# Company Management Agreement

THIS AGREEMENT is made the _22_ day of _May_ 19_96_
BETWEEN _Hana & Oliver Hilsenrath_ of _Haifa, Israel_ hereinafter called "the client") of the one
part AND **MATHESON TRUST COMPANY (JERSEY) LIMITED** a company incorporated under the
laws of the Island of Jersey and having its Registered Office at Jardine House, 1 Wesley Street,
St. Helier, Jersey (hereinafter called "Matheson").

WHEREAS upon the instructions of the client a company was incorporated under the laws of the
_BVI_ with the name: _Aida Holdings Ltd._ (hereinafter called "the
company")

AND WHEREAS Matheson has agreed to provide Shareholders (hereinafter called "the
shareholders") to hold a share or shares in the issued capital of the company and also to provide
Directors (hereinafter called "the directors") and other Officers ("the officers") and a company
secretary for the Company.

NOW THIS AGREEMENT WITNESSETH as follows:

1.    Matheson agrees:

(a)    That it will cause such shareholders to elect directors nominated by Matheson to
constitute the Board of the Company and if called upon so to do will cause the
shareholders to appoint such officers as the client may nominate who shall be
acceptable to Matheson and who is not ineligible to hold office as a director.

(b)    To cause the shareholders to hold the issued share capital of the company upon trust
for the client together with any shares issued to them by way of bonus issue,
capitalization of profits or reserves, and any rights or options to which they may
become entitled by virtue of holding the said shares.

(c)    To cause the shareholders to account to the client for any dividends or other moneys
received in respect of their holding of shares in the company.

(d)    To cause the shareholders to transfer, mortgage or otherwise deal with the share
capital of the company as it or they may be instructed by the client.

(e)    To cause the shareholders to exercise all voting rights conferred on them by virtue
of their holding of shares in the company in such manner as they may from time to
time be directed by the client.

(f)    To provide directors of the company and if called upon so to do to provide officers
of the company and a company secretary, or upon the instructions of the client
appoint such other persons as officers as may be acceptable to Matheson and who

1

are eligible to be such officers.

(g) To receive the advice and recommendations of the client or his duly appointed representative whether by word of mouth, letter, fax, cable, telephone or any electronic means of communication and to cause the business of the company to be managed in accordance with such advice and recommendations. In the event that no such instructions are forthcoming and it is impossible or impracticable for Matheson to obtain the same and in the opinion of Matheson, or its nominee or the directors, the best interests of the company require immediate action, then and in such event Matheson or its nominee or the directors shall take such action as may to it (or them) appear appropriate.

Matheson may require instructions to be in writing before taking action.

(h) To ensure that the corporate records are maintained and all filing requirements are complied with at all times to conform with the laws of the country of incorporation and any other country to whose laws the company is subject and that such books of account are maintained and such financial statements prepared in connection with the company as the client may request.

2.    IT IS AGREED that neither Matheson nor the shareholders nor the directors or officers (if provided) shall be obliged to act in any manner which may:

(a) Be beyond its powers or ultra vires the company.

(b) Conflict with any of the provisions of the Memorandum and Articles of Association or other constitutive documents of the company.

(c) Conflict with any laws or Orders or directions of the court of the Island of Jersey or otherwise be illegal or immoral.

(d) Expose them or any of them to any personal liability or risk of prosecution in any jurisdiction.

(e) Be of any unusual nature or be unduly onerous or be of such nature that it might damage the reputation of, or be detrimental to Matheson its nominee or holding companies subsidiaries or other companies in the Jardine Matheson Group, the company, its directors, officers, bankers or other agents.

3.    The client agrees:

(a) That he nor any third party over which he has control will not take any action with regard to the company nor enter into any contract on its behalf without the consent of the directors.

(b) That neither himself nor any third party over which he has control shall hold Matheson, the shareholders or the directors or other officers responsible as a shareholder or as a director or other officer of the company, except in the case of fraud, wilful misconduct or gross negligence on the part of the director or other officer sought to be made liable or in the case of a breach of trust arising from the fraud, wilful misconduct or gross negligence on the part of the shareholder sought to be made liable and that furthermore he will indemnify Matheson, the shareholders, the directors and any officers and each of them in respect of any costs, expenses, actions, proceedings, claims or other liability arising directly or indirectly by reason of each of Matheson, the shareholders, the directors and any other officers acting or having acted in their respective capacities with regard to the affairs of the company

2

or as the officers thereof or by the provision by Matheson of such directors, shareholders, secretary or other officers of the company provided the same shall not be due to fraud, wilful misconduct or gross negligence on the part of such one or more of them claiming Indemnity hereunder, such indemnity being in addition to any indemnity provision contained in the statutes, Memorandum and Articles of Association or other constitutive documents of the company.

(c)    That if any fees payable hereunder shall not be duly and punctually paid together with out-of-pocket expenses incurred in connection with the management of the affairs of the company and the provision of directors, shareholders, secretary and other officers the directors and other officers may resign from office as directors and officers of the company and neither they nor the shareholders shall be under any further obligation to provide corporate services for the company or to maintain the same in good standing.

(d)    That any associated or affiliated company of the directors or the shareholders who may provide services for the company whether as banker, broker, investment adviser, registrar and transfer agent, custodian, trustee, manager or otherwise shall be entitled to be paid by the company their normal charges for so acting and retain any brokerage or commission received in respect of any transaction to which the company is a party.

(e)    That the directors and shareholders shall not be liable for any loss suffered by the company or the client due to anything done or omitted to be done by them in connection with the affairs of the company provided they acted in good faith.

(f)    That all proper accounts rendered to the company by Matheson or the shareholders or directors or other officers in respect of fees and disbursements or otherwise may be paid by the directors out of the funds of the company and if such funds are not sufficient by the client upon notice being given to the client of such insufficiency.

(g)    And has acknowledged that it is his responsibility to obtain any appropriate advice on taxation and other relevant matters and warrants to Matheson that he is not acting as a nominee or trustee for any other person or persons.

4.    Matheson shall be remunerated for its services in accordance with:

(1)    The scale of fees in force at the date of this agreement and Matheson shall have the power if its standard scale of fees be altered after the date hereof to charge remuneration for its services in accordance with such scale of fees as shall from time to time be in force or

(2)    Such other scale as may be agreed between the parties hereto from time to time.

In addition the directors, other officers and shareholders shall be entitled to re-imbursement of all out-of-pocket expenses incurred in connection with managing the affairs of the company.

5.    Matheson or the directors may at any time terminate this agreement or cease to provide services to the client by giving notice thereof to the client by letter to his last known address. Upon termination of this agreement Matheson shall make available to the client any shares of the company held by Matheson, the shareholders or directors as nominee of the client. Notwithstanding termination of this agreement, the terms of Clause 3 (b) hereof shall remain applicable for so long as Matheson, any shareholders or director may be liable as a director or former director or administrator or former administrator or shareholder or former shareholder of the company.

3

6.    If in this agreement the term "client" shall mean more than one person the shareholders and directors shall act upon the instructions of:

    (i)    ~~All such persons~~ .
    (ii)    Any one of such persons **

and the indemnity given by the client under clause 3(b) hereof shall be binding on them jointly and severally and shall be deemed to have been made separately by each of them.

7.    If in this agreement the term "client" shall mean more than one person the shareholders and directors shall treat all persons as:

    (i)    Joint tenants with rights of survivorship **
    (ii)    ~~Tenants in common **~~

8.    THIS AGREEMENT shall be governed by construed and interpreted in accordance with the laws of the Island of Jersey, and all parties shall submit to the jurisdiction of the courts of the said Island.

9.    Special conditions.

SIGNED by the client(s)

...............................    ...Hilsenrath....Hana.......

SIGNED for and on behalf
of MATHESON TRUST COMPANY (JERSEY) LIMITED

...........................................    ...............................................

** (Please delete as appropriate)

(CMATRANS)

4

# FORMATION OF A BVI COMPANY

To incorporate an International Business Company in the British Virgin Islands we require the following information:

1.  Name of Company; please list 4 choices in order of preference.

    1. _Aida Holdings Ltd._    3. _____

    2. _____    4. _____

2.  Name, address and occupation of all Beneficial Owners and the % of ownership if more than one owner. This is for our own files only and is not a matter of public record.

    Name: _Oliver Hilsenrath_    Name: _Hana Hilsenrath_

    Address: _58 Shimshon str._    Address: _58 Shimshon str._

    _Haifa, Israel_    _Haifa, Israel_

    Occupation: _Engineer_ % of Ownership: _100%_    Occupation: _Psychologist_ % of Ownership: _100%_

    Name: _____    Name: _____

    Address: _____    Address: _____

    _____    _____

    Occupation: _____ % of Ownership: ____    Occupation: _____ % of Ownership: ____

3.  Please provide a brief description of the business to be undertaken by the company, including geographical location of its activities and commodities to be dealt with:

    _Investments in stock, bonds, commodities, real estate_
    _in the US, Europe, Far East_

4.  The maximum Authorised Capital of $50,000 or equivalent foreign currency incurs an annual duty of $300. Authorised Capital above this amount incurs an annual duty of $1,000. Please indicate the desired Authorised Capital:

    $50,000/Other _~~$300,000~~ $ 50,000_

5.  The minimum issued share capital is one shareholder holding one share and it is normal for our subsidiary companies to act as Nominee Shareholders on behalf of the owners and to issue Declarations of Trust to them. Please indicate any special shareholding requirements you may have:

    _____

6.  We normally provide the Directors and Secretary of the company and this is included in our standard management fee. If you have other requirements this can be discussed independently.

7.  Where should the fee notes be sent?

    _To be determined in the future._

Incorporation of the company can be the same day as instructions are received in Jersey, pending availability of names, with documentation following in 10 days. We also hold a small supply of shelf companies in Jersey which are available immediately.



מדינת ישראל
STATE OF ISRAEL

No.

דרכון
PASSPORT

מס.

אזרחות ישראלית
ISRAELI CITIZENSHIP

דרכון זה מכיל 12 עמודים
This passport contains 12 pages



הילכסנרט

Surname HILSENRATH

Given Name OLIVIU    מין Z M Sex  מס' זהות

I.D. No    מקום לידה רומניה

Place of Birth ROMANIA    תאריך לידה

Date of Birth

Color    קומה 175 צבע עיניים חום
of    Height
Eyes BROWN    מקום הוצאה חיפה

Place of Issue HAIFA    תאריך הוצאה ר''ג באב
תשמ''ח

Date of Issue 27.07.1988    תאריך פקיעת תוקף

Date of Expiry 26.07.1993

Domicile    ISRAEL    ישראל    המגורים

Passport valid for    All countries    כל הארצות    הדרכון תקף ל

Except _____    פרט ל

ילדים עד גיל 17 הכלולים בדרכון
Children under 17 included in passport

| Name | מס' זהות<br>I.D. No. | מין<br>Sex | תאריך לידה<br>Birth Date | השם |
|------|------|------|------|------|
|  |  |  |  | 1 |
|  |  |  |  | 2 |
|  |  |  |  | 3 |
|  |  |  |  | 4 |



דרכון מספר Passport No.

שם משפחה Surname HILSENRATH

שם פרטי .חנה
Given Name HANA

I.D. No.

מין F ‏‏‏‏‏ Sex
מקום לידה ‏‏ישראל
Place of Birth ISRAEL

תאריך לידה
Date of Birth

צבע עינים 160 קומה
Color GREEN
Height

מקום הנפקה עפולה
Place of Issue AFULA

תאריך הנפקה י״ג בשבט תשנ״א
Date of Issue 28.01.1991

תאריך פקיעת תוקף
Date of Expiry 27.01.1996

*Hulsenrath Hana*

---

תגורים ישראל
Domicile ISRAEL

הדרכון תקף ל כל הארצות
Passport valid for All countries

פרט ל
Except

ילדים עד גיל 17 נכללים בדרכון
Children under 17 included in passport

| שם Name | תאריך לידה Birth Date | מין Sex | מס׳ זהות I.D. No. | שם Name |
|---------|------|-----|----------|------|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**EXHIBIT G**



**Matheson Trust Company (Jersey) Limited**
A Member of the Jardine Matheson Group

## Company Management Agreement

THIS AGREEMENT is made the 20th August 1999

BETWEEN DR OLIVER HILSENRATH and MRS HANA HILSENRATH of 58 Shimshon Street, Haifa, Isreal hereinafter called "the client") of the one part AND MATHESON TRUST COMPANY (JERSEY) LIMITED a company incorporated under the laws of the Island of Jersey and having its Registered Office at Jardine House, 1 Wesley Street, St. Helier, Jersey (hereinafter called "Matheson").

WHEREAS upon the instructions of the client a company was incorporated under the laws of the British Virgin Islands with the name: OLIVER HILSENRATH FAMILY INVESTMENTS LIMITED (hereinafter called "the company")

AND WHEREAS Matheson has agreed to provide Shareholders (hereinafter called "the shareholders") to hold a share or shares in the issued capital of the company and also to provide Directors (hereinafter called "the directors") and other Officers ("the officers") and a company secretary for the Company.

NOW THIS AGREEMENT WITNESSETH as follows:

1. Matheson agrees:

    (a) To use its best endeavours to obtain approval of the appropriate registration authority to the name of the company but shall not be liable for any loss arising directly or indirectly out of or in connection with the refusal by such registration authority to register the name or a subsequent direction to the company to change it.

    (b) Immediately upon receipt of sufficient funds from the client to proceed with the incorporation of the company by providing shareholders and causing them to subscribe to its Memorandum of Association and filing the same with Articles of Association or other prescribed particulars or documents relevant for the incorporation of the company in a form approved by the client with the appropriate registration authority.

    (c) That following incorporation of the company it will cause such shareholders to elect directors nominated by Matheson to constitute the Board of the Company and if called upon so to do will cause the shareholders to appoint such officers as the client may nominate who shall be acceptable to Matheson and who are not ineligible to hold office as a director.

    (d) To cause the shareholders to hold the issued share capital of the company upon trust for the client together with any shares issued to them by way of bonus issue, capitalization of profits or reserves, and any rights or options to which they may become entitled by virtue of holding the said shares.

    (e) To cause the shareholders to account to the client for any dividends or other moneys received in respect of their holding of shares in the company.

    (f) To cause the shareholders to transfer, mortgage or otherwise deal with the share capital of

1

the company as it or they may be instructed by the client.

(g) To cause the shareholders to exercise all voting rights conferred on them by virtue of their holding of shares in the company in such manner as they may from time to time be directed by the client.

(h) To provide directors of the company and if called upon so to do to provide officers of the company and a company secretary, or upon the instructions of the client appoint such other persons as officers as may be acceptable to Matheson and who are eligible to be such officers.

(i) To receive the advice and recommendations of the client or his duly appointed representative whether by word of mouth, letter, fax, cable, telephone or any electronic means of communication and to cause the business of the company to be managed in accordance with such advice and recommendations. In the event that no such instructions are forthcoming and it is impossible or impracticable for Matheson to obtain the same and in the opinion of Matheson, or its nominee or the directors, the best interests of the company require immediate action, then and in such event Matheson or its nominee or the directors shall take such action as may to it (or them) appear appropriate.

Matheson may require instructions to be in writing before taking action

(j) To ensure that the corporate records are maintained and all filing requirements are complied with at all times to conform with the laws of the country of incorporation and any other country to whose laws the company is subject and that such books of account are maintained and such financial statements prepared in connection with the company as the client may request.

2.  IT IS AGREED that neither Matheson nor the shareholders nor the directors or officers (if provided) shall be obliged to act in any manner which may:

   (a) Be beyond its powers or ultra vires the company.

   (b) Conflict with any of the provisions of the Memorandum and Articles of Association or other constitutive documents of the company.

   (c) Conflict with any laws or Orders or directions of the court of the Island of Jersey or otherwise be illegal or immoral.

   (d) Expose them or any of them to any personal liability or risk of prosecution in any jurisdiction.

   (e) Be of any unusual nature or be unduly onerous or be of such nature that it might damage the reputation of, or be detrimental to Matheson its nominee or holding companies subsidiaries or other companies in the Jardine Matheson Group, the company, its directors, officers, bankers or other agents.

3.  The client agrees:

   (a) That he nor any third party over which he has control will not take any action with regard to the company nor enter into any contract on its behalf without the consent of the directors.

   (b) That neither himself nor any third party over which he has control shall hold Matheson, the shareholders or the directors or other officers responsible as a shareholder or as a director or other officer of the company, except in the case of fraud, wilful misconduct or gross negligence on the part of the director or other officer sought to be made liable or in the case of a breach of trust arising from the fraud, wilful misconduct or gross negligence on the part

2

of the shareholder sought to be made liable and that furthermore he will indemnify Matheson, the shareholders, the directors and any officers and each of them in respect of any costs, expenses, actions, proceedings, claims or other liability arising directly or indirectly by reason of each of Matheson, the shareholders, the directors and any other officers acting or having acted in their respective capacities with regard to the affairs of the company or as the officers thereof or by the provision by Matheson of such directors, shareholders, secretary or other officers of the company provided the same shall not be due to fraud, wilful misconduct or gross negligence on the part of such one or more of them claiming indemnity hereunder, such indemnity being in addition to any indemnity provision contained in the statutes, Memorandum and Articles of Association or other constitutive documents of the company.

(c) That if any fees payable hereunder shall not be duly and punctually paid together with out-of-pocket expenses incurred in connection with the management of the affairs of the company and the provision of directors, shareholders, secretary and other officers the directors and other officers may resign from office as directors and officers of the company and neither they nor the shareholders shall be under any further obligation to provide corporate services for the company or to maintain the same in good standing.

(d) That any associated or affiliated company of the directors or the shareholders who may provide services for the company whether as banker, broker, investment adviser, registrar and transfer agent, custodian, trustee, manager or otherwise shall be entitled to be paid by the company their normal charges for so acting and retain any brokerage or commission received in respect of any transaction to which the company is a party.

(e) That the directors and shareholders shall not be liable for any loss suffered by the company or the client due to anything done or omitted to be done by them in connection with the affairs of the company provided they acted in good faith.

(f) That all proper accounts rendered to the company by Matheson or the shareholders or directors or other officers in respect of fees and disbursements or otherwise may be paid by the directors out of the funds of the company and if such funds are not sufficient by the client upon notice being given to the client of such insufficiency.

(g) And has acknowledged that it is his responsibility to obtain any appropriate advice on taxation and other relevant matters and warrants to Matheson that he is not acting as a nominee or trustee for any other person or persons.

4.  Matheson shall be remunerated for its services in accordance with:

(1) The scale of fees in force at the date of this agreement and Matheson shall have the power if its standard scale of fees be altered after the date hereof to charge remuneration for its services in accordance with such scale of fees as shall from time to time be in force or

(2) Such other scale as may be agreed between the parties hereto from time to time.

In addition the directors, other officers and shareholders shall be entitled to reimbursement of all out-of-pocket expenses incurred in connection with managing the affairs of the company.

5.  Matheson or the directors may at any time terminate this agreement or cease to provide services to the client by giving notice thereof to the client by letter to his last known address. Upon termination of this agreement Matheson shall make available to the client any shares of the company held by Matheson, the shareholders or directors as nominee of the client. Notwithstanding termination of this agreement, the terms of Clause 3 (b) hereof shall remain applicable for so long as Matheson, any shareholders or director may be liable as a director or former director or administrator or former administrator or shareholder or former shareholder of the company.

6.  If in this agreement the term "client" shall mean more than one person the shareholders and directors

3

shall act upon the instructions of:

    (i)  All such persons

and the indemnity given by the client under clause 3(b) hereof shall be binding on them jointly and severally and shall be deemed to have been made separately by each of them.

7.  If in this agreement the term "client" shall mean more than one person the shareholders and directors shall treat all persons as:

    (i)  Joint tenants with rights of survivorship

8.  THIS AGREEMENT shall be governed by construed and interpreted in accordance with the laws of the Island of Jersey, and all parties shall submit to the jurisdiction of the courts of the said Island.

9.  Special conditions.

SIGNED by the client(s)

_____        _____
                                     Hilsenrath Hans

SIGNED for and on behalf
of MATHESON TRUST COMPANY (JERSEY) LIMITED

_____        J. Perkins
                                  DIRECTOR

(COMANAG)

4

**EXHIBIT H**




TERRITORY OF THE BRITISH VIRGIN ISLANDS

THE INTERNATIONAL BUSINESS COMPANIES ACT
(CAP.291)

CERTIFICATE OF INCORPORATION        (SECTION 11)

No. 158669

The Registrar of Companies of the British Virgin Islands HEREBY CERTIFIES
pursuant to the International Business Companies Act, (Cap.291) that

Janvrin Holdings Limited

is incorporated in the British Virgin Islands as an International Business
Company, and that the former name of the said company was

BAHARU INTERNATIONAL LIMITED

which name has been changed this 10th day of May, 1996 to

Janvrin Holdings Limited

Given under my hand and seal at
Road Town in the Island of Tortola



CRTI0145

REGISTRAR OF COMPANIES






TERRITORY OF THE BRITISH VIRGIN ISLANDS

THE INTERNATIONAL BUSINESS COMPANIES ACT
(CAP.291)

CERTIFICATE OF INCORPORATION    (SECTIONS 14 AND 15)

No. 186707

CRTI0011

The Registrar of Companies of the British Virgin Islands HEREBY CERTIFIES
pursuant to the International Business Companies Act, Cap. 291 that all
the requirements of the Act in respect of incorporation having been satisfied,

CROSSGAR LIMITED

is incorporated in the British Virgin Islands as an International Business
Company this 28th day of May, 1996.

Given under my hand and seal at
Road Town, in the Territory of the
British Virgin Islands



REGISTRAR OF COMPANIES





CRTI001Z



# TERRITORY OF THE BRITISH VIRGIN ISLANDS
## THE INTERNATIONAL BUSINESS COMPANIES ACT
### (CAP.291)

## CERTIFICATE OF INCORPORATION     (SECTIONS 14 AND 15)

No. 189363

The Registrar of Companies of the British Virgin Islands HEREBY CERTIFIES pursuant to the International Business Companies Act, Cap. 291 that all the requirements of the Act in respect of incorporation having been satisfied,

**RYBURN LIMITED**

is incorporated in the British Virgin Islands as an International Business Company this 21st day of June, 1996.

Given under my hand and seal at Road Town, in the Territory of the British Virgin Islands



REGISTRAR OF COMPANIES



**EXHIBIT I**



**Matheson Trust Company (Jersey) Limited**
A Member of the Jardine Matheson Group

# Company Management Agreement

THIS AGREEMENT is made the          day of                19

BETWEEN **Mr Haim-Shalom Haruvi** and **Mr David Dahan** of 55 Hash Shomar Street, Richon, Lezion, Nr Tel Aviv, Israel (hereinafter called "the client") of the one part AND **MATHESON TRUST COMPANY (JERSEY) LIMITED** a company incorporated under the laws of the Island of Jersey and having its Registered Office at Jardine House, 1 Wesley Street, St. Helier, Jersey (hereinafter called "Matheson").

WHEREAS upon the instructions of the client a company is to be incorporated under the laws of the British Virgin Islands with the name: **BAHARU INTERNATIONAL LIMITED** (hereinafter called "the company")

AND WHEREAS Matheson has agreed to provide Shareholders (hereinafter called "the shareholders") to hold a share or shares in the issued capital of the company and also to provide Directors (hereinafter called "the directors") and other Officers ("the officers") and a company secretary for the Company.

NOW THIS AGREEMENT WITNESSETH as follows:

1.   Matheson agrees:

   (a)   To use its best endeavours to obtain approval of the appropriate registration authority to the name of the company but shall not be liable for any loss arising directly or indirectly out of or in connection with the refusal by such registration authority to register the name or a subsequent direction to the company to change it.

   (b)   Immediately upon receipt of sufficient funds from the client to proceed with the incorporation of the company by providing shareholders and causing them to subscribe to its Memorandum of Association and filing the same with Articles of Association or other prescribed particulars or documents relevant for the incorporation of the company in a form approved by the client with the appropriate registration authority.

   (c)   That following incorporation of the company it will cause such shareholders to elect directors nominated by Matheson to constitute the Board of the Company and if called upon so to do will cause the shareholders to appoint such officers as the client may nominate who shall be acceptable to Matheson and who are not ineligible to hold office as a director.

   (d)   To cause the shareholders to hold the issued share capital of the company upon trust for the client together with any shares issued to them by way of bonus issue, capitalization of profits or reserves, and any rights or options to which they may become entitled by virtue of holding the said shares.

1

(e)    To cause the shareholders to account to the client for any dividends or other moneys received in respect of their holding of shares in the company.

(f)    To cause the shareholders to transfer, mortgage or otherwise deal with the share capital of the company as it or they may be instructed by the client.

(g)    To cause the shareholders to exercise all voting rights conferred on them by virtue of their holding of shares in the company in such manner as they may from time to time be directed by the client.

(h)    To provide directors of the company and if called upon so to do to provide officers of the company and a company secretary, or upon the instructions of the client appoint such other persons as officers as may be acceptable to Matheson and who are eligible to be such officers.

(i)    To receive the advice and recommendations of the client or his duly appointed representative whether by word of mouth, letter, fax, cable, telephone or any electronic means of communication and to cause the business of the company to be managed in accordance with such advice and recommendations.  In the event that no such instructions are forthcoming and it is impossible or impracticable for Matheson to obtain the same and in the opinion of Matheson, or its nominee or the directors, the best interests of the company require immediate action, then and in such event Matheson or its nominee or the directors shall take such action as may to it (or them) appear appropriate.

Matheson may require instructions to be in writing before taking action.

(j)    To ensure that the corporate records are maintained and all filing requirements are complied with at all times to conform with the laws of the country of incorporation and any other country to whose laws the company is subject and that such books of account are maintained and such financial statements prepared in connection with the company as the client may request.

2.    IT IS AGREED that neither Matheson nor the shareholders nor the directors or officers (if provided) shall be obliged to act in any manner which may:

(a)    Be beyond its powers or ultra vires the company.

(b)    Conflict with any of the provisions of the Memorandum and Articles of Association or other constitutive documents of the company.

(c)    Conflict with any laws or Orders or directions of the court of the Island of Jersey or otherwise be illegal or immoral.

(d)    Expose them or any of them to any personal liability or risk of prosecution in any jurisdiction.

(e)    Be of any unusual nature or be unduly onerous or be of such nature that it might damage the reputation of, or be detrimental to Matheson its nominee or holding companies subsidiaries or other companies in the Jardine Matheson Group, the company, its directors, officers, bankers or other agents.

3.    The client agrees:

(a)    That he nor any third party over which he has control will not take any action with regard to the company nor enter into any contract on its behalf without the consent

2

of the directors.

(b)   That neither himself nor any third party over which he has control shall hold Matheson, the shareholders or the directors or other officers responsible as a shareholder or as a director or other officer of the company, except in the case of fraud, wilful misconduct or gross negligence on the part of the director or other officer sought to be made liable or in the case of a breach of trust arising from the fraud, wilful misconduct or gross negligence on the part of the shareholder sought to be made liable and that furthermore he will indemnify Matheson, the shareholders, the directors and any officers and each of them in respect of any costs, expenses, actions, proceedings, claims or other liability arising directly or indirectly by reason of each of Matheson, the shareholders, the directors and any other officers acting or having acted in their respective capacities with regard to the affairs of the company or as the officers thereof or by the provision by Matheson of such directors, shareholders, secretary or other officers of the company provided the same shall not be due to fraud, wilful misconduct or gross negligence on the part of such one or more of them claiming indemnity hereunder, such indemnity being in addition to any indemnity provision contained in the statutes, Memorandum and Articles of Association or other constitutive documents of the company.

(c)   That if any fees payable hereunder shall not be duly and punctually paid together with out-of-pocket expenses incurred in connection with the management of the affairs of the company and the provision of directors, shareholders, secretary and other officers the directors and other officers may resign from office as directors and officers of the company and neither they nor the shareholders shall be under any further obligation to provide corporate services for the company or to maintain the same in good standing.

(d)   That any associated or affiliated company of the directors or the shareholders who may provide services for the company whether as banker, broker, investment adviser, registrar and transfer agent, custodian, trustee, manager or otherwise shall be entitled to be paid by the company their normal charges for so acting and retain any brokerage or commission received in respect of any transaction to which the company is a party.

(e)   That the directors and shareholders shall not be liable for any loss suffered by the company or the client due to anything done or omitted to be done by them in connection with the affairs of the company provided they acted in good faith.

(f)   That all proper accounts rendered to the company by Matheson or the shareholders or directors or other officers in respect of fees and disbursements or otherwise may be paid by the directors out of the funds of the company and if such funds are not sufficient by the client upon notice being given to the client of such insufficiency.

(g)   And has acknowledged that it is his responsibility to obtain any appropriate advice on taxation and other relevant matters and warrants to Matheson that he is not acting as a nominee or trustee for any other person or persons.

4.   Matheson shall be remunerated for its services in accordance with:

(1)   The scale of fees in force at the date of this agreement and Matheson shall have the power if its standard scale of fees be altered after the date hereof to charge remuneration for its services in accordance with such scale of fees as shall from time to time be in force or

(2)   Such other scale as may be agreed between the parties hereto from time to time.

3

In addition the directors, other officers and shareholders shall be entitled to re-imbursement of all out-of-pocket expenses incurred in connection with managing the affairs of the company.

5.    Matheson or the directors may at any time terminate this agreement or cease to provide services to the client by giving notice thereof to the client by letter to his last known address.  Upon termination of this agreement Matheson shall make available to the client any shares of the company held by Matheson, the shareholders or directors as nominee of the client.  Notwithstanding termination of this agreement, the terms of Clause 3 (b) hereof shall remain applicable for so long as Matheson, any shareholders or director may be liable as a director or former director or administrator or former administrator or shareholder or former shareholder of the company.

6.    If in this agreement the term "client" shall mean more than one person the shareholders and directors shall act upon the instructions of:

      (i)       All such persons **
      (ii)      Any one of such persons **

      and the indemnity given by the client under clause 3(b) hereof shall be binding on them jointly and severally and shall be deemed to have been made separately by each of them.

7.    If in this agreement the term "client" shall mean more than one person the shareholders and directors shall treat all persons as:

      (i)       Joint tenants with rights of survivorship **
      (ii)      Tenants in common **

8.    THIS AGREEMENT shall be governed by construed and interpreted in accordance with the laws of the Island of Jersey, and all parties shall submit to the jurisdiction of the courts of the said Island.

9.    Special conditions.


SIGNED by the client(s)


.................................................


SIGNED for and on behalf
of MATHESON TRUST COMPANY (JERSEY) LIMITED


.........................................          .............................................


** (Please delete as appropriate)

(COMANAG)

4