# EXHIBIT K

OLIVER HILSENRATH
822 Eastbrook Court
Danville, CA 94506
Telephone: 925 212 6299
Facsimile: 925 736 7571
oliver_hilsenrath@sbcglobal.net

DEFENDANT *IN PRO PER*

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
RICHARD W WIEKING
Clerk, U.S. District Court
Northern District of California

By _____
Deputy Clerk
Date 7-18-07

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> OLIVER HILSENRATH, <br><br> Defendant. | Case No. CR 03-0213 WHA <br><br> **MOTION TO CORRECT SENTENCE UNDER RULE 35 AND APPLICATION TO CLARIFY CONDITION OF SUPERVISION** <br><br> Date: July 31, 2007 or sooner <br> Time: 2:00 p.m. <br> Judge: Hon. William H. Alsup |

In March 2007, the United States and Oliver Hilsenrath have signed a disposition agreement for the current case in the form of a plea.

The Court accepted the plea in March 2007.

The agreement and the plea include 12 months of home confinement.

All parties, including the US government and the Probation Officer, agreed that during those 12 months Oliver Hilsenrath will be permitted to work and earn a living, effectively act to defend and prosecute a handful of litigations[1] and continue all efforts to rid of the Swiss

---

[1] Including defending an additional case brought by the US government – the SEC and pursue legal action against the Swiss Government, etc.

Page 1

government's improper freeze of assets[2].

The details and the spirit of the aforementioned home confinement were discussed at length, numerous times between March and July between Mr. Hilsenrath and the US government and between the Probation Officer and members of the Hilsenrath family.

On July 9, 2007 this Court issued its sentence.

Oliver Hilsenrath opted to start the 12 months home confinement immediately with the intention to be free to leave the United States as soon as possible thereafter.

On the morning after the sentence, on July 10, a new probation officer presented the Hilsenrath family for the first time a "Home Confinement Program Participant Agreement".

This agreement was made available for the first time to Mr. Hilsenrath on the morning after the sentencing.

The Home Confinement Agreement includes two home confinement options: "Curfew" and "Home detention/Home Incarceration".

The probation officer selected "home detention or incarceration", while crossing out the "home curfew" option in the Home Confinement agreement[3].

The new set rules are in breach of the understanding with the government.

By the new set rules, Mr. Hilsenrath will not be allowed to travel under any circumstances and will not be allowed out of his home except with 10 days notice and pre-approval, at the discretion of the probation officer.

The above rules are in flagrant breach of the understanding with the government and probation. *United States v. Harvey, 791 F.2d 294; Sanchez v. Lamarque, 2007 U.S. App. LEXIS 15659.*

The rules governing the home confinement have been agreed to (1) permit Oliver Hilsenrath the ability to defend the Swiss government's freeze resulting from a United States' error, (2) recover the assets involved internationally, (3) comply with Mr. Hilsenrath's constitutional right to efficiently litigate and (4) to seek employment or new business to secure the livelihood of his family.

---

[2] The freeze of assets stems from an error of the US government within this same litigation.

[3] The Curfew option is generally based on a commitment to the residence during evening-night hours while allowing the day to be devoted to work.

Oliver Hilsenrath respectfully requests the court to establish the following rules to govern the 12 months of home confinement:

1. To apply in the Home Confinement Program the "curfew" option instead of the "home incarceration" option.
2. To limit the curfew from 10 PM to 7 AM, while allowing Mr. Hilsenrath to freely address work and legal matters within the boundaries of the State of California.
3. To refer all travel approvals to a magistrate judge and to keep itineraries and related documentation under seal.
4. Travel outside California shall be limited to the minimum, and will be limited in scope to work, litigations or family emergencies.
5. All applications for travel will be submitted with supporting documents, as previously, with 5 days advance notice and will be pending court approval.

All other terms of the sentence shall stay unchanged.

Dated: July 17, 2007


Respectfully submitted,


_____/s_____
OLIVER HILSENRATH
Defendant *In Pro Per*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OLIVER HILSENRATH,<br><br>Defendant. | Case No. CR 03-0213 WHA<br><br>[PROPOSED] ORDER |

For good cause shown, the Court clarifies the condition of home confinement for Oliver Hilsenrath's as follows:

6. The Home Confinement Program shall be implemented as "curfew".

7. Curfew shall extend daily from 10 PM to 7 AM.

8. Other than during the curfew hours, Mr. Hilsenrath shall freely address work and legal matters within the boundaries of the State of California.

9. All travel requests outside the state of California shall be submitted to the Court's approval under seal and shall include itineraries and related documentation.

10. Travel outside California shall be limited to the minimum, and shall be limited in scope to work, litigations or family emergencies.

11. All applications for travel shall be submitted, as previously, with 5 days advance notice and will be pending Court approval.

All other terms of probation shall stay unchanged.

**IT IS SO ORDERED.**

DATED:

William H. Alsup
United States District Judge