1  REGINALD D. STEER (SBN 56324)
   rsteer@akingump.com
2  MARIA ELLINIKOS (SBN 235528)
   mellinikos@akingump.com
3  ANDREW CHO (SBN 240957)
   acho@akingump.com
4  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   580 California Street, 15th Floor
5  San Francisco, California 94104-1036
   Telephone:    415-765-9500
6  Facsimile:    415-765-9501

7  Attorneys for Specially Appearing Defendant
   Candover Investments PLC

8

9

10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14

15  HANA HILSENRATH AND OLIVER          Case No. 07-3312 (CRB)
    HILSENRATH,
16                                      **NOTICE OF MOTION AND MOTION OF**
                    Plaintiffs,          **SPECIALLY APPEARING DEFENDANT**
17                                       **CANDOVER INVESTMENTS PLC TO**
          v.                             **DISMISS FOR LACK OF PERSONAL**
18                                       **JURISDICTION**
    EQUITY TRUST (JERSEY) LIMITED,
19  CANDOVER INVESTMENTS PLC            Date:     August 31, 2007
    INVESTMENTS PLC, INSINGER DE        Time:     10:00 a.m.
20  BEAUFORT SA, JARDINE MATHESON       Ctrm:     8, 19th floor
    HOLDINGS LIMITED, GRANT BROWN,
21  MELVYN KALMAN, JOHN PERKINS,
    CAROLINE BOUGEARD AND DOES 1-
22  10,

23                  Defendants.

24              <u>**NOTICE OF MOTION AND MOTION**</u>

25       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

26       PLEASE TAKE NOTICE that on August 31, 2007 at 10:00 a.m. or as soon thereafter as the

27  matter may be heard, before the Honorable Charles R. Breyer of the United States District Court for

28  the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, specially

appearing Defendant Candover Investments PLC will and hereby does move to dismiss the Complaint of Plaintiffs Hana and Oliver Hilsenrath ("Plaintiffs") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

This Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities in support thereof, and the Declaration of Andrew Moberly filed herewith, the pleadings, records and papers on file in this action, such other papers as may be filed at or before the hearing of this Motion, oral arguments of counsel and any other matters properly before the Court.

## **ISSUES TO BE DECIDED**

1.     Does Candover Investments PLC have sufficient minimum contacts with California to warrant this Court's exercise of general personal jurisdiction over Candover Investments PLC?

2.     Did Candover Investments PLC purposefully avail itself of the privilege of conducting activities in California out of which Plaintiffs claims arise such that it would be reasonable for this Court to exercise specific personal jurisdiction over Candover Investments PLC?

3.     Do Plaintiffs' allegations establish that this Court's jurisdiction over Candover Investments PLC is proper under the "alter ego" or "representative services" doctrines?

4.     Do Plaintiffs' allegations that Candover Investments PLC conspired with the other defendants to commit the allegedly wrongful acts relieve Plaintiffs of their burden to prove that this Court's exercise of personal jurisdiction over Candover Investments PLC comports with due process?

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER
INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1

**TABLE OF CONTENTS**

2  I.    INTRODUCTION ........................................................................................... 1

3  II.   STATEMENT OF FACTS ............................................................................. 2

4  III.  THIS COURT CANNOT EXERCISE PERSONAL JURISDICTION OVER
       CANDOVER INVESTMENTS PLC BECAUSE CANDOVER INVESTMENTS PLC
5      LACKS THE REQUISITE CONTACTS WITH CALIFORNIA ....................................... 3

6          A.    Legal Standard ......................................................................... 3

7          B.    General Jurisdiction Does Not Exist ...................................... 4

8          C.    Specific Jurisdiction Does Not Exist ...................................... 5

9          D.    Other Entities' Contacts With California Do Not Subject Candover Investments
                PLC to Personal Jurisdiction ................................................. 7

10 IV.   CONCLUSION ............................................................................................. 10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.,
    1 F.3d 848 (9th Cir. 1993) ...................................................................................4, 5

Asahi Metal Industry Co., Ltd. v. Superior Court,
    280 U.S. 102 (1987) ..............................................................................................6

Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,
    223 F.3d 1082 (9th Cir. 2000) .............................................................................4, 6

Brand v. Menlove Dodge,
    796 F.2d 1070 (9th Cir. 1986) ...............................................................................6

Data Disc, Inc. v. Systems Technology Associates, Inc.,
    557 F.2d 1280 (9th Cir. 1977) ...............................................................................4

Fireman's Fund Ins. Co. v. Nat'l Bank,
    103 F.3d 888 (9th Cir. 1996) .................................................................................3

Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,
    784 F.2d 1392 (9th Cir. 1986) ...............................................................................4

Hirsh v. Blue Cross, Blue Shield of Kansas City,
    800 F.2d 1474 (9th Cir. 1986) .............................................................................4, 5

Ins. Co. of N. Am. v. Marina Salina Cruz,
    649 F.2d 1266 (9th Cir. 1981) ...............................................................................6

International Shoe Co. v. Washington,
    326 U.S. 310 (1945) ..............................................................................................3

Ochoa v. J.B. Martin & Sons Farms, Inc.,
    287 F.3d 1182 (9th Cir. 2002) ...............................................................................6

Rae Systems, Inc. v. TSA Systems, Ltd.,
    2005 U.S. Dist. LEXIS 39540 (N.D. Cal. June 24, 2005) ...........................................7, 8

Rano v. Sipa Press, Inc.,
    987 F.2d 580 (9th Cir. 1993) .................................................................................6

Rocke v. Canadian Automobile Sport Club,
    660 F.2d 395 (9th Cir. 1981) .................................................................................6

Shell v. Shell Oil Co.,
    165 F. Supp. 2d 1096 (C.D. Cal. 2001) ....................................................................4

Tuazon v. R.J. Reynolds Tobacco Co.,
    433 F.3d 1163 (9th Cir. 2006) .............................................................................4, 5

## STATE CASES

Automobile Antitrust Cases I & II,
    135 Cal. App. 4th 100 (2005) ..............................................................................8, 9

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER
INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Sonora Diamond Corp. v. Superior Court,
    83 Cal. App. 4th 523 (2000) .......................................................................8, 9

**STATUTES**

Racketeer Influenced and Corrupt Organizations Act ("RICO"),
    18 U.S.C.S. § 1961 ...................................................................................3

Cal. Code Civ. Proc. § 410.10 ..............................................................................3

**RULES**

Federal Rule of Civil Procedure 12(b)(2) ............................................................2

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER
INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Through this action, Plaintiffs seek to force a British holding company, Candover Investments PLC, to come to California to defend claims arising out of the allegedly wrongful acts committed by an entirely separate entity. There is no basis for this Court to assert personal jurisdiction over Candover Investments PLC because: (1) Candover Investments PLC has no contacts with the State of California that would justify this Court's exercise of personal jurisdiction over it; and (2) Candover Investments PLC had nothing whatsoever to do with the allegedly wrongful acts that give rise to this lawsuit.

Plaintiffs cannot establish that this Court has personal jurisdiction over Candover Investments PLC. First, Candover Investments PLC does not have substantial or systematic and continuous contacts with California sufficient for this Court's exercise of general personal jurisdiction. Candover Investments PLC does not have the requisite presence in California to establish general personal jurisdiction. Nor do Plaintiffs allege otherwise. Moreover, it would not be reasonable for this Court to require Candover Investments PLC, a British company, to defend itself in a foreign forum in which Candover Investments PLC does not conduct or solicit business. Second, Candover Investments PLC conducted no activities in California that support this Court's exercise of specific personal jurisdiction. Candover Investments PLC has not purposefully availed itself of the privileges of conducting business in California, nor, more importantly, do Plaintiffs' claims arise out of any act by Candover Investments PLC. Indeed, Plaintiffs do not directly attribute a single allegedly wrongful act to Candover Investments PLC.

Instead, Plaintiffs allege that Candover Investments PLC controls, and conspired with, Equity Trust (Jersey) Limited ("Equity Trust") and should therefore be held liable for the allegedly wrongful acts Equity Trust committed between 2000 and 2002. However, Candover Investments PLC is just an investor in Equity Trust Holdings SARL, a holding company which owns an indirect interest in Equity Trust, and Candover Investments PLC first acquired its approximately 5% interest in Equity Trust Holdings SARL in May 2003 – more than one year after Equity Trust allegedly committed the wrongful acts. See Compl. ¶¶ 15, 57-67. Moreover, Candover Investments PLC does not control

1  Equity Trust.  Indeed, Plaintiffs allege no facts, nor can they, that would even suggest that Candover

2  Investments PLC controls Equity Trust.

3        Plaintiffs' baseless and conclusory allegations that Candover Investments PLC controls Equity

4  Trust or that it conspired with the other defendants to commit the allegedly wrongful acts do not

5  establish this Court's jurisdiction over Candover Investments PLC.  Accordingly, the Court should

6  dismiss Plaintiffs' claims against Candover Investments PLC pursuant to Fed. R. Civ. Proc. 12(b)(2)

7  for lack of personal jurisdiction.

8  **II.   STATEMENT OF FACTS**

9        Candover Investments PLC is a British holding company that organizes and invests in large

10  European buyouts.  Declaration of Andrew Moberly ("Moberly Decl."), ¶ 2.  Its principal place of

11  business is in the United Kingdom; it does not maintain an office, mailing address or any employees in

12  California.  Id.  Candover Investments PLC has not designated an agent for service of process in

13  California.  Id. at ¶ 3.  It is not registered or licensed to do business in California.  Id. at ¶ 4.  Candover

14  Investments PLC does not solicit or conduct any business in California.  Id. at ¶ 5.  Nor does it

15  maintain bank accounts, own any real property or pay taxes in California.  Id. at ¶¶ 6-8.  Of its direct

16  investments, only one – a passive investment in Lombard Investments Inc., an international private

17  equity manager with offices in San Francisco, Bangkok and Hong Kong – is incorporated in California.

18  Id. at ¶ 9.

19        In May 2003, Candover Investments PLC acquired a 5.2% interest in Equity Trust Holdings

20  SARL, a Luxembourg holding company which owns an indirect interest in Equity Trust.  Id. at ¶ 10.

21  Although Plaintiffs allege that Candover Investments PLC controls Equity Trust (see e.g. Compl. ¶ 15),

22  Candover Investments PLC does not even hold a direct interest in Equity Trust, and its interest in

23  Equity Trust Holdings SARL has never exceeded 5.5%.  Id.  Moreover, the rights of Candover

24  Investments PLC as an Equity Trust Holdings SARL shareholder are equal to, and no greater than,

25  those accorded to all shareholders of Equity Trust Holdings SARL.  Id.

26        Plaintiffs are private individuals who were previously the largest shareholders of US Wireless

27  Corporation ("USWC"), which is now defunct.  Compl. ¶¶ 9, 66.  Mr. Hilsenrath founded and was the

28  Chairman and Chief Executive Officer of USWC until he was fired in May 2001.  Id. at ¶¶ 9, 65.  In

2

1    2003, Mr. Hilsenrath was indicted for defrauding USWC shareholders, and recently reached an

2    agreement with the United States Attorney General pursuant to which he was sentenced on July 9,

3    2007 to 5 years probation and 12 months of home confinement. <u>See</u> Declaration of Maria Ellinikos,

4    Ex. 1. He remains under investigation by the Securities and Exchange Commission. <u>Id.</u> at ¶ 76.

5          On June 25, 2007, shortly before Mr. Hilsenrath's sentencing, Plaintiffs brought this action,

6    alleging that acts committed by defendants between 2000 and 2002 somehow resulted in Mr.

7    Hilsenrath's termination and USWC's bankruptcy. <u>Id.</u> at ¶¶ 57-67. Plaintiffs allege that defendants

8    blackmailed Plaintiffs, invaded Plaintiffs' privacy, maliciously prosecuted Plaintiffs and violated the

9    Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.S. § 1961. <u>Id.</u> at ¶¶ 93-136.

10         Candover Investments PLC never owned an interest in, or had any contacts with USWC.

11   Moberly Decl. ¶ 9. Nevertheless, through their baseless allegations of control and conspiracy,

12   Plaintiffs seek to hold Candover Investments PLC liable for the allegedly wrongful acts of Equity Trust

13   and other defendants in 2000 through 2002, over one year before Candover Investments PLC even

14   owned an indirect interest in Equity Trust. Compl. ¶¶ 57-67. Notably, Plaintiffs do not directly

15   attribute even one of the allegedly wrongful acts to Candover Investments PLC.

16   **III.    THIS COURT CANNOT EXERCISE PERSONAL JURISDICTION OVER**
     **CANDOVER INVESTMENTS PLC BECAUSE CANDOVER INVESTMENTS PLC**
17   **LACKS THE REQUISITE CONTACTS WITH CALIFORNIA**

18        **A.    Legal Standard**

19        A California federal court "may exercise personal jurisdiction over a non-resident if jurisdiction

20   is proper under California's long-arm statute and if the exercise of jurisdiction accords with federal

21   constitutional due process principles." <u>Fireman's Fund Ins. Co. v. Nat'l Bank</u>, 103 F.3d 888, 893 (9th

22   Cir. 1996). California's long arm statute authorizes courts to exercise personal jurisdiction over a non-

23   resident defendant to the extent permitted by due process. CAL. CODE CIV. PROC. § 410.10. Thus,

24   jurisdiction is proper if it accords with due process, which requires that a defendant have "certain

25   minimum contacts with the forum state such that maintenance of the suit does not offend traditional

26   notions of fair play and substantial justice." <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316

27   (1945).

28

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER
INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1     When a non-resident defendant challenges personal jurisdiction, the plaintiff bears the burden

2  of establishing that jurisdiction exists.  Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,

3  784 F.2d 1392, 1397 (9th Cir. 1986); Shell v. Shell Oil Co., 165 F. Supp. 2d 1096, 1103 (C.D. Cal.

4  2001).  Here, Plaintiffs have not, and cannot, meet their burden with respect to this Court's exercise of

5  personal jurisdiction over Candover Investments PLC.

6     **B.     General Jurisdiction Does Not Exist**

7     Federal constitutional principles allow for the exercise of two types of personal jurisdiction: (1)

8  general jurisdiction; and (2) specific or limited jurisdiction.  Hirsh v. Blue Cross, Blue Shield of

9  Kansas City, 800 F.2d 1474, 1477 (9th Cir. 1986).  General jurisdiction arises where a non-resident

10  defendant's contacts with the forum state are "substantial" or "continuous and systematic" such that it

11  is reasonable to exercise personal jurisdiction even when the cause of action is not specifically related

12  to these contacts.  Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1287 (9th

13  Cir. 1977).

14     To determine whether general jurisdiction exists, federal courts engage in a two part test.  First,

15  the Court must determine "whether the defendant has the requisite contacts with the forum state to

16  render it subject to jurisdiction."  Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc., 1 F.3d 848, 851

17  (9th Cir. 1993).  If the defendant has the requisite contacts, the Court must then determine whether the

18  assertion of jurisdiction is reasonable.  Id.  With respect to the first element for establishing general

19  jurisdiction, the standard is "fairly high" and "requires that the defendants' contacts be the sort that

20  approximate physical presence."  Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086

21  (9th Cir. 2000); see also Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1169 (9th Cir. 2006) ("a

22  defendant must not only step through the door, it must also sit down and make itself at home").

23     Courts conducting a general jurisdiction analysis consider a variety of factors to determine

24  whether the defendant's presence in the forum is sufficient to trigger the exercise of jurisdiction.  These

25  factors include the following:

26     •     Is the defendant incorporated in the forum state?

27     •     Does the defendant maintain an office, mailing address or employees in the forum state?

28     •     Is the defendant registered or licensed to do business in the forum state?

4
NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER
INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION

- •      Does the defendant solicit or conduct business in the forum state?

- •      Has the defendant designated an agent in the forum state for service of process?

- •      Does the defendant pay taxes in the forum state?

- •      Does the defendant maintain bank accounts in the forum state?

- •      Does the defendant own real property in the forum state?

Id.; Hirsh, 800 F.2d at 1478; Amoco Egypt Oil, 1 F.3d at 851n.2.

The response of Candover Investments PLC to each of these questions is "no." Candover Investments PLC is a British holding company with its principal place of business in the United Kingdom. Moberly Decl. ¶ 2. Candover Investments PLC does not have (and never had) an office, mailing address or any employees in California. Id. It is not registered or licensed to do business in California, does not solicit or conduct business in California and has not designated an agent for service of process in California. Id. at ¶ 3-5. Candover Investments PLC does not maintain bank accounts, own real property or pay taxes in California. Id. at ¶ 6-8.

Moreover, its passive investment in Lombard Investments Inc., an international private equity manager residing in California as well as Bangkok and Hong Kong, does not confer general jurisdiction over Candover Investments PLC. See Bancroft & Masters, 223 F.3d at 1086 ("engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders").

Because Plaintiffs cannot meet the first element of this test, the Court need not even address whether the exercise of general jurisdiction would be reasonable. However, even if the Court did reach this element (which it should not), the assertion of personal jurisdiction over Candover Investments PLC is not reasonable for the reasons stated below in the discussion of specific jurisdiction.

In sum, Plaintiffs can show no facts that would even suggest that Candover Investments PLC has or ever had the required contacts with California to establish general jurisdiction.

## C.      Specific Jurisdiction Does Not Exist

Specific jurisdiction requires the following showing: (1) the non-resident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the

5

benefits and protections of its laws; (2) the claim must be one which arises out of or results from the

defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable i.e. comports

with "fair play and substantial justice." Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986);

see also Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F. 3d 1182 (9th Cir. 2002). Plaintiff has not

(nor can it) make this showing for the reasons set forth below.

First, it would not be reasonable to exercise personal jurisdiction over Candover Investments

PLC. The Ninth Circuit regards this as the most important of the three factors. See Ochoa v. J.B.

Martin & Sons Farms, Inc., 287 F. 3d 1182, 1188n.2 (9th Cir. 2002). Among the factors courts

consider in determining reasonableness are "the extent of the defendant's purposeful interjection into

the forum state" and "the burden of defending in the forum state." Rocke v. Canadian Automobile

Sport Club, 660 F.2d 395, 399 (9th Cir. 1981).

Here, there is no purposeful interjection in California; Candover Investments PLC does not

solicit or conduct business in California. This fact alone makes the exercise of jurisdiction

unreasonable. See Ins. Co. of N. Am. v. Marina Salina Cruz, 649 F.2d 1266, 1271 (9th Cir. 1981)

("The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated, and the

less reasonable is its exercise."). Moreover, because Candover Investments PLC is based in the United

Kingdom, it would be extremely burdensome for Candover Investments PLC to defend this litigation

in California, where it has no contacts. This fact too weighs heavily against the exercise of

jurisdiction. See Asahi Metal Industry Co., Ltd. v. Superior Court, 280 U.S. 102, 114 (1987) ("The

unique burdens placed upon one who must defend oneself in a foreign legal system would have

significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction

over national borders."); Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993) ("Litigation

against an alien defendant requires a higher jurisdictional barrier than litigation against a citizen from a

sister state."). Not only do these facts show that the Court's exercise of jurisdiction would be

unreasonable, but Plaintiffs alleged no acts demonstrating otherwise.

Second, Candover Investments PLC has never purposely directed its business activities towards

California residents or otherwise availed itself of the privileges of conducting business in California.

As discussed above, Candover Investments PLC does not solicit or conduct business in California.

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER
INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Moberly Decl. ¶ 5. Indeed, Plaintiffs do not identify a single act that Candover Investments PLC committed in California, let alone an act which justifies this Court's exercise of jurisdiction over Candover Investments PLC.

Finally, Plaintiffs' causes of action do not arise out of any activities of Candover Investments PLC in California. Candover Investments PLC acquired an interest in Equity Trust Holdings SARL on May 21, 2003, over one year after the alleged acts upon which Plaintiffs' base their claims occurred. Id. at ¶ 10. Candover Investments PLC simply could not have engaged in these allegedly wrongful acts.

In sum, for this Court to have specific jurisdiction over Candover Investments PLC, Plaintiffs must establish that it would be reasonable for this Court to exercise jurisdiction and that Candover Investments PLC directed an activity at California or its residents out of which Plaintiffs' claims arise. Plaintiffs have not, and cannot, satisfy these requirements.

**D.    Other Entities' Contacts With California Do Not Subject Candover Investments PLC to Personal Jurisdiction**

As shown above, Candover Investments PLC does not have the requisite minimum contacts with California such that California could lawfully exercise jurisdiction over it. Plaintiffs' attempt to sidestep this reality with conclusory allegations of control and conspiracy does not alter this result. Plaintiffs cannot impute Equity Trust's alleged contacts to Candover Investments PLC to create personal jurisdiction under the alter ego or representative services doctrines. Nor can Plaintiffs' allegations that Candover Investments PLC conspired with the other defendants to commit the allegedly wrongful acts give rise to personal jurisdiction over Candover Investments PLC.

1.    Candover Investments PLC Is Not Equity Trust's Alter Ego

Federal law provides that a court "may pierce the corporate veil jurisdictionally and attribute contacts accordingly" to exercise personal jurisdiction over a corporation if that corporation is the alter ego of another corporation. See Rae Systems, Inc. v. TSA Systems, Ltd., 2005 U.S. Dist. LEXIS 39540, *8 (N.D. Cal. June 24, 2005). "Under the alter ego doctrine, then, when a corporate form is being used to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, the courts will ignore the corporate entity and deem the corporation's acts to be

7

1   those of the persons or organizations actually controlling the corporation…" <u>Sonora Diamond Corp. v.</u>

2   <u>Superior Court</u>, 83 Cal. App. 4th 523, 538 (2000).  California law provides that the following two

3   conditions must be met before the alter ego doctrine can be invoked: (1) "there must be such a unity of

4   interest and ownership between the corporation and its equitable owner that the separate personalities

5   of the corporation and shareholder do not in reality exist"; and (2) "there must be an inequitable result

6   if the acts in question are treated as those of the corporation alone." <u>Id.</u> at 538.  When applying the

7   alter ego doctrine, courts consider the "commingling of funds and other assets of the two entities, the

8   holding out by one entity that it is liable for the debts of another, identical equitable ownership in the

9   two entities, use of the same offices and employees, and use of one as a mere conduit or shell for the

10  affairs of the other." <u>Id.</u> at 538-39.

11          None of these factors are present here, nor do Plaintiffs even allege that they are.  Plaintiffs

12  have merely alleged that "[Candover Investments PLC] have [sic] full and competent control over

13  Equity since 2003." Compl. ¶ 15.  However, "[a]t the pleading stage, conclusory allegations that a

14  corporate entity is the alter ego of the defendant are insufficient to survive a motion to dismiss." <u>Rae</u>

15  <u>Systems, Inc.</u>, 2005 U.S. Dist. LEXIS 39540, at *9-10.  Simply put, Plaintiffs did not and cannot

16  adequately allege that Candover Investments PLC is Equity Trust's alter ego such that this Court may

17  exercise personal jurisdiction over Candover Investments PLC.

18                  2.    <u>Equity Trust's Contacts May Not be Imputed to Candover Investments PLC</u>
                          <u>Under the Representative Services Doctrine To Establish Personal Jurisdiction</u>
19                        <u>Over Candover Investments PLC</u>

20          "Agency may confer general jurisdiction in the forum state over a foreign corporation." <u>Sonora</u>

21  <u>Diamond</u>, 83 Cal. App. 4th at 540.  Here, Plaintiffs' agency argument boils down to a claim that

22  jurisdiction over Candover Investments PLC attaches because Equity Trust performed "representative

23  services" for Candover Investments PLC i.e. Equity Trust was established for, or engaged in activities

24  that, but for the existence of Equity Trust, Candover Investments PLC would have to undertake itself.

25  <u>See e.g. id.</u> at 542.  "Under the representative services doctrine, the contacts of a local agent through

26  which a foreign principal acts may be imputed to that foreign defendant." <u>In re Automobile Antitrust</u>

27  <u>Cases I & II</u>, 135 Cal App. 4th 100, 119 (2005).  For purposes of this doctrine, "agency is established

28  when the evidence demonstrates that the alleged principal had the right to control the activities of the

                                                    8
NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER
INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION

alleged agent." Id. at 120; see also Sonora Diamond, supra, 83 Cal. App. 4th at 541 ("Control is the key characteristic of the agent/principal relationship."). Thus Plaintiffs must show that the foreign company exercised "a highly pervasive degree of control over the subsidiary" such that it "veer[ed] into management and day-to-day activities of the local subsidiary." Id.

However, "jurisdiction will not lie when the parent is a true holding company, the business of which is not operations, but passive investment in a subsidiary company." In re Automobile Antitrust Cases I & II, 135 Cal App. 4th at 121. "Investment alone is not a sufficient ground to exercise general jurisdiction, even if the foreign corporation could have chosen to simply run the local business itself." Id. Here, not only are Plaintiffs' allegations of control lacking, but Candover Investments PLC is a holding company that acquired a mere 5.2% interest in Equity Trust Holdings SARL, a holding company which owns an indirect interest in Equity Trust, over one year after the acts complained of occurred. Moberly Decl. ¶¶ 2, 10. Moreover, the interest Candover Investments PLC owns in Equity Trust Holdings SARL peaked at 5.5% in June 2005, and has never accorded to Candover Investments PLC any rights greater than those accorded to all shareholders. Id. at ¶ 10. This Court cannot therefore exercise personal jurisdiction over Candover Investments PLC under the representative services doctrine.

3.      Plaintiffs' Allegations of Conspiracy Do Not Establish Personal Jurisdiction

Plaintiffs' conspiracy allegations cannot cure the jurisdictional defects of their claims against Candover Investments PLC. "Allegations of conspiracy do not establish as a matter of law that if one conspirator comes within the personal jurisdiction of [the Court], then [this Court] may exercise jurisdiction over other non-resident defendants who are alleged to be part of the same conspiracy." In re Automobile Antitrust Cases I & II, 135 Cal App. 4th at 113. "Personal jurisdiction must be based on forum-related acts that were personally committed by each non-resident defendant." Id. As discussed above, Plaintiffs do not directly attribute a single allegedly wrongful act to Candover Investments PLC, and thus there is no basis for this Court to assert personal jurisdiction over Candover Investments PLC.

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER
INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1    IV.    **CONCLUSION**

2         Candover Investments PLC respectfully requests that the Court dismiss Plaintiffs' claims

3    against it because Candover Investments PLC lacks sufficient contacts with the State of California to

4    warrant the exercise of jurisdiction.

5

6    Dated:  July 20, 2007                    AKIN GUMP STRAUSS HAUER & FELD LLP

7

8                                             By_____/s/_____
                                                         Maria Ellinikos
9                                             Attorneys for Specially Appearing Defendant
                                              Candover Investments PLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION OF SPECIALLY APPEARING DEFENDANT CANDOVER
INVESTMENTS PLC TO DISMISS FOR LACK OF PERSONAL JURISDICTION