LATHAM & WATKINS LLP
  Peter A. Wald (Bar No. 85705)
  Darius Ogloza (Bar No. 176983)
  Sarah M. Ray (Bar No. 229670)
  Katie Y. Chang (Bar No. 246247)
505 Montgomery Street, Suite 2000
San Francisco, California  94111-2562
Telephone:  +415.391.0600
Facsimile:  +415.395.8095

Attorneys for Defendants
EQUITY TRUST (JERSEY) LIMITED,
CAROLINE BOUGEARD, GRANT BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANA HILSENRATH AND OLIVER HILSENRATH,<br><br>                    Plaintiffs,<br><br>          v.<br><br>EQUITY TRUST (JERSEY) LIMITED, CANDOVER INVESTMENTS PLC, INSINGER DE BEAUFORT SA, JARDINE MATHESON HOLDINGS LIMITED, GRANT BROWN, MELVYN KALMAN, JOHN PERKINS, CAROLINE BOUGEARD, AND DOES 1-10,<br><br>                    Defendants. | CASE NO. C-07-3312 CRB<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CAROLINE BOUGEARD AND GRANT BROWN'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*<br><br>Date:      October 5, 2007<br>Time:      10:00 a.m.<br>Place:     Courtroom 8<br>Judge:    Honorable Charles R. Breyer<br><br>Complaint Filed:  June 25, 2007 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF SERVICE OF PROCESS,
IMPROPER VENUE, AND *FORUM NON CONVENIENS*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF CONTENTS

Page

I.       SUMMARY OF ARGUMENT ........................................................................ 1

II.      BACKGROUND FACTS ............................................................................... 2

    A.   The Complaint's Allegations ................................................................. 2

    B.   Jurisdictional Facts Common to Individual Defendants ......................... 2

    C.   Brown's Background ............................................................................. 3

    D.   Bougeard's Background ......................................................................... 3

    E.   The Management Agreements ............................................................... 4

III.     ARGUMENT ............................................................................................... 5

    A.   Exercise of Personal Jurisdiction Over Brown and Bougeard Is
         Improper ............................................................................................... 5

         1.   No General Jurisdiction Exists Over Bougeard or Brown ........................ 5

         2.   No Specific Jurisdiction Exists Over Bougeard or Brown ...................... 6

    B.   Plaintiffs' Service of Brown and Bougeard Was Defective .............................. 11

    C.   Venue is Improper Based On the CMAs' Forum Selection Clauses .................. 12

    D.   Dismissal Is Appropriate Under The Doctrine Of *Forum Non
         Conveniens* ................................................................................................ 13

IV.      CONCLUSION ............................................................................................. 15

Case Number: C-07-3312 CRB
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
COMPLAINT FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF SERVICE OF PROCESS,
IMPROPER VENUE, AND *FORUM NON CONVENIENS*

TABLE OF AUTHORITIES

1

**CASES**

2

*American Home Assur. Co. v. TGL Container Lines, Ltd.*

    347 F. Supp. 2d 749 (N.D. Cal. 2004) ................................................................ 12

*Arno v. Club Med, Inc.*

    22 F.3d 1464, 1467 (9th Cir. 1994) ..................................................................... 14

*Asahi Metal Industry Co., v. Superior Court*

    480 U.S. 102, 114 (1987) ....................................................................................... 9

*Brockmeyer v. May*

    383 F.3d 798 (9th Cir. 2004) .......................................................................... 1, 11

*Calder v. Jones*

    465 U.S. 783 ............................................................................................... 1, 5, 8

*Cheng v. Boeing Co.*

    708 F.2d 1406, 1411 (9th Cir. 1983) ................................................................... 14

*City of Monroe Employees Retirement Sys. v. Bridgestone Corp.*

    399 F.3d 651, 666 (6th Cir. 2005) ....................................................................... 10

*Core-Vent Corp. v. Nobel Indus. AB*

    11 F.3d 1482, 1484-89, 1485-88 (9th Cir. 1993) .................................................... 9

*Doe v. American Nat'l Red Cross*

    112 F.3d 1048, 1051 & n. 7 (9th Cir. 1997) .......................................................... 8

*Elkins v. Broome*

    213 F.R.D. 273, 276 (M.D.N.C. 2003)                                                        11

*Erman v. Lox Equipment Co.*, 1992

    U.S. Dist. LEXIS 13640 (N.D. Cal. 1992) ............................................................ 8

*FDIC v. British-American Ins. Co.*

    828 F.2d 1439, 1444 (9th Cir. 1987) .................................................................. 10

*Fields v. Sedgwick Associated Risks*, Ltd.

    796 F.2d 299, 302-03 (9th Cir. 1986) ................................................................ 10

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Page(s)

*Flintkote Co. v. Gen. Accident Assur. Co. of Canada*

    2004 WL 1977220, at *2 (N.D. Cal. Sept. 7, 2004) ............................................................ 6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ................................. 6

*Ins. Co. of N. Am. v. Marina Salina Cruz*

    649 F. 2d 1266, 1271 (9th Cir. 1981) ................................................................................. 9

*International Shoe Co. v. Washington*

    326 U.S. 316 (1945)............................................................................................................ 5

*Jackson v. Hayakawa*

    682 F.2d 1344, 1347 (9th Cir. 1982) ................................................................................. 12

*Jazini v. Nissan Motor Co., Ltd.*

    148 F.3d 181, 184, 186 (2d Cir. 1998) ............................................................................... 5

*Kahn v. Sprouse*

    1993 U.S. Dist. LEXIS 2156 (N.D. Cal. 1993) ................................................................. 8

*Kovzac Ltd. v. Westway Trading Co.*

    No. Civ.A. 02-3702, 2003 WL 21459953 (E.D.La. June 19, 2003).................................... 13

*KVOS, Inc. v. Assoc. Press*

    299 U.S. 269, 278 (1936)................................................................................................... 5

*Lueck v. Sundstrand Corp.*

    236 F.3d 1137, 1142-43 (9th Cir. 2001) ..................................................................... 13, 14

*M/S Bremen v. Zapata Offshore Co.*

    407 U.S. 1 (1972)......................................................................................................... 1, 12

*Manetti-Farrow, Inc. v. Gucci*

    858 F.2d 509 (9th Cir. 1988) ............................................................................................. 1

*Mayo Assoc. v. Union Bank of Switzerland*

    No. 97 Civ. 8835(AGS), 1998 WL 274283 (S.D.N.Y. May 27, 1998) ............................. 13

*McGlinchy v. Shell Chem Co.*

Page(s)

845 F.2d 802 (9th Cir. 1988) ......................................................................... 7

*Mississippi Publishing Corp. v. Murphree*

326 U.S. 438, 444-45 .................................................................................. 11

*Murphy v. Schneider Nat'l, Inc.*

362 F.3d 1133 (9th Cir. 2004) ..................................................................... 12

*Northrop Corp. v. Triad Int'l Mktg, S.A.*

811 F.2d 1265, 1270 (9th Cir. 1987) ........................................................... 12

*Omeluk v. Langsten Slip & Batbyggeri A/S*

52 F.3d 267, 270 (9th Cir. 1995) ......................................................... 5, 6, 7

*Pacific Atl. Trading Co v. M/V Main Express*

758 F.2d 1325, 1330 (9th Cir. 1985) ............................................................. 9

*Piper Aircraft v. Reyno*

454 U.S. 235, 254 n. 22 (1981) .................................................................... 13

*Richards v. Lloyd's of London*

135 F.3d 1289 (9th Cir. 1998) .................................................................... 12

*Rocke v. Canadian Auto. Sport Club*

660 F.2d 395 (9th Cir. 1981) ................................................................. 5, 10

*Schwarzenegger v. Fred Martin Motor Co.*

374 F.3d 797, 801 (9th Cir. 2004) ................................................................. 6

*Seecom Network Services Corp. v. COLT Telecom*

2004 WL 1960174 (N.D. Cal. Sept. 3, 2004) .............................................. 12

*Starlight Co., Inc. v. Arlington Plastics Mach, Inc.*

2001 WL 677908 (N.D. Cal. June 8, 2001) ................................................. 12

*Sussman v. Israel*

801 F.Supp. 1068 (S.D.N.Y. 1992) .......................................................... 1, 14

*Tuazon v. R.J. Reynolds Tobacco Co.*

433 F.3d 1163, 1172 (9th Cir. 2006) ............................................................. 6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

Case Number: C-07-3312 CRB
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*

Page(s)

## RULES

Fed. R. Civ. P. 45 ................................................................................................................ 14

Fed. R. Civ. P. 4(f)(2)(C)(ii) ................................................................................................ 11

Fed. R. Civ. P. 4(f)(3) .......................................................................................................... 11


## CODES

California Code of Civil Procedure § 410.10 ........................................................................ 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case Number: C-07-3312 CRB
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    SUMMARY OF ARGUMENT**

3
4
5

      The complaint as to defendants Grant Brown ("Brown") and Caroline Bougeard ("Bougeard") should be dismissed for four independent reasons.  First, plaintiffs have failed to allege a *single* relevant contact to this forum by either of these Equity Trust (Jersey) Limited ("ETJL") employees to support exercise of personal jurisdiction.[1]  *See, e.g., Calder v. Jones*, 465 U.S. 783, 790 ("each defendant's contacts with the forum State must be assessed individually"). Second, plaintiffs' attempted service of process failed to comply with the Federal Rules of Civil Procedure ("FRCP").  *See Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004).  Third, this Court is not a proper venue for this dispute because plaintiffs have consented, through forum selection clauses contained in two Company Management Agreements ("CMAs"), to seek relief against ETJL and its employees in the Island of Jersey.  *See* Declaration of Katie Y. Chang ("Chang Decl."), Exh. 1, Exhs. F & G; *M/S Bremen v. Zapata Offshore Co.,* 407 U.S. 1 (1972) ("the Bremen"); *Manetti-Farrow, Inc. v. Gucci*, 858 F.2d 509, 514 (9th Cir. 1988).  Lastly, even if this were a permissible forum in which to resolve this dispute (which is not the case), this Court should reject, under the *forum non conveniens* doctrine, plaintiffs' attempt to litigate its claims over the administration of trust services provided to two Israeli citizens by a Jersey-based trust company and its employees in this distant forum.  *See* Chang Decl., Exh. 1, ¶12, Exhs. F & G; *Sussman v. Bank of Israel*, 801 F. Supp. 1068 (S.D.N.Y. 1992).  The agreements under which those trust services were provided plainly provide that they "shall be governed by construed and interpreted in accordance with the laws of the Island of Jersey" — the forum in which these sophisticated parties agreed to resolve their disputes, in which the alleged misconduct occurred and in which most material witnesses and documents can be found.  Chang Decl., Exh. 1, Exhs. F & G.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

[1]    Ms. Bougeard is a current ETJL employee.  *See* Declaration of Caroline Bougeard ¶ 2. Mr. Brown left ETJL's employment on or about May 31, 2007.  *See* Declaration of Grant Brown ¶ 3.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

Case Number: C-07-3312 CRB
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*

Because these defects are not curable, defendants Brown and Bougeard respectfully asks this Court to dismiss the complaint against them with prejudice.

## II.    BACKGROUND FACTS

### A.    The Complaint's Allegations

The complaint does not contain a single allegation of alleged misconduct by either defendant Brown or Bougeard (together, the "individual defendants"). In fact, the sole allegations against these defendants are that "[a]t all relevant time to this complaint . . . Brown and . . . Bougeard were executives of both Equity Trust and Janvrin et al"[2] and that they have been "identified as acting behind the above criminal structure." Cmpl. ¶¶ 21, 51. Even if true, such scant allegations are insufficient to support exercise of personal jurisdiction over them. As shown below, however, even these scant allegations are incorrect in virtually all material respects.

### B.    Jurisdictional Facts Common to Individual Defendants

Both defendant Brown and Bougeard reside in Jersey, Channel Islands. Brown Decl. ¶ 5; Bougeard Decl. ¶ 5. Neither has been a resident of California or lived anywhere in the United States. Brown Decl. ¶ 5; Bougeard Decl. ¶ 5. Neither owns or leases any property or real estate in California; has any offices, employees, or agents for service of process in California; has any bank accounts in California; has telephones, telephone directory listings, or mailing addresses in California. Brown Decl. ¶ 11; Bougeard Decl. ¶¶ 9, 12. Neither has ever registered to vote anywhere in the United States. Brown Decl. ¶ 9; Bougeard Decl. ¶ 10.

In addition, neither defendant conducts any personal business in California; has personal clients or customers in California; derives personal income or other personal economic benefit from California; owes or pays taxes to any California government entity; or files California tax returns. Brown Decl. ¶ 12; Bougeard Decl. ¶¶ 11, 13. Other than being named as

---

[2]    The complaint employs the convention of referring to Janvrin Holdings Ltd., Crossgar Ltd. and Ryburn Ltd. as "Janvrin et al." These entities are referred to as "the BVI companies" herein.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

Case Number: C-07-3312 CRB
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*

defendants in this action, neither has been involved in any other California lawsuit.  Brown Decl. ¶ 17; Bougeard Decl. ¶ 17.

C.    **Brown's Background**

Between approximately June 1, 2004 to May 31, 2007, Brown served as Executive Director to the Private Client group at ETJL.  Brown Decl. ¶ 3.  Since leaving ETJL in May, he continues to live and work in Jersey.  *Id.* ¶ 2.

Brown has lived in the United Kingdom since September 2002.  *Id.* ¶ 5.  He has never resided in California and has no plans to do so.  *Id.*  During his employment with ETJL, he never made any trips to California for ETJL business.  *Id.* ¶ 6.  His only trips to California have been as rest stops in Los Angeles, typically lasting a few nights at most, when he travels from Jersey to his native home in New Zealand.  *Id.*

Contrary to the complaint's allegations, Brown was not an executive at either ETJL or "Janvrin" or any of the other BVI companies during any "relevant time."  *Id.* ¶ 14.  By the time Brown began his employment with ETJL in June 2004, all of the alleged wrongdoing described in the complaint had already occurred.  *Id.*  Brown's involvement with the Hilsenraths and the BVI companies after June 2004 was limited to his role as an authorized signatory of ETJL on communications and as a client-facing executive of ETJL who, in that capacity, had very limited contact with the Hilsenraths and the BVI companies.  *Id.* ¶¶ 4, 15, 16.  Brown neither had knowledge of, nor involvement with, the Hilsenraths or the BVI companies' between November/December 2000 and March 2002, the dates that bookend the allegedly wrongful course of conduct alleged in the complaint.[3]  *See id.* ¶ 15.

D.    **Bougeard's Background**

From in or around 1993, Bougeard has been a part-time employee at ETJL.

---

[3]    The complaint alleges that the Hilsenraths' purportedly confidential financial information was first disclosed in November or December 2000.  Cmpl., ¶ 59-62.  The complaint also alleges  that a malicious prosecution lawsuit was filed against Mr. Hilsenrath in March 2002. Cmpl., ¶ 67-69.  The complaint does not identify a single allegedly wrongful act occurring before or after these events.

3

Bougeard Decl. ¶ 2.  In or around late June 2004, she became an officer in the ETJL legal department, an administrative position which requires no legal training.  *Id.*

Bougeard is a British citizen and has only lived in the United Kingdom and Australia.  *Id.* ¶ 5.  She has never resided in California and has no plans to do so.  *Id.*  She has never made any trips to California for ETJL business.  *Id.* ¶ 6.  In fact, she has traveled to California twice – in or around 1977 and in 1986 – and both trips were for leisure and preceded her employment with ETJL.  *Id.*

Contrary to the allegations in the complaint, Bougeard has never been an "executive" of "Janvrin" or of any of the BVI companies, nor has she ever held an executive-level position with ETJL.  *Id.* ¶ 15.  In fact, it is only in her capacity as legal officer, a role which she first undertook in June 2004 (again, after all of the allegedly wrongful conduct had purportedly occurred) that she learned of the Hilsenraths and the BVI companies.  *Id.*  Her interaction with the Hilsenraths have been limited to performing a few administrative tasks for the Hilsenraths' remaining investment structures (unrelated to this dispute) and her signature on behalf of ETJL on communications with clients, including the Hilsenraths.  *Id.* ¶ 17.

## E.    The Management Agreements

ETJL often provides its clients with administrative services for the trust and corporate structures it sets up for them.  These services are provided pursuant to CMAs which set forth the rights and duties that govern the legal relations between ETJL and its clients.  In May 1996 and August 1999, the Hilsenraths entered into CMAs with ETJL as to two structures implicated in this litigation: (i) Aida Holdings Ltd. and (ii) Oliver Hilsenrath Family Investments Limited ("OHFI").  Chang Decl., Exh. 1,  Exhs. F & G.  These CMAs bind ETJL to "provide directors" to the Hilsenrath structures, who, in turn, are to "receive the advice and recommendations of the client." *Id.*,  Exh. F, ¶ 1(f)-(g); Exh. G, ¶ 1(h)-(i).   The CMAs include forum selection and choice of law clauses requiring application of Jersey law and submission of disputes implicating the CMAs to the Jersey courts.  Specifically, the CMAs provide as follows:

8. THIS AGREEMENT shall be governed by construed and interpreted in accordance with the laws of the Island of Jersey, and all parties shall submit to the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

Case Number: C-07-3312 CRB
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*

1    jurisdiction of the courts of the said Island.

2    *See id.*, Exhs. F, ¶ 8 & G, ¶8.

3    **III.    ARGUMENT**

4        **A.    <u>Exercise of Personal Jurisdiction Over Brown and Bougeard Is Improper</u>**

5            This Court may not exercise jurisdiction over the individual defendants absent the

6    existence of sufficient minimum contacts with California such that "maintenance of the suit must

7    not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*,

8    326 U.S. 310, 316 (1945). It is plaintiff's burden to allege and establish facts demonstrating

9    personal jurisdiction. *KVOS, Inc. v. Assoc. Press*, 299 U.S. 269, 278 (1936). Plaintiffs must

10   establish that sufficient minimum contacts exist as to *each* individual to justify the exercise of

11   jurisdiction. *Calder*, 465 U.S. at 790. Consistent with this principle, the contacts of a

12   corporation may not be imputed to its officers, directors, or employees for purposes of exercising

13   personal jurisdiction over them. *Id.* ("[a]ctivities [of individual defendants] are not to be judged

14   according to their employer's activities there"). Where, as here, plaintiffs have failed to allege

15   sufficient facts to establish a *prima facie* showing as to either of the individual defendants, the

16   case must be dismissed as to both of them. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184, 186

17   (2d Cir. 1998).

18           California's long-arm statute, Code of Civil Procedure § 410.10, permits the

19   exercise of jurisdiction "on any basis not inconsistent with the Constitution of this state or of the

20   United States." Consequently, the inquiry turns on whether the assertion of jurisdiction

21   comports with due process. *Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395, 398 (9th Cir.

22   1981). The individual defendants' lack of contacts with California in general, and in particular

23   with respect to this action, renders maintenance of this action unconstitutional.

24       **1.    No General Jurisdiction Exists Over Bougeard or Brown**

25           Exercise of general jurisdiction over a non-resident requires contacts with the

26   forum that are so substantial, continuous, and systematic that the defendant should expect to be

27   haled into court on any cause of action. *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d

28   267, 270 (9th Cir. 1995). The contacts must be so pervasive as to "approximate physical

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

5

Case Number: C-07-3312 CRB
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*

presence" within the state. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006). It "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004.

Neither Brown nor Bougeard has anything close to the pervasive contacts necessary for general jurisdiction. Neither has lived in California. Brown Decl. ¶ 5; Bougeard Decl. ¶ 5. Neither owns property in California, is registered to vote in California, has filed a California tax return, maintains offices, employees, or bank accounts in California, or has telephones, telephone directory listings, or mailing addresses here. Brown Decl. ¶¶ 8-11; Bougeard. Decl. ¶¶ 9-12.

Their occasional recreational trips to California are too insubstantial to support general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (no general jurisdiction where defendant negotiated contract in forum, drew checks on forum-based bank, and trained employees in forum); *see also Tuazon*, 433 F.3d at 1172 ("a defendant must not only step through the door, it must also "[sit] down and [make] itself at home"). In short, neither of these individuals has the "substantial, continuous, and systematic" contacts necessary to "approximate physical presence." *Omeluk*, 52 F.3d at 270; *Flintkote Co. v. Gen. Accident Assur. Co. of Canada*, 2004 WL 1977220, at *2 (N.D. Cal. Sept. 7, 2004).

### 2.    No Specific Jurisdiction Exists Over Bougeard or Brown

Demonstrating specific jurisdiction over a defendant requires a showing that: (1) defendant performed some act by which it "purposefully avail[ed] [it]sel[f] of the privilege of conducting activities in the forum," *and* (2) plaintiffs' claims "arise out of" or "result[] from" the defendant's forum-related contacts—*i.e.*, a nexus test, *and* (3) the forum's exercise of personal

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*

jurisdiction in the particular case comports with "fair play and substantial justice."[4]  *Omeluk*, 52

F.3d at 270.  The complaint fails this three-part test as to both of the individual defendants.

a.     The Individual Defendants Did Not "Purposefully Avail"

Themselves of the Forum's Benefits

The complaint's lack of any allegations of misconduct by either Brown or

Bougeard confirms that the individual defendants did not "purposefully avail" themselves of this

forum's benefits and that the exercise of jurisdiction over them by this Court is improper.  As

their concurrently-filed declarations establish, neither Bougeard nor Brown had any involvement

with the Hilsenraths or with the BVI companies during any of the times of the alleged

wrongdoing described in the complaint.  Even if this had not been the case, any such acts taken

by them in relation to the Hilsenraths would have been taken on behalf of ETJL and, under

controlling law, cannot be imputed to the individuals as relevant contacts.

The complaint's allegations against Brown and Bougeard amount to the largely

incorrect averments that "[a]t all relevant time to this complaint . . . Brown and . . . Bougeard

were executives of both Equity Trust and Janvrin et al" that they were "identified as acting

behind the above criminal structure."  Cmpl. ¶¶ 21, 51.  In point of fact, neither Brown nor

Bougeard had any involvement with the Hilsenraths or with the BVI companies prior to June

2004 — well after all of the alleged wrongdoing had already occurred.  Brown Decl. ¶¶ 4, 14;

Bougeard Decl. ¶¶ 3, 14, 16.  In short, neither of these individuals was employed in such a

capacity as to give rise to the inference that he or she knew of, much less "act[ed] behind" either

ETJL or the BVI companies with respect to any alleged wrongdoing.

The only contact that the individual defendants may have had with the Hilsenraths

or the BVI companies consist of communications regarding corporate formalities occurring after

June 2004.  Both Brown and Bougeard are authorized signatories of ETJL and, thus, may have

---

[4]  Where the court finds that plaintiffs have not met the "purposeful availment" prong of the three-part personal jurisdiction test, it need not reach other prongs.  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 817 (9th Cir. 1988).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

Case Number: C-07-3312 CRB
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*

on occasion signed on ETJL's behalf on communications addressed to the Hilsenraths. Brown Decl. ¶¶ 4, 14, 16; Bougeard Decl. ¶ 16. Brown in his client-facing position as an executive of Private Client may have had some communications with the Hilsenraths regarding their structures. Brown Decl. ¶¶ 4, 16.

Any such contacts are legally irrelevant. The law is clear that the contacts of an employee on behalf of his or her employer may not be ordinarily imputed to the employee for purposes of establishing personal jurisdiction over them. *Calder*, 465 U.S. at 790. "Each defendant's contacts with the forum state must be assessed individually." *Id.* at 787; *see, e.g., Erman v. Lox Equip. Co.*, 1992 U.S. Dist. LEXIS 13640 (N.D. Cal. 1992) (no personal jurisdiction over officer despite his forum contacts on corporate business, including signing documents and making phone calls and reports); *Kahn v. Sprouse*, 1993 U.S. Dist. LEXIS 2156 (N.D. Cal. 1993) (no personal jurisdiction over directors and majority shareholders despite extensive forum activities on behalf of corporation). Not only are these contacts not imputable to Brown or Bougeard personally, but they were not directed at California residents.[5]

      b.    <u>The Hilsenraths' Claims Do No "Arise Out Of" Forum-Related Activities</u>

The Ninth Circuit has adopted a "but for" test for determining whether a plaintiff's injury arises out of a defendant's forum-related activities. *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 & n.7 (9th Cir. 1997). Under this standard, a claim "arises out of" a defendant's forum-related activities if plaintiff would not have suffered a loss but for defendant's activities in the forum. *See id.* As it does not allege that Brown or Bougeard performed any activities within, or directed at, California, the complaint fails this prong as well.

---

[5] The Hilsenraths have admitted in a motion filed November 30, 2006 in a related case: "Oliver and Hana Hilsenrath … at all times relevant to [their proposed cross-complaint alleging ETJL's purportedly wrongful disclosure of their financial information] have maintained their domicile in Israel." Chang Decl., Exh. 2. This continues to be the case today. In a motion filed on Wednesday, July 18, 2007 in a related case, the Hilsenraths admitted: "Hana and Oliver Hilsenrath are citizens and residents of the state of Israel and their permanent residence is in Tel-Aviv." Chang Decl., Exhs. 3.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

Case Number: C-07-3312 CRB
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*

1

2

c.    Exercise of Specific Jurisdiction Over Equity Trust Would Not Be
Reasonable

3

4

The Ninth Circuit employs a seven factor balancing test to determine whether

exercise of personal jurisdiction over a defendant is reasonable.  *Core-Vent Corp. v. Nobel Indus.*

5

*AB*, 11 F.3d 1482, 1485-88 (9th Cir. 1993).  Consideration of these factors confirms that exercise

6

of personal jurisdiction over Brown and Bougeard is not proper.

7

*(1) The extent of defendants' "purposeful interjection"* – As shown above in the

8

"minimum contacts" analysis, no purposeful interjection by Bougeard or Brown into California

9

has been alleged or could be alleged.  *See Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d

10

1266, 1271 (9th Cir. 1981) (holding that "the degree of interjection is a factor to be weighed in

11

assessing the overall reasonableness of jurisdiction").

12

*(2) The burden on defendants of defending in this forum* – There is a heavy

13

burden on individual defendants located in Jersey to defend actions half-way across the world in

14

a forum in which they have no contact.  *See Asahi Metal Industry Co. v. Superior Court*, 480

15

U.S. 102, 114 (1987) ("unique burdens" placed upon a foreign national defending itself locally

16

"should have significant weight" in assessing the "reasonableness" of a local court's exercise of

17

personal jurisdiction); *Pacific Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1330 (9th

18

Cir. 1985) (burden on defendant is of paramount importance); *Core-Vent*, 11 F.3d at 1484-89

19

(burden militated against reasonableness where individual defendants were Swedish and had no

20

ongoing connection with the state).  As Brown is no longer employed at ETJL, taking the time

21

off necessary to travel to California to defend in this lawsuit would create substantial hardship

22

with his new employer.  Brown Decl. ¶ 18.  As the primary caretaker of two school-aged

23

children, defending this lawsuit in California would cause Bougeard substantial hardship.

24

Bougeard Decl. ¶ 19.

25

*(3) The extent of conflict with the sovereignty of Jersey's courts* – Clearly, the

26

courts of Jersey have a paramount interest in adjudicating claims between Jersey-based

27

employees and the beneficial owner of structures created and administered by a Jersey trust

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

Case Number: C-07-3312 CRB
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*

company pursuant to agreements governed by Jersey law.  *See Fields v. Sedgwick Associated Risks, Ltd*., 796 F.2d 299, 302-03 (9th Cir. 1986).

          *(4) California's interest in adjudicating the dispute* –  California has no genuine interest in resolving this dispute arising under foreign law and involving plaintiffs who at all relevant times were (and continue to be today) foreign domiciles.[6]  *See, e.g., FDIC v. British-American Ins. Co.*, 828 F.2d 1439, 1444 (9th Cir. 1987) (California's interest in adjudicating is small where its law does not govern the dispute).

          *(5) The most efficient judicial resolution of the controversy* – The availability of evidence and witnesses clearly favors Jersey over California, as ETJL's operations are based in Jersey and its employees reside there.  *See id.*  Further, as the laws of Jersey govern this dispute, resolution in a Jersey forum is clearly more efficient than engaging Jersey legal experts to advise this Court on the laws of Jersey.  *See, e.g., Rocke*, 660 F.2d at 399 (Quebec is the most efficient forum where Quebec law likely controls).

          *(6) Plaintiff's interest in convenient and effective relief and (7) the existence of an alternative forum* – As the efficiencies favor litigating this matter in Jersey, plaintiffs appear to have selected a wholly unsuitable forum if their interest genuinely is in acquiring convenient and effective relief.  Not only does an alternative forum available to the Hilsenraths exist, the courts of Jersey, but the Hilsenraths affirmatively chose Jersey's forum and laws to adjudicate their disputes with ETJL at the time they contracted for trust services.

          In sum, subjecting the individual defendants to the jurisdiction of this Court would be unreasonable in light of controlling precedent.  *See, e.g., City of Monroe Employees Retirement Sys. v. Bridgestone Corp.*, 399 F.3d 651, 666 (6th Cir. 2005) (holding that it was "unreasonable" to exercise personal jurisdiction over a Japanese corporate officer of a Japanese corporation in a securities fraud class action where the corporate officer added "little or nothing" to plaintiffs' claims and where the "exercise of jurisdiction requires travel from the other side of

---

[6]    The Hilsenraths' transitory presence in California is to answer for Oliver Hilsenrath's *admitted* criminal activity. Chang Decl., Exh. 5.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-07-3312 CRB
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*

the world") (citations omitted).

**B.**    **Plaintiffs' Service of Brown and Bougeard Was Defective**

This Court lacks personal jurisdiction over Brown and Bougeard for the independent reason that plaintiffs' service of process was insufficient. *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (proper service of a summons is the basis by which a court asserts jurisdiction over the person of the party being served). Plaintiffs bear the burden of establishing that service was properly effected. *Brockmeyer*, 383 F.3d at 801.

Plaintiffs attempted to serve Brown and Bougeard by personally sending the summons and the complaint through Federal Express to ETJL's offices. Chang Decl., Exh. 5; Brown Decl. ¶ 13; Bougeard Decl. ¶ 14. As an initial matter, under Ninth Circuit law, this service is defective because it did not comply either with Federal Rule of Civil Procedure 4(f)(2)(C)(ii), "which requires that service be sent by the clerk of the court, using a form of mail requiring a signed receipt" or with Federal Rule of Civil Procedure 4(f)(3), "which requires that the mailing procedure have been specifically directed by the district court." *Brockmeyer*, 383 F.3d at 808-09.

Service is additionally defective because the summons and complaint were neither personally served on the individual defendants nor served on appointed agents authorized to receive service of process on their behalf. Chang Decl. Exh. 5; Brown Decl. ¶ 13; Bougeard Decl. ¶ 14. It is axiomatic that service on defendant's employer or other employees at defendant's place of employment is inadequate, where defendant is being sued in his or her individual capacity, unless these persons were authorized to accept service for defendant individually. *Taylor v. Gearan*, 979 F.Supp. 1, 5 (D.D.C. 1997); *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003). Brown, who is no longer employed at ETJL, only happened to receive the summons and complaint on July 13, some 11 days after it was delivered to the ETJL office, when it was forwarded by ETJL to his present employer. Brown Decl. ¶ 13. Accordingly, plaintiffs' service of process on Brown and Bougeard is insufficient, and, as a result, this Court lacks jurisdiction over them. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

11

Case Number: C-07-3312 CRB
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*

(9th Cir. 1982) ("[n]either actual notice...nor simply naming the person in the caption of the complaint....will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4").

### C.  Venue is Improper Based On the CMAs' Forum Selection Clauses

In the Bremen, 407 U.S. 1, the Supreme Court concluded that forum selection clauses in international contracts are presumptively valid. Since then, federal courts have consistently enforced such clauses. *See, e.g., Richards v. Lloyd's of London*, 135 F.3d 1289 (9th Cir. 1998); *Am. Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F. Supp. 2d 749 (N.D. Cal. 2004); *Seecom Network Servs. Corp. v. COLT Telecom*, 2004 WL 1960174 (N.D. Cal. Sept. 3, 2004); *Starlight Co., Inc. v. Arlington Plastics Mach., Inc.*, 2001 WL 677908 (N.D. Cal. June 8, 2001). A motion to dismiss for improper venue is the appropriate means for raising contractual forum selection rights. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133 (9th Cir. 2004).

The relationship between ETJL and the Hilsenraths is governed by the CMAs signed by both parties. Because the CMAs contain forum selection clauses that specify Jersey as the parties' selected forum, this forum is not a proper venue. In *Northrop Corp. v. Triad International Mktg., S.A.*, the Ninth Circuit observed: "choice of law and choice of forum provisions in international commercial contracts are an almost indispensable precondition to achievement of the orderliness and predictability essential to any international business transaction, and should be enforced absent strong reasons to set them aside." 811 F.2d 1265, 1270 (9th Cir. 1987).

The enforcement of the CMAs' forum selection clauses is particularly important as to Brown and Bougeard. The only communications either of these defendants may have had with the Hilsenraths occurred as a result of their employment by ETJL and, thus, of these agreements between ETJL and the Hilsenraths. Through these agreements, ETJL sought to protect its employees and itself from the exact burden they now face—being haled into court in a jurisdiction to which they have no real contacts. The Hilsenraths, sophisticated parties in an

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

Case Number: C-07-3312 CRB
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*

arms' length transaction, consented to have their dispute resolved in Jersey. They should be held to their agreement.

**D.      Dismissal Is Appropriate Under The Doctrine Of *Forum Non Conveniens***

A court may dismiss an action under the doctrine of *forum non conveniens* upon finding: (1) that an alternative forum exists, and (2) the balance of the "private interest" and "public interest" factors weighs in favor of dismissing the action. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142-43 (9th Cir. 2001) (citations omitted). These individual defendants all live and work in Jersey — the forum in which the allegedly wrongful acts occurred. Accordingly, Jersey is an alternate (and superior) forum, as confirmed by the public and private interest factors this Court considers in *forum non conveniens* analysis.

An alternative forum ordinarily exists when the defendant is amenable to process, unless the remedy offered by the other forum is clearly unsatisfactory. *Piper Aircraft v. Reyno*, 454 U.S. 235, 254 n.22 (1981). The individual defendants live and work in Jersey, are residents of Jersey, and are amenable to process there. Bougeard Decl. ¶¶ 2, 5; Brown Decl. ¶¶ 2, 5. Moreover, courts in the U.S. have on more than one occasion concluded that the Jersey Royal Court is more than capable of providing plaintiffs with an adequate remedy. *See Kovzac Ltd. v. Westway Trading Co.*, No. Civ.A. 02-3702, 2003 WL 21459953 (E.D. La. June 19, 2003); *Mayo Assoc. v. Union Bank of Switz.*, No. 97 Civ. 8835(AGS), 1998 WL 274283 (S.D.N.Y. May 27, 1998).

The balance of private and public factors also weighs in favor of Jersey. The Ninth Circuit has identified the following relevant private interest factors:

> (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

The public interest factors include:

> (1) local interest of lawsuit; (2) the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

Case Number: C-07-3312 CRB
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*

1   unrelated to this forum.

2   *Lueck*, 236 F.3d at 1145, 1174 (citations omitted).

3   Each of the private interest factors counsels that Jersey is the proper forum for

4   this dispute.  Defendants in this case all reside outside the United States, and litigation here

5   would cause them significant hardship.  Bougeard Decl. ¶¶ 5, 19; Brown Decl. ¶¶ 5, 18.  The law

6   is clear that "[t]he presence of American plaintiffs . . . is not in and of itself sufficient to bar a

7   district court from dismissing a case on the ground of *forum non conveniens*."  *Cheng v. Boeing*

8   *Co.*, 708 F.2d 1406, 1411 (9th Cir. 1983).  *Cheng*'s mandate bears particular force here, where

9   plaintiffs themselves, in this very district are claiming *Israeli citizenship and residence* in

10  another pending case where doing so serves their strategic interests.  *See* Chang Decl., Exhs. 3 &

11  4.  As the Southern District of New York has concluded: "[w]here an American plaintiff chooses

12  to invest in a foreign country and then complains of fraudulent acts occurring primarily in that

13  country, the plaintiff's ability to rely upon citizenship as a talisman against *forum non*

14  *conveniens* dismissal is diminished."  *Sussman*, 801 F.Supp. at 1073.  Moreover, because the

15  core of plaintiffs' case is the alleged "documents-harvesting meeting" that purportedly took place

16  in London in December 2000 (Cmpl. ¶ 60-61) and involved documents generated and maintained

17  in Jersey, the key evidence and witnesses are located in England or in Jersey.  Few witnesses are

18  located in California; most reside outside the Court's subpoena power.  *See* Fed. R. Civ. P. 45.

19  Compelling discovery of third-party witnesses in California will be cumbersome, expensive and

20  time-consuming.

21  The public interest factors also favor Jersey.  Because ETJL is organized under its

22  laws, Jersey properly has a "vital interest" in formulating policies that will greatly affect

23  "investment and enterprise" within its borders.  *Arno v. Club Med, Inc.*, 22 F.3d 1464, 1467 (9th

24  Cir. 1994).  Moreover, the CMAs signed by plaintiffs and ETJL designate that "this agreement

25  shall be governed by construed and interpreted in accordance with the laws of the Island of

26  Jersey."  *See* Chang Decl., Exh. 1, Exhs. F & G.  Accordingly, numerous key issues, including

27  whether Bougeard and Brown were acting within the scope of their employment, whether any

28  privileges attach to their conduct, whether they can invoke exculpatory provisions in the CMAs

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

14

Case Number: C-07-3312 CRB
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*

and other applicable defenses will be governed by Jersey law as to which the Jersey Royal

Court's familiarity is unrivaled.   Lastly,  this forum should not bear the burden of resolving a

dispute that has no substantial connection to it, especially where, as here, the parties have

contracted for such disputes to be resolved elsewhere.

**IV.     CONCLUSION**

        For the foregoing reasons, defendants Bougeard and Brown respectfully request

that the complaint against them be dismissed with prejudice.


Dated: July 23, 2007

                                        Respectfully Submitted,

                                        LATHAM & WATKINS LLP


                                        By  /s/ Katie Chang_____
                                        ATTORNEYS FOR BOUGEARD AND
                                        BROWN

Case Number: C-07-3312 CRB
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION,
INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, AND *FORUM NON CONVENIENS*