**EXHIBIT 3**

HANA HILSENRATH
OLIVER HILSENRATH
822 Eastbrook Court
Danville, CA 94506
Telephone: 925 212 6299
Facsimile: 925 736 7571
ohlx@sbcglobal.net

PLAINTIFFS *IN PRO PER*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HANA HILSENRATH AND OLIVER HILSENRATH,** | Case 3:07-cv-03193 TEH |
| **Plaintiffs,** | |
| v. | **HANA AND OLIVER HILSENRATH'S RESPONSE RE ORDER TO SHOW CAUSE: JURISDICTION** |
| **NIXON PEABODY LLP, GLENN WESTREICH, BETH MITCHELL, AND DOES 1-10,** | **[JURY TRIAL DEMAND]** |
| **Defendants.** | **Judge: Hon. Thelton E. Henderson** |

## INTRODUCTION

1.    The present document represents plaintiffs' reply to the Court's order dated 7/9/2007 Re federal jurisdiction over the subject matter.

2.    Plaintiffs assert that federal jurisdiction is proper in this current case on the grounds of:

    a.    Diversity: plaintiffs are citizens and residents of Tel Aviv/Israel while plaintiffs are a California corporation

    b.    Judicial economy and convenience: this present case is related to multiple cases in federal court in the northern district of California

    c.    Federal matter: this case involves *inter alia* obstruction of justice and malicious prosecution in federal court regarding securities of a publicly traded company.

**DISCUSSION**

Diversity

3.  Plaintiffs Hana and Oliver Hilsenrath are citizens and residents of the state of Israel and their permanent residence is in Tel-Aviv[1]. ***Von Dunser v. Aronoff, 915 F.2d 1071***

4.  The allegation of malicious prosecution in this current complained stems from a related case filed in March 2002 while plaintiffs were living in their permanent home in Israel.

5.  Plaintiff Oliver Hilsenrath traveled in 2005 to California for the sole purpose of efficiently litigating a government action that was recently closed [***USA v. Hilsenrath et al 3:03-cr-00213WHA[2]***].

6.  Plaintiffs are planning to return to their home in Israel in the near future.

Judicial economy

7.  There are multiple closely-related cases in federal court, which on the basis of judicial economy and convenience might be eventually consolidated with the present case:

***8.  Janvrin et al v. Hilsenrath et al [4:02-cv-01068CW,BZ].***

    a.  Janvrin et al are the alleged co-conspirators of Nixon Peabody, defendants in this case. Janvrin are diverse from Nixon Peabody as a British corporation operated out of Jersey/UK.

    b.  Janvrin et al abandoned their own litigation earlier this year, immediately after the Hilsenraths filed a counterclaim that uncovered the conspiracy.

    c.  The federal court has recently ordered Janvrin at al to pay the Hilsenraths in excess of $8 million on account of their role in the conspiracy.

    d.  *Janvrin et al v. Hilsenrath et al* was filed in federal court on grounds of diversity ***28 U.S.C. 1332*** and securities regulated under federal law ***15 U.S.C. 78aa,***

    e.  Those arguments remain applicable for this current case.

---

1 Plaintiffs are also citizens of the United States and lived in California between 1996 and 2001.
2 Closed on July 10, 2007

9. *Hilsenrath et al v. Equity trust et al [3:07-cv-03312CRB].*

    a. Equity Trust et al are the corporate sponsors of Janvrin et al.

    b. Equity Trust are diverse as a UK corporation

    c. Equity Trust et al are the actual entities alleged to have been operating the Nixon - Janvrin conspiracy *28 U.S.C.S 1367(a): "The claims arise from the same nucleus of facts".*

    d. Equity Trust et al are also prosecuted for alleged racketeering in hosting, and systematically operating, a criminal organization..

10. *USA v. Hilsenrath et al [3:03-cr-00213WHA].*

    a. This action that was recently closed.

    b. *USA v. Hilsenrath et al* was the stage for the extensive foreign depositions pursuant to *Crim Proc Rule 15* that uncovered the elaborate conspiracy between Equity et al, Janvrin et al and Nixon et al.

    c. Ample evidence, sworn declarations and transcripts of interviews were obtained during the investigation of this case.

    d. The damages incurred by the Hilsenraths are also best evidenced in this case.

11. It is anticipated that additional related complaints will be filed in federal court in the near future.

Federal Matter

12. The crux of this case is (1) obstruction of justice, (2) invasion of privacy, and (3) malicious prosecution in federal court.

13. All above the above are federal original matters. Federal jurisdiction is therefore justified under *28 U.S.C.A. 1331*[3]

14. The alleged malicious prosecution occurred as part of *Janvrin et al v. Hilsenrath et al,* therefore the proper jurisdiction to adjudicate the matter is the same in which the alleged obstruction of justice occurred – in federal court.

---

[3] E. g.: Invasion of privacy is a violation of rights granted by the 4th amendment.

1
2

## SUMMARY AND CONCLUSIONS

3    15.    The proper jurisdiction for this current case is the federal court:

4            a.   Plaintiffs and defendants and co-conspirators are diverse;

5            b.   Judicial economy and convenience are better served with all related cases handled
6                 in federal court where they can be consolidated if, and when, needed;

7            c.   The case includes multiple allegations of federal matter weighing strongly in favor
8                 of asserting supplemental federal jurisdiction. *28 U.S.C.S. 1343* and *1985 of Title*
                  *42 (2)*"obstructing justice" and *(3)* depriving of rights and privileges".

9
10
11
12    Dated: July 18, 2007
13
14
15            Respectfully submitted,
16
17
18    _____/s_____            _____/s_____
      HANA HILSENRATH               OLIVER HILSENRATH
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 4

AO 245B (Rev. 6/05 - Judgment in a Criminal Case)

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California

Date _7 - 1 8 - 0 7_

Deputy Clerk

# United States District Court
## Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>OLIVER HILSENRATH | **JUDGMENT IN A CRIMINAL CASE**<br><br>USDC Case Number: CR-03-00213-001 WHA<br>BOP Case Number: DCAN303CR000213-001<br>USM Number:<br>Defendant's Attorney :Olliver Hilsenrath (pro se) |

## THE DEFENDANT:

[x]  pleaded guilty to count(s): <u>Nine and Twelve of the Fourth Superseding Indictment</u> .
[ ]  pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 15 U.S.C. § 78ff | SECURITIES FRAUD | | NINE |
| 26 U.S.C. § 7201 | INCOME TAX EVASION | | TWELVE |

The defendant is sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) ___.

[x]  Count(s) <u>one though eight, ten, eleven, thirteen and fourteen of the Fourth Superseding Indictment</u> are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

July 9, 2007
Date of Imposition of Judgment

Signature of Judicial Officer

Honorable William Alsup, United States District Judge
Name & Title of Judicial Officer

July 9, 2007
Date

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case - Probation

DEFENDANT:      OLIVER HILSENRATH                                      Judgment - Page 2 of 6
CASE NUMBER:    CR-03-00213-001 WHA

## PROBATION

The defendant is hereby sentenced to probation for a term of  5 years . This term consists of 5 years on each of Counts Nine and Twelve, all such terms to run concurrently.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter.

[x]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x]     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[x]     The defendant shall cooperate in the collection of DNA as direct as directed by the probation officer. (Check if applicable.)

[ ]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as direct by the probation officer. (Check if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well with any additional conditions in this judgment.

Any appearance bond filed on behalf of the defendant is hereby exonerated.

## STANDARD CONDITIONS

1)  The defendant shall not leave the judicial district without permission of the court or probation officer;
2)  The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  The defendant shall support his or her dependants and meet other family responsibilities;
5)  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to

AO 245B (Rev. 12/03) (CAND Rev. 3/07) Judgment in a Criminal Case - Probation

DEFENDANT:      OLIVER HILSENRATH                                   Judgment - Page 3 of 6
CASE NUMBER:    CR-03-00213-001 WHA

## SPECIAL CONDITIONS OF PROBATION

1) The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons and shall not be present in a vehicle where the defendant knows any firearm or ammunition is present.

2) The defendant shall participate in the Home Confinement with Electronic Monitoring Program and shall abide by all the requirements of the program for a period of 12 months. The defendant shall pay the cost of monitoring at the prevailing rate unless it is determined by the probation officer that he has an inability to pay. A co-payment amount will then be determined by the probation officer. The defendant is restricted to his residence at all times except for activities which have been pre-approved by the probation officer, including employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, or court ordered obligations. During the term of home confinement, the defendant shall abstain from the use of alcohol and submit to drug or alcohol testing as directed by the probation officer.

3) Unless directed in writing otherwise, the defendant shall check his voicemail and/or answering machine on a daily basis to determine if any instructions were left by the probation officer. The defendant shall follow all such instructions, including but not limited to drug testing.

4) The defendant shall pay any restitution and special assessment that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

5) The defendant shall provide the probation officer access to any requested financial information, including tax returns, and shall authorize the probation office to conduct credit checks and obtain copies of income tax returns.

6) The defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the probation officer.

7) The defendant shall not maintain a position of fiduciary capacity without the prior permission of the probation officer.

8) The defendant shall submit his/her person, residence, office, vehicle, or any property under his/her control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9) The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| | | |
|---|---|---|
| DEFENDANT: | OLIVER HILSENRATH | Judgment - Page 4 of 6 |
| CASE NUMBER: | CR-03-00213-001 WHA | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ 2,000.00 | $ 2,000,000 (approximately) |

[ ]  The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | $ _ | $ _ | |

[x]  Restitution amount ordered pursuant to plea agreement $ _

[ ]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ]  the interest requirement is waived for the    [ ] fine    [ ] restitution.

    [ ]  the interest requirement for the    [ ] fine    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

DEFENDANT:    OLIVER HILSENRATH                              Judgment - Page 5 of 6
CASE NUMBER:    CR-03-00213-001 WHA

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]    Lump sum payment of $ due immediately, balance due

    [ ]    not later than _____, or

    [ ]    in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B    [x]    Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( x) F below); or

C    [ ]    Payment in equal    (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D    [ ]    Payment in equal    (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [x]    Special instructions regarding the payment of criminal monetary penalties:

It is further ordered that the defendant shall pay to the United States a special assessment of $200, which shall be due immediately. If incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

It is further ordered that the defendant shall pay to the United States a fine of $2,000, which shall be due immediately. If incarcerate, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

It is further ordered that the defendant shall make all effort to repatriate all remaining money and assets presently held by the Swiss authorities or frozen by the Swiss authorities in other jurisdictions, which are estimated as approximately $2,000,000. This amount will be restitution money to the United States and Mr. Hilsenrath will cause such repatriate assets to be made to the Clerk of U.S. District Court 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| | | |
|---|---|---|
| DEFENDANT: | OLIVER HILSENRATH | Judgment - Page 6 of 6 |
| CASE NUMBER: | CR-03-00213-001 WHA | |

monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
| | | | | |

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# EXHIBIT 5

HANA HILSENRATH
OLIVER HILSENRATH
822 Eastbrook Court
Danville, CA 94506
Telephone: 925 212 6299
Facsimile: 925 736 7571
ohlx@sbcglobal.net

PLAINTIFFS _IN PRO PER_

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANA HILSENRATH AND OLIVER HILSENRATH, | Case No. 3:07-cv-3312 CRB |
| Plaintiffs, | DECLARATION OF HANA AND OLIVER HILSENRATH RE PROOF OF SERVICE ON ALL DEFENDANTS PURSUANT TO HAGUE CONVENTION |
| v. | |
| EQUITY TRUST (JERSEY) LIMITED, CANDOVER INVESTMENTS PLC, INSINGER DE BEAUFORT SA, JARDINE MATHESON HOLDINGS LIMITED, GRANT BROWN, MELVYN KALMAN, JOHN PERKINS, CAROLINE BOUGEARD, AND DOES 1-10, | Judge: Hon Charles R. Breyer |
| Defendants. | |

We, Hana and Oliver Hilsenrath, plaintiffs _in pro per_ declare the following to be true under penalty of perjury:

All defendants in this case were successfully served with the following documents according to the rules of service of documents of the Hague Convention:

1. Summons
2. Complaint and Exhibits A, B & C
3. Order setting initial case management conference
4. Filing Instructions
5. ECF Registration Handout
6. Notice of availability of Magistrate Judge
7. ADR Procedures

Pursuant to Article 10(a) of The Hague Service Convention the United Kingdom, Netherlands, Luxembourg, Jersey/GB, Hong Kong and Bermuda[1], where defendants have their offices, have all permitted service by international registered mail.

All recipients acknowledged receipt of documents on or before July 3, 2007.

In Attachment to this declaration -- a true copy of a Federal Express tracking report attesting to the receipt of documents by each and all defendant/s.

This representation is made to the Court pursuant to Federal Rules Civil Procedure 4 (1).

Dated: July 3, 2007


Respectfully submitted,



_____/s_____                    _____/s_____

HANA HILSENRATH                       OLIVER HILSENRATH



/Attachments/

_____

[1] The United Kingdom Hague Convention jurisdiction was extended to Jersey, Hong Kong and Bermuda.

-2-

FedEx | Ship Manager | Shipping History

Page 1 of 1



The following list contains shipments you have processed using FedEx Ship Manager at fedex.com in the past 45 days. You can sort or modify the results, or you can select a shipment to track, view details, copy to Fast Ship, cancel or reprint.

Display shipments for past 5 days   Sort history by Ship Date   Sort   Entries per page 10

Page 1 of 1

| | Ship date | Company | Contact name | Destination | Tracking number |
|---|---|---|---|---|---|
| | Jun 28 2007 | EQUITY TRUST JERSEY LIMITED | PHIL AUSTIN | EQUITY TRUST HOUSE ST HELIER, JERSEY JE48XY GB | 790279344390 |
| | Jun 28 2007 | JARDINE MATHESON HOLDINGS LTD | A.J.L. NIGHTINGALE | 48TH FLOOR - JARDINE HOUSE HONG KONG HK | 790770912023 |
| | Jun 28 2007 | THE KEY GROUP | JOHN PERKINS | HILGROVE HOUSE ST HELIER JE48SU GB | 791713033119 |
| | Jun 28 2007 | EQUITY TRUST JERSEY LIMITED | GRANT BROWN | EQUITY TRUST HOUSE ST HELIER, JERSEY JE48XY GB | 798206296493 |
| | Jun 28 2007 | WALBROOK JERSEY | MELVYN KALMAN | LORD COUTANCHE HOUSE ST HELIER JE45PS GB | 798208298886 |
| | Jun 28 2007 | CANDOVER INVESTMENTS PLC | GERRY GRIMSTONE | 20 OLD BAILEY LONDON EC4M7LN GB | 798208300170 |
| | Jun 28 2007 | INSINGER DE BEAUFORT | IAN KANTOR | 537 HERENGRACHT AMSTERDAM 1017BV NL | 789165568684 |
| | Jun 28 2007 | EQUITY TRUST JERSEY LIMITED | CAROLINE BOUGEARD | EQUITY TRUST HOUSE ST HELIER, JERSEY JE48XY GB | 789685383117 |

Page 1 of 1

Copy to Fast Ship profiles   Cancel shipment   Download   Track shipment
View shipment details

Reprint

Enter any combination of up to 30 FedEx tracking numbers (one per line). To track by reference number or RMA number, enter a reference number or an RMA number for shipments processed on your FedEx Ship Manager at fedex.com user ID.

Track by Tracking Number

Date range   Start Start Date   End End Date
Track by recipient   Select recipient
Track exceptions only

Track

Track

Ground end of day close   Print additional manifest

**Please Note**
Reprint function is not available for FedEx Ground shipments.
Do not use Fast Ship when you want to use a special feature like Saturday Pickup, Saturday Delivery, Dangerous Goods, or Dry Ice. For a complete list, see the Fast Ship Help section.



https://www.fedex.com/fsmHistory/HistoryMainAction.do?method=doHistoryEntry        7/3/2007



July 3, 2007

Dear Customer:

Per your request, proof of delivery letters are being provided for the following shipments:

**790279344390**
**790770912023**
**791713033119**
**798206296493**
**798206298886**
**798206300170**
**799165586894**
**799665383117**

You may save or print this Batch Signature Proof of Delivery file for your records.

Thank you for choosing FedEx. We look forward to working with you in the future.
FedEx
1.800.GoFedEx 1.800.463.3339



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

July 3, 2007

Dear Customer:

The following is the proof of delivery you requested with the tracking number **790279344390**.

### Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivery location:** | ST HELIER, JERSEY |
| **Signed for by:** | R.SMITH | **Delivery date:** | Jun 29, 2007 11:08 |
| **Service type:** | Priority Envelope | | |

NO SIGNATURE IS AVAILABLE
FedEx Express Proof of delivery details appear below, however no signature is currently available for this FedEx Express shipment. Availability of signature images may take up to 5 days after delivery date.

### Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 790279344390 | **Ship date:** | Jun 27, 2007 |
| | | **Weight:** | 1.9 lbs. |

| | |
|---|---|
| **Recipient:** | **Shipper:** |
| ST HELIER, JERSEY GB | DANVILLE, CA US |
| | |
| **Reference** | HILS V. EQHARB SERV |

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339



**Fed**  
Express

FedEx Express  
Customer Support Trace  
3875 Airways Boulevard  
Module H, 4th Floor  
Memphis, TN 38116

U.S. Mail: PO Box 727  
Memphis, TN 38194-4643

Telephone: 901-369-3600

July 3, 2007

Dear Customer:

The following is the proof of delivery you requested with the tracking number **790770912023**.

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivery location:** | HONG KONG |
| **Signed for by:** | S.YEUNG | **Delivery date:** | Jul 3, 2007 11:56 |
| **Service type:** | Intl Economy Envelope | | |

Signature images are not available for display for shipments to this country.

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 790770912023 | **Ship date:** | Jun 27, 2007 |
| | | **Weight:** | 1.9 lbs. |

| | |
|---|---|
| **Recipient:** | **Shipper:** |
| HONG KONG HK | DANVILLE, CA US |
| **Reference** | HILS V EQ JARDINE |

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service  
1.800.GoFedEx 1.800.463.3339


Express

FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

July 3, 2007

Dear Customer:

The following is the proof of delivery you requested with the tracking number **791713033119**.

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivery location: | ST HELIER |
| Signed for by: | .FIONA | Delivery date: | Jul 2, 2007 14:35 |
| Service type: | Intl Economy Envelope | | |

NO SIGNATURE IS AVAILABLE
FedEx Express Proof of delivery details appear below, however no signature is currently available for this FedEx Express shipment. Availability of signature images may take up to 5 days after delivery date.

---

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 791713033119 | Ship date: | Jun 27, 2007 |
| | | Weight: | 1.9 lbs. |

| Recipient: | Shipper: |
|---|---|
| ST HELIER GB | DANVILLE, CA US |

| Reference | HIL V EQ PER |
|---|---|

Thank you for choosing FedEx Express.

*FedEx Worldwide Customer Service*
1.800.GoFedEx 1.800.463.3339

 **Express**

FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

July 3, 2007

Dear Customer:

The following is the proof of delivery you requested with the tracking number **798206296493**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivery location: | ST HELIER, JERSEY |
| Signed for by: | M.CADEL | Delivery date: | Jul 2, 2007 13:50 |
| Service type: | Intl Economy Envelope | | |

NO SIGNATURE IS AVAILABLE
FedEx Express Proof of delivery details appear below, however no signature is currently available for this FedEx Express shipment. Availability of signature images may take up to 5 days after delivery date.

## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 798206296493 | Ship date: | Jun 27, 2007 |
| | | Weight: | 1.9 lbs. |

| Recipient: | Shipper: |
|---|---|
| ST HELIER, JERSEY GB | DANVILLE, CA US |

| Reference | HILS V. EQHARB SERV GB |
|---|---|

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

July 3, 2007

Dear Customer:

The following is the proof of delivery you requested with the tracking number **798206298886**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivery location: | ST HELIER |
| Signed for by: | S.DOYLE | Delivery date: | Jul 2, 2007 14:33 |
| Service type: | Intl Economy Envelope | | |

NO SIGNATURE IS AVAILABLE
FedEx Express Proof of delivery details appear below, however no signature is currently available for this FedEx Express shipment. Availability of signature images may take up to 5 days after delivery date.

## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 798206298886 | Ship date: | Jun 2, 2007 |
| | | Weight: | 1.9 lbs. |

Recipient:
ST HELIER GB

Shipper:
DANVILLE, CA US

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

July 3, 2007

Dear Customer:

The following is the proof of delivery you requested with the tracking number **798206300170**.

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivery location: | LONDON |
| Signed for by: | J.TIMMS | Delivery date: | Jul 2, 2007 10:39 |
| Service type: | Intl Economy Envelope | | |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 798206300170 | Ship date: | Jun 27, 2007 |
| | | Weight: | 1.9 lbs. |

Recipient:
LONDON GB

Shipper:
DANVILLE, CA US

Reference

HIL V. EQ CANDOVER

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

July 3, 2007

Dear Customer:

The following is the proof of delivery you requested with the tracking number **799165586894**.

| Delivery Information: | | | |
|---|---|---|---|
| Status: | Delivered | Delivery location: | AMSTERDAM |
| Signed for by: | .MARK | Delivery date: | Jul 2, 2007 11:27 |
| Service type: | Intl Economy Envelope | | |

| Shipping Information: | | | |
|---|---|---|---|
| Tracking number: | 799165586894 | Ship date: | Jun 27, 2007 |
| | | Weight: | 1.9 lbs. |

| Recipient: | Shipper: |
|---|---|
| AMSTERDAM NL | DANVILLE, CA US |
| Reference | HIL V. EQ INSINGER |

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339

 **Fed** Express

FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

July 3, 2007

Dear Customer:

The following is the proof of delivery you requested with the tracking number **799665383117**.

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivery location:** | ST HELIER, JERSEY |
| **Signed for by:** | M.CADEL | **Delivery date:** | Jul 2, 2007 13:50 |
| **Service type:** | Intl Economy Envelope | | |

NO SIGNATURE IS AVAILABLE
FedEx Express Proof of delivery details appear below, however no signature is currently available for this FedEx Express shipment. Availability of signature images may take up to 5 days after delivery date.

---

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 799665383117 | **Ship date:** | Jun 27, 2007 |
| | | **Weight:** | 1.9 lbs. |

| | |
|---|---|
| **Recipient:** | **Shipper:** |
| ST HELIER, JERSEY GB | DANVILLE, CA US |

| | |
|---|---|
| **Reference** | HILS V. EQHARB SERV CBOU |

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339