OLIVER HILSENRATH
HANA HILSENRATH
822 Eastbrook Court
Danville, CA 94506
Telephone: 925 212 6299
Facsimile: 925 736 7571

COUNTER-CLAIMANTS *IN PRO PER*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| OLIVER HILSENRATH AND HANA HILSENRATH. <br><br> Counter-Claimants. <br><br> vs. <br><br> JANVRIN HOLDINGS LIMITED, CROSSGAR LIMITED, AND RYBURN LIMITED. <br><br> Counter-Defendant, | Case No.: C02 1068 CW <br><br> **COUNTERCLAIMANTS' MOTION TO ALTER ORDER DOC 294** <br> _____ <br><br> Date: August 3, 2007 <br> Time: 10:00 a.m. <br> Place: Courtroom 2 <br> Judge: Hon. Claudia Wilken |

## INTRODUCTION

This motion is filed with the court pursuant to Rule 59 (e) of Fed. R. Civil Proc. with the objective to correct errors and otherwise modify this court's order Doc 294 of July 18 2007.

On May 18, 2007, Magistrate Judge Bernard Zimmerman recommended to award over **$15,000,000** of aggregate damages to Hana and Oliver Hilsenrath to be paid by Janvrin, Ryburn and Crossgar as the result of their conspiracy against the Hilsenraths and others [current case - DOC. 292].

Janvrin, Ryburn and Crossgar are corporations formed, managed and owned by Equity Trust (Jersey) Limited and its predecessors Jardine Matheson and Insinger de Beaufort.

Page 1

Magistrate Judge Zimmerman's recommendation was the result of the review of hundreds of pages of evidence, a fact-finding hearing, and a direct questions and answers session by the court with both Hana and Oliver Hilsenrath.

Two months later, District Judge Claudia Wilken issued a final order adopting all recommendations of Magistrate Judge Zimmerman but reduced the award to an aggregate of **$8,000,000** on the basis of no additional evidence, no evidentiary hearing or other finding of law or fact [current case - DOC. 294][1]

In the above order [DOC. 294] this court is making errors of fact, errors of law and is abusing its discretion in a prejudicial and derogatory way towards counterclaimants Hana and Oliver Hilsenrath.

By this motion counterclaimants Hana and Oliver Hilsenrath seek to alter and correct the above court order or to petition this court to recuse itself <u>sua sponte</u> from these proceedings in order to allow a different proper forum to perform the judicial obligation to assist in effecting the financial judgment drawn, by either court, in favor of counterclaimants Hana and Oliver Hilsenrath.

**CORRECTIONS OF ERRORS**

Magistrate Judge Zimmerman's recommendations were modified by this court in error of fact:

**Objection 1: Omitted compelling evidence of tort**

The court states in opposition to Judge Zimmerman's recommendation:

---

[1] **Smith v. Smith, 154 F.R.D. 661.** A district judge will reverse a ruling of the magistrate judge in a nondispositive matter only for clearly erroneous fact findings, a ruling that is contrary to law, or a decision that constitutes an abuse of discretion

Page 2

> "The Court finds that Oliver Hilsenrath fails to plead or otherwise provide evidence of a causal connection between Counterdefendants' tortuous acts and the loss of his job and wealth."

In Exhibit A, as presented to Magistrate Judge Zimmerman, Counterdefendant himself declares that it conspired and acted to get CEO Hilsenrath fired from his job[2].

It is hard to believe that in a default situation, in which plaintiff has no access to discovery or examination at trial, there can be more compelling evidence available than the actual written and sworn admission of wrongdoing by defendant himself.

The above evidence proves unequivocally malicious intent and applicable award of exemplary damages under USCC 3294.

This court has not conducted any evidentiary hearing or other fact-finding that would contradict Magistrate Judge Zimmerman's finding or this compelling evidence.

**Objection 2: Improper and erroneous relation to criminal case**

The Court further states:

> "Both sets of damages can also be attributed to other difficulties, including Oliver Hilsenrath's concurrent criminal prosecution and his guilty plea to securities fraud and tax evasion."

The court states that the tort involved in the Hilsenraths' loss of employment and USWC stock could be a result of the government prosecution and the plea.

The alleged torturous event, however, occurred between the years 2000 and 2001, while the government prosecution started more than two years later in 2003, and the plea occurred recently in 2007.

There can be no causal influence of later events on the torts of 2001.

The court's statement is simply in error.

---

[2] Exhibit A: Declaration of David Dahan, former beneficiary of Janvrin and participant at the London 2000 meeting at which the conspiracy was concocted.

Page 3

The above statement is also a reflection of this court prejudicial and disrespectful regard of counterclaimants Hana and Oliver Hilsenrath as will be further discussed in paragraph 4 of this motion and the respective Declaration.

**Objection 3: The Court's confusion between "substitution" - Fed R Civil Proc 25, and "joinder"- Fed R Civil Proc 19**

The court further states in its Order:

> "The Hilsenraths have also filed a "Clarification as to the Report and Recommendation" in which they state their "wish to maintain the option" to bring a motion to join Equity Trust as a Counterdefendant in the future. However, the Court has already denied the Hilsenraths' motion to join Equity Trust."

This Court makes an error of fact: The Hilsenraths never brought such motion or such request. The Hilsenrath's brought a motion to maintain the rights to file a motion for <u>substitution</u> under FED R CIVIL PROC 25, not for joinder under FED R CIVIL PROC 19.

While the Court denied in the past a motion to join Equity, such motion would be senseless after a judgment was issued.

Counterclaimants merely alerted the court of their right and intent to file substitution of the defunct entities[3] Crossgar and Ryburn[4] with the owner and successor in interest of those entities: namely Equity Trust (Jersey) Limited.[5]

---

[3] **Chase Manhattan Bank v. Frasch, 2005 U.S. Dist. LEXIS 23739** As explained in Wright, Miller & Marcus, 12 *Federal Practice and Procedure*, § 3013, pp. 158-159 (1997): The federal court has ancillary or supplemental jurisdiction for supplementary proceedings to enforce its judgment. As the Supreme Court recognized a century and a quarter ago, [p]rocess subsequent to judgment is as essential to jurisdiction as process antecedent to judgment, else the judicial power would be incomplete and entirely inadequate for the purposes for which it was conferred by the Constitution.' Recently, the Supreme Court has reaffirmed the federal court's inherent power to enforce its judgments, and noted that it has approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection of federal judgments -- including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances.' But this power is limited to efforts to enforce the federal court's judgment in a case over which it has jurisdiction, and it does not extend to new lawsuits filed to impose related liabilities on others.

[4] Exhibit B – Dissolution of Ryburn and Crossgar by Equity Trust,

[5] Exhibit C – Declared ownership of Equity Trust Jersey Limited

The Hilsenraths are entitled and shall file a motion to substitute Crossgar and Ryburn with Equity Trust based on clear evidence that Equity Trust dissolved Crossgar and Ryburn recently in anticipation to an adverse judgment:

- Exhibit B: malicious dissolution of Ryburn and Crossgar in defeat of an anticipated judgment against those companies.

- Exhibit C: Declaration of Trust stating that Ryburn and Crossgar are owned by Equity trust and all interests are those of Equity Trust (it is expected that a similar document was drawn for Janvrin too).

- Exhibit D: Proof that Equity trust were the true litigants behind Janvrin et al against the Hilsenraths "… please confirm that this will not affect OUR pursuit of existing claims of Janvrin et al against Hilsenrath…" statement of the legal department of Equity Trust.

- Exhibit E: Proof that Equity trust were financing the Janvrin et al malicious litigation against Hilsenrath "…should Equity settle [litigation fees for Janvrin et al] from its own funds…" further documentation shown that indeed Equity paid.

Counterclaimants-plaintiffs in this default action - have a legal right to substitute a defunct corporate defendant with its successor in interest in order to collect the awarded judgment.[6]

The Court has a legal and moral obligation and duty to assist counterclaimants to collect the judgment.[7]

---

[6] **Fishman v. Wirtz, 1992 U.S. Dist. LEXIS 11809**
The "complaint" in this case centers around Plaintiff's amended **post-judgment** motion to **substitute** the Canadian group as successors-in-interest for **Defendant,** judgment **debtor,** AHI. The Canadian group has moved to dismiss Plaintiff's motion to **substitute.** Accordingly, in ruling on the motion to dismiss, the court must take all the allegations in Plaintiff's motion to substitute as true.

Both parties agree that the law is clear that this court has jurisdiction over the Canadian group if they are the successors-in-interest to the judgment debtor, AHI. A court with personal jurisdiction over the original defendant also has personal jurisdiction over the successor in interest to that defendant. Minnesota Mining and Mfg. Co. v. Eco Chem, Inc., 757 F.2d 1256, 1263 (Fed. Cir. 1985). As such, the jurisdictional issue merges with Plaintiff's claim that the Canadian group are successors-in-interest to AHI. Accordingly, if Plaintiff has stated a claim for successor-in-interest liability, it has also stated a sufficient jurisdictional basis.

[7] **First City, Texas-Houston, N.A. v. Rafidain Bank, 281 F.3d 48**
 Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 69(a) ("In aid of the judgment or execution, the judgment creditor

The above assertion too, above constituting an error of fact, is an error of law in that it is breaching the clear duty of the court to assist in implementing its own judgment.[8]

Above all, however, in error or not, the court's abovementioned statement is a furtherment of this court's prejudice towards counterdefendants Hana and Oliver Hilsenrath.

This court is turning sub silentio the recommendations of Magistrate Judge Zimmerman and the order of this court moot and worthless.[9]

**Objection 4: This courts prejudicial and uninformed statements re USA v. Hilsenrath**

The court has included in its order unfair, prejudicial and uninformed statements regarding the case USA v. Hilsenrath [3:03 CR 00213 WHA].

---

or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held."); see also Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc., 999 F.2d 314, 317 (8th Cir. 1993) (The remedies of a judgment creditor include the ability to question the judgment debtor about the nature and location of assets that might satisfy the judgment."); Minpeco v. Hunt, 1989 U.S. Dist. LEXIS 5723, No. 81-CV-7619, 1989 WL 57704, at *1 (S.D.N.Y. May 24, 1989)(quoting National Service Industries, Inc. v. Vafla Corp., 694 F.2d 246, 250 (11th Cir. 1982)) ("A judgment creditor is entitled to discover the identity and location of any of the judgment debtor's assets, wherever located."); Caisson Corp. v. County West Bldg. Corp., 62 F.R.D. 331, 334 (E.D. Pa. 1974) ("[Under Rule 69(a),] the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor."). Subject matter jurisdiction was therefore obtained.

[8] **Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp., 159 F.3d 412** permits **judgment** creditors to use any **execution** method consistent with the practice and procedure of the state in which the district **court** sits. California allows motions to add **alter-ego judgment** debtors within a reasonable period of time. A decision on a motion to amend the judgment is reviewable for abuse of discretion.

[9] **Assistmed, Inc. v. Conceptual Health Solutions, Inc., 2006 U.S. Dist. LEXIS 30527**
"'The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Smith,* 154 F.R.D. at 665) (internal quotation marks omitted). "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it.'" *Id.* (quoting *Smith,* 154 F.R.D. at 665)

Clarifications to this court's statements are incorporated in Oliver Hilsenrath's Declaration following this motion.

Further the Declaration covers an account of prejudicial and abusive conduct towards the Counterclaimants in this case.

## SUMMARY AND CONCLUSIONS

Counterdefendants Hana and Oliver Hilsenrath therefore petition this court as follows:

1. The statement *"Both sets of damages can also be attributed to other difficulties, including Oliver Hilsenrath's concurrent criminal prosecution and his guilty plea to securities fraud and tax evasion."* be removed from the Order as being both a factual error as well as prejudicial and improper.

2. As the court has not conducted its own fact finding, but relied on Judge Zimmerman to do so, and as this court has raised factual objections that are errors of fact, the court is respectfully requested to adopt Judge Zimmerman's recommendation <u>in full</u> as to the tort compensation to counterclaimants[10].

3. The Statement *"The Hilsenraths have also filed a "Clarification as to the Report and Recommendation" in which they state their "wish to maintain the option" to bring a motion to join Equity Trust as a Counterdefendant in the future. However, the Court has already denied the Hilsenraths' motion to join Equity Trust."* be removed from the order as it is factually incorrect (the Hilsenraths never filed such document) and as this statement is prejudicial to ongoing attempts to execute on the court's own order.

4. The Hilsenraths further respectfully petition this court to recuse itself <u>sua sponte</u> from these proceedings if it believes it cannot act impartially and without prejudice with respect to Hana and Oliver Hilsenrath.

---

[10] **Amlong & Amlong, P.A. v. Denny's, Inc., 457 F.3d 1180**
 Cases in the United States Court of Appeals for the Eleventh Circuit have unambiguously and repeatedly observed that a district court may not reject a magistrate judge's factual and credibility findings without holding the court's own hearing. It would be a rare case in which a district judge could resolve credibility choices contrary to the recommendations of the magistrate without himself having had an opportunity to see and hear the witnesses testify. In some cases a district court might be able to reject a magistrate judge's findings based on a transcript alone, but, notably, if the witnesses' demeanor was important to the magistrate judge's determination, the district court would have to hold a new evidentiary hearing and take testimony before rejecting the magistrate judge's findings. Generally a district court must rehear the disputed testimony before rejecting a magistrate judge's credibility determinations

5. The Hilsenraths also respectfully petition this court to recuse itself <u>sua sponte</u> from all future proceedings related to Hana and /or Oliver Hilsenrath and/or their family members.

The Hilsenraths are concerned that in her role as delegate to the governments of the Palestinian Territories, Judge Claudia Wilken might have adopted significant criticism of the Israeli defense establishment of which Mr. Hilsenrath was part of as a career executive.

The Hilsenraths are entitled to a prejudice-free forum[11] in this case and in any other case in which they are a party.

Dated:  July 21, 2007

Respectfully submitted,

_____/s_____

HANA and OLIVER HILSENRATH

Counterclaimants *in pro per*

---

[11] **Nazareth Candy Co. v. Sherwood Group, Inc., 683 F. Supp. 539**
 The paramount reasons for alienage jurisdiction are present in this case. Congress passed 28 U.S.C. § 1332(a): "(1) to give protection to foreigners under treaties that states may fail to recognize; and (2) to prevent entanglements with other sovereigns that might ensue from failure to treat the legal controversies of aliens on a national level." *Sadat*, 615 F.2d at 1182. Nazareth may face severe prejudice in state court as a result of the violent events taking place on the West Bank between the Palestinians and the Israeli government.

**EXHIBITS TO COUNTER-CLAIMANTS' MOTION TO ALTER ORDER DOC 294**

I, Oliver Hilsenrath submit that exhibits A, B and C are true copies of discovery documents from case 3:03-cr-00213WHA, USA v. Hilsenrath, and recent correspondence with the Government of the British Virgin Islands.

- Exhibit A: Declarations of David Dahan, former beneficiary of Janvrin and participant at the London 2000 meeting in which the conspiracy was concocted. The declaration clearly describes the conspiracy to invade privacy, obtain financial benefits and cause the loss of employment to CEO Hilsenrath

- Exhibit B: malicious dissolution of Ryburn and Crossgar in defeat of an anticipated judgment against those companies.

- Exhibit C: Declaration of Trust stating that Ryburn and Crossgar are owned by Equity Trust and all interests are those of Equity Trust (it is expected that a similar document was drawn for Janvrin too).

- Exhibit D: Proof that Equity trust were the true litigants behind Janvrin et al against the Hilsenraths "… please confirm that this will not affect OUR pursuit of existing claims of Janvrin et al against Hilsenrath…" statement of the legal department of Equity Trust.

- Exhibit E: Proof that Equity trust were financing the Janvrin et al malicious litigation against Hilsenrath "…should Equity settle [litigation fees for Janvrin et al] from its own funds…" further documentation shown that indeed Equity paid.

Dated: July 21, 2007

Signed,

_____/s_____
OLIVER HILSENRATH
Counterclaimant *in pro per*

OLIVER HILSENRATH
822 Eastbrook Court
Danville, CA 94506
Telephone: 925 212 6299
Facsimile: 925 736 7571
oliver_hilsenrath@sbcglobal.net

COUNTERCLAIMANT *IN PRO PER*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANVRIN HOLDINGS LTD et al., | Case No. C 02 1068 CW (BZ) |
| Plaintiffs, | |
| v. | |
| DR. OLIVER HILSENRATH, et al. | **DECLARATION OF DAVID DAHAN** |
| Defendants. | |
| HANA AND OLIVER HILSENRATH | |
| Counterclaimants, | |
| v. | |
| JANVRIN HOLDINGS LTD et al., | |
| Counter-Defendants. | |

I, David Dahan, declare the following to be true under penalty of perjury:

1. I am a financial advisor and had a financial interest in Janvrin in the relevant timeframe of November 2000- June 2001.

2. In May 2006, I was contacted by the office of the federal public defender in San Francisco to testify on events preceding the collapse of US Wireless Corporation. I agreed to meet with Mr. Kalar and Mr. Broderick assigned to the case and I provided the following information which I declare to be true and accurate:



*Exhibit A* (stamp, top right)

3. Between November 25 and December 1, 2000 I participated at a strategy meeting on the Janvrin v. US Wireless and Hilsenrath case at the Shaw Park Plaza Hotel in London.

4. Present at the meeting were officers of Equity Trust (Insinger de Beaufort - at that time) Melvyn Kalman and John Perkins and their attorneys in that case from Nixon Peabody of California, Glenn Westreich and Beth Appelbaum.

5. I was present and represented by my personal attorney Amos Ben-Zur.

6. At the meeting Kalman and Perkins discussed and transferred confidential personal files of Oliver Hilsenrath and his family to the Nixon Peabody attorneys for Janvrin. These files were obtained from the Hilsenrath family trusts also held with Equity Trust (or Insinger de Beaufort at that time).

7. Those files included primarily the records of the trust companies by the name of Aida/Borazon and Oliver Hilsenrath Family Investments Limited (OHFI) in which the Hilsenraths were holding significant US Wireless stock. The Equity Trust officials and I were all well aware of the legitimate origins of the Hilsenrath stock held in those trusts.

8. The abovementioned confidential Hilsenrath records were handed to the Nixon Peabody attorneys with the objective to impeach Hilsenrath with his holdings in offshore trusts and get CEO Hilsenrath fired. Hilsenrath was identified as the primary hurdle in the Janvrin litigation.

9. My personal attorney, Mr. Ben-Zur voiced the warning that the transfer of confidential records was "playing with fire" and could backfire to destroy US Wireless and result in everybody's loss. Mr. Kalman explained however that it was his decision on how to best protect the interests of Janvrin, Ryburn and Crossgar.



10. Mr. Kalman arranged photocopies of the Aida/Borazon; OHFI, etc. confidential Hilsenrath files at the hotel's business lounge and handed them to the Nixon Peabody attorneys for Janvrin – to take to the United States.

11. Glenn Westreich took the copies of the Hilsenrath records to the United States and reported to me that he presented them to US Wireless outside counsel Joshua Koltun and to Patricia Murphy, in house counsel for the US Wireless Board of Directors, at the following Case Management Conference in December 2000.

Respectfully submitted
Dated: April 28, 2007

David Dahan

**British Virgin Islands Financial Services Commission**
**Registry of Corporate Affairs**
P.O. Box 418, Road Town, Tortola, British Virgin Islands • Tel: 284 494 5355/6 • Fax: 284 494 6331 • Email: corporateregistry@bvifsc.vg

*Exhibit B*

22ND MAY, 2007            ISSUED SUBJECT TO DISCLAIMER HEREIN

Mr. Oliver Hilsenrath
822 Eastbrook Court
Danville, CA 94506

Dear Mr. Hilsenrath:

I refer to your request of 21st May, 2007 and hereby submit the following information.

| COMPANY NAME: | **JANVRIN HOLDINGS LIMITED** |
| --- | --- |
| COMPANY NUMBER: | BC NO. 158669 |
| REGISTRATION DATE: | 1ST MAY, 2006<br>**Automatically Re-Registered as a (B.V.I.)**<br>**Business Company on: January 1st, 2007** |
| AUTHORIZED CAPITAL: | US$50,000.00 |
| COMPANY STATUS: | **GOOD STANDING** |
| FIRST REGISTERED AGENT: | **EQUITY TRUST (BVI) LIMITED** |
| FIRST REGISTERED OFFICE: | PALM GROVE HOUSE<br>P.O BOX 438<br>ROAD TOWN, TORTOLA<br>BRITISH VIRGIN ISLANDS |
| TEL/FAX NUMBER | (284) 494-2616   (284) 494-2704 |

(handwritten annotations: "?" next to registration date; arrow pointing to "GOOD STANDING")

Pg. 2

| COMPANY NAME: | **CROSSGAR LIMITED** |
|---|---|
| COMPANY NUMBER: | BC NO. 186707 |
| REGISTRATION DATE: | 28TH MAY, 1996 |
| AUTHORIZED CAPITAL: | $50,000.00 |
| COMPANY STATUS: | **STRUCK OFF ON: 1st November 2006 For Non Payment of License Fee** |
| FIRST REGISTERED AGENT: | EQUITY TRUST BVI LIMITED |
| FIRST REGISTERED OFFICE: | PLAM GROVE HOUSE P.O. BOX 438 ROAD TOWN, TORTOLA BRITISH VIRGIN ISLANDS |
| TEL/FAX NUMBER | (284) 494-2616   (284) 494-2704 |

| COMPANY NAME: | **RYBURN LIMITED** |
|---|---|
| COMPANY NUMBER: | BC NO. 189363 |
| REGISTRATION DATE: | 21ST JUNE, 1996 |
| AUTHORIZED CAPITAL: | $50,000.00 |
| COMPANY STATUS: | **STRUCK OFF ON: 1st November 2006 For Non Payment of License Fee** |
| FIRST REGISTERED AGENT: | EQUITY TRUST BVI LIMITED |
| FIRST REGISTERED OFFICE: | PLAM GROVE HOUSE P.O. BOX 438 ROAD TOWN, TORTOLA BRITISH VIRGIN ISLANDS |
| TEL/FAX NUMBER | (284) 494-2616   (284) 494-2704 |

Pg. 3

Under the British Virgin Islands Business Companies Act, 2004 companies are not required to file information on Directors, Shareholders or Owner(s) of a company. All corporate details are maintained by the local registered agent who provides administration for the company.

**PLEASE NOTE THAT THE REGISTRY, ON BEHALF OF THE BRITISH VIRGIN ISLANDS FINANCIAL SERVICES COMMISSION, HEREBY DISCLAIMS ANY LIABILITY FOR THE ACCURACY OF THE INFORMATION CONTAINED HEREIN SINCE ALL FACTS HEREIN ARE SUBJECT TO BE VERIFIED BY CONDUCTING A SEARCH OF THE RELEVANT FILE.**

I trust we have been of service to you.

Sincerely yours,

Stacie K. Vanterpool (Ms.)
/f/ **Director of Corporate Affairs**

## Perform Transaction -- Result 

Your transaction has been submitted. Details about the transaction are displayed below.

### Transaction Information

| | |
|---:|:---|
| **Result Code:** | 0 |
| **Response Message:** | Approved |
| **Transaction ID:** | VLEM1B156A53 |
| **Authorization Code:** | T98879 |
| **AVS Street Match:** | |
| **AVS Zip Match:** | |
| **International AVS Indicator:** | |
| **CSC Match:** | |
| **Merchant:** | bvifsc |
| **User:** | bvifsc |
| **Transaction Type:** | S(Sale) |
| **Credit Card Number:** | |
| **Expiration Date:** | |
| **Amount:** | USD 75.00 |
| **Comment 1:** | 3 SEARCHES |
| **Comment 2:** | OLIVER HIL.SENRATH |
| **Purchase Order / Merchant Reference #:** | |
| **Customer Code:** | |
| **Tax Amount:** | USD 0.00 |
| **Shipping/Freight Amount:** | USD 0.00 |
| **Duty Amount:** | USD 0.00 |
| **Shipping Zip:** | |
| **Shipping Country:** | |

## DECLARATION OF TRUST

| | | | |
|---|---|---|---|
| **The Parties** | : | The Nominee : | C N Limited<br>of 28-30 The Parade<br>St Helier<br>Jersey |
| | : | The Owner : | Equity Trust (Jersey) Limited<br>As Trustee of the Revenge Trust<br>of 28-30 The Parade<br>St Helier<br>Jersey |
| **The Share(s)** | : | | 100 Ordinary USD1.00 fully paid shares registered in the name of the Nominee in the books of the Company. |
| **The Company** | | | Ryburn Limited having its Registered Office situated at Beaufort House, PO Box 438, Road Town, Tortola, British Virgin Islands. |
| **Date of Execution** | | | 10th December 2003 |

**BY THIS INSTRUMENT** made on the above date of execution and incorporating the above definitions

**The Nominee:**

1. Declares that it holds the share(s) as nominee for the Owner.

2. Undertakes and agrees not to transfer, deal with or dispose of the said shares or any of them save as the Owner may from time to time direct

3. Undertakes and agrees to account to the Owner for all dividends and profits which may be paid to it from time to time upon the said shares and for all other moneys or profit which may be payable to it in respect thereof

4. Undertakes and agrees to exercise its voting power as holder of the said shares in such a manner and for such purposes as the Owner may from time to time direct or determine

5. Declares that this declaration of trust shall be binding on its executors administrators and assigns

The Common Seal of
**C N Limited**
was hereunto affixed in
the presence of:

Director

Authorised Signatory

RYB 00526

*PL: Crossgar.*

## DECLARATION OF TRUST

| | | | |
|---|---|---|---|
| **The Parties** | : | The Nominee : | CN Limited<br>of 28-30 The Parade<br>St Helier<br>Jersey |
| | : | The Owner : | Equity Trust (Jersey) Limited as Trustee of<br>the Revenge Trust<br>28-30 The Parade<br>St Helier<br>Jersey |

**The Share(s)** : 60 Ordinary USD $1.00 fully paid shares registered in the name of the Nominee in the books of the Company.

**The Company** : Crossgar Limited having its Registered Office situated at Road Town, Tortola, British Virgin Islands.

**Date of Execution** : 6th November 2003

**BY THIS INSTRUMENT** made on the above date of execution and incorporating the above definitions

**The Nominee:** 1. Declares that it holds the share(s) as nominee for the Owner.

2. Undertakes and agrees not to transfer, deal with or dispose of the said shares or any of them save as the Owner may from time to time direct

3. Undertakes and agrees to account to the Owner for all dividends and profits which may be paid to it from time to time upon the said shares and for all other moneys or profit which may be payable to it in respect thereof

4. Undertakes and agrees to exercise its voting power as holder of the said shares in such a manner and for such purposes as the Owner may from time to time direct or determine

5. Declares that this declaration of trust shall be binding on its executors administrators and assigns

The Common Seal of
C N Limited
was hereunto affixed in
the presence of:

*[signature]*
Director

*[signature]*
Authorised Signatory

3130

CRO 00506

**Caroline Bougeard**

**From:** on behalf of Caroline Bougeard
**To:** gwestreich@nixonpeabody.com
**Cc:** Grant Brown; Victoria Loraine; Paul Kingham
**Subject:** Janvrin Holdings Limited, Ryburn Limited, Crossgar Limited - David Dahan

Dear Mr Westreich
I refer to my previous e-mail of 8th July 2005 and your reply of 22nd August 2005.
We note that the only matter handled by your firm on behalf of Janvrin, Ryburn and Crossgar was the Confidential Settlement Agreement and Mutual Release, the terms of which are contained in the April 2001 Agreement.
Notwithstanding this, claims have been made by the beneficial owner of Dyke Limited (of which we are Directors) that it was also agreed under this Settlement that US$3,000,000 would be paid by US Wireless to Dyke Limited and another third party company, Rockvale Limited from an escrow established by US Wireless management as well as a conditional personal guarantee given by Oliver Hilsenrath of 750,000 USW Options.
Dyke's assets have now been seized by the US authorities in the matter of US Wireless/Oliver Hilsenrath and there is a small window of opportunity to have this judgement set aside. If we do not defend the seizure of Dyke's assets as is intended, please confirm that this will not affect our pursuit of the existing claims of Janvrin, Ryburn and Crossgar against US Wireless/Oliver Hilsenrath.
Your earliest reply would be appreciated.
Regards
Caroline Bougeard

Caroline Bougeard
Legal Department
Equity Trust (Jersey) Limited
Equity Trust House
PO Box 546
28-30 The Parade
St Helier
Jersey JE4 8XY
Channel Islands
Tel: 44 (0) 1534 636211
Direct Line:44 (0) 1534 515369
Fax: 44 (0) 1534 636215
e-mail: cbougeard@equitytrust.com

CRO 00053

**Caroline Bougeard**

**From:** on behalf of Caroline Bougeard
**To:** Paul Kingham
**Cc:** Grant Brown; Victoria Loraine
**Subject:** Janvrin, Crossgar, Ryburn Limited

Dear Paul,
I see from the circulated list that Crossgar and Ryburn are about to be struck off the BVI Register for non payment of their statutory fees. Two things occured to me:-
1) What about Janvrin Holdings - did we have sufficient cash to settle or is it also in default and has perhaps been left off the list?
2) If funds are not forthcoming from David Dahan/Haim Haruvu (and presumably we have been chasing them for these) can we allow the companies to be struck off in the light of the ongoing US Wireless/OHilsenrath litigation or should Equity settle out of its own funds (as we have recently done for Klonoa). I have discussed this with Victoria and she thinks we have to maintain the companies, however Grant will have to sanction this.
Perhaps we can discuss when you are back in the office.
Thanks
Caroline

Caroline Bougeard
Legal Department
Equity Trust (Jersey) Limited
Equity Trust House
PO Box 546
28-30 The Parade
St Helier
Jersey JE4 8XY
Channel Islands
Tel: 44 (0) 1534 636211
Direct Line: 44 (0) 1534 515369
Fax: 44 (0) 1534 636215
e-mail: cbougeard@equitytrust.com

CRO 00051