OLIVER HILSENRATH
HANA HILSENRATH
822 Eastbrook Court
Danville, CA 94506
Telephone: 925 212 6299
Facsimile: 925 736 7571

COUNTER-CLAIMANTS *IN PRO PER*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| OLIVER HILSENRATH AND HANA HILSENRATH. <br><br> Counter-Claimants. <br><br> vs. <br><br> JANVRIN HOLDINGS LIMITED, CROSSGAR LIMITED, AND RYBURN LIMITED. <br><br> Counter-Defendant, | Case No.: C02 1068 CW <br><br> **OLIVER HILSENRATH DECLARATION RE ABUSE OF DISCRETION IN SUPPORT OF MOTION TO ALTER ORDER - DOC 294** <br><br> Date: August 3, 2007 <br> Time: 10:00 a.m. <br> Place: Courtroom 2 <br> Judge: Hon. Claudia Wilken |

Oliver Hilsenrath, counterclaimant in this action, declares the following to be true under penalty of perjury:

**1. Improper Default**

In 2004 this court ordered to enter default against defendant Oliver Hilsenrath who was living at the time in Tel Aviv – Israel.

The court did not require from Janvrin's attorneys any documentation attesting to proper service in Israel via the Central Authority in Jerusalem according to the requirements of the

Page 1

Hague convention/service in Israel[1].

The judgment requested by Janvrin, by means of default, was more than $7 million.

This court performed no inquiry whatsoever before it ordered to enter a very large default with potential crippling consequences to the Hilsenraths.

In 2005 Magistrate Judge Zimmerman recommended to set aside the default upon the following finding of fact:

1. Nixon Peabody, attorneys for Janvrin, never attempted to serve the Central Authority in Jerusalem.
2. Hilsenrath, as former employee of US Wireless, had no legal or other duty to pay his former employer's debt.

This Court adopted Judge Zimmerman's recommendation.

**2. Improper comments**

Nevertheless, this court continued in almost every hearing thereafter to address Oliver Hilsenrath with improper, and undeserved comments on record, of having hampered the proceedings by "ducking service".

These derogatory and prejudicial comments were baseless given the fact-finding and conclusions of the Magistrate Court in this case.

---

[1] **Canfield v. VSH Restaurant Corp., 162 F.R.D. 431**
Defaults are reserved for rare occasions and when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. In other words, "good cause" and the criteria of Fed. R. Civ. P. 60(b) should be construed generously.

**3. Depriving Hana Hilsenrath of "her day in court"**

In March 2007, this court permitted Hana Hilsenrath to join this present action as third party counterclaimant against Janvrin et al.

At the very same hearing the court was briefed by the Nixon Peabody attorneys that Janvrin et al were dissolved.

Upon the above information and at the same hearing, the court rejected the motion to add Equity Trust – Janvrin et al's owner and active co-conspirator - as counterdefendant[2].

The rejection was on technical grounds and not on the merits[3].

By that, the court deprived Hana Hilsenrath of "her day in court" and knowingly allowed her to counterclaim against a defunct plaintiff in a moot litigation[4].

**4. Unusual and abusive schedules**

In this slowly moving, 7 year old litigation, in which Case Management Conferences are schedule six months apart, and orders are issued at several months delays after hearings, this court has set unusual and abusive schedules for the Hilsenraths – pro se litigants.

---

[2] In Hawaii, a corporation may be the alter ego of another "where recognition of the corporate fiction would bring about injustice and inequity or when there is evidence that the corporate fiction has been used to perpetrate a fraud or defeat a rightful claim." Robert's Hawaii, 91 Haw. at 241-42 quoting Chung v. Animal Clinic, Inc., 63 Haw. 642, 645, 636 P.2d 721 (1981)); see also Kahili, Inc. v. Yamamoto, 54 Haw. 267, 271-72, 506 P.2d 9 (1973).

[3] Hilsenrath presented compelling evidence as represented also in this Motion to Alter attachment A-E that clearly show that Equity trust was the owner, operator and the financing body behind Janvrin et al.

[4] **Bridas S.A.P.I.C. v. Gov't of Turkm., 447 F.3d 411**
In applying the alter ego doctrine, courts must be concerned with reality and not form.

Page 3

The Hilsenraths were given one week to file an amended counterclaim.

The Hilsenraths were given 4 days to file an application to enter judgment.

The clear effort of this court to hamper and prejudice the Hilsenraths did not pan out.

The Hilsenraths met all schedules, even the abusive[5] and unusual ones.

**5. Abusive and prejudicial use of information from criminal case USA v. Hilsenrath**

This court has made it a practice to improperly impeach the Hilsenraths with inaccurate and prejudicial information from the above criminal case.

One of the most inappropriate abuses of information from the above criminal case is included in the current order, Doc. 294.

Counterclaimant Oliver Hilsenrath is therefore taking this opportunity to both strongly protest the many abusive inferences of this court on the subject, as well as to update this court on the facts related to that closed case:

In 2003, the US government indicted Hilsenrath with tens of counts of fraud and embezzlement of millions of dollars, transportation of the funds overseas and destruction of US Wireless.

In 2004 Hilsenrath accompanied by his entire family traveled from their home in Israel to the US to defend against the government's case.

In 2005, the US government and others conducted an international freeze of the Hilsenraths' assets. Those assets were never recovered.

Later in 2005 and 2006 the US government concluded that the freeze of assets was in error.

---

[5] RULE OF COURT NO. SEVEN (g): Default Judgment. When a default is entered, the party to request the entry of default must obtain a Default Judgment against the defaulting party within 45 days after entry of default, unless the court has granted an extension of time.

In 2006, the district court apologized to Hilsenrath on record "that something like this can happen in our system".

Since 2006, due to lack of resources, Oliver Hilsenrath, with the assistance of family members has defended pro se one of the most complicated white collar cases in this jurisdiction, one of the cases of the presidential corporate fraud task force.

While self-representing, Oliver Hilsenrath also identified the deliberate and malicious destruction of records by Equity Trust – Janvrin's host and owner[6].

Upon compelling accumulated evidence that the alleged corporate fraud never happened, all parties (Government, District Court, Hilsenrath) agreed on a disposition of the criminal case in all parties' best interest.

As part of the disposition, Oliver Hilsenrath has agreed to plead guilty to two charges related to one transaction. That transaction was Mr. Hilsenrath's monthly transfer of a portion of his legitimate salary as Chief Executive of US Wireless to a family trust in the form of personal savings.

Mr. Hilsenrath agreed with the US government's assertion that:

(1) While the taxes for the trust portion were left in the accounts of US Wireless and for the company's use, that tax was not properly paid to the United States.

(2) Mr. Hilsenrath did not specifically report in the US Wireless annual report that part of his legitimate salary was being paid to a family trust.

Mr. Hilsenrath agreed with a sentence based on five-year probation with 12 months home confinement.

---

[6] **In re Holocaust Victim Assets Litig., 302 F. Supp. 2d 59**  It is a well-established and long-standing principle of law that a party's intentional destruction of evidence relevant to proof of an issue at trial can support an inference that the evidence would have been unfavorable to the party responsible for its destruction. An adverse inference should serve the function, insofar as possible, of restoring the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party.

The US government has dismissed all other charges against Oliver Hilsenrath.

Hilsenrath did not defraud US Wireless. Nor was Hilsenrath part of any white-collar conspiracy.

**6. Summary**

The open-ended, ill-informed, derogatory statements and innuendo of this court in reference to the above criminal case are highly inappropriate.

They represent an abuse of the Hilsenraths' right to fair play in court and every person's right to freedom of prejudice by the judge.

The events in USA v. Hilsenrath will be worn by the Hilsenrath family as a badge of honor for the prevalence of fairness and fortitude.

Similarly, the reasonable person will see in USA v. Hilsenrath a model for the ability to protect constitutional rights even in absence of resources.

Oliver Hilsenrath, Hana Hilsenrath and all other potential litigants of the Hilsenrath family will oppose the assignment of any legal proceedings, in which they are involved, to this specific court.

The Hilsenraths will also prefer that the effort of collecting the damages awarded to them in this current case be removed from this court and assigned to a different and unbiased judge.

Dated: July 20, 2007

Respectfully submitted,

_____/s_____
OLIVER HILSENRATH
Counterclaimant pro se

Page 6