HANA HILSENRATH
OLIVER HILSENRATH
822 Eastbrook Court
Danville, CA 94506
Telephone: 925 212 6299
Facsimile: 925 736 7571
ohlx@sbcglobal.net

PLAINTIFFS *IN PRO PER*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HANA HILSENRATH AND OLIVER HILSENRATH,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **EQUITY TRUST (JERSEY) LIMITED ET AL** <br><br> **Defendants.** | Case No. 3:07-cv-3312 CW <br><br> **MOTION TO DISQUALIFY LATHAM AND WATKINS ON GROUNDS OF CONFLICT OF INTEREST** <br><br> **Date and Time: As soon as possible at the convenience of the court** <br><br> **Place: Courtroom 2, 4th Floor** <br><br> **Judge: Hon. Claudia Wilken** |

Plaintiffs respectfully move this court to disqualify the lawfirm Latham and Watkins LLP and their attorneys from any representation in this current case on grounds of conflict of interest.

Latham and Watkins represented current Plaintiff and his company US Wireless in this very litigation in the past and in a variety of related matters.

While the representation of Hilsenrath and US Wireless Corp. against Janvrin, Ryburn, Crossgar occurred between 1999 and 2001; that is the very time frame in which the critical events in this case occurred.

**Prompt and proper notice was given to Latham and Watkins.**

Immediately upon the appearance of Latham and Watkins in this current case on July 19, on behalf of defendant Equity Trust, plaintiff Oliver Hilsenrath contacted attorney Darius Ogloza of the above firm to inquire as to matters of conflict of interest.

Since then plaintiffs inquired twice by telephone calls and twice in writing on July 20, July 24 and August 7 as to the matter of the conflict.

In a letter to Mr. Ogloza (see attached letter), plaintiffs alert him that employees of Latham and Watkins will be called as witnesses in this case.

Latham and Watkins did not reply to any of the above communications.

Plaintiffs move this court to disqualify Latham and Watkins from any representation in this case.

**The Facts**

Latham and Watkins were initially attorneys for US Wireless and CEO Oliver Hilsenrath and are representing opposite parties in this present case.  The initial case was US Wireless et al. v. Janvrin Rayburn and Crossgar (name to fame Equity Trust entities at the center of this current case).

Further, Latham and Watkins were legal advisors to the Board of Directors and to CEO Hilsenrath of US Wireless. Latham and Watkins closely participated at strategy meetings involving matters related to this current case, and further events that lead to the demise of the company, also alleged to have been related to this case.

In the BOD minutes of US Wireless Corporation of March 2000, the following is reported *inter alia*[1]:

> QUOTE:
> ----------------------------------------------------------------------------------------------------------
> "<u>Item V. Litigation.</u> Several matters had arisen which have the potential to become significant and material, due to the nature of the issues and the monetary amount. Management believed that a proactive step was necessary in order to avoid potential problems with the Company's current operations. The Company has engaged the firm of Latham & Watkins, as its outside counsel, to review the issues and provide the board with an analysis and its recommendations. In a letter to the board from Gregory Lindstrom of Latham & Watkins (a copy of which was supplied to all board member with the meeting agenda), Mr. Linstrom advised the Company on what courses of action to take.
>
> Ryburn Holdings Limited and Crossgar Limited. The Company, upon its formation in July 1996, granted an option to purchase an aggregate of 1.2 million shares (of which 100,000 have been exercised) to two companies pursuant to three-year consulting agreements, whereby, the consultant was to provide market and industry advisory and support services. The consulting agreements have expired and there is no evidence that the consultants engaged in any consulting activities on the Company's behalf. The board engaged in a discussion in which it decided that based on the Company's position that no services were rendered, it had a duty to engage counsel to commence an action in the state of California, attempting to obtain a court order terminating the options and all rights received thereunder.
>
> IT WAS RESOLVED that the Motion is, and it hereby was, unanimously affirmed."
> ----------------------------------------------------------------------------------------------------------
> END QUOTE

On behalf of US Wireless Corporation, in the following months in 2000, an initial complaint against Janvrin, Ryburn and Crossgar was drafted by Latham and Watkins' personnel and is available on original Latham and Watkins electronically watermarked paper.

In that process, Latham and Watkins was provided by Hilsenrath and US Wireless Corporation with all relevant documentation related to the dispute with Janvrin, Ryburn and Crossgar by means of express mail and electronic mail.

---

[1] Government discovery in Case 3:03-cr-00213-WHA USA v. Hilsenrath, et al

Additional information and documentation is available to be presented to the court if needed *en camera* in order to not adversely affect plaintiffs' current case.

# The Law

1. **California Rules of Professional Conduct; Rule 3-310. Avoiding the Representation of Adverse Interests:**

(E) A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

2. **Delaware *Rule 1.9 -- Duties to Former Clients***

A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed [**8] in writing.

3. **In re Corn Derivatives Antitrust Litigation, 748 F.2d 157, 162 (3d Cir. 1984) (emphasis added).**

First, it is a prophylactic rule to prevent even the potential that a former client's confidences and secrets may be used against him. Without such a rule, clients may be reluctant to confide completely in their attorneys. Second, the rule is important for the maintenance of public confidence in the integrity of the bar. Finally, and importantly, *a client has a right to expect the loyalty of his attorney in the matter for which he is retained*.

4. **In re Meridian Auto. Systems-Composite Operations, Inc., 340 B.R. 740**

Matters are substantially related under Model Rules Prof'l Conduct R. 1.9(a) if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter. Thus, while the risk of a breach of client confidences is a sufficient condition for relatedness, it is not a necessary one.

Representing an adverse party in the same transaction or legal dispute frustrates a former client's expectation when seeking legal representation that his attorney will never be found helping the other side. This is so whether or not the attorney also violates the duty of confidentiality in the process

A lawyer's duty of confidentiality under Model Rules Prof'l Conduct R. 1.6 applies not only to matters communicated in confidence by a client but also to all information relating to the representation, whatever its source

A conflict of one attorney is imputed to the attorney's firm. Model Rules Prof'l Conduct R. 1.10.

An attorney who fails to observe his obligation of undivided loyalty to his client injures his profession and demeans it in the eyes of the public. The maintenance of the integrity of the legal profession and its high standing in the community are important additional factors to be considered in determining the appropriate sanction for a . . . violation of professional ethics. The maintenance of public confidence in the propriety of the conduct of those associated with the administration of justice is so important a consideration that a court may disqualify an attorney for failing to avoid even the appearance of impropriety. Indeed, doubts as to the existence of an asserted conflict of interest should be resolved in favor of disqualification.

### 5. Nat'l Union Fire Ins. Co. v. Alticor, Inc., 472 F.3d 436

A lawyer [Egan] who has formerly represented a client in a matter [plaintiff National Union] shall not thereafter represent another person [defendant Alticor] in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation. (b) Unless the former client consents after consultation, a lawyer shall not knowingly [**4] represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly [*438] was associated has previously represented a client

### 6. Del-Chapel Assocs. v. Ruger, 2000 Del. Ch. LEXIS 74

On a motion to disqualify counsel, the court is not to weigh the circumstances with hair-splitting nicety and should resolve all doubts in favor of disqualification manner

## Summary and Conclusion

Pursuant to the facts and the applicable law and rules, plaintiffs respectfully request the Court's disqualification of Latham and Watkins and its attorneys from any representation in this current case.

Dated: August 8, 2007

Respectfully submitted,

_____/s_____           _____/s_____
HANA HILSENRATH                OLIVER HILSENRATH

//Attachment: Hilsenrath letter to Ogloza of July 24, 2007//

Hana Hilsenrath & Oliver Hilsenrath
822 Eastbrook Ct. Danville California 94506
Tel: +1 925 212 6299, Fax: +1 925 736 7571
Email: oliver_hilsenrath@sbcglobal.net

July 24, 2007

**Darius Ogloza**
**Latham and Watkins**
**By Fax:** 415-395-8095


**RE: LW's potential conflict of interest**


**Dear Darius,**

Following our several telephone conversations, I remain concerned about the potential conflicts of interest in your firm's representation of Equity trust et al.

Reviewing my notes and records here are the principal issues:

LW represented US Wireless and me personally in the genesis of this very litigation in 2000.

Further, both Kit Kaufman, but more so Greg Ezring, were exposed to significant events in the unfolding of the US Wireless debacle.

In this case and others to be filed now, with the conclusion of the criminal case USA v. Hilsenrath, I might need to call both Kit and Greg as witnesses to attest to events and authenticate documents.

I would of course be reluctant to give you more details at this point.

I would like to know how you intend to deal with this matter. We might want to seek a Magistrate's assistance in hearing the details of the potential conflicts in separate meetings and offer a recommendation as to how to proceed.


Best regards,

//s
OLIVER HILSENRATH


PS: I do not have an email address for you therefore I am faxing this over to fax 415-395-8095

1