QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John M. Potter (Bar No. 165843)
  johnpotter@quinnemanuel.com
  Rachel Herrick (Bar No. 191060)
  rachelherrick@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for Defendant
 INSINGER DE BEAUFORT HOLDINGS S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HANA HILSENRATH AND OLIVER HILSENRATH,<br><br>        Plaintiffs,<br><br>      v.<br><br>EQUITY TRUST (JERSEY) LIMITED, et al.,<br><br>        Defendants. | CASE NO. C:07-CV-3312 CW<br><br>INSINGER DE BEAUFORT HOLDINGS S.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENCY OF SERVICE OF PROCESS<br><br>**[Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5)]**<br><br>Date:  September 27, 2007<br>Time:  2:00 p.m.<br>Place:  Courtroom 2, 4th Floor<br>Judge:  Honorable Claudia Wilken |

1    TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that the Motion of Insinger de Beaufort Holdings S.A. to

3  dismiss the Complaint filed by Plaintiffs Oliver and Hana Hilsenrath (collectively, "Plaintiffs") in

4  its entirety pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5), shall be heard on

5  September 27, 2007 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2

6  of the United States District Court, Northern District of California, Oakland division, the

7  Honorable Claudia Wilken presiding, located on the 4th floor at 1301 Clay Street, Oakland,

8  California.  This Motion is made on the grounds that: (1) under Federal Rule of Civil Procedure

9  12(b)(2), this action should be dismissed because the court lacks personal jurisdiction over

10  Insinger de Beaufort Holdings S.A., a Luxembourg corporation with principal offices in

11  Luxembourg and no contacts with California; and (2) under Federal Rule of Civil Procedure

12  12(b)(5), this action should be dismissed because Plaintiffs' service of the Summons and

13  Complaint was improper and defective.

14    This Motion is based on this Notice of Motion and Motion, the Memorandum of

15  Points and Authorities in support thereof, the Declaration of Robert Mooij in support thereof, all

16  matters of which the Court may take judicial notice, the pleadings and other papers on file in this

17  action, and such further evidence and argument as may be presented at or before the hearing on

18  this Motion.

19

20  DATED:  August 22, 2007                    QUINN EMANUEL URQUHART OLIVER &
                                               HEDGES, LLP
21

22
                                       By_____/s/_____
23                                          Rachel M. Herrick
                                            Attorneys for Insinger de Beaufort Holdings S.A.
24

25

26

27

28

51260/2199259.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

FACTUAL BACKGROUND ....................................................................................1

ARGUMENT ..........................................................................................................3

I.    The Court Lacks Personal Jurisdiction Over IBH ...........................................3

    A.    Plaintiffs Bear the Burden of Establishing General or Specific Personal Jurisdiction Over IBH. ...........................................................................3

    B.    This Court Lacks General Personal Jurisdiction Over IBH ........................4

    C.    This Court Lacks Specific Personal Jurisdiction Over IBH. ......................5

        1.    IBH Has Not Purposefully Availed Itself of, Nor Directed Its Activities at, the California Forum. .............................................5

        2.    Because IBH Has No Forum-Related Activities, Plaintiffs' Claims Plainly Do Not Arise Therefrom. ...................................................7

        3.    Exercising Jurisdiction Over IBH Would Be Unreasonable in These Circumstances. ...........................................................................7

II.    IBH Has Not Been Served With Process. .....................................................9

    A.    Plaintiffs Attempted to Serve the Wrong Company. ................................9

    B.    Plaintiffs' Attempted Service By International Federal Express Was Defective. ..........................................................................................9

CONCLUSION.....................................................................................................10

# TABLE OF AUTHORITIES

**Page**

### Cases

Aanestad v. Beech Aircraft Corp.,
    521 F.2d 1298 (9th Cir. 1974) .................................................................. 3

Asahi Metal Industry Co. , Ltd. v. Superior Court,
    480 U.S. 102 (1987) .............................................................................. 8

Bancroft & Masters v. August National,
    223 F.3d 1082 (9th Cir. 2000) ............................................................. 4, 7

Brand v. Menlove Dodge,
    796 F.2d 1070 (9th Cir. 1986) ................................................................ 5

Brockmeyer v. May,
    383 F.3d 798 (9th Cir. 2004) ............................................................. 9, 10

Calder v. Jones,
    465 U.S. 783 (1984) .............................................................................. 6

Core Vent Corp. v. Nobel Industries A.B.,
    11 F.3d 1482 (9th Cir. 1997) .............................................................. 7, 8

Direct Mail Specialists v. Eclat Computerized Techs., Inc.,
    840 F.2d 685 (9th Cir. 1988), *overruled on other grounds,*
    *Brockmeyer v. May*, 383 F.3d 798, 803 (9th Cir. 2004) ........................... 9

Doe v. Unocal Corp.,
    248 F.3d 915 (9th Cir. 2001) .............................................................. 4, 7

Fields v. Sedgwick Associated Risks, Ltd.,
    796 F.2d 299 (9th Cir. 1986) ................................................................ 8

Hickory Travel Sys., Inc. v. TUI AG,
    213 F.R.D. 547 (N.D. Cal. 2003) ........................................................... 9

Int'l Shoe Co. v. Washington,
    326 U.S. 310 (1945) .............................................................................. 4

Magnuson v. Video Yesteryear,
    85 F.3d 1424 (9th Cir. 1996) .............................................................. 10

Mateo v. M/S KISO,
    805 F. Supp. 792 (N.D. Cal. 1992) ........................................................ 8

McGlinchy v. Shell Chemical Co.,
    845 F.2d 802 (9th Cir. 1988) ................................................................ 7

Omeluk v. Langsten Slip & Bathbyggeri A/S,
    52 F.3d 267 (9th Cir. 1995) ............................................................. 4, i

Rio Properties Inc. v. Rio Int'l Interlink,
    284 F.3d 1007 (9th Cir. 2002) ....................................................................................3

Rocke v. Canadian Auto Sport Club,
    660 F.2d 395 (9th Cir. 1981) ...................................................................................3, 8

Schwarzenegger v. Fred Martin Motor Co.,
    374 F.3d 797 (9th Cir. 2004) .......................................................................................6

In re Teligent Services, Inc.,
    Nos. 01-12974, 03-03378, 05 Civ. 7277  2007 WL. 1975444 (S.D.N.Y. July 6, 2007) ..............9

Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,
    433 F.3d 1199 (9th Cir. 2006) ..................................................................................5, 6

### Statutes

Fed. R. Civ. P. 12(b)(2)....................................................................................................1, 2

Fed. R. Civ. P. 12(b)(5)....................................................................................................2, 9

Fed. R. Civ. P. 4...........................................................................................................8, 9, 10

Fed. R. Civ. P. 4(f).............................................................................................................10

Fed. R. Civ. P. 4(f)(2)(C)(ii)...........................................................................................9, 10

Fed. R. Civ. P. Rule 4(f)(3).............................................................................................9, 10

Cal. Code Civ. Proc. § 410.10 ...........................................................................................3

1

**INTRODUCTION**

2      Plaintiffs Oliver and Hana Hilsenrath's Complaint seeks to hail Insinger de

3  Beaufort Holdings S.A. ("IBH"), a Luxembourg holding company with no connections to

4  California, into this Court to defend against allegations of wrongdoing allegedly committed ***not*** by

5  IBH, but by other entities far removed from IBH.  Plaintiffs may not do so, because this Court

6  lacks personal jurisdiction over IBH, and moreover, Plaintiffs' purported service of the Summons

7  and Complaint was defective.

8      First and foremost, IBH has no contacts with the state of California that would

9  confer this Court's jurisdiction over it.  IBH has no systematic and continuous contacts with

10  California that would allow the exercise of general personal jurisdiction.  Nor has it purposely

11  availed itself of this forum as required for the Court to exercise specific jurisdiction.  Indeed,

12  exercising jurisdiction over IBH would be unreasonable in these circumstances, where IBH is (1) a

13  Luxembourg company, with (2) no activities whatsoever in this forum, and (3) no involvement in

14  the alleged misconduct identified in the Complaint.  Accordingly, this Court should dismiss

15  Plaintiffs' claims against IBH for lack of personal jurisdiction under Federal Rule of Civil

16  Procedure 12(b)(2).

17      The Complaint against IBH should also be dismissed for defective service of

18  process.  To this day, IBH has not been served at all.  Rather, papers were sent to a different

19  company at an address in the Netherlands.  That aside, Plaintiffs' method of service—Federal

20  Express—is not permissible under Federal Rule of Civil Procedure 4 or the Hague Convention.

21  Thus, this Court should dismiss the Complaint for the additional reason that Plaintiffs have failed

22  to properly serve the Summons and Complaint per Federal Rule of Civil Procedure 12(b)(5).

23

**FACTUAL BACKGROUND**

24  *Insinger de Beaufort Holdings S.A.*

25      Insinger de Beaufort Holdings S.A., erroneously sued as "Insinger de Beaufort

26  S.A.," is a Luxembourg holding company with its principal place of business in Luxembourg.

27  Declaration of Robert Mooij in Support of Insinger De Beaufort Holdings S.A.'s Motion To

28  Dismiss Complaint For Lack of Personal Jurisdiction and Insufficiency of Service of Process,

1   dated August 21, 2007 ("Mooij Decl."), ¶ 2.  IBH owns no property in California, has no bank

2   accounts in California, employs no employees or officers in California and has no agent for

3   service of process in California.  *Id.*, ¶ 4.  IBH is not licensed or registered to do business in

4   California.  *Id.*, ¶ 5.  IBH does not advertise in California or conduct business in California, and

5   has no contracts with California companies.  *Id.*, ¶¶ 5-6.  IBH conducts no meetings in California,

6   nor have its employees or executives taken business trips for IBH to California.  *Id.*, ¶ 9.  Until the

7   present action, IBH has never been sued in California.  *Id.*, ¶ 8.  IBH does not purchase products

8   or services in California.  *Id.*, ¶ 7.

9           As of the first quarter of 2003, IBH owned Insinger Finance S.A., a Luxembourg

10  corporation.  *Id.* ¶ 12.  In turn, Insinger Finance S.A. owned Insinger de Beaufort Holdings B.V., a

11  Netherlands corporation.  *Id.*  Insinger de Beaufort Holdings B.V. owned Bank Insinger de

12  Beaufort N.V.  *Id.*  Bank Insinger de Beaufort N.V. owned Insinger (Jersey) Limited, a United

13  Kingdom corporation.  *Id.*  Insinger (Jersey) Limited owned Integro Holdings S.A., a British

14  Virgin Islands corporation.  *Id.*  Integro Holdings S.A. in turned owned Insinger Trust Holdings

15  Limited, a British Virgin Islands corporation.  *Id.*  Insinger Trust Holdings Limited owned

16  Insinger de Beaufort Trust (Jersey) Limited, a United Kingdom corporation.  *Id.*  In May 2003,

17  Insinger Trust Holdings Limited sold its interest in Insinger de Beaufort Trust (Jersey) Limited

18  and all other subsidiary trust entities.  *Id.*, ¶ 13.

19          As a holding company, IBH does not manage or control the affairs of its

20  subsidiaries or investments.  *Id.*, ¶ 2.

21  *The Alleged Wrongdoing Identified in the Complaint*

22          The Complaint contends that three companies, Janvrin Holdings Limited, Crossgar

23  Limited and Ryburn Limited, committed various wrongdoings against Plaintiffs dating back to

24  2000, and alleges claims for, *inter alia*, malicious prosecution, invasion of privacy, and violations

25  of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961.  Compl.,

26  ¶¶ 57-85.  The Complaint further alleges that these three companies are "owned" by defendant

27  Equity Trust (Jersey) Limited, a United Kingdom company.  *Id.*, ¶ 10.  According to the

28  Complaint, Equity Trust (Jersey) Limited was at one time named Insinger de Beaufort Trust

1  (Jersey) Limited. *Id.*, ¶¶ 15-17. Plaintiffs claim that Insinger de Beaufort Trust (Jersey) Limited

2  was owned from 2000 to 2003 by "Insinger de Beaufort N.V." *Id.*, ¶¶ 16-17.[1] The Complaint

3  further alleges that "Insinger de Beaufort N.V." is "owned" by defendant IBH.

4         The Complaint makes clear that each of these organizations are distinct legal

5  entities. At no time does the Complaint allege that IBH committed any specific conduct or

6  misconduct, other than owning a Netherlands company, "Insinger de Beaufort N.V."

7  *Plaintiffs' Attempt at Service of the Summons and Complaint*

8         IBH became aware of Plaintiffs' Complaint on July 2, 2007, after Plaintiffs sent a

9  copy of the Summons and Complaint, via international Federal Express, to Bank Insinger de

10 Beaufort N.V. at its address at Herengracht 537, 1017 BV Amsterdam, The Netherlands. Mooij

11 Decl., ¶ 11. Bank Insinger de Beaufort N.V. is an independent subsidiary of IBH, and is not

12 authorized to accept service of process on IBH's behalf. *Id.*

13                    **ARGUMENT**

14 **I.    The Court Lacks Personal Jurisdiction Over IBH.**

15     **A.    Plaintiffs Bear the Burden of Establishing General or Specific Personal
              Jurisdiction Over IBH.**

16

17         As the party seeking to invoke this Court's jurisdiction over IBH, Plaintiffs bear the

18 burden of proving the necessary jurisdictional facts needed to demonstrate the existence of

19 jurisdiction over IBH. *Rio Properties Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir.

20 2002).

21         The propriety of a court's personal jurisdiction over a defendant begins with

22 California's long arm statute. *Aanestad v. Beech Aircraft Corp.*, 521 F.2d 1298, 1300 (9th Cir.

23 1974). California's long arm statute authorizes the court to exercise personal jurisdiction on any

24 basis consistent with the due process clause of the United States Constitution. Cal. Code Civ.

25 Proc. § 410.10; *Rocke v. Canadian Auto Sport Club*, 660 F.2d 395, 398 (9th Cir. 1981).

26

27    [1] IBH is aware of no such entity by the name of "Insinger de Beaufort N.V." Plaintiff may be
      referring to Bank Insinger de Beaufort N.V.

28

Consistent with the due process clause, the court may exercise personal jurisdiction over a defendant when the defendant has certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). There are two forms of jurisdiction, general and specific:

> If the defendant's activities in the forum are substantial, continuous and systematic, general jurisdiction is available: in other words, the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum. A court may exercise specific jurisdiction over a foreign defendant if his or her less substantial contacts with the forum give rise to the cause of action before the court. The question is whether the cause of action arises out of or has a substantial connection with that activity.

*Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). Plaintiffs meet neither the specific nor the general jurisdiction tests here—nor can they.

**B.    This Court Lacks General Personal Jurisdiction Over IBH.**

Exercise of general jurisdiction over a foreign entity requires that the entity have contacts with the forum that are substantial, continuous and systematic. *Omeluk v. Langsten Slip & Bathbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). Indeed, such contacts must be so pervasive as to rise to the level of "approximating physical presence." *See Bancroft & Masters v. August Nat'l*, 223 F .3d 1082, 1086 (9th Cir. 2000). If such contacts exist, a federal court can exercise general personal jurisdiction over the defendant as to any cause of action involving the defendant, even if unrelated to the defendant's activities within the state.

Here, IBH's contacts with the state of California are neither substantial, continuous nor systematic. Indeed, IBH has no contacts *whatsoever* with California. As set forth above, IBH is a Luxembourg holding company with its principal place of business in Luxembourg. Mooij Decl., ¶ 2. IBH owns no property in California, has no bank accounts in California, employs no employees or officers in California and has no agent for service of process in California. *Id.*, ¶ 4. IBH is not licensed or registered to do business in California. *Id.*, ¶ 5. IBH does not advertise in California or conduct business in California, has no contracts with California companies, and does not purchase products or services in California. *Id.*, ¶¶ 6-7. IBH conducts no meetings in

1  California, nor have its employees or executives taken business trips for IBH to California. *Id.*,

2  ¶ 9. Until the present action, IBH has never been sued in California. *Id.*, ¶ 8.

3      In sum, Plaintiffs cannot demonstrate that IBH has *any* contacts with California, let

4  alone contacts "of the sort that approximate physical presence" in California. *See Brand v.*

5  *Menlove Dodge,* 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general jurisdiction

6  was denied despite defendants' significant contacts with forum). Accordingly, this court lacks

7  general jurisdiction over IBH.

8      **C.    This Court Lacks Specific Personal Jurisdiction Over IBH.**

9      To impose specific jurisdiction over a foreign defendant, the plaintiff must

10  demonstrate that: (1) the non-resident defendant has engaged in acts or transactions with

11  California such that the defendant has purposefully availed itself of the California forum and

12  invoked the benefits and protections of its laws, or purposefully directed its activities toward or

13  consummated some transaction with the forum or a resident thereof;[2] (2) the claims alleged in the

14  complaint arise from the defendant's forum-related activities; and (3) the exercise of jurisdiction is

15  reasonable, comporting with fair play and substantial justice. *Yahoo! Inc. v. La Ligue Contre Le*

16  *Racisme Et L'Antisemitisme,* 433 F.3d 1199, 1205-06 (9th Cir. 2006). If even one of these

17  conditions is not met, jurisdiction will not lie. *See id.* (finding defendants' lack of purposeful

18  availment determinative of the specific jurisdiction inquiry).

19          1.    *IBH Has Not Purposefully Availed Itself of, Nor Directed Its Activities at,*
                  *the California Forum.*
20
            IBH has in no way availed itself of the privilege of conducting activities in this
21
    forum, nor purposely directed its activities at this forum. As discussed above, IBH has no contacts
22
    with California, and as such, has not invoked the benefits and protections of California law. *See*
23
    Mooij Decl., ¶¶ 2-9 (IBH conducts no business in California, performs no advertising in
24

25  _____

26  [2] Though commonly referred to as the "purposeful availment" prong, it "includes both
    purposeful availment and purposeful direction. It may be satisfied by purposeful availment of the
27  privilege of doing business in the forum; by purposeful direction of activities at the forum; or by
        (footnote continued)
28

1   California, has no contracts with California companies, has not participated in litigation in

2   California, purchases no products or services in California, and conducts no meetings in or

3   business trips to California).

4          Nor has IBH purposefully directed its activities at this forum.  In tort cases, the

5   Ninth Circuit applies an " effects" test to the purposeful direction inquiry, focusing on whether the

6   defendant committed an intentional act, expressly aimed at the forum state, and causing harm that

7   the defendant knew was likely to be suffered in the forum state.  *See Schwarzenegger v. Fred*

8   *Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004); *see also Calder v. Jones*, 465 U.S. 783, 789-

9   90 (1984).

10         Here, <u>Plaintiffs have not alleged that IBH committed a single intentional act</u>—let

11  alone an intentional act committed in or aimed at California.  Instead, the Complaint alleges that

12  IBH merely "owned" a Netherlands company, Bank Insinger de Beaufort N.V., and through Bank

13  Insinger de Beaufort N.V., held an indirect interest several years ago in the long-since divested

14  Insinger de Beaufort Trust (Jersey) Limited, which in turn was subsequently purchased by another

15  entity in 2003 and renamed Equity Trust (Jersey) Limited, which in turn was alleged to have held

16  an interest in the alleged wrongdoers identified in the Complaint—Janvrin, Crossgar and Ryburn,

17  all companies incorporated in the British Virgin Islands.  *See* Compl., ¶¶ 10-18.

18         Even construing ownership of a company as an "intentional" act for purposes of the

19  "effects" test, IBH's intent to own a Luxembourg company, which in turn owned a Netherlands

20  company, which owned another Netherlands company, which held certain interests in a Jersey

21  (United Kingdom) company, which held interests in a British Virgin Islands company, which held

22  interests in another British Virgin Islands company, which held an interest in yet another Jersey

23  (United Kingdom) company, which allegedly held an interest in the three alleged wrongdoers

24  (which themselves were foreign companies) cannot, by any stretch of the imagination, constitute

25  intentional conduct by IBH aimed at California.  *Cf. Yahoo! Inc.*, 433 F.3d at 1211 (specific

26  ――――――――――――――――――

27  some combination thereof."  *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433

28  F.3d 1199, 1206 (9th Cir. 2006).

1   jurisdiction found where French entities intentionally sent a cease and desist letter to, served

2   process upon, and obtained and served two interim orders from a French court upon, Yahoo! in

3   Santa Clara, California); *Calder*, 465 U.S. at 789 (upholding the exercise of specific jurisdiction in

4   California where a Florida defendant intentionally published an allegedly defamatory article

5   regarding a celebrity known to reside in California).  As such, Plaintiffs cannot and do not meet

6   the purposeful direction test.

  2. *Because IBH Has No Forum-Related Activities, Plaintiffs' Claims Plainly Do Not Arise Therefrom.*

  The proper exercise of specific jurisdiction over a non-resident defendant also

requires that the "contacts constituting purposeful availment must be the ones that give rise to the

current suit." *Bancroft & Masters*, 223 F .3d at 1088.  Stated another way, "[t]he question is

whether the cause of action arises out of or has a substantial connection with that [forum-related]

activity." *Doe*, 248 F.3d at 923.  As explained above, IBH has no forum-related activities—

connected to the instant claims or otherwise.  Nor do Plaintiffs allege that IBH has any forum-

related activities.  *A fortiori*, Plaintiffs' claims do not arise from or relate to IBH's (non-existent)

forum contacts.

  3. *Exercising Jurisdiction Over IBH Would Be Unreasonable in These Circumstances.*

  Because IBH has not purposefully availed itself of the California forum, the Court

need not even reach the question of whether it would be reasonable to exercise jurisdiction over

IBH.  *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 817 (9th Cir. 1988).  However, even

reaching that question, the answer is a resounding no.  The Ninth Circuit has developed a multi-

step test to determine whether the exercise of jurisdiction over a foreign defendant is reasonable.

*See Core Vent Corp. v. Nobel Industries A.B.*, 11 F.3d 1482, 1485-88 (9th Cir. 1997).  None of

these factors permit the exercise of jurisdiction over IBH.

  First, courts consider the extent to which the defendant purposefully interjected

itself into the California forum.  *See id.*  As explained above, IBH has in no way interjected itself

into this forum.  Next, courts consider the burden on the defendant in litigating in this forum.  *See*

*id.*  Here, it would be a tremendous burden to hail IBH, a Luxembourg company with no business

1    or activities in California, into a California court to defend itself. *See* Mooij Decl., ¶ 10. Courts

2    have long recognized that the difficulty for a foreign national faces defending itself in a U.S. court

3    should be given "significant weight" when deciding whether jurisdiction over that company is

4    reasonable. *See, e.g., Asahi Metal Industry Co., Ltd. v. Superior Court*, 480 U.S. 102, 114 (1987);

5    *see also Rocke*, 660 F.2d at 399 ("Where the defendant is a resident of a foreign nation rather than

6    a resident of another state within our federal system, the sovereignty barrier is higher.").

7          Third, courts consider the potential for conflict with the native courts of the

8    defendant's country. *See Core Vent,* 11 F.3d at 1485-1488. Here, Luxembourg plainly has a

9    strong interest in adjudicating claims brought against a company incorporated under its laws. *See*

10   *generally Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 302-03 (9th Cir. 1986). Fourth,

11   courts consider the forum's interest in adjudicating the dispute. Here, California's interest is

12   negligible, given the foreign domiciles of the defendants (including IBH) and the only transitory

13   domicile of the Plaintiffs in California while Mr. Hilsenrath serves out his house-arrest sentence

14   imposed following a securities fraud conviction. *See* Declaration of Sarah M. Ray in Support of

15   Defendant Equity Trust (Jersey) Limited's Motion to Dismiss Complaint, filed July 19, 2007, ¶¶ 6,

16   7, 13 and Exhs. E, K.

17         Fifth, courts weigh the judicial economy of litigating in the forum. *See Core Vent,*

18   11 F.3d at 1485-1488. Here, it appears that none of the defendants maintain offices, employees or

19   property in California. IBH certainly has no witnesses or documents located in California, and the

20   other defendants have averred similarly. Thus, judicial economy would not be served by litigating

21   in this forum. Sixth and seventh, courts consider the plaintiffs' interest in obtaining convenient

22   and effective relief, and the existence of an alternative forum. *See id.* Here, given that Plaintiffs

23   have brought suit against several defendants residing in Europe, if they are truly interested in

24   obtaining convenient and effective relief, Europe is an available and more suitable forum in which

25   to afford Plaintiffs the relief to which they claim they are entitled.

26         In sum, the reasonableness factors weigh decidedly against the exercise of

27   jurisdiction over IBH in this action.

28

## II.     IBH Has Not Been Served With Process.

Regardless of whether a defendant has notice of plaintiffs' claims, "[t]he Court cannot exercise personal jurisdiction over a defendant unless there has been proper service over a defendant pursuant to Federal Rule of Civil Procedure 4." *Mateo v. M/S KISO*, 805 F. Supp. 792, 794 (N.D. Cal. 1992) (citing *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988), *overruled on other grounds, Brockmeyer v. May*, 383 F.3d 798, 803 (9th Cir. 2004)). Once a defendant challenges the sufficiency of service, the plaintiff has the burden to establish its validity. *Hickory Travel Sys., Inc. v. TUI AG*, 213 F.R.D. 547, 551 (N.D. Cal. 2003). Plaintiffs cannot meet this burden here, because their attempt at service (1) was effectuated on the wrong company, and (2) was defective under governing law. As such, the Complaint should be dismissed pursuant to Fededral Rule of Civil Procedure 12(b)(5).

### A.     Plaintiffs Attempted to Serve the Wrong Company.

Proper service requires Plaintiffs to serve the named defendant. *See, e.g., In re Teligent Services, Inc.*, Nos. 01-12974, 03-03378, 05 Civ. 7277 (SAS), 2007 WL 1975444, at *4 (S.D.N.Y. July 6, 2007). Here, Plaintiffs named Insinger de Beaufort Holdings S.A., a Luxembourg company, as a defendant. *See* Compl. ¶ 16. Plaintiffs sent their Summons and Complaint to a different entity located in the Netherlands, Bank Insinger de Beaufort N.V. *See* Mooij Decl., ¶ 11, Ex. A. Because Plaintiffs failed to serve the named defendant, this Court has no jurisdiction over IBH.

### B.     Plaintiffs' Attempted Service By International Federal Express Was Defective.

Even if Plaintiffs had served the correct entity, service was insufficient because Plaintiffs, rather than the clerk of the court, sent the Summons and Complaint by Federal Express to a foreign entity without express court approval.

The law of the forum governs whether a foreign corporation can be served by international mail. This is so because the Hague Service Convention allows, but does not affirmatively authorize, service of process by international mail. *Brockmeyer v. May*, 383 F.3d 798, 804 (9th Cir. 2004); *see also* Hague Service Convention art. 10(a), 20 U.S.T. 361. Federal Rule of Civil Procedure 4(f) provides for service upon foreign corporations by international mail

1   in two situations: (1) where service is "sent by the clerk of the court, using a form of mail

2   requiring a signed receipt" pursuant to Rule 4(f)(2)(C)(ii); or (2) where the district court

3   specifically directs the procedure for service by international mail under Rule 4(f)(3).

4   *Brockmeyer*, 383 F.3d at 808-09.

5          Here, Plaintiffs attempted to serve the Summons and Complaint on IBH by sending

6   it (to the wrong company and in the wrong country) via Federal Express.[3]  *See* Mooij Decl. ¶ 11,

7   Ex. A.  Because the Summons was sent by Plaintiffs, not the clerk of the court, service was

8   defective under Rule 4(f)(2)(C)(ii).  *Brockmeyer*, 383 F.3d at 808.  Service was also defective

9   under Rule 4(f)(3) because there is no indication that this manner of service was "directed by the

10  court."  *Id.*  Accordingly, Plaintiffs' attempted service of process on IBH was ineffective, and the

11  Complaint should be dismissed.  *See id.* at 809 (finding plaintiffs had failed to effect proper

12  service upon a British corporation by "simply dropp[ing] the complaint and summons in a mailbox

13  in Los Angeles, to be delivered by ordinary, international first class mail.").

14                                    **CONCLUSION**

15         For all of the foregoing reasons, IBH respectfully requests that this Court dismiss

16  Plaintiffs' complaintComplaint with prejudice.

17

18  DATED:  August 22, 2007              QUINN EMANUEL URQUHART OLIVER &
                                         HEDGES, LLP
19

20                                       By_____/s/_____
21                                          Rachel M. Herrick
                                            Attorneys for Insinger de Beaufort Holdings S.A.
22

23

24   _____

25     [3]  Moreover, the Ninth Circuit has stated that private delivery services such as Federal Express
26  are not "mail" for purposes of Rule 4.  *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1430 (9th
    Cir. 1996).  By this logic, even if Plaintiffs did comply with the other international mailing
27  provisions of Rule 4(f) (which they did not), the failure to use a public authority for transmitting
    the Summons and Complaint would nevertheless render service ineffective.
28