LATHAM & WATKINS LLP
  Peter A. Wald (Bar No. 85705)
  peter.wald@lw.com
  Darius Ogloza (Bar No. 176983)
  darius.ogloza@lw.com
  Sarah M. Ray (Bar No. 229670)
  sarah.ray@lw.com
  Katie Y. Chang (Bar No. 246247)
  katie.chang@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone: +415.391.0600
Facsimile: +415.395.8095

Attorneys for Defendants
EQUITY TRUST (JERSEY) LIMITED,
CAROLINE BOUGEARD AND GRANT BROWN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANA HILSENRATH AND OLIVER HILSENRATH,<br><br>  Plaintiffs,<br><br>  v.<br><br>EQUITY TRUST (JERSEY) LIMITED, CANDOVER INVESTMENTS PLC, INSINGER DE BEAUFORT SA, JARDINE MATHESON HOLDINGS LIMITED, GRANT BROWN, MELVYN KALMAN, JOHN PERKINS, CAROLINE BOUGEARD, AND DOES 1-10,<br><br>  Defendants. | CASE NO. C:07-CV-3312-CW<br><br>DEFENDANT EQUITY TRUST (JERSEY) LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT<br><br>Date: September 27, 2007<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 4th Floor<br>Judge: Honorable Claudia Wilken<br><br>Complaint Filed: June 25, 2007 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C:07-CV-3312-CW
DEFENDANT EQUITY TRUST (JERSEY) LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT COMPLAINT

## I. INTRODUCTION

Plaintiffs' motion for leave to supplement their complaint should be denied. Their purported claim against Philip Joseph Austin ("Austin") for alleged "perjury" based on his declaration in support of Equity Trust (Jersey) Limited's ("ETJL") motion to dismiss is not legally tenable and, accordingly, supplementation would be futile.

First and foremost, California law does not recognize any such cause of action even if knowingly false testimony had been submitted in support of ETJL's motion to dismiss (which is manifestly not the case). Even if we construe plaintiffs' "perjury" claim as one for abuse of process, the purported basis for this claim — a declaration filed in court in support of a motion — is absolutely privileged and, thus, cannot form a predicate for liability. *See, e.g., Pollock v. University of Southern California*, 112 Cal. App. 4th 1416, 1431 (Cal. Ct. App. 2003) (a declaration "is exactly the sort of communication the [litigation] privilege is designed to protect"). Further, even if the Declaration of Philip Joseph Austin ("Austin Declaration") were not absolutely privileged, the plaintiffs do not (and could not) plead the elements of the abuse of process tort under California law. In short, the plaintiffs' motion lacks a legal basis.

At bottom, the plaintiffs' attempt to assert a claim against ETJL's employee-witness on a plainly untenable legal theory, despite repeated warnings,[1] points to the clear conclusion that the motion has been brought for the improper purpose of intimidating ETJL and its employees. Accordingly, the plaintiffs' motion for leave to supplement their complaint should be denied.

## II. BACKGROUND FACTS

On June 25, 2007, Oliver and Hana Hilsenrath ("the Hilsenraths," collectively) filed a complaint alleging various breaches of duty against ETJL, a Jersey-based trust services company, four of its current and former employees as well as against three entities — Candover

---

[1] The Hilsenraths were repeatedly requested to withdraw their motion by Equity Trust's counsel. See Declaration of Darius Ogloza ("Ogloza Decl."), ¶¶ 3, 5, Exh. A. The fact that their theory was not legally tenable was explained to them and supported with case citations. *See id*.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C:07-CV-3312-CW
DEFENDANT EQUITY TRUST (JERSEY) LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT COMPLAINT

2

Investments PLC, Insinger de Beaufort SA and Jardine Matheson Holdings Limited — that at one time or another allegedly owned and/or controlled ETJL.  *See* Complaint ("Cmpl."), ¶¶ 29, 59.  On July 19, 2007, ETJL filed a motion to dismiss the Hilsenraths' complaint for improper venue, insufficient service of process, lack of personal jurisdiction and *forum non conveniens*.[2] *See* ETJL's Notice of Motion and Motion to Dismiss Complaint para. 1.  In support of its motion to dismiss, ETJL filed the Declaration of Philip Austin, its current Managing Director, principally to establish the absence of any legally-relevant contacts to this forum by ETJL.  *See e.g.*, Austin Declaration, ¶¶ 1, 6-10.  Paragraph 16 of the Austin Declaration also provided in relevant part as follows:

> "I have reviewed the complaint in this action and, contrary to what is alleged therein, ETJL is not the "owner" of any of the three British Virgin Islands companies referenced therein: Janvrin Holdings Limited, Crossgar Limited, and Ryburn Limited.  These three British Virgin Island corporations were formed in 1995 and 1996 by ETJL for their beneficial owners, Messrs. Dahan and Haim Haruvi ("Haruvi").  ETJL provided administrative and directorship services to the three BVI companies.  ETJL did not "finance" these companies.  As with the Hilsenraths' structures, responsibility for funding these companies remained in the beneficial owners Dahan and Haruvi."

Austin Declaration, ¶ 16.

On July 20, 2007, shortly after the filing of ETJL's motion, plaintiff Oliver Hilsenrath ("Hilsenrath") contacted counsel for ETJL to discuss what Hilsenrath viewed were false statements concerning the nature of ETJL's affiliation with Janvrin Holdings Limited, Crossgar Limited, and Ryburn Limited (together, the "BVI companies") as set forth in paragraph 16 of the Austin Declaration.  *See* Ogloza Decl., ¶ 2.  During this conversation, Hilsenrath indicated that he was considering "amending" his complaint to name Austin as a party-defendant in the case because of Austin's purported "perjury."  *Id.*, ¶ 3.  At this time, ETJL's counsel explained to Hilsenrath that he was misreading paragraph 16 of the Austin Declaration and that the statements set forth therein were factually correct.  Counsel further explained that, *in any event*, California law did not recognize a private cause of action for "perjury;" accordingly, any motion to amend the complaint on this basis would lack merit; and an amendment to the

---

[2]  ETJL's motion to dismiss is presently set to be heard on September 27, 2007.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3
Case Number: C:07-CV-3312-CW
DEFENDANT EQUITY TRUST (JERSEY) LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT COMPLAINT

1  complaint was not an appropriate procedural vehicle for addressing the concerns Hilsenrath had
2  expressed to counsel. *Id.* Thereafter, on July 26, 2007, the Hilsenraths filed the instant motion
3  to supplement their complaint to add Austin as a party-defendant in this case. This motion was
4  based purportedly on Austin's alleged mischaracterization of the legal relationship between
5  ETJL and the BVI companies and as well as the Hilsenraths' contention that Austin improperly
6  implied that "Equity Trust is doing no business in the United States and [is] not subject to federal
7  jurisdiction." *See* Supplemented complaint, ¶ 95, filed concurrently with plaintiffs' motion for
8  leave to supplement complaint.
9        On August 7, 2007, after reviewing the Hilsenraths' motion, ETJL, through
10 counsel, again explained that the Hilsenraths' motion was ill-founded because it was based on a
11 legally untenable theory and requested that Hilsenrath withdraw the motion. Ogloza Decl., ¶ 5,
12 Exh. A. That same day, August 7, 2007, Hilsenrath rejected ETJL's request that he withdraw his
13 motion. *See id.* ¶ 6, Exh. B. ETJL has incurred over $23,000 in fees in opposing the present
14 motion. *Id.* ¶ 7.

## III.   ARGUMENT

### A.   Legal Standard

The Hilsenraths improperly seek leave to supplement their complaint to add a legally untenable claim against a new defendant for "perjury." Supplemental pleadings are amendments used to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). It is within a court's discretion to grant or deny leave to file a supplemental pleading. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809 (9th Cir. 1988); *see also Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983) (noting that the "discretion exercised in deciding whether to grant leave to amend is similar to that for leave to file a supplemental pleading"). A court may grant leave to supplement a pleading "upon such terms as are just." Fed. R. Civ. P. 15(d). Motions for leave are denied when there is bad faith, dilatory motive, undue delay, undue prejudice, or, as here, futility. *See, e.g., Johnson v. Buckley*, 356 F.3d 1067, 1078 (9th Cir. 2004). "Futility alone can justify the denial of a motion to amend." *Id.*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4
Case Number: C:07-CV-3312-CW
DEFENDANT EQUITY TRUST (JERSEY) LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT COMPLAINT

### B. Supplementation Should Be Denied For Futility

#### 1. Neither a Claim for Perjury nor for Abuse of Process is Legally Tenable

Amendment is futile as to the Hilsenraths' claim of "perjury," because if allowed to be asserted, such a claim would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal). "The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) or (f): if there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense, leave should be denied." *Baker v. Pacific Far E. Lines, Inc.,* 451 F. Supp. 84, 89 (N.D. Cal. 1978).

First and foremost, the Hilsenraths' motion for supplementation is futile because California law does not recognize a claim for "perjury." *See, e.g., Kappel v. Bartlett*, 200 Cal. App. 3d 1457, 1463 (Cal. Ct. App. 1988) (finding that as to perjury, "no such civil cause of action exists and we decline to create such a cause").

Moreover, even reading the Hilsenraths' allegations broadly as attempting to assert a claim for abuse of process under California law, the Hilsenraths still do not (and cannot) assert a tenable legal claim. Under California law, filings of pleadings in litigation are protected by the litigation privilege and cannot provide the basis for liability. Cal. Civil Code § 47(b) (litigation privilege extends when (1) the publication was made in a judicial proceeding; (2) it had some connection or logical relation to the action; (3) it was made to achieve the objects of the litigation; and (4) the publication involved litigants or other participants authorized by law); *see also Navellier v. Sletten*, 106 Cal. App. 4th 763, 770 (Cal. Ct. App. 2003) (concluding that "[t]he litigation privilege immunizes litigants from liability for torts…which arise from communications in judicial proceedings." The privilege generally applies to any communication by a litigant in a judicial proceeding that is made "to achieve the objects of the litigation" and has "some connection or logical relationship to the action"). The litigation privilege applies broadly

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

Case Number: C:07-CV-3312-CW
DEFENDANT EQUITY TRUST (JERSEY) LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT COMPLAINT

and regardless of malice. *Silberg v. Anderson*, 50 Cal. 3d 205, 211, 215-16 (Cal. 1990); *see also Rusheen v. Cohen*, 37 Cal. 4th 1048, 1063 (Cal. 2006) (the purpose of the litigation privilege is to "afford litigants and witnesses free access to the courts without fear of being harassed subsequently by derivative tort actions, to encourage open channels of communication and zealous advocacy, to promote complete and truthful testimony, to give finality to judgments, and to avoid unending litigation"). Accordingly, to the extent it can be characterized as a claim of abuse of process, the Hilsenrath's claim based on purported misstatements in the Austin Declaration is squarely barred by the litigation privilege. *See Pollock v. University of Southern California*, 112 Cal. App. 4th 1416, 1431 (Cal. Ct. App. 2003) (declaration "functions as written testimony," is a "communication, not conduct," and "is exactly the sort of communication the privilege is designed to protect").

Additionally, even if the alleged basis for such a claim was not absolutely privileged, the Hilsenraths do not (and cannot) state a necessary element of an abuse of process claim. To establish a claim for abuse of process, a plaintiff must plead two essential elements: that the defendant (1) entertained an ulterior motive in using the process and (2) committed a willful act in a wrongful manner. *Rusheen*, 37 Cal. 4th at 1057-58. The Austin Declaration was submitted for the purpose for which it was established, to counter the Hilsenraths' allegations as to ETJL's relationship with the BVI entities and to attest to ETJL's contacts with California. *See Cantu Resolution Trust Corp. v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 886 (Cal. Ct. App. 1992) ("there is no abuse of process where pleading is used for its proper purpose"); *see also Optistreams, Inc. v. Gahan,* 2006 U.S. Dist. LEXIS 21680 at *10 (E.D. Cal. 2006) ("simply ascribing a new motive…does not satisfy the requirement under California law that an abuse of process claim allege more than the mere filing or maintenance of a lawsuit") (internal citations omitted). Where the Hilsenraths have failed to allege (and cannot allege) all of the necessary elements of abuse of process, motion for leave to supplement should be denied. *See, e.g., Ritzer v. Gerovicap Pharm. Corp.,* 162 F.R.D. 642 (D. Nev. Aug. 1, 1995) (movant denied leave to amend her complaint because she had failed to alleged the four factors under alter ego theory and thus her amendment was futile).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

Case Number: C:07-CV-3312-CW
DEFENDANT EQUITY TRUST (JERSEY) LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT COMPLAINT

**C.     Supplementation Should Be Denied For Improper Purpose**

Given that the Hilsenraths were twice informed that a claim for "perjury" was an invalid claim and that a motion to amend the complaint to add a declarant as a party-defendant was not a proper procedural vehicle, the Hilsenraths' filing of the motion to supplement their complaint, coupled with their subsequent refusal to withdraw the motion, give rise to the clear inference that they have acted with the bad faith intent to harass ETJL and its employees.  *See, e.g., Leogrande v. Leogrande*, 799 F. Supp. 1354 (E.D.N.Y., 1992) (denying motion to amend and to supplement pleadings and imposing sanctions under Federal Rule of Civil Procedure 11 where the amended pleadings were futile and not warranted by law and interposed for the improper purpose of harassing defendants).

Although not inclined to request the imposition of sanctions against individual *pro per* plaintiffs, ETJL notes that the circumstances of this case, particularly the threat that the Hilsenraths will continue to file improvident, harassing motions against additional witnesses identified by ETJL, are sufficient to warrant the imposition of sanctions to offset ETJL's fees under either this Court's inherent powers or under Federal Rule of Civil Procedure 11 ("Rule 11").  *See, e.g., Business Guides, Inc. v. Chromatic Commc'n Enter.*, 498 U.S. 533, 548 (1991) (holding that under Rule 11, the party that signs the motion certifies that it is "warranted by existing law" and that it is "not interposed for any improper purpose, such as to harass"); *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (holding that a court cannot decline to impose such sanctions due to one's pro se status, since this "would effectively place all unrepresented parties beyond the reach of Rule 11"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (holding that federal courts have inherent power to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation).

\#
\#
\#
\#
\#

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

Case Number: C:07-CV-3312-CW
DEFENDANT EQUITY TRUST (JERSEY) LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT COMPLAINT

## IV. CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion for leave to supplement their complaint.

Dated: September 6, 2007

                                              Respectfully Submitted,

                                              LATHAM & WATKINS LLP

                                              By  /s/ Katie Chang_____
                                                  ATTORNEYS FOR ETJL

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

Case Number: C:07-CV-3312-CW
DEFENDANT EQUITY TRUST (JERSEY) LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT COMPLAINT