1  LATHAM & WATKINS LLP
       Peter A. Wald (Bar No. 85705)
2      peter.wald@lw.com
       Darius Ogloza (Bar No. 176983)
3      darius.ogloza@lw.com
       Sarah M. Ray (Bar No. 229670)
4      sarah.ray@lw.com
       Katie Y. Chang (Bar No. 246247)
5      katie.chang@lw.com
   505 Montgomery Street, Suite 2000
6  San Francisco, California 94111-2562
   Telephone: +415.391.0600
7  Facsimile: +415.395.8095

8  Attorneys for Defendant
   EQUITY TRUST (JERSEY) LIMITED,
9  CAROLINE BOUGEARD AND GRANT BROWN

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13

14  HANA HILSENRATH AND OLIVER         | CASE NO. C:07-CV-3312-CW
    HILSENRATH,
15                                     | DECLARATION OF DARIUS OGLOZA IN
                Plaintiffs,            | SUPPORT OF DEFENDANT EQUITY TRUST
                                       | (JERSEY) LIMITED'S OPPOSITION TO
16       v.                            | PLAINTIFFS' MOTION FOR LEAVE TO
                                       | SUPPLEMENT COMPLAINT
17  EQUITY TRUST (JERSEY) LIMITED,
    CANDOVER INVESTMENTS PLC,          | Date:  September 27, 2007
18  INSINGER DE BEAUFORT SA, JARDINE   | Time:  10:00 a.m.
    MATHESON HOLDINGS LIMITED,         | Place: Courtroom
19  GRANT BROWN, MELVYN KALMAN,        | Judge: Honorable Claudia Wilken
    JOHN PERKINS, CAROLINE BOUGEARD,
20  AND DOES 1-10,                     | Complaint Filed: June 25, 2007

21              Defendants.

22

23           I, DARIUS OGLOZA, declare as follows:

24           1. I am an attorney licensed to practice with the courts of the State of California.

25  I am admitted to the bar of this Court. I am a partner with the law firm of Latham & Watkins

26  LLP ("Latham") and an attorney of record for Equity Trust (Jersey) Limited ("ETJL"), Caroline

27  Bougeard and Grant Brown in the aforementioned matter. I have personal knowledge of the

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C:07-CV-3312-CW
DECLARATION OF DARIUS OGLOZA IN SUPPORT OF DEFENDANT EQUITY TRUST (JERSEY) LIMITED'S OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT

facts set forth below and if called as a witness could and would testify competently thereto.

2. Following ETJL's filing of its motion to dismiss in this matter, I received a phone call from Oliver Hilsenrath on July 20, 2000 to discuss what he viewed as false statements concerning the nature of ETJL's affiliation with Janvrin Holdings Limited, Crossgar Limited and Ryburn Limited (together, the "BVI companies") as set forth in Paragraph 16 of the Declaration of Philip Joseph Austin filed in support of ETJL's motion to dismiss ("Austin Declaration").

3. During this conversation, Dr. Hilsenrath indicated that he was considering "amending" his complaint to name Mr. Austin as a party-defendant in the case because of Mr. Austin's purported "perjury." At this time, I explained to Dr. Hilsenrath that he was misreading paragraph 16 of the Austin Declaration, that the statements set forth therein were factually correct and that, *in any event*, any motion to amend the complaint on this basis would lack merit as an amendment to the complaint was not an appropriate procedural vehicle for addressing the concerns Dr. Hilsenrath had expressed to me.

4. Thereafter, on July 26, 2007, Oliver and Hana Hilsenrath ("the Hilsenraths," collectively) filed the instant motion to supplement his complaint to add Mr. Austin as a party-defendant in this case. This motion was purportedly based on Mr. Austin's alleged mischaracterization of the legal relationship between ETJL and the BVI companies as well as the Hilsenraths' contention that Austin improperly implied that "Equity Trust is doing no business in the United States and [is] not subject to federal jurisdiction."

5. On August 7, 2007, after reviewing the Hilsenraths' motion, I sent a letter to Dr. Hilsenrath explaining that the motion was ill-founded because it was based on a legally untenable theory and requesting that he withdraw the motion. A true and correct copy of my letter is attached hereto as Exhibit A.

6. I received an email later that same day in which Dr. Hilsenrath confirmed that he would not withdraw their motion. A true and correct copy of that email is attached hereto as Exhibit B.

7. Based on a review of this firm's time records conducted under my direction, I

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C:07-CV-3312-CW                 2
DECLARATION OF DARIUS OGLOZA IN SUPPORT OF DEFENDANT EQUITY TRUST (JERSEY) LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT

1  have determined that ETJL has incurred over $23,000 in fees in responding to Hilsenrath's
2  motion to supplement the complaint in this case.
3
4          I declare under penalty of perjury that the foregoing is true and correct.  Executed
5  at San Francisco, California on September 6, 2007.

                                              _____
                                                     Darius Ogloza

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C:07-CV-3312-CW           3
DECLARATION OF DARIUS OGLOZA IN SUPPORT OF DEFENDANT EQUITY TRUST (JERSEY) LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT

**EXHIBIT A**

# LATHAM&WATKINS LLP

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

August 7, 2007

**VIA FACSIMILE AND U.S. MAIL**

Oliver Hilsenrath
822 Eastbrook Court
Danville CA 94506
Telephone: (925) 212-6299
Fax: (925) 736-7571

Re: *Hilsenrath v. Equity Trust et al.*, Case No. C 07-3312-CRB

Dear Dr. Hilsenrath:

We write to renew our request that you withdraw the motion to supplement your complaint that you filed on Thursday, July 26.

As I explained to you on our July 20, 2007 telephonic conference, your purported claim against Philip Austin for alleged "perjury" based on the supporting declaration filed in connection with Equity Trust (Jersey) Ltd.'s ("Equity Trust") motion to dismiss is not legally tenable. First and foremost, California law does not recognize any such cause of action. Moreover, even if such a cause of action existed, legal filings are absolutely privileged and cannot form a basis for derivative liability. *See, e.g., Pollock v. University of Southern California*, 112 Cal. App. 4th 1416, 1431 (Cal. Ct. App. 2003) (a declaration "is exactly the sort of communication the privilege is designed to protect").

As you know, a party can be held liable under California law for asserting claims that are not legally tenable in circumstances where malice can be inferred. *See Videotape Plus v. Lyons*, 89 Cal. App. 4th 156 (Cal. Ct. App. 2001). Asserting a claim against an opposing party's witness on a plainly untenable legal theory, without benefit of discovery or further inquiry, gives rise to the strong inference that the claim has been asserted for the improper purpose of intimidating an opponent's witnesses. It is also the case that asserting such a claim exposes a party to threat of monetary sanctions. *See, e.g., Stewart v. American International Oil & Gas Co.*, 845 F.2d 196, 201 (9th Cir. 1988) (sanctions appropriate for frivolous filings and the use of judicial procedures as a tool for harassment).

SF\621116.2

August 7, 2007
Page 2

LATHAM & WATKINS LLP

    For these reasons, we ask that you re-consider your ill-considered strategy in seeking leave to assert a claim against Mr. Austin before Equity Trust undergoes the significant expense in preparing an opposition to your moving papers. If we do not hear from you before close of business on August 9, 2007, we will assume that you have rejected our request and take all steps necessary to ensure that our clients remain free of frivolous and harassing motions through the balance of this litigation.

                                      Very truly yours,

                                        Darius Ogloza, Esq.
                                        of LATHAM & WATKINS LLP

cc:   Peter Wald, Esq.

# EXHIBIT B

## Ogloza, Darius (SF)

**From:** Oliver Hilsenrath - SBC [oliver_hilsenrath@sbcglobal.net]
**Sent:** Tuesday, August 07, 2007 1:27 PM
**To:** Oliver Hilsenrath - SBC; Ogloza, Darius (SF)
**Subject:** Supplemental Compalint

Dear Mr. Ogloza,

We received your letter in which you are threatening us with sanctions if we do not withdraw our motion to supplement.

I am sure that the issues in your letter will be duly raised and resolved in court. I believe that an evidentiary hearing on Mr. Austin's declaration will serve us all well. This is the purpose of motions.

We remain concerned about the general issue of your representation of any party in this dispute due to conflict of interest.

I note your silence on the subject although raised with you verbally and in writing.

Unless I hear anything from you on that subject I intent to raise that matter in front of the court too.

Best regards,

Oliver Hilsenrath.

PS: Please feel free to use email for further communication.

8/20/2007