HANA HILSENRATH
OLIVER HILSENRATH
822 Eastbrook Ct.
Danville, CA 94506
Telephone: 925.212.6299
Facsimile: 925.736.7571
Email: ohlx@sbcglobal.net

PLAINTIFF *PRO SE*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HANA HILSENRATH AND OLIVER HILSENRATH,** | **Case No. 3:07-cv-3312 CW** |
| **Plaintiffs,** | |
| **v.** | **RESPONSE TO COURT ORDER [DOC 51] IN SUPPORT OF MOTION TO DISQUALIFY LATHAM AND WATKINS [DOC 44]** |
| **EQUITY TRUST (JERSEY) LIMITED, ET AL** | |
| **Defendants.** | **Judge: Hon. Claudia Wilken** |

## RESPONSE TO THE COURT'S REQUEST FOR DOCUMENTS

Pursuant to the Court's order [Doc 51] Plaintiffs are submitting the following additional documents in support of Plaintiffs motion to disqualify Latham and Watkins from representing Equity Trust in this litigation [Doc 44]. The exhibits are copies of authentic documents and are hereby submitted under penalty of perjury.

EXHIBIT 1.    US Wireless' complaint filed by Latham and Watkins against Ryburn and Crossgar (later amended to include also Janvrin) – Superior Court of California Case No C 00- 20804 - by attorneys Lindstrom and Fitton.

The above case was later consolidated in Federal Court with a counter-suit by Janvrin et al (Cases 4:00-cv-02334-CW Janvrin Holdings v. U.S. Wireless Corp, et al; 4:00-cv-02336-CW Crossgar Ltd v. U.S. Wireless Corp, et al; and 4:00-cv-02346-CW Ryburn Limited v. U.S. Wireless Corp, et al.

EXHIBIT 2.    Civil Case Cover Sheet of Case No C 00- 20804 submitted by Latham and Watkins on behalf of US Wireless

EXHIBIT 3.    List of outstanding legal bills of US Wireless showing that US Wireless continued to engage Latham and Watkins as advisors in the Janvrin case even after the consolidation of the cases in Federal Court and the retention of new lead counsel (Steinhart and Falconer).

EXHIBIT 4.    The list of US Wireless's $450 million public offering team including the Latham and Watkins legal team: Christopher (Kit) Kaufman, Gregory Ezring, Karen Han. The asterisk by the attorneys' name points to the note indicating that the Latham and Watkins attorneys were recipients of all corporate documents in that time frame – the same timeframe as the initial Janvrin litigation.

EXHIBIT 5.    Latham and Watkins's opinion of counsel for the $450 million US Wireless offering. The opinion was the result of ongoing diligence on all corporate records including the company's disputes and related legal liabilities.

The above public offering (referred to in Exhibits 4 and 5) was disrupted as the result of a series of malicious actions of defendant Equity Trust (then Jardine Matheson).

Plaintiff Oliver Hilsenrath assisted by attorneys of Latham and Watkins Ezring and Kaufman made unsuccessful efforts to contain the damage. As the result of the above, US Wireless withdrew the offering with significant negative impact to the corporation.

## SUMMARY

Defendants could not have made a more cynical choice of legal representation than the lawfirm of Latham and Watkins, out of hundreds of law firms in the state of California.

By hiring Latham and Watkins and by the agreement of Latham and Watkins to represent them, defendants tapped illegally into thousands of privileged documents and privileged attorneys' notes regarding:

1. Latham and Watkins's own advice to the US Wireless Board to initiate litigation against Janvrin/Equity.

2. Notes on hours of discussions with US Wireless Board members, employees, members of the US Wireless legal department, and Oliver Hilsenrath on the very subject of this litigation;

3. The impact of Equity's adverse actions of the US Wireless public offering in 2000;

4. The efforts and the methods of the company to mitigate the above adverse actions;

5. The opinions and referenda of the US Wireless bankers on the Janvrin case;

6. And a complete collection of all US Wireless documents on the Janvrin case, now at the discretion of the new Latham and Watkins's clients.


As presented in Plaintiffs' motion [Doc 44] Latham and Watkins were alerted of the conflict on the very first day of their appearance on July 16.

For two months since, Latham and Watkins continued in bad faith the conflicted representation of Equity Trust.

Plaintiffs move this court to promptly disqualify Latham and Watkins from representing Equity Trust.

Further, plaintiffs respectfully request the court to compel Latham and Watkins to submit a full account of their communications in writing and otherwise with Equity Trust personnel in relation to documents and information from their previous representation of Plaintiffs and US Wireless.

Plaintiffs will promptly submit a separate Rule 11 motion for a court order to be compensated by Latham and Watkins for their effort of removing Latham and Watkins from improper representation and for delays in this case resulting from Latham and Watkins' breach of the attorney-client privilege.

Dated: September 12, 2007

Respectfully submitted,

OLIVER HILSENRATH

Plaintiff *PRO SE*

_____/s/ Oliver Hilsenrath_____

1
2
3
4
5

# EXHIBIT 1

6
7
8

US Wireless' complaint filed by Latham and Watkins against Ryburn and Crossgar (later amended to include also Janvrin) – Superior Court of California Case No C 00- 20804 - by attorneys Lindstrom and Fitton.

9
10
11
12
13

The above case was later consolidated in Federal Court with a counter-suit by Janvrin et al (Cases 4:00-cv-02334-CW Janvrin Holdings v. U.S. Wireless Corp, et al; 4:00-cv-02336-CW Crossgar Ltd v. U.S. Wireless Corp, et al; and 4:00-cv-02346-CW Ryburn Limited v. U.S. Wireless Corp, et al.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    LATHAM & WATKINS
         Gregory P. Lindstrom (Bar No. 082334)
2        Will B. Fitton (Bar No. 0182818)
     505 Montgomery Street, Suite 1900
3    San Francisco, California  94111-2562
     Telephone:  (415) 391-0600
4    Facsimile:  (415) 395-8095

5    Attorneys for Plaintiff
     U.S. WIRELESS CORPORATION

6                                                    PER LOCAL RULE 5 THIS
                                                     CASE IS ASSIGNED TO
7                                                    DEPT _____ /2 _____

                                                                    **SUMMONS ISSUED**

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF CONTRA COSTA

10

11   U.S. WIRELESS CORPORATION,          CASE NO.  **C00·02084**

12                    Plaintiff,

13          v.                            **COMPLAINT FOR (1) BREACH OF
                                          CONTRACT; (2) RESCISSION OF
14   RYBURN LIMITED, a British Virgin Islands   CONTRACT BASED ON FAILURE OF
     corporation, CROSSGAR LIMITED, a    CONSIDERATION; (3) RESCISSION OF
15   British Virgin Islands corporation, DAVID   CONTRACT BASED ON FRAUD; (4)
     DAHAN, HAIM HARUVI, and DOES 1      FRAUD; AND (5) DECLARATORY RELIEF**
16   THROUGH 20,
                                          **JURY TRIAL DEMANDED**
17                    Defendants.

18

19          Plaintiff U.S. WIRELESS CORPORATION hereby alleges and complains as

20   follows:

21                          **GENERAL ALLEGATIONS**

22          1.     Plaintiff U.S. Wireless Corporation ("U.S. Wireless") is a corporation

23   organized and existing under the laws of Delaware with its principal place of business located at

24   2303 Camino Ramon, San Ramon, Contra Costa County, California.

25          2.     Defendant Ryburn Limited is a corporation organized and existing under the

26   laws of the British Virgin Islands with its principal place of business in Matheson Trust Bank,

27   P.O. Box 316, Jardine House, 1 Wesley Street, St. Helier, Jersey JE4 8UD, Channel Islands.

28

                                          1

3.     Defendant Crossgar Limited is a corporation organized and existing under the laws of the British Virgin Islands with its principal place of business in Matheson Trust Bank, P.O. Box 316, Jardine House, 1 Wesley Street, St. Helier, Jersey JE4 8UD, Channel Islands.

4.     Upon information and belief, Plaintiff alleges that Defendant David Dahan is an adult individual whose last known principal residence is at 25/196 Ben Yehuda Street, Binian Migdalot, Tel-Aviv, Israel 63807.

5.     Upon information and belief, Plaintiff alleges that Defendant Hiam Haruvi is an adult individual whose last known principal residence is at 14/8 Rekanati, Ramat-Aviv Gimel, Tel-Aviv, Israel 69494.

6.     Defendants Does 1 through 20 were at all times relevant herein agents and/or employees of Defendants.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 20 and has therefore sued those Defendants by such fictitious names.  Plaintiff believes and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned Defendants.  Plaintiff will seek leave of court to amend this complaint to allege their true names, once they are ascertained.

7.     At all times herein mentioned, each of the Defendants was the agent and/or employee of each of the remaining Defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.  Plaintiff is informed and believes, and thereon alleges that each of the Defendants herein consented to, ratified, and authorized the acts alleged herein.

8.     As more fully set forth below, the parties to this action entered into written contracts pursuant to which they agreed that such contracts, and all rights and obligations thereunder, would be governed by the laws of the State of Delaware.  They also entered into written option agreements pursuant to which they agreed that they would be subject to personal jurisdiction in California and that venue for any proceeding or claim arising out of said

2

1    agreements shall be brought and enforced in a state court having jurisdiction over the San

2    Francisco Bay Area.

3              9.    In January 1997, U.S. Wireless engaged Defendants David Dahan and Haim

4    Haruvi to provide certain consulting services through two corporations, Ryburn Limited

5    ("Ryburn") and Crossgar Limited ("Crossgar"), by way of Consulting Agreements.  The

6    consulting services ("Consulting Services") were to include introductions to potential customers,

7    facilitating industry contacts and relationships, initiating strategic alliances and joint venture

8    opportunities, as well as providing investment banking, investor relations and general business

9    advisory services (i.e., securities investment advice).  Both Defendants Dahan and Haruvi

10   represented to U.S. Wireless that they were international investment advisors, with clients

11   through the world and that they were well known within the institutional community. Defendants

12   advised Plaintiff that they would initiate meetings and facilitate relationships with institutional

13   investors and securities industry analysis, with a goal of enabling Plaintiff to obtain widespread

14   exposure and support from the financial community.

15             10.   As compensation for the anticipated Consulting Services, Ryburn and

16   Crossgar were granted options to purchase 1,000,000 shares and 200,000 shares, respectively, of

17   U.S. Wireless common stock, pursuant to the terms and conditions of option agreements.

18             11.   Prior to May 1996, Israel enacted securities laws mandating that all persons

19   who engaged in activities as securities investment advisor must obtain a license by passing

20   written examinations and meeting certain personal ethical standards.  Upon information and

21   belief, Plaintiff alleges that no Defendant in this matter had the requisite license to act as a

22   securities investment advisor during the period of time covered by the Consulting Agreements.

23             12.   Upon information and belief, Dahan and Haruvi were convicted in Israel of

24   violations of Israeli securities laws for activities commencing in 1988 and were required to serve

25   time in prison, for which the Defendants provided six months of full-time community service,

26   during the term of the Consulting Agreements.

27

28

3

1          13.   No Defendants ever provided any of the Consulting Services required under

2    the Consulting Agreements to U.S. Wireless during the term of the agreements.  On January 1,

3    2000, the Ryburn and Crossgar Consulting Agreements expired.

4    **FIRST CAUSE OF ACTION**<br>**(BREACH OF CONTRACT)**

5

6          14.   Plaintiff re-alleges and incorporates herein paragraphs 1 through 13 above.

7          15.   On or about January 1, 1997, Plaintiff and Defendants herein entered into

8    written Consulting Agreements.

9          16.   As consideration for the services to be provided under said Consulting

10   Agreements, Plaintiff entered into option agreements ("Option Agreements") with Defendants

11   Ryburn and Crossgar for the purchase of U.S. Wireless Corporation's common stock.

12         17.   Defendants failed and refused to provide any Consulting Services to

13   Plaintiff as obligated under the Consulting Agreements in breach of those Agreements.

14         18.   At the time Defendants failed to perform their obligations, Plaintiff had

15   performed all conditions, covenants and promises required on its part to be performed and was

16   ready, able and willing to complete any additional performance on its part in accordance with the

17   terms and conditions of the Consulting Agreements and the Option Agreements.

18         19.   As a result of Defendants' failure to perform and breach of the Consulting

19   Agreements, upon information and belief, Plaintiff has been damaged at least in the amount of

20   $1,000,000.  Plaintiff will amend this complaint to state the precise amount of damages when it

21   is ascertained.

22         20.   Defendants' performance under the Consulting Agreements is a condition to

23   Plaintiff's obligation to perform under the Options Agreements.  Defendants' failure to perform

24   under and breach of the Consulting Agreements has excused Plaintiff's further performance

25   under the Option Agreements.

26         21.   Plaintiff is entitled to the recovery of reasonable attorneys' fees incurred in

27   this action pursuant to Paragraph 12 of the Consulting Agreements.

28

4

**SECOND CAUSE OF ACTION**
**(RESCISSION BASED ON FAILURE OF CONSIDERATION)**
**Cal. Civ. Code § 1689**

22.   Plaintiff re-alleges and incorporates herein paragraphs 1 through 21 above.

23.   As set forth herein, on or about January 1, 1997, Plaintiff and Defendants entered into Consulting Agreements whereby Defendants agreed to provide Consulting Services. As consideration for said services, Plaintiff entered into Option Agreements granting Defendants options to purchase U.S. Wireless stock.

24.   Plaintiff has at all times performed the terms of the Consulting Agreements in the manner specified by those Agreements, specifically by entering into the Option Agreements.

25.   There has been a material failure in the consideration received by Plaintiff, in that Defendants totally failed to perform and were without capacity, capability and/or legal ability to perform the bargained-for Consulting Services.

26.   As a result of this failure of consideration, Plaintiff has been deprived of the benefits of its bargain.

27.   Service of this complaint constitutes notice of rescission of the Consulting Agreements and Option Agreements and an offer to restore benefits received, as provided under § 1691 of the California Civil Code.

**THIRD CAUSE OF ACTION**
**(RESCISSION BASED ON FRAUD)**
**Cal. Civ. Code §§ 1572 & 1689**

28.   Plaintiff re-alleges and incorporates herein paragraphs 1 through 27 above.

29.   As set forth herein, on or about January 1, 1997, Plaintiff and Defendants entered into Consulting Agreements whereby Defendants agreed to provide Consulting Services. As consideration for said services, Plaintiff entered into Option Agreements granting Defendants options to purchase U.S. Wireless stock.

30.   At the time the parties were negotiating said Consulting Agreements, Defendants knowingly, intentionally and falsely made representations, and promised Plaintiff, that they could provide Consulting Services, which services were to include introductions to

5

1  potential customers, facilitating industry contacts and relationships, initiating strategic alliances

2  and joint venture opportunities, as well as providing investment banking, investor relations and

3  general business advisory services.  When Defendants made these representations and promises,

4  they knew them to be false.

5        31.  Defendants made the foregoing representations and promises to Plaintiff

6  with the intention to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on

7  these representations and promises, or with the expectation that Plaintiff would so act, i.e., to

8  induce Plaintiff to enter into the Consulting Agreements and to grant Defendants substantial

9  stock options in U.S. Wireless Corporation.  Defendants knew at the time they made these

10  representations that they were important and material to Plaintiff's decision to enter into the

11  Consulting Agreements and the Option Agreements and to grant substantial and valuable stock

12  options in U.S. Wireless.

13        32.  Defendants knew at the time they made the representations that they were

14  false in that Defendants never intended to fulfill those promises and moreover, Defendants were

15  without the capacity, capability and/or legal ability to fulfill their covenants in the Consulting

16  Agreements, as alleged herein, and, further, had no intention of providing the Consulting

17  Services.

18        33.  In reasonable reliance on Defendants' representations, and in ignorance of

19  the falsity thereof, Plaintiff entered into the Consulting Agreements and Options Agreements.

20        34.  Service of this complaint constitutes notice of rescission of the Consulting

21  Agreements and Option Agreements and an offer to restore benefits received, as provided under

22  § 1691 of the California Civil Code.

23  **FOURTH CAUSE OF ACTION**<br>**(FRAUD)**

24  **Cal. Civ. Code § 1710**

25        35.  Plaintiff re-alleges and incorporates herein paragraphs 1 through 34 above.

26        36.  As described above, on or about January 1, 1997, Plaintiff and Defendants

27  entered into Consulting Agreements whereby Defendants agreed to provide Consulting Services.

28

6

1    As consideration for said services, Plaintiff entered into Option Agreements granting Defendants

2    options to purchase U.S. Wireless stock.

3         37.   At the time the parties were negotiating said Consulting Agreements,

4    Defendants knowingly, intentionally and falsely made representations, and promised Plaintiff,

5    that they could provide Consulting Services, which services were to include introductions to

6    potential customers, facilitating industry contacts and relationships, initiating strategic alliances

7    and joint venture opportunities, as well as providing investment banking, investor relations and

8    general business advisory services.  When Defendants made these representations and promises,

9    they knew them to be false.

10        38.   Defendants made the foregoing representations and promises to Plaintiff

11   with the intention to deceive and defraud Plaintiff and to induce Plaintiff to act in reliance on

12   these representations and promises, or with the expectation that Plaintiff would so act, i.e., to

13   induce Plaintiff to enter into the Consulting Agreements and to grant Defendants substantial

14   stock options in U.S. Wireless Corporation.  Defendants knew at the time they made these

15   representations that they were important and material to Plaintiff's decision to enter into the

16   Consulting Agreements and the Option Agreements and to grant substantial and valuable stock

17   options in U.S. Wireless.

18        39.   Defendants knew at the time they made the representations that they were

19   false in that Defendants never intended to fulfill those promises and moreover, Defendants were

20   without the capacity, capability and/or legal ability to fulfill their covenants in the Consulting

21   Agreements, as alleged herein, and, further, had no intention of providing the Consulting

22   Services.

23        40.   In reasonable reliance on Defendants' representations, and in ignorance of

24   the falsity thereof, Plaintiff entered into the Consulting Agreements and Options Agreements.

25        41.   As the direct and proximate result of the fraudulent conduct of Defendants

26   as herein alleged, upon information and belief, Plaintiff has been damaged at least in the amount

27   of $1,000,000.  Plaintiff will amend this complaint to state the precise amount of damages when

28   it is ascertained.

7

42.   Defendants' conduct was an intentional misrepresentation, deceit or concealment of material fact known to Defendants with the intention on the part of Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, and was conduct which was intended by Defendants to cause injury to Plaintiff or despicable conduct which was carried on by Defendants with a willful and conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION
### (DECLARATORY RELIEF)

43.   Plaintiff re-alleges and incorporates herein paragraphs 1 through 42 above.

44.   An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties under the Consulting Agreements and Option Agreements.  Plaintiff contends that there has been a material failure in the consideration received by Plaintiff from Defendants under the Consulting Agreements; that Defendants fraudulently induced Plaintiff to enter into the Consulting Agreements; and that the Consulting Agreements and Option Agreements are rescinded and of no force or effect, and therefore the Consulting Agreements and Option Agreements should be cancelled and delivered up to Plaintiff by Defendants.

45.   Plaintiff desires a judicial determination of its rights and duties, and a declaration as to the parties' rights and obligations respecting the Consulting Agreements and the Option Agreements.

46.   A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights and duties respecting the Consulting and Option Agreements.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them as follows:

8

47.    On the basis of the first and fifth causes of action, that Plaintiff be awarded general damages of at least $1,000,000;

48.    On the basis of the second cause of action, that the Consulting Agreements and the Option Agreements are rescinded due to the material failure of Defendants' consideration;

49.    On the basis of the third cause of action, that the Consulting Agreements and the Option Agreements have been rescinded and/or are void and unenforceable due to Defendants' fraudulent acts;

50.    On the basis of the second and third causes of action, that the Consulting Agreements and the Option Agreements are cancelled and must be delivered up to Plaintiff;

51.    On the basis of the fourth cause of action, that Plaintiff be awarded general damages of at least $1,000,000;

52.    On the basis of the fourth cause of action, punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar misconduct;

53.    Or in the alternative, on the basis of the fifth cause of action, a declaration that there has been a material failure in the consideration received by Plaintiff from Defendants under the Consulting Agreements; that Defendants fraudulently induced Plaintiff to enter into the Consulting Agreements; and that the Consulting Agreements and Option Agreements are rescinded and of no force or effect, and therefore the Consulting Agreements and Option Agreements should be cancelled and delivered up to Plaintiff by Defendants.

54.    That Plaintiff be awarded reasonable attorneys' fees pursuant to Paragraph 12 of the Consulting Agreements;

55.    That Plaintiff be awarded its costs of suit;

56.    Any other and further relief the Court considers proper.

9

1    Dated: May 22, 2000

Respectfully submitted,

LATHAM & WATKINS
    Gregory P. Lindstrom
    Will B. Fitton

By _____
    Will B. Fitton
    Attorneys for Plaintiff
    U.S. WIRELESS CORPORATION

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

Dated: May 22, 2000

Respectfully submitted,

LATHAM & WATKINS
    Gregory P. Lindstrom
    Will B. Fitton

By _____
    Will B. Fitton
    Attorneys for Plaintiff
    U.S. WIRELESS CORPORATION

SF_DOCS\234305.1 [W97]

CASE NUMBER:
COMPLAINT FOR BREACH OF CONTRACT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

Civil Case Cover Sheet of Case No C 00- 20804 submitted by Latham and Watkins on behalf of US Wireless

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gregory P. Lindstrom (CBN 82334)<br>Will Barnett Fitton (CBN 0182818)<br>LATHAM & WATKINS<br>505 Montgomery Street, Suite 1900<br>San Francisco, CA 94111-2562<br>TELEPHONE NO.: (415) 391-0600   FAX NO.: (415) 395-8095 | **FILED**<br>2000 MAY 22  P 3 55<br>K. TORRE, CLERK OF THE SUPERIOR COURT<br>COUNTY |
| ATTORNEY FOR *(Name):* U.S. Wireless Corp. | |

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:
CONTRA COSTA SUPERIOR COURT

CASE NAME:   U.S. Wireless v. Ryburn Limited, et al.

| **CIVIL CASE COVER SHEET**<br>☐ Limited   ☒ Unlimited | **Complex Case Designation**<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 982.2) | CASE NUMBER:<br>**C00 · 02084**<br>ASSIGNED JUDGE: |
|---|---|---|

*Please complete all five (5) items below.*

**1.** Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights *(e.g., discrimination, false arrest)* (08)
☐ Defamation *(e.g., slander, libel)* (13)
☒ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence *(e.g., legal malpractice)* (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)

☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections *(e.g., money owed, open book accounts)* (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property *(e.g., quiet title)* (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)

☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800 –1812 )**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Claims involving mass tort (40)
☐ Securities litigation (28)
☐ Toxic tort/Environmental (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment *(e.g., sister state, foreign, out-of-county abstracts)* (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

**2.** This case ☐ is  ☒ is not  complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination and related actions pending in one or more courts in other counties, states or countries, or in a federal court
f. ☐ Substantial post-disposition judicial disposition

**3.** Type of remedies sought *(check all that apply):*
a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive

**4.** Number of causes of action *(specify):* 5 (breach of contract, rescission, fraud, decl. relief)

**5.** This case ☐ is  ☒ is not  a class action suit.

Date: May 22, 2000

Will Barnett Fitton (CBN 0182818)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 982.2.)
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

List of outstanding legal bills of US Wireless showing that US Wireless continued to engage Latham and Watkins as advisors in the Janvrin case even after the consolidation of the cases in Federal Court and the retention of new lead counsel (Steinhart and Falconer).

## OUTSTANDING OUTSIDE COUNSEL INVOICES

LATHAM & WATKINS

    Offering               120,889.48

    Litigation (Janvrin)    43,722.64

PEPPER HAMILTON

    FCC Regulatory       6,992.28

STEINHART & FALCONER

    Mantra Deal        11,630.33

    Litigation (Janvrin)    24,404.52

BROBECK, PHLEGER & HARRISON

    Wax Litigation      108,104.28

TOWNSEND, TOWNSEND

    Patent Filings/advice    41,430.46

          **TOTAL**      **$357,173.99**

1
2
3
4

# EXHIBIT 4

5
6
7
8
9
10
11

The list of US Wireless's $450 million public offering team including the Latham and Watkins legal team: Christopher (Kit) Kaufman, Gregory Ezring, Karen Han. The asterisk by the attorneys' name points to the note indicating that the Latham and Watkins attorneys were recipients of <u>all</u> corporate documents in that time frame – the same timeframe as the initial Janvrin litigation.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Working Group List**

**FEBRUARY 2000**

LEHMAN BROTHERS

# WORKING GROUP LIST

**US WIRELESS CORPORATION**
2303 Camino Ramon
San Ramon, CA 94583

Tel:   (925) 327-6200
Fax:  (925) 830-8821

| Name/Title | Office Telephone/Fax | Home Address & Telephone |
|---|---|---|
| **Dr. Oliver Hilsenrath\*** <br> *President, Chief Executive Officer and Director* | Tel:      (925) 327-6201 <br> Fax:     (925) 830-8821 <br> Email:   oliver@uswcorp.com | 5151 Blackhawk Drive <br> Danville, CA  94506 <br> Tel:      (925) 736-5504 <br> Mobile:  (925) 785-8812 |
| **David Klarman\*** <br> *Vice President, General Counsel, Secretary and Treasurer* | Tel:      (925) 327-6202 <br> Fax:     (925) 830-8821 <br> Email:   david@uswcorp.com | 113 Crosby Ct. #2 <br> Walnut Creek, CA  94598 <br> Tel: (925) 942-1083 <br> Mobile: (925) 787-2106 |
| **Randy Miller** <br> *Vice President, Financial & Media Relations* | Tel:      (201) 476-0123 <br> Fax:     (201) 476-0888 <br> Email:   randy@uswcorp.com | #1 Berkshire Road <br> Woodcliff, NJ  07675 <br> Tel: (201) 248-0435 <br> Mobile: (201) 248-0435 |
| **Jan Klein** <br> *Vice President, Market and Business Development* | Tel:      (973) 267-0617 <br> Fax:     (973) 829-7060 <br> Email:   caklein@worldnet.att.net | 1 Aspen Way <br> Morristown, NJ  07960 <br> Mobile: (973) 714-6150 |
| **Mark Kahn** <br> *Director, Product Development* | Tel:      (925) 327-6216 <br> Fax      (925) 830-8821 <br> Email:   mkahn@uswcorp.com | 64 Sandy Lane <br> Walnut Creek, CA  94596 <br> Tel: (925) 280-1492 <br> Mobile: (925) 980-2278 |
| **Uday Nadengran** <br> *Director of Intelligent Transportation Systems* | Tel:      (925) 327-6212 <br> Fax      (925) 830-8821 <br> Email:   uday@uswcorp.com | 2314 Farmcrest Street <br> Milpitas, CA  95035 <br> Tel: (408) 946-8030 <br> Fax: (408) 956-9146 <br> Mobile: (408) 497-0204 |

\* Receives all documents



# WORKING GROUP LIST

**LEHMAN BROTHERS INC.**
3 World Financial Center
200 Vesey Street
New York, NY 10285

Tel:  (212) 526-7000
Fax:  (212) 528-7547

| Name/Title | Office Telephone/Fax | Home Address & Telephone |
|---|---|---|
| *COMMUNICATIONS & MEDIA GROUP* | | |
| **Perry Hoffmeister*** <br> *Managing Director* | Tel:      (212) 526-1550 <br> Fax:     (212) 526-3838 <br> Email:   phoffmei@lehman.com | 12 Bradbury Place <br> Riverside, CT  06878 <br> Tel:  (203) 637-1386 <br> Fax:  (203) 698-2890 <br> Mobile:  (917) 853-6881 <br> GSM Mobile:  (917) 353-3120 |
| **Matt Grinnell*** <br> *Associate* | Tel:      (212) 526-1161 <br> Fax:     (212) 526-6706 <br> Email:   mgrinnel@lehman.com | 90 Nassau Street <br> New York, NY  10038 <br> Tel: (212) 791-5231 <br> Fax: (212) 791-5236 <br> Mobile:  (917) 215-5119 |
| **David Dorfman*** <br> *Associate* | Tel:      (212) 526-1753 <br> Fax:     (212) 526-6223 <br> Email:   ddorfman@lehman.com | 245 East 63rd Street, Apt. 1220 <br> New York NY  10021 <br> Tel: (212) 688-6175 <br> Mobile:  (917) 586-7344 |
| **Karen Rizner*** <br> *Analyst* | Tel:      (212) 526-3448 <br> Fax:     (212) 526-3838 <br> Email:   krizner@lehman.com | 888 8th Avenue, Apt. 8T <br> New York, NY  10019 <br> Tel: (212) 957-7942 <br> Mobile:  (917) 602-0705 |
| *EQUITY RESEARCH* | | |
| **John Bensche** <br> *Senior Vice President* | Tel:      (212) 526-1869 <br> Fax:     (212) 526-0465 <br> Email:   jbensche@lehman.com | 56 Church Lane <br> Scarsdale, NY  10583 <br> Tel: (914) 722-4623 <br> Fax: (914) 722-1359 |
| **Jennifer Cooke** <br> *Associate* | Tel:      (212) 526-4782 <br> Fax:     (212) 526-0465 <br> Email:   jcooke@lehman.com | 101 W. 90th Street, Apt. 21J <br> New York, NY  10024 <br> Tel:  (212) 595-8353 |

* Receives all documents



# WORKING GROUP LIST

**LEHMAN BROTHERS INC.**
3 World Financial Center
200 Vesey Street
New York, NY 10285

Tel:   (212) 526-7000
Fax:   (212) 528-7547

| Name/Title | Office Telephone/Fax | Home Address & Telephone |
|---|---|---|
| *EQUITY CAPITAL MARKETS* | | |
| **Marc L. Paley**<br>*Managing Director* | Tel:      (212) 526-9420<br>Fax:      (212) 526-6301<br>Email:   mpaley@lehman.com | 47 Cayuga Way<br>Short Hills, NJ  07078<br>Tel:  (973) 379-2069<br>Fax: (973) 378-3782 |
| **Joel Schneider***<br>*Senior Vice President* | Tel:      (212) 526-2933<br>Fax:      (212) 526-3630<br>Email:   jschneid@lehman.com | 7 Iden Avenue<br>Larchmont, NY  10538<br>Tel: (914) 834-6681<br>Fax: (914) 834-7353<br>Mobile:  (917) 673-5747 |
| **Tanya Sripanich***<br>*Analyst* | Tel:      (212) 526-0590<br>Fax:      (212) 526-3633<br>Email:   tsripani@lehman.com | 22 Third Street<br>Brooklyn, NY  11231<br>Tel: (718) 403-0561 |
| *SYNDICATE REGISTRATION* | | |
| **Arlene Salmonson**<br>*Vice President* | Tel:      (212) 526-6140<br>Fax:      (212) 526-8822<br>Email:   asalmon@lehman.com | 30 Park Avenue<br>New York, NY  10016<br>Tel:  (212)213-1641 |
| *IN-HOUSE COUNSEL* | | |
| **Randy Stuzin**<br>*Vice President* | Tel:      (212) 526-6640<br>Fax:      (212) 526-2198<br>Email:    rstuzin@lehman.com | 86 Sheridan Road<br>Scarsdale, NY  10583<br>Tel:  (914) 725-5008<br>Fax: (914) 725-5008 |
| *ROADSHOW COORDINATION* | | |
| **Berit Unni Mahany**<br>*Vice President* | Tel:      (212) 526-7860<br>Fax:      (212) 526-6107<br>Email:   umahay@lehman.com | 8 Essex Drive<br>Little Silver, NJ  07739<br>Tel:  (908) 933-4789 |

* Receives all documents

**LEHMAN BROTHERS**          SUPPL INFO RE DISQUAL LATHAM          

# WORKING GROUP LIST

**LATHAM & WATKINS**

135 Commonwealth Drive
Menlo Park, CA  94025

885 3rd Avenue
Suite 1000
New York, NY 10022

Tel:   (650) 328-4600
Fax:  (650) 463-2600

Tel:   (212) 906-1200
Fax:  (212) 751-4864

| Name/Title | Office Telephone/Fax | Home Address & Telephone |
|---|---|---|
| **Christopher (Kit) Kaufman\*** | Tel:        (650) 463-2606<br>Fax:       (650) 463-2600<br>Email:   christoper.kaufman@lw.com | 19 Blue Ridge Lane<br>Woodside, CA  94062<br>Tel: (650) 851-5173<br>Fax: (650) 851-7217<br>Mobile:(650) 464-8274<br>Pager:  (650) 870-8310 |
| **Gregory Ezring\*** | Tel:        (212) 906-1265<br>Fax:       (212) 751-4864<br>Email:   gregory.ezring@lw.com | 347 West 4th Street<br>New York, NY  10014<br>Tel:  (212) 807-0585<br><br>Some weekends:<br>267 Newlight Lane<br>Bridgehampton, NY  11934<br>Tel:  (516) 537-5847 |
| **Karen Han\*** | Tel:        (212) 906-1674<br>Fax:       (212) 751-4864<br>Email:   karen.han@lw.com | 427 East 69th Street, Apt. 2C<br>New York, NY  10021<br>Tel:  (212) 570-6083 |

\* Receives all documents



# WORKING GROUP LIST

**WEIL GOTSHAL & MANGES LLP**
767 5th Avenue
New York, NY  10153

Tel:   (212) 310-8000
Fax:   (212) 310-8007

| Name/Title | Office Telephone/Fax | Home Address & Telephone |
|---|---|---|
| **Jeremy W. Dickens\***<br>*Partner* | Tel:     (212) 310-8753<br>Fax:     (212) 310-8985<br>Email:   jeremy.dickens@weil.com | 1225 Park Avenue, Apt. 3B<br>New York, NY  10128<br>Tel: (212) 860-5477<br>Fax: (212) 426-7256<br>Mobile:  (917) 374-1696<br>Pager:  (800) 800-7759 |
| **Pippa Bond\***<br>*Associate* | Tel:     (212) 310-8545<br>Email:   philippa.bond@weil.com | 190 East 7th Street, Apt. 316<br>New York, NY  10009<br>Tel: (212) 471-2150<br>Mobile:  (917) 497-0921 |
| **Erika Weinberg\***<br>*Associate* | Tel:     (212) 310-8910<br>Email:   erika.weinberg@weil.com | 500 East 77th Street, Apt. 936<br>New York, NY  10162<br>Tel: (212) 517-8971<br>Mobile:  (917) 796-5320 |

\* Receives all documents



# WORKING GROUP LIST

**HASKELL & WHITE LLP**
16485 Laguna Canyon Road
3rd Floor
Irvine, CA  92618


Tel:      (949) 833-8312
Fax:      (949) 833-9421

| Name/Title | Office Telephone/Fax | Home Address & Telephone |
|---|---|---|
| **Wayne Pinnell**<br>*Partner* | Tel:      (949) 450-6314<br>Fax:      (949) 833-9421<br>Email:  wpinnell@hwcpa.com | 25341 Ericson Way<br>Laguna Hills, CA  92653<br>Tel:  (949) 855-8974 |
| **Rick Smetanka**<br>*Senior Manager* | Tel:      (949) 450-6313<br>Fax:      (949) 833-9421<br>Email:  rsmetanka@hwcpa.com | 19642 Highridge Way<br>Trabuco Canyon, CA  92679<br>Tel:  (949) 459-1431 |

<u>*INCOME TAX MATTERS*</u>

| | | |
|---|---|---|
| **Steve McVicar**<br>*Partner* | Tel:      (949) 450-6330<br>Fax:      (949) 833-9421<br>Email:  smcvicar@hwcpa.com | 10 Birkdale<br>Coto de Caza, CA  92679<br>Tel:  (949) 766-8034 |

\* Receives all documents

LEHMAN BROTHERS          SUPPL INFO RE DISQUAL LATHAM          US WIRELESS 

1
2
3
4

# EXHIBIT 5

5
6
7
8
9
10

Latham and Watkins's opinion of counsel for the $450 million US Wireless offering. The opinion was the result of ongoing diligence on all corporate records including the company's disputes and related legal liabilities.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PAUL R. WATKINS (1899 - 1973)
DANA LATHAM (1898 - 1974)

**LATHAM & WATKINS**

ATTORNEYS AT LAW

633 WEST FIFTH STREET, SUITE 4000
LOS ANGELES, CALIFORNIA 90071-2007
TELEPHONE (213) 485-1234
FAX (213) 891-8763

CHICAGO OFFICE
SEARS TOWER, SUITE 5800
CHICAGO, ILLINOIS 60606
PHONE (312) 876-7700, FAX 993-9767

HONG KONG OFFICE
23RD FLOOR
STANDARD CHARTERED BANK BUILDING
4 DES VOEUX ROAD CENTRAL, HONG KONG
PHONE + 852-2905-6400, FAX 2905-6940

LONDON OFFICE
ONE ANGEL COURT
LONDON EC2R 7HJ ENGLAND
PHONE + 44-171-374 4444, FAX 374 4460

MOSCOW OFFICE
ULITSA GASHEKA, 7, 9th Floor
MOSCOW 125047, RUSSIA
PHONE + 7-095 785-1234, FAX 785-1235

NEW JERSEY OFFICE
ONE NEWARK CENTER, 16th Floor
NEWARK, NEW JERSEY 07101-3174
PHONE (973) 639-1234, FAX 639-7298

NEW YORK OFFICE
885 THIRD AVENUE, SUITE 1000
NEW YORK, NEW YORK 10022-4802
PHONE (212) 906-1200, FAX 751-4864

ORANGE COUNTY OFFICE
650 TOWN CENTER DRIVE, SUITE 2000
COSTA MESA, CALIFORNIA 92626-1925
PHONE (714) 540-1235, FAX 755-8290

SAN DIEGO OFFICE
701 "B" STREET, SUITE 2100
SAN DIEGO, CALIFORNIA 92101-8197
PHONE (619) 236-1234, FAX 696-7419

SAN FRANCISCO OFFICE
505 MONTGOMERY STREET, SUITE 1900
SAN FRANCISCO, CALIFORNIA 94111-2562
PHONE (415) 391-0600, FAX 395-8095

SILICON VALLEY OFFICE
75 WILLOW ROAD
MENLO PARK, CALIFORNIA 94025-3656
PHONE (650) 328-4600, FAX 463-2600

SINGAPORE OFFICE
20 CECIL STREET, #25-02/03/04
THE EXCHANGE, SINGAPORE 049705
PHONE + 65-536-1161, FAX 536-1171

TOKYO OFFICE
INFINI AKASAKA, 8-7-15, AKASAKA, MINATO-KU
TOKYO 107, JAPAN
PHONE +813-3423-3970, FAX 3423-3971

WASHINGTON, D.C. OFFICE
1001 PENNSYLVANIA AVE., N.W., SUITE 1300
WASHINGTON, D.C. 20004-2505
PHONE (202) 637-2200, FAX 637-2201

March 13, 2000

FILE NO. 029374-0001

U.S. Wireless Corporation
2303 Camino Ramon, Suite 200
San Ramon, California  94583

      Re:    $450,000,000 Aggregate Offering
              <u>Price of Securities of U.S. Wireless Corporation</u>

Ladies and Gentlemen:

      In connection with the Registration Statement on Form S-3 filed by U.S. Wireless Corporation, a Delaware corporation (the "Company"), with the Securities and Exchange Commission (the "Commission") under the Securities Act of 1933, as amended (the "Securities Act"), on February 18, 2000 (File No. 333-30770), as amended by Amendment No. 1 filed with the Commission on the date hereof (the "Registration Statement"), you have requested our opinion with respect to the matters set forth below.

      You have provided us with a draft prospectus (the "Prospectus") which is a part of the Registration Statement.  The Prospectus provides that it will be supplemented in the future by one or more supplements to the Prospectus (each, a "Prospectus Supplement").  The Prospectus, as supplemented by various Prospectus Supplements, will provide for the registration by the Company of up to $450,000,000 aggregate offering price of (i) one or more series of senior or subordinated debt securities (the "Debt Securities"), (ii) one or more series of preferred stock, par value $.01 per share (the "Preferred Stock"), (iii) shares of common stock, par value $.01 per share (the "Common Stock"), (iv) warrants to purchase Debt Securities, Common Stock or Preferred Stock (the "Warrants") or (v) units consisting of two or more of the foregoing securities (the "Units").  The Debt Securities, Preferred Stock, Common Stock,

**LATHAM & WATKINS**

U.S. Wireless Corporation
March 13, 2000
Page 2

Warrants and Units are collectively referred to herein as the "Securities."  Any Debt Securities may be exchangeable for and/or convertible into shares of Common Stock or Preferred Stock. The Preferred Stock may also be exchangeable for and/or convertible into shares of Common Stock or another series of Preferred Stock.  The Debt Securities may be issued pursuant to one or more indentures (collectively, the "Indentures"), in each case between the Company and a trustee (each, a "Trustee").

We have made such legal and factual examinations and inquiries, including an examination of originals and copies certified or otherwise identified to our satisfaction, of all such documents, corporate records and instruments of the Company as we have deemed necessary or appropriate for purposes of this opinion.  In our examination, we have assumed the genuineness of all signatures, the authenticity of all documents submitted to us as originals, and the conformity to authentic original documents of all documents submitted to us as copies.  For purposes of this opinion, we have assumed that proper proceedings in connection with the authorization and issuance of the Securities will be timely and properly completed, in accordance with all requirements of applicable federal and New York laws and the General Corporation Law of the State of Delaware, including statutory and reported decisional law thereunder (the "Delaware GCL"), in the manner presently proposed.

As to facts material to the opinions, statements and assumptions expressed herein, we have, with your consent, relied upon oral or written statements and representations of officers and other representatives of the Company and others.  In addition, we have obtained and relied upon such certificates and assurances from public officials as we have deemed necessary.

We are opining herein as to the effect on the subject transaction only of the federal securities laws of the United States, the internal laws of the State of New York and the Delaware GCL, and we express no opinion with respect to the applicability thereto, or the effect thereon, of the laws of any other jurisdiction or, in the case of Delaware, any other laws, or as to any matters of municipal law or the laws of any local agencies within any state.

Subject to the foregoing and the other qualifications set forth herein, it is our opinion that, as of the date hereof:

1.   The Company has the authority pursuant to its Certificate of Incorporation, as amended (the "Amended Certificate"), to issue up to 40,000,000 shares of Common Stock. Upon adoption by the Board of Directors of the Company of a resolution in form and content as required by the Delaware GCL and upon issuance and delivery of and payment for such shares in the manner contemplated by the Registration Statement, the Prospectus and the related Prospectus Supplement(s) and by such resolution, and when the Registration Statement and any required post-effective amendment thereto and any and all Prospectus Supplement(s) required by applicable laws have all become effective under the Securities Act, and assuming that (i) the terms of such shares as executed and delivered are as described in the Registration Statement, the Prospectus and the related Prospectus Supplement(s), (ii) the Company has a sufficient number

LATHAM & WATKINS

U.S. Wireless Corporation
March 13, 2000
Page 3

of authorized but unissued shares under the Amended Certificate at the time of issuance, (iii) such shares as executed and delivered do not violate any law applicable to the Company or result in a default under or breach of any agreement or instrument binding upon the Company, (iv) such shares as executed and delivered comply with all requirements and restrictions, if any, applicable to the Company, whether imposed by any court or governmental or regulatory body having jurisdiction over the Company and (v) such shares are then issued and sold as contemplated in the Registration Statement, such shares of Common Stock (including, without limitation, any Common Stock duly issued upon the exchange or conversion of any shares of Preferred Stock that are exchangeable or convertible into Common Stock, upon the exercise of any Warrants exercisable for Common Stock or upon the exchange or conversion of Debt Securities that are exchangeable or convertible into Common Stock) will be validly issued, fully paid and nonassessable.

2.   The Company has the authority pursuant to the Amended Certificate to issue 1,000,000 shares of Preferred Stock.  When (a) a series of Preferred Stock has been duly established in accordance with the terms of the Amended Certificate and applicable law, and upon adoption by the Board of Directors of the Company of a resolution in form and content as required by the Delaware GCL and upon issuance and delivery of and payment for such shares in the manner contemplated by the Registration Statement, the Prospectus and the related Prospectus Supplement(s) and by such resolution, and (b) the Registration Statement and any required post-effective amendment thereto and any and all Prospectus Supplement(s) required by applicable laws have all become effective under the Securities Act, and assuming that (i) the terms of such shares as executed and delivered are as described in the Registration Statement, the Prospectus and the related Prospectus Supplement(s), (ii) the Company has a sufficient number of authorized but unissued shares under the Amended certificate at the time of issuance, (iii) such shares as executed and delivered do not violate any law applicable to the Company or result in a default under or breach of any agreement or instrument binding upon the Company, (iv) such shares as executed and delivered comply with all requirements and restrictions, if any, applicable to the Company, whether imposed by any court or governmental or regulatory body having jurisdiction over the Company and (v) such shares are then issued and sold as contemplated in the Registration Statement, such shares of such series of Preferred Stock (including, without limitation, any Preferred Stock duly issued upon the exchange or conversion of any shares of Preferred Stock that are exchangeable or convertible into another series of Preferred Stock, upon the exercise of any Warrants exercisable for Preferred Stock or upon the exchange or conversion of Debt Securities that are exchangeable or convertible into Preferred Stock ) will be validly issued, fully paid and nonassessable.

3.   When (a) the Debt Securities have been duly established in accordance with the applicable Indenture and applicable law, and upon adoption by the Board of Directors of the Company of a resolution in form and content as required by the Delaware GCL and upon due authentication, execution and delivery by the Trustee of the Debt Securities on behalf of the Company against payment therefor in the manner contemplated by the Registration Statement,

LATHAM & WATKINS

U.S. Wireless Corporation
March 13, 2000
Page 4

the Prospectus and the related Prospectus Supplement(s) and by such resolution, and (b) the Registration Statement and any required post-effective amendment thereto and any and all Prospectus Supplement(s) required by applicable laws have all become effective under the Securities Act, and assuming that (i) the terms of the Debt Securities as executed and delivered are as described in the Registration Statement, the Prospectus and the related Prospectus Supplement(s), (ii) the Debt Securities as executed and delivered do not violate any law applicable to the Company or result in a default under or breach of any agreement or instrument binding upon the Company, (iii) the Debt Securities as executed and delivered comply with all requirements and restrictions, if any, applicable to the Company, whether imposed by any court or governmental or regulatory body having jurisdiction over the Company and (iv) the Debt Securities are then issued and sold as contemplated in the Registration Statement, the Debt Securities will constitute valid and legally binding obligations of the Company, enforceable against the Company in accordance with the terms of the Debt Securities.

4.    When (a) the Warrants have been duly executed and delivered in accordance with applicable law, and upon adoption by the Board of Directors of the Company of a resolution in form and content as required by the Delaware GCL and upon issuance and delivery of and payment for the Warrants in the manner contemplated by the Registration Statement, the Prospectus and the related Prospectus Supplement(s) and by such resolution, and (b) the Registration Statement and any required post-effective amendment thereto and any and all Prospectus Supplement(s) required by applicable laws have all become effective under the Securities Act, and assuming that (i) the terms of the Warrants as executed and delivered are as described in the Registration Statement, the Prospectus and the related Prospectus Supplement(s), (ii) the Warrants as executed and delivered do not violate any law applicable to the Company or result in a default under or breach of any agreement or instrument binding upon the Company, (iii) the Warrants as executed and delivered comply with all requirements and restrictions, if any, applicable to the Company, whether imposed by any court or governmental or regulatory body having jurisdiction over the Company and (iv) the Warrants are then issued and sold as contemplated in the Registration Statement, the Prospectus and the related Prospectus Supplement(s), the Warrants will constitute valid and legally binding obligations of the Company, enforceable against the Company in accordance with their terms.

5.    When (a) the Debt Securities have been duly executed and delivered by all parties thereto, and (b) the Registration Statement and any required post-effective amendment thereto and any and all Prospectus Supplement(s) required by applicable laws have all become effective under the Securities Act, and assuming that (i) the terms of the applicable Indenture as executed and delivered are as described in the Registration Statement, the Prospectus and the related Prospectus Supplement(s), (ii) the applicable Indenture as executed and delivered does not violate any law applicable to the Company or result in a default under or breach of any agreement or instrument binding upon the Company, (iii) the applicable Indenture as executed and delivered complies with all requirements and restrictions, if any, applicable to the Company, whether imposed by any court or governmental or regulatory body having jurisdiction over the

LATHAM & WATKINS

U.S. Wireless Corporation
March 13, 2000
Page 5

Company, (iv) the Debt Securities are then issued and sold as contemplated in the Registration Statement, the Prospectus and the related Prospectus Supplement(s) and (v) the applicable Indenture has been duly authorized, executed and delivered by the Company, the applicable Indenture will constitute the valid and legally binding obligation of the Company, enforceable against the Company under the laws of the State of New York in accordance with the terms of the applicable Indenture.

      The opinions set forth in paragraphs 3 through 5 above are subject to the following exceptions, limitations and qualifications:  (i) the effect of bankruptcy, insolvency, reorganization, moratorium, fraudulent transfers and obligations or other similar laws now or hereafter in effect relating to or affecting the rights and remedies of creditors; (ii) the effect of general principles of equity, regardless of whether enforcement is considered in a proceeding in equity or at law, and the discretion of the court before which any proceeding therefor may be brought; (iii) the unenforceability under certain circumstances under law or court decisions of provisions providing for the indemnification of, or contribution to, a party with respect to a liability where such indemnification or contribution is contrary to public policy; (iv) we express no opinion concerning the enforceability of any waiver of rights or defenses with respect to stay, extension or usury laws; and (v) we express no opinion with respect to whether acceleration of Debt Securities may affect the collectibility of any portion of the stated principal amount thereof which might be determined to constitute unearned interest thereon.

      We assume for purposes of this opinion that the Company has been duly organized and is validly existing as a corporation under the laws of the State of Delaware and has the corporate power and authority to issue and sell the Securities; that the applicable Indenture has been duly authorized by all necessary corporate action by the Company; that the Trustee for each applicable Indenture is duly organized, validly existing and in good standing under the laws of its jurisdiction of organization; that the Trustee is duly qualified to engage in the activities contemplated by the applicable Indenture; that the applicable Indenture has been duly authorized, executed and delivered by the Trustee and constitutes a legal, valid and binding obligation of the Trustee, enforceable against the Trustee in accordance with its terms; that the Trustee is in compliance, generally and with respect to acting as Trustee under the applicable Indenture, with all applicable laws and regulations; and that the Trustee has the requisite organizational and legal power and authority to perform its obligations under the applicable Indenture.

      We consent to your filing this opinion as an exhibit to the Registration Statement and to the reference to our firm under the caption "Legal Matters" in the Prospectus included therein.

**LATHAM & WATKINS**

U.S. Wireless Corporation
March 13, 2000
Page 6

       This opinion is rendered only to you and is solely for your benefit in connection with the transactions covered hereby.  This opinion may not be relied upon by you for any other purpose, or furnished to, quoted to, or relied upon by any other person, firm or corporation for any purpose, without our prior written consent.

       Very truly yours,

       /s/ Latham & Watkins