1  LATHAM & WATKINS LLP
       Peter A. Wald (Bar No. 85705)
2      peter.wald@lw.com
       Darius Ogloza (Bar No. 176983)
3      darius.ogloza@lw.com
       Sarah M. Ray (Bar No. 229670)
4      sarah.ray@lw.com
       Katie Y. Chang (Bar No. 246247)
5      katie.chang@lw.com
   505 Montgomery Street, Suite 2000
6  San Francisco, California  94111-2562
   Telephone:  +415.391.0600
7  Facsimile:  +415.395.8095

8  Attorneys for Defendants
   EQUITY TRUST (JERSEY) LIMITED,
9  CAROLINE BOUGEARD AND GRANT BROWN

10 *On Behalf of All Defendants*

11                  UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  HANA HILSENRATH AND OLIVER HILSENRATH, | CASE NO. C:07-CV-3312-CW |
| 15                    Plaintiffs, | DEFENDANTS' JOINT REQUEST FOR CLARIFICATION AND JOINT MOTION TO |
| 16           v. | CONTINUE CASE MANAGEMENT CONFERENCE AND RULE 26 DISCLOSURE OBLIGATIONS |
| 17  EQUITY TRUST (JERSEY) LIMITED, | |
| 18  CANDOVER INVESTMENTS PLC, INSINGER DE BEAUFORT HOLDINGS | Date:       September 13, 2007 Time:       2:00 p.m. |
| 19  S.A., JARDINE MATHESON HOLDINGS LIMITED, GRANT BROWN, MELVYN | Place:      Courtroom 2, 4th Floor Judge:     Honorable Claudia Wilken |
| 20  KALMAN, JOHN PERKINS, CAROLINE BOUGEARD, AND DOES 1-10, | Complaint Filed:  June 25, 2007 |
| 21                    Defendants. | |

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C:07-CV-3312-CW
DEFENDANTS' JOINT REQUEST FOR CLARIFICATION AND JOINT MOTION TO CONTINUE CMC
AND RULE 26 DISCLOSURE OBLIGATIONS

## I. THERE IS GOOD CAUSE TO CONTINUE THE CASE MANAGEMENT CONFERENCE AND RULE 26 DISCLOSURE OBLIGATIONS UNTIL AFTER THE COURT HAS AN OPPORTUNITY TO RULE ON THE PENDING MOTIONS TO DISMISS

All defendants, including Equity Trust (Jersey) Limited, Candover Investments PLC, Insinger de Beaufort Holdings S.A., Jardine Matheson Holdings Limited, Grant Brown, Melvyn Kalman, John Perkins, and Caroline Bougeard (collectively "Defendants"), jointly seek confirmation from the Court that the Rule 26 disclosure obligations are not warranted in this case.[1]  In addition, Defendants move pursuant to Local Rule 6-3, to continue the Case Management Conference (set for September 27, 2007), and the parties' Rule 26 disclosure obligations, until 45 days after the Court rules on Defendants' pending motions to dismiss, or until such other time as the Court may decide is appropriate under the circumstances.  While Oliver and Hana Hilsenrath (the "Plaintiffs") indicated that they are not willing to stipulate to this continuance,[2] Defendants believe there is good cause for this continuance, for the reasons discussed below.

### A. The Parties Are Exempt From Rule 26 Obligations Where Plaintiff Is Under Federal "Custody"

This action appears to be exempt from Rule 26 disclosure requirements since the lead plaintiff, Oliver Hilsenrath, is in the custody[3] of the United States and has brought this

---

[1]   By this joint motion, Defendants in no way waive, and hereby expressly reserve, all rights (including those conferred by Fed. R. Civ. P. 12) to object to, contest or otherwise respond to the Complaint, and service thereof. This joint motion shall not be considered an acceptance of jurisdiction or waiver of service under the Federal Rules of Civil Procedure and the Hague Convention.

[2]   *See* Declaration of Sarah M. Ray ("Ray Decl."), ¶¶ 3-4, Exhs. B and C.

[3]   Mr. Hilsenrath is "in custody" even where he is serving the term of his federal sentence in home confinement.  Generally, to satisfy the "in custody" requirement, a defendant must either be in prison or jail, or else have his or her liberty under some other form of restraint as part of a state or federal sentence. *See, e.g.*, 28 U.S.C. § 2241(c)(3).  Examples of restraints short of imprisonment which qualify as "custody," include probation, parole, supervised release, and being released on bail or one's own recognizance. *See, e.g., Mujahid v. Daniels*,

action without counsel.  *See* Fed. R. Civ. P. 26(a)(1)(E)(iv) ("an action brought without counsel by a person in custody of the United States" is exempt from Rule 26 disclosures).

Here, as part of his guilty plea with the U.S. government for felony securities fraud and income tax evasion, Mr. Hilsenrath is subject to home confinement with round-the-clock electronic monitoring for a period of 12 months, through mid-2008.  *See* Ray Decl., ¶ 2, Exh. A.  Accordingly, Defendants request confirmation that the parties are exempted from Rule 26 disclosure obligations until after Mr. Hilsenrath is released from federal custody or until such time as the Court determines is appropriate after ruling on the pending motions to dismiss.

**B.    The Court Should Postpone the CMC and Rule 26 Disclosures**

In addition, Defendants believe that there is good cause to continue both the Case Management Conference (set for September 27, 2007), and the parties' Rule 26 disclosure obligations, until 45 days after the Court rules on Defendants' pending motions to dismiss, or until such other time as the Court may decide is appropriate under the circumstances.

**1.    The Defendants Have Not Been Served with Process, and It Would Be Unreasonable and Unfair to Require Defendants to Address the Merits and Management of This Case Before They Have Been Properly Served**

As set forth in Defendants' respective pending motions to dismiss,[4] plaintiffs have not served many of the Defendants.[5]  While Plaintiffs have disputed this fact in their recently filed opposition, Defendants submit that there is – at the very least – a compelling argument that they have not been served.  Defendants respectfully submit that it would be unreasonable and unfair to allow Plaintiffs to force Defendants to address the merits and management of this case before Defendants have even been served.

---

413 F.3d 991 (9th Cir. 2005), *cert. denied*, 2006 WL 151591 (U.S. 2006) (petitioner remains in the custody of the United States while on supervised release).

[4]    Defendants Kalman and Perkins have not yet filed their motion to dismiss, but they will be doing so on or before September 21, and thus, join in this motion for the same reasons articulated by the other defendants.

[5]    Candover Investments PLC did not seek dismissal on the ground of insufficient service of process.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C:07-CV-3312-CW
DEFENDANTS' JOINT REQUEST FOR CLARIFICATION AND JOINT MOTION TO CONTINUE CMC
AND RULE 26 DISCLOSURE OBLIGATIONS

1
2
3

**2.    Defendants Each Contend that There Is No Personal Jurisdiction Over Them, and It Would Be Unreasonable and Unfair to Require Defendants to Address the Merits of This Case Before The Court Has an Opportunity to Decide This Threshold Question**

4    As set forth in Defendants' respective pending motions to dismiss, Defendants

5  each contend that they are not subject to personal jurisdiction here.  While Plaintiffs have

6  disputed this fact in their recently filed opposition, Defendants each submit that there is – at the

7  very least – a compelling argument that they are not subject to personal jurisdiction, respectively.

8  Defendants respectfully submit that it would be unreasonable and unfair to require Defendants to

9  address the merits of this case before the Court has the opportunity to address the threshold

10  question as to whether this action should proceed against any of the Defendants.

11  **II.    CONCLUSION**

12    All of the Defendants in this action respectfully and jointly request that the CMC

13  and the parties' Rule 26 disclosure obligations be continued until 45 days after the Court rules on

14  Defendants' respective pending motions to dismiss, which are scheduled to be heard on

15  September 27.  Additionally, all of the Defendants in this action respectfully and jointly request

16  that the parties' Rule 26 disclosure obligations be continued until after Mr. Hilsenrath is released

17  from federal custody or until such time as the Court determines is appropriate after ruling on the

18  pending motions to dismiss.

19

20  Dated:  September 12, 2007          LATHAM & WATKINS LLP

21
                                                      By    _____/s/_____
22                                                          Sarah M. Ray

23
24
25
26
27
28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

Case Number: C:07-CV-3312-CW
DEFENDANTS' JOINT REQUEST FOR CLARIFICATION AND JOINT MOTION TO CONTINUE CMC
AND RULE 26 DISCLOSURE OBLIGATIONS