LATHAM & WATKINS LLP
   Peter A. Wald (Bar No. 85705)
   peter.wald@lw.com
   Darius Ogloza (Bar No. 176983)
   darius.ogloza@lw.com
   Sarah M. Ray (Bar No. 229670)
   sarah.ray@lw.com
   Katie Y. Chang (Bar No. 246247)
   katie.chang@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone: +415.391.0600
Facsimile: +415.395.8095

Attorneys for Defendants
EQUITY TRUST (JERSEY) LIMITED,
CAROLINE BOUGEARD AND GRANT BROWN

*On Behalf of All Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANA HILSENRATH AND OLIVER HILSENRATH,<br><br>Plaintiffs,<br><br>v.<br><br>EQUITY TRUST (JERSEY) LIMITED, CANDOVER INVESTMENTS PLC, INSINGER DE BEAUFORT HOLDINGS S.A., JARDINE MATHESON HOLDINGS LIMITED, GRANT BROWN, MELVYN KALMAN, JOHN PERKINS, CAROLINE BOUGEARD, AND DOES 1-10,<br><br>Defendants. | CASE NO. C:07-CV-3312-CW<br><br>DECLARATION OF SARAH M. RAY IN SUPPORT OF DEFENDANTS' JOINT REQUEST FOR CLARIFICATION AND JOINT MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE AND RULE 26 DISCLOSURE OBLIGATIONS; AND DEFENDANTS' JOINT MOTION FOR AN ORDER SHORTENING TIME<br><br>Date:   September 13, 2007<br>Time:   2:00 p.m.<br>Place:  Courtroom 2, 4th Floor<br>Judge:  Honorable Claudia Wilken<br><br>Complaint Filed: June 25, 2007 |

I, Sarah M. Ray, declare as follows:

1.   I am an attorney licensed to practice with the courts of the State of California. I am an associate in the law firm of Latham & Watkins LLP and an attorney of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C:07-CV-3312-CW
DECLARATION OF SARAH M. RAY
ISO DEFENDANTS' JOINT MOTIONS

record for Equity Trust (Jersey) Limited, Caroline Bougeard, and Grant Brown in the aforementioned matter. I have personal knowledge of the facts contained herein and, if called upon to do so, I could and would testify competently thereto. I make this declaration in support of Defendants' Joint Request for Clarification and Joint Motion to Continue Case Management Conference and Rule 26 Disclosure Obligations, as well as Defendants' Joint Motion for an Order Shortening Time, submitted herewith.

2. It is my understanding that Plaintiff Oliver Hilsenrath is currently serving a federally mandated term of home confinement pursuant to a criminal plea agreement. A true and correct copy of the Criminal Judgment is attached as Exhibit A.

3. On September 5, 2007, I contacted Mr. Hilsenrath by email to inform him of Defendants' understanding that Federal Rule of Civil Procedure 26(a)(1)(E) exempted the parties from the initial disclosure requirements of Rule 26(a)(1), under the circumstances of this case. I also sought Mr. Hilsenrath's agreement to stipulate to postponing these disclosures until after the Court has ruled on Defendants' pending motions to dismiss. A true and correct copy of this email is attached hereto as Exhibit B.

4. On September 5, 2007, Mr. Hilsenrath replied by email and informed me that he did not agree with "any of the suggestions" in my email. A true and correct copy of this email is attached hereto as Exhibit C.

5. An expedited determination of Defendants' Request for Clarification and Motion to Continue the Case Management Conference and Rule 26 Disclosure Obligations is necessary because the Case Management Conference is currently set for September 27, 2007, and the Rule 26 initial disclosures must be filed by September 20, 2007. A prompt determination of whether the parties must engage in initial disclosures is important to counsels' preparation for these and other upcoming dates in this matter.

6. I have obtained concurrence in the filing of these motions from each of the defendants, and will maintain records to support this concurrence for subsequent production for the court if so ordered.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

Case Number: C:07-CV-3312-CW
DECLARATION OF SARAH M. RAY
ISO DEFENDANTS' JOINT MOTIONS

7. I hereby certify that the Application for Order Shortening Time is made in good faith and for good cause.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on September 12, 2007.

_____/s/_____
Sarah M. Ray

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

Case Number: C:07-CV-3312-CW
DECLARATION OF SARAH M. RAY
ISO DEFENDANTS' JOINT MOTIONS

# EXHIBIT A

AO 245B (Rev. 6/05 - Judgment in a Criminal Case)

# United States District Court
## Northern District of California

**UNITED STATES OF AMERICA**
v.
**OLIVER HILSENRATH**

**JUDGMENT IN A CRIMINAL CASE**

USDC Case Number: CR-03-00213-001 WHA
BOP Case Number: DCAN303CR000213-001
USM Number:
Defendant's Attorney : Olliver Hilsenrath (pro se)

**THE DEFENDANT:**

[x]  pleaded guilty to count(s): Nine and Twelve of the Fourth Superseding Indictment .
[ ]  pleaded nolo contendere to count(s) __ which was accepted by the court.
[ ]  was found guilty on count(s) __ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 15 U.S.C. § 78ff | SECURITIES FRAUD | | NINE |
| 26 U.S.C. § 7201 | INCOME TAX EVASION | | TWELVE |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on count(s) __.

[x]  Count(s) one though eight, ten, eleven, thirteen and fourteen of the Fourth Superseding Indictment are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

July 9, 2007
Date of Imposition of Judgment

Signature of Judicial Officer

Honorable William Alsup, United States District Judge
Name & Title of Judicial Officer

July 9, 2007
Date

DEFENDANT: OLIVER HILSENRATH   Judgment - Page 2 of 6
CASE NUMBER: CR-03-00213-001 WHA

# PROBATION

The defendant is hereby sentenced to probation for a term of  5 years .

The defendant shall not commit another federal, state, or local crime.  The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter.

[**x**]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[**x**]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[**x**]   The defendant shall cooperate in the collection of DNA as direct as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as direct by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well with any additional conditions in this judgment.

Any appearance bond filed on behalf of the defendant is hereby exonerated.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation,  unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to

DEFENDANT:     OLIVER HILSENRATH                                        Judgment - Page 3 of 6
CASE NUMBER:   CR-03-00213-001 WHA

# SPECIAL CONDITIONS OF PROBATION

1) The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons and shall not be present in a vehicle where the defendant knows any firearm or ammunition is present.

2) The defendant shall participate in the Home Confinement with Electronic Monitoring Program and shall abide by all the requirements of the program for a period of 12 months. The defendant shall pay the cost of monitoring at the prevailing rate unless it is determined by the probation officer that he has an inability to pay. A co-payment amount will then be determined by the probation officer. The defendant is restricted to his residence at all times except for activities which have been pre-approved by the probation officer, including employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, or court ordered obligations. During the term of home confinement, the defendant shall abstain from the use of alcohol and submit to drug or alcohol testing as directed by the probation officer.

3) Unless directed in writing otherwise, the defendant shall check his voicemail and/or answering machine on a daily basis to determine if any instructions were left by the probation officer. The defendant shall follow all such instructions, including but not limited to drug testing.

4) The defendant shall pay any restitution and special assessment that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

5) The defendant shall provide the probation officer access to any requested financial information, including tax returns, and shall authorize the probation office to conduct credit checks and obtain copies of income tax returns.

6) The defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the probation officer.

7) The defendant shall not maintain a position of fiduciary capacity without the prior permission of the probation officer.

8) The defendant shall submit his/her person, residence, office, vehicle, or any property under his/her control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9) The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B (Rev. 12/03) - Judgment in a Criminal Case - sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT: OLIVER HILSENRATH | Judgment - Page 4 of 6 |
| CASE NUMBER: CR-03-00213-001 WHA | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ 2,000.00 | $ 2,000,000 (approximately) |

[ ] The determination of restitution is deferred until ＿. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | $ ＿ | $ ＿ | |

[**x**] Restitution amount ordered pursuant to plea agreement $ ＿

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ] the interest requirement is waived for the     [ ] fine     [ ] restitution.

    [ ] the interest requirement for the     [ ] fine     [ ] restitution is modified as follows:

Case 4:03-cr-00213-WHA Document 536 Filed 09/12/2007 Page 8 of 14

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:     OLIVER HILSENRATH                                          Judgment - Page 5 of 6
CASE NUMBER:   CR-03-00213-001 WHA

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [ ]  Lump sum payment of $ due immediately, balance due

   [ ]  not later than ___, or

   [ ]  in accordance with ( ) C, ( ) D, ( ) E or ( ) F below; or

B  [x]  Payment to begin immediately (may be combined with ( ) C,  ( ) D, or ( x) F below); or

C  [ ]  Payment in equal ___ (e.g. weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal ___ (e.g. weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [x]  Special instructions regarding the payment of criminal monetary penalties:
It is further ordered that the defendant shall pay to the United States a special assessment of $200, which shall be due immediately.  If incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

It is further ordered that the defendant shall pay to the United States a fine of $2,000, which shall be due immediately. If incarcerate, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

It is further ordered that the defendant shall make all effort to repatriate all remaining money and assets presently held by the Swiss authorities or frozen by the Swiss authorities in other jurisdictions, which are estimated as approximately $2,000,000. This amount will be restitution money to the United States and Mr. Hilsenrath will cause such repatriate assets to be paid to the Clerk of U.S. District Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: OLIVER HILSENRATH  Judgment - Page 6 of 6
CASE NUMBER: CR-03-00213-001 WHA

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
|  |  |  |  |  |

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# EXHIBIT B

# Ray, Sarah (SF)

| | |
|---|---|
| **From:** | Ray, Sarah (SF) |
| **Sent:** | Wednesday, September 05, 2007 4:40 PM |
| **To:** | 'oliver_hilsenrath@sbcglobal.net' |
| **Cc:** | Ogloza, Darius (SF) |
| **Subject:** | Hilsenrath v. Equity Trust et al., C-07-3312 |

Mr. Hilsenrath,

As you know, pursuant to FRCP 26(a)(1), parties generally have an obligation to confer regarding discovery disclosures at least 21 days prior to the first scheduling conference. While the September 27 conference has been listed as a "Case Management Conference," the Court may treat it as a scheduling conference. In any event, Rule 26(a)(1)(E) exempts from this requirement proceedings brought without counsel by a "person in custody of the United States." We think this exemption applies to the present situation.

We have conferred with counsel for the other defendants, and regardless of application of Rule 26(a)(1), we understand that all defendants are in favor of postponing the initial discovery disclosures until the pending motions to dismiss have been heard and resolved by the Court, as we expect the Court to clarify the parties and issues about which discovery will be necessary.

If you are in agreement, we will circulate a stipulation moving the case management conference and Rule 26 disclosures out to 45 days after Judge Wilken has issued her Order on the pending motions.

Please let us know by close of business tomorrow if you would be willing to stipulate to this extension of time.

We look forward to hearing from you.

Thanks,
Sarah Ray

**Sarah M. Ray**

**LATHAM & WATKINS** LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-2562
Direct Dial: +1.415.395.8029
Fax: +1.415.395.8095
Email: sarah.ray@lw.com
http://www.lw.com

1

# EXHIBIT C

## Ray, Sarah (SF)

**From:** Oliver Hilsenrath - SBC [oliver_hilsenrath@sbcglobal.net]
**Sent:** Wednesday, September 05, 2007 5:48 PM
**To:** Ray, Sarah (SF)
**Subject:** Re: Hilsenrath v. Equity Trust et al., C-07-3312

Dear Ms. Ray,

We do not agree to any of the suggestions in your email.

Best regards,

Oliver Hilsenrath.

> ----- Original Message ----
> **From:** Sarah.Ray@lw.com
> **To:** oliver_hilsenrath@sbcglobal.net
> **Cc:** DARIUS.OGLOZA@LW.com
> **Sent:** Wednesday, September 05, 2007 4:39 PM
> **Subject:** Hilsenrath v. Equity Trust et al., C-07-3312
>
> Mr. Hilsenrath,
> As you know, pursuant to FRCP 26(a)(1), parties generally have an obligation to confer regarding discovery disclosures at least 21 days prior to the first scheduling conference. While the September 27 conference has been listed as a "Case Management Conference," the Court may treat it as a scheduling conference. In any event, Rule 26(a)(1)(E) exempts from this requirement proceedings brought without counsel by a "person in custody of the United States." We think this exemption applies to the present situation.
>
> We have conferred with counsel for the other defendants, and regardless of application of Rule 26(a)(1), we understand that all defendants are in favor of postponing the initial discovery disclosures until the pending motions to dismiss have been heard and resolved by the Court, as we expect the Court to clarify the parties and issues about which discovery will be necessary.
>
> If you are in agreement, we will circulate a stipulation moving the case management conference and Rule 26 disclosures out to 45 days after Judge Wilken has issued her Order on the pending motions.
>
> Please let us know by close of business tomorrow if you would be willing to stipulate to this extension of time. We look forward to hearing from you.
> Thanks,
> Sarah Ray
>
> **Sarah M. Ray**
>
> LATHAM & WATKINS LLP
> 505 Montgomery Street
> Suite 2000
> San Francisco, CA 94111-2562
> Direct Dial: +1.415.395.8029
> Fax: +1.415.395.8095
> Email: sarah.ray@lw.com
> http://www.lw.com

9/12/2007