HANA HILSENRATH
OLIVER HILSENRATH
822 Eastbrook Ct.
Danville, CA 94506
Telephone: 925.212.6299
Facsimile: 925.736.7571
Email: ohlx@sbcglobal.net


PLAINTIFF *PRO SE*


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HANA HILSENRATH AND OLIVER HILSENRATH,** | Case No. 3:07-cv-3312 CW |
| **Plaintiffs,** | **REPLY TO LATHAM AND WATKINS' OPPOSITION TO BE DISQUALIFIED [DOC 69]** |
| v. | |
| **EQUITY TRUST (JERSEY) LIMITED, ET AL** | **Judge: Hon. Claudia Wilken** |
| **Defendants.** | |

Plaintiffs Hana and Oliver Hilsenrath are concerned of the absence of critical evidence in Ogloza's response - Doc 69.

First, Ogloza should have disclosed Lindstrom's report and recommendations to the Board of Directors of US Wireless of March 2000. That report is expected to have summarized Latham and Watkins' legal strategy against Janvrin, Ryburn and Crossgar as well as possibly other persons involved, such as Dahan and Haruvi.

Ogloza either cannot find that document or is reluctant to cooperate with the court – both equally concerning.

Second, Plaintiffs find it inappropriate that Latham and Watkins did not produce a declaration of Kaufman about his role in representing US Wireless, particularly as Kaufman was the senior partner managing the US Wireless relationship.

Plaintiffs were expecting a declaration in which Kaufman would describe, for example, the malicious role of Equity Trust (then Insinger Trust) in the resignation of Lehman Brothers as

underwriters for the mentioned offering.

Third, Plaintiffs were expecting Kaufman to disagree with Ogloza's characterization of a Latham and Watkins opinion of counsel, in a ½ Billion Dollars public offering, as "boiler-plate".

Kaufman would have described the depth of diligence a lawfirm conducts before issuing such opinion of counsel. That diligence requires exposure to all material records of the company.

It is clearly disingenuous for a lawfirm, whose predominant business is underwriting financial offerings, to describe its opinions of counsel in the matter of financing as "boiler-plate".

And finally, the Court is reminded that Plaintiffs are private persons - now also prevented by this Court's order from conducting preliminary discovery. Plaintiffs have only access to documents provided by the US government in the government's related cases.

Plaintiffs do not have in their possession a decade worth of US Wireless documents and correspondence as does Latham and Watkins with its systems, archives and records/attorneys' notes keeping practices.

Plaintiffs, for example, do not have in their possession a copy of the Lindstrom report and recommendation to the Board and likely many other documents and notes obtained through Latham and Watkins' representation of Hilsenrath's company US Wireless.

Finally as Ogloza seems to be unclear on the chain of event in this case, Plaintiffs are referring the Court to Hana Hilsenrath's declaration in support – Doc 72 - for an account of the relevant related events.

Dated: September 23, 2007

Respectfully submitted,

HANA HILSENRATH
Plaintiff *PRO SE*

   /s/ Hana Hilsenrath

OLIVER HILSENRATH
Plaintiff *PRO SE*

   /s/ Oliver Hilsenrath