QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John M. Potter (Bar No. 165843)
  johnpotter@quinnemanuel.com
  Rachel Herrick (Bar No. 191060)
  rachelherrick@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111
Telephone:     (415) 875-6600
Facsimile:      (415) 875-6700

Attorneys for Defendant
 INSINGER DE BEAUFORT HOLDINGS S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HANA HILSENRATH AND OLIVER HILSENRATH,<br><br>             Plaintiffs,<br><br>      v.<br><br>EQUITY TRUST (JERSEY) LIMITED, et al.,<br><br>             Defendants. | CASE NO. C:07-CV-3312 CW<br><br>INSINGER DE BEAUFORT HOLDINGS S.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENCY OF SERVICE OF PROCESS<br><br>**[Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5)]**<br><br>Date:  September 27, 2007<br>Time:  2:00 p.m.<br>Place:  Courtroom 2, 4th Floor<br>Judge:  Honorable Claudia Wilken |

# INTRODUCTION

Plaintiffs Oliver and Hana Hilsenrath's confused and rambling Opposition fails to identify even a <u>single</u> contact between defendant Insinger de Beaufort Holdings S.A. ("IBH") and the California forum—let alone the sufficient minimum contacts required to hale IBH into this Court under either a general or specific personal jurisdiction theory.

With respect to general jurisdiction, Plaintiffs proffer a handful of contacts that various *other* Insinger companies allegedly had with various *other* jurisdictions, such as the United Kingdom and New York state. These alleged contacts have no bearing, under any cognizable legal theory, on the utter lack of general personal jurisdiction over IBH in this California court.

Nor have Plaintiffs identified any connection between IBH and the alleged wrongdoing upon which their Complaint[1] is based, for purposes of satisfying the test for specific personal jurisdiction. Though Plaintiffs suggest that IBH is somehow associated with two of the alleged wrongdoers, Melvyn Kalman and John Perkins, neither person has ever been employed by, or authorized to act on behalf of, IBH. Plaintiffs also claim that certain documents related to the alleged wrongdoing are on "Insinger" letterhead. Plaintiffs' letterhead theory fails, because as these documents attest on their face, none belong to defendant IBH.

Finally, Plaintiffs effectively concede their defective service of the summons and Complaint, and argue instead that it does not matter, since the Complaint eventually found its way to IBH anyway. The law holds otherwise. Service must substantially comport with the governing rules, regardless of whether a defendant has actual notice of a plaintiff's claims.

Accordingly, this Court should dismiss the complaint for lack of personal jurisdiction pursuant to Fed R. Civ. Proc. 12(b)(2), or alternatively, for failure to properly serve the summons and complaint pursuant to Fed R. Civ. Proc. 12(b)(5).

---

[1] On September 18, 2007, Plaintiffs attempted to file a First Amended Complaint. However, as none of the new allegations are directed IBH, the new allegations are not addressed in this Reply.

# ARGUMENT

## I. Plaintiffs Fail to Meet Their Burden of Demonstrating the Existence of Personal Jurisdiction Over IBH.

Nowhere in Plaintiffs' 44-page Opposition brief do they identify even a single legal or factual basis for asserting general or specific jurisdiction over IBH. This action should be dismissed forthwith.[2]

### A. Plaintiffs Fail To Establish Any Basis For General Jurisdiction Over IBH.

Though Plaintiffs' brief at times borders on the indecipherable, it appears that Plaintiffs have asserted four primary arguments in support of their claim for general jurisdiction against IBH: (1) "Insinger de Beaufort" is a signatory of the U.S. Patriot Act and has a "designated office" in New York City; (2) "Insinger de Beaufort" makes regular filings with the IRS and SEC; (3) "Insinger de Beaufort" co-manages a New York-based investment fund; and (4) "Insinger" has a commercial banking business in the United States.[3] Plaintiffs are wrong on all four counts.

First, IBH is not a signatory to the U.S. Patriot Act, nor does it have a "designated office" in New York City. Even assuming this factor is relevant to the jurisdictional inquiry here, Plaintiffs' cited exhibit clearly states that it is Bank Insinger de Beaufort N.V., *not* IBH, that is the Patriot Act signatory with a registered agent in New York. *See* Hilsenrath Decl., Ex. 52.

---

[2] Plaintiffs' suggestion that the Court can resolve matters of jurisdiction "only at the very end of the litigation", citing *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730 (9th Cir. 1979), is misplaced. *Thornhill* dealt with whether the Court may grant summary judgment in a Sherman Act case on the basis that the alleged anti-competitive conduct occurred purely on an intrastate basis, and thus, that the plaintiff's Sherman Act claim failed as a matter of law. *Thornhill* has absolutely nothing to do with the personal jurisdiction inquiry pending before this Court.

[3] Plaintiffs also raise an argument regarding general jurisdiction based upon "nationwide contacts" under Fed. R. Civ. P. 4(k)(2), but do not assert that argument against IBH. *See* Opposition at 38.

1   Second, IBH does not make regular filings with the IRS or the SEC.  Again, even
2   assuming this factor is relevant to the jurisdictional inquiry here, Plaintiffs' cited exhibit is an SEC
3   filing made by a company called Merrimac Industries, Inc., *not* IBH.  *See* Hilsenrath Decl., Ex. 50.
4   Indeed, the only reference to any Insinger entity is to Insinger Trust (BVI) Limited—which was
5   one of the trust entities sold in May 2003, and which is listed only as a mailing address for "Adam
6   Smith Investments, Ltd.", one of the entities that submitted the filing on behalf of Merrimac.

7   Third, IBH does not co-manage a New York-based investment fund.  Plaintiffs'
8   cited exhibit, a prospectus for an investment fund, references Insinger de Beaufort RentSelect
9   N.V. (which was an investment fund, not a subsidiary, and merged into Insinger de Beaufort
10  Umbrella Fund N.V. per the prospectus) -- *not* IBH.  *See* Hilsenrath Decl., Ex. 49.

11  Fourth, IBH is not a commercial bank doing business in the United States—it is a
12  Luxembourg holding company.  *See* Mooij Decl., filed August 22, 2007, ¶ 2.  Neither of
13  Plaintiffs' purported pieces of evidence, the prospectus previously discussed (which references
14  Insinger de Beaufort RentSelect N.V., *see* Hilsenrath Decl., Ex. 50), and Bank Insinger de
15  Beaufort N.V.'s signature to the Patriot Act (*see* Hilsenrath Decl., Ex. 52), supports this assertion.

16  In sum, none of these alleged jurisdictional contacts involve IBH.  Indeed, they do
17  not even involve the state of California.  Plaintiffs have not demonstrated that IBH has any
18  contacts with California, let alone contacts "of the sort that approximate physical presence" in
19  California.  *See Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986).  This Court lacks
20  general personal jurisdiction over IBH.

21  **B.    Plaintiffs Fail to Demonstrate Any Basis for Specific Jurisdiction Over IBH.**

22  Though Plaintiffs' arguments regarding specific jurisdiction are even more
23  confused than their general jurisdiction arguments, one thing is clear—Plaintiffs have failed to
24  demonstrate it.  A generous reading of the Opposition brief yields four specific jurisdiction
25  arguments:  (1) the alleged conspiracy at issue in the Complaint, purportedly aimed at the
26  Hilsenraths (as alleged California citizens) and involving various co-conspirators (including
27  California resident Nixon Peabody), confers personal jurisdiction over all of the alleged
28  conspirators; (2) alleged wrongdoers Messrs. Kalman and Perkins were directors of "Insinger";

(3) "Insinger" engaged in settlement discussions with respect to the earlier Janvrin litigations in California that are allegedly related to the subject matter of the Complaint; and (4) "Insinger" is subject to nationwide personal jurisdiction based upon Plaintiffs' allegations of RICO violations and securities fraud in the Complaint. Plaintiffs are wrong on every single count, with respect to both the facts and the law.

   First, setting aside the incredulity of Plaintiffs' alleged conspiracy theory, it cannot confer jurisdiction over the foreign defendants here, because California has considered and expressly rejected the conspiracy theory of personal jurisdiction. *See Mansour v. Superior Court*, 38 Cal.App.4th 1750, 1760 (Cal. App. 1995) ("California does not recognize conspiracy as a basis for acquiring personal jurisdiction over a party."); *McKay v. Hageseth*, 2007 WL 1056784 at *2, n.3 (N.D. Cal. 2007) ("California does not recognize conspiracy as a basis for acquiring personal jurisdiction over a party") (quoting *Mansour*); *U.S. Vestor, LLC v. Biodata Information Technology AG*, 290 F.Supp.2d 1057, 1065 (N.D. Cal. 2003) ("The conspiracy claims are insufficient because California law does not recognize conspiracy as a basis for acquiring jurisdiction over a foreign defendant").[4] Further, to the extent Plaintiffs' conspiracy allegations are read more broadly to suggest that IBH purposefully directed its activities at a California resident, this too fails because Plaintiff has identified no alleged actions taken by IBH specifically, nor were the Hilsenraths California residents at the time in question. *See* Defendant Equity Trust (Jersey) Limited's Memorandum of Points and Authorities in Support of Motion to Dismiss, first filed July 19, 2007, at 8-9 (explaining Plaintiffs' Israeli citizenship and domicile).[5]

---

[4] Plaintiffs rely on the Maryland state case of *Mackey v. Compass Marketing, Inc.,* 391 Md. 117 (2006). *Mackey* has no bearing here, because as stated above, California (unlike Maryland) does not recognize the conspiracy theory of jurisdiction. Plaintiffs also cite *Greenbaum v. Islamic Republic of Iran*, 451 F. Supp. 3d 90 (D.D.C. 2006), which concerned allegations of terrorist acts brought under the Foreign Sovereign Immunities Act. For a host of reasons, including the obvious facts that IBH is not a foreign sovereign, *Greenbaum* too is inapposite here.

[5] Similarly, with respect to Plaintiffs' general allegations that IBH is behind the alleged wrongdoing because "Insinger's letterhead is marking the entire discovery in this case" (see
 (footnote continued)

   Second, alleged wrongdoers Messrs. Kalman and Perkins were not directors of IBH—nor have they ever been employed by IBH, or authorized to act on IBH's behalf. *See* Supplemental Mooij Declaration in Support of Insinger de Beaufort Holdings S.A..'s Motion to Dismiss, filed herewith, ¶ 4 (hereinafter "Suppl. Mooij Decl."). Indeed, the documents Plaintiffs cite in support of their allegations reference, at best, an affiliation of some kind between Kalman/Perkins and Insinger Trust Company (Jersey) Limited at its address in the United Kingdom—not IBH. *See* Hilsenrath Decl., Exs. 9, 41, 42, 43. Thus, all of Plaintiffs' allegations regarding Messrs. Kalman's and Perkins' alleged conduct (including allegedly disseminating the Hilsenraths' personal records at a meeting in London in 2000, signing a settlement agreement in the earlier Janvrin action, and other alleged conduct) cannot by any stretch be attributed to IBH.[6]

   Third, IBH did not engage in settlement discussions with respect to the earlier Janvrin litigations in California. Plaintiffs' cited evidence again references only Insinger Trust Company (Jersey) Limited at its address in the United Kingdom—not IBH. *See* Hilsenrath

---

Opposition at 25), Plaintiffs are wrong again. The "letterhead" that Plaintiffs reference as evidence of IBH's involvement is the letterhead of "Insinger Trust Company Limited," a Jersey UK corporation. *See* Hilsenrath Decl., Exs. 43-44. As explained in the Declaration of Rob Mooij submitted in support of IBH's Motion to Dismiss, there are no less than five intermediate subsidiaries between Insinger de Beaufort Trust (Jersey) Limited and IBH. *See* Mooij Decl., filed August 22, 2007, ¶ 12.

[6] Plaintiffs also allege that "Insinger is a quite small company with only one set of management..." Plaintiffs' overlapping director argument would be relevant *only* if Plaintiffs had first demonstrated that (1) some other Insinger entity is subject to personal jurisdiction in California, and (2) there exists some basis for imputing the California contacts of that other Insinger entity to IBH, such as through an alter ego or agency relationship. Plaintiffs have met neither requirement. Moreover, the fact that certain of Insinger's management hold more than one position is unremarkable. "'[I]t is entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary, and that fact alone may not serve to expose the parent corporation to liability for its subsidiary's acts.' This recognition that the corporate personalities remain distinct has its corollary in the "well established principle [of corporate law] that directors and officers holding positions with a parent and its subsidiary can and do 'change hats' to represent the two corporations separately, despite their common ownership." *United States v. Bestfoods*, 524 U.S. 51, 69 (1998); *see also Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060 (C.D. Cal. 2002) (shared officers and directors between parents and subsidiaries does not mean that decisions made by a subsidiary can be imputed to the parent).
  (footnote continued)

Decl., Ex. 9. Moreover, Plaintiffs' cited authority stands only for the unremarkable proposition that in an action to enforce a settlement agreement, specific jurisdiction may be found over a party who had come to the forum state to enter into that settlement agreement. *See Minnesota Mining & Manufacturing Co. v. Nippon Carbide Indus. Co., Inc.*, 63 F.3d 694, 698 (8th Cir. 1995). No similar facts are present here.

Fourth, IBH is not subject to nationwide personal jurisdiction under RICO or the Securities Exchange Act. "Where a defendant is properly served in the United States under RICO's nationwide service provision, that defendant's national contacts, rather than its minimum contacts with the forum state, determine whether the district court has personal jurisdiction over the defendant." *Doe v. Unocal Corp.*, 27 F.Supp.2d 1174, 1182 (C.D. Cal. 1998). Thus, because (1) IBH was not served with process in the United States (indeed, it wasn't served anywhere), and (2) IBH has no contacts with the United States as a whole (nor have Plaintiffs identified any), RICO does not confer personal jurisdiction over IBH in this Court. As for the Securities Exchange Act, plaintiffs have not even alleged a securities fraud claim (nor could they). Even if they had, this jurisdictional theory would fail for the same reason the RICO theory fails—IBH has no contacts in the United States sufficient to confer jurisdiction on this basis. *See Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1313 (9th Cir. 1985); *see also Zurich Capital Markets, Inc. v. Coglianese*, 388 F.Supp.2d 847, 857 (N.D. Ill. 2004) ("Because the [Securities Act of 1934] provides for nationwide service of process, it confers personal jurisdiction in federal court over defendants with minimum contacts with the *United States*, as long as the mandates of constitutional due process are met.") (emphasis in original).[7]

Finally, Plaintiffs overlook the simple fact that IBH is a holding company that does not manage or control the affairs of its subsidiaries or investments. See Mooij Decl., filed August

---

[7] Plaintiffs' reliance on *eMag Solutions, LLC v. Toda Kogyo Corp.*, 2006 WL 3783548 (N.D. Cal. 2006) is similarly misplaced. *See* Opposition at 12. The *eMag* case discusses nationwide personal jurisdiction under Section 12 of the Clayton Act. Because Plaintiffs have alleged no federal antitrust claims here, *eMag* is irrelevant to this proceeding.

(footnote continued)

22, 2007, ¶ 2; Suppl. Mooij Decl., ¶ 3.  Well-settled law confirms that when a holding company simply holds a subsidiary working corporation as an investment vehicle, that subsidiary is not an agent but an investment, and its activities cannot give rise to jurisdiction over the holding company—even assuming jurisdiction over the subsidiary exists, which is does not here.  *See Doe v. Unocal,* 248 F.3d 915 at 928-29.  Plaintiffs' citation to *Estate of Sumrall, ex rel. Sumrall v. Illinois Cent. R. Co.,* Case No. 2:06-CV-166 KS (MTP), 2007 WL 188643 (S.D. Miss. 2007), does nothing to change this fact.  *Sumrall* merely held that a foreign parent holding company that had held itself out as the operator of large-scale railroad activities in the state of Mississippi could be subject to specific personal jurisdiction in a suit arising from a railroad accident involving one of its trains in Mississippi.  *See Sumrall* at *4-*5.  Here, IBH has made no such representations suggesting that it conducts business in the state of California—because it does not.

In sum, Plaintiffs have identified no evidence, and articulated no cognizable legal theory, supporting the exercise of specific jurisdiction over IBH.  This action should be dismissed accordingly.  *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006).[8]

## II. PLAINTIFFS FAILED TO SERVE THE SUMMONS AND COMPLAINT ON IBH.

Plaintiffs do not deny that they failed to serve IBH with their complaint, nor do they deny that they served the complaint via Federal Express in direct contravention of federal court rules and the Hague Convention.  *See* Opposition at 9.  Plaintiffs suggest that by addressing their complaint to the "chief management" of Bank Insinger de Beaufort N.V., they met the

---

[8] Plaintiffs submit press releases from 2003 stating that a much-removed IBH subsidiary retained a minority interest in Insinger Trust Company (Jersey) Limited when it was acquired by Candover Investments. Hilsenrath Decl., Exs. 19, 46.  Plaintiffs omit that this was indeed a complete sale, but with a reinvestment of a small portion of the proceeds into a new holding company, Equity Trust Holdings Sarl, done in order to facilitation the transaction.  *See* Suppl. Mooij Decl., ¶ 2.  Equity Trust Holdings Sarl, in turn, owns a direct or indirect interest in Equity Trust (Jersey) Limited.  Regardless, the point is irrelevant, because Equity Trust Holdings Sarl, a distinct corporate entity, is no less than five corporations removed from IBH, and IBH in no way manages or controls it (or any of Equity Trust Holdings Sarl's subsidiaries or investments).
(footnote continued)

requirements of Fed. Rule Civ. Proc. 4.  Plaintiffs yet again miss the fundamental point that IBH is a distinct corporation from other Insinger entities, including Bank Insinger de Beaufort N.V., and service to one does not effect service on the other—by agreement or by operation of law.  *See* Mooij Decl., ¶ 11.  Plaintiffs suggest that this failure is immaterial, and that "service is all about notice: substance, not form."  Opposition at 9.  This Court disagrees, as shown by its dismissal of complaints for failure to comport with Rule 4.  *See Mintel Learning Technology, Inc. v. Beijing Kaida Educ. & Technology Development*, Case No. C 06-7541 (PJH), 2007 WL 951813 (N.D. Cal. March 28, 2007) ("[a] party's actual notice of an action does not provide jurisdiction without substantial compliance with service of process requirements under Rule 4"); *see also Mateo v. M/S KISO*, 805 F.Supp. 792, 794 (N.D. Cal. 1992).

Plaintiffs acknowledge that they served their complaint upon Bank Insinger de Beaufort N.V. in the Netherlands, rather than to IBH in Luxembourg.  *See* Opposition at 9.  They also acknowledge that they served the complaint via Federal Express, despite the clear law holding such service improper.  *Id.*  Plaintiffs simply ignore the fact that the summons was not directed by the clerk of the court as required for proper service.  For all these reasons, IBH to this day has never been served with the complaint in this action and the action against IBH therefore cannot lie.

## CONCLUSION

For the foregoing reasons, defendant Insinger de Beaufort Holdings S.A. respectfully requests that this Court grant its Motion to dismiss this action with prejudice, for lack of personal jurisdiction, or alternatively for deficiency of service of process.

DATED: September 27, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By_____/s/_____

|     |                                                              |
| --- | ------------------------------------------------------------ |
| 1   | _____<br>Rachel M. Herrick<br>Attorneys for Insinger de Beaufort Holdings S.A. |