DAVEN G. LOWHURST, St. Bar #124723, dglowhurst@thelen.com
PATRICK M. RYAN, St. Bar #203235, pryan@thelen.com
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
San Francisco, California  94105
Telephone:  (415) 371-1200
Facsimile:   (415) 371-1211

Attorneys for Defendant
JARDINE MATHESON HOLDINGS LIMITED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANA HILSENRATH AND OLIVER HILSENRATH,<br><br>Plaintiffs,<br><br>v.<br><br>EQUITY TRUST (JERSEY) LIMITED, CANDOVER INVESTMENTS PLC, INSINGER DE BEAUFORT SA, JARDINE MATHESON HOLDINGS LIMITED, GRANT BROWN, MELVYN KALMAN, JOHN PERKINS, CAROLINE BOUGEARD, AND DOES 1-10,<br><br>Defendants. | Case No.:  C:07-CV-3312 CW<br><br>**REPLY BRIEF OF DEFENDANT JARDINE MATHESON HOLDINGS LIMITED IN SUPPORT OF MOTION TO DISMISS**<br><br>[F.R.Civ.P. 12(b)(2) and (b)(5)]<br><br>Date:       November 1, 2007<br>Time:      2:00 p.m.<br>Place:     Courtroom 2, 4th Floor<br>Judge:    Honorable Claudia Wilken<br><br>Complaint Filed:  June 25, 2007 |

SF #1334942 v2

**TABLE OF CONTENTS**

**Page**

I.   HILSENRATH OFFERS NO FACTS OR LAW TO PROVE THAT JARDINE SHOULD BE SUBJECTED TO PERSONAL JURISDICTION IN CALIFORNIA ............ 1

    A.   Plaintiffs Do Not Dispute That They Bear The Burden Of Proving Jurisdiction Over Jardine ....................................................................................... 1

    B.   General Jurisdiction Over Jardine Cannot Be Based On Purported California Contacts Of Other Companies In Which Jardine Has Some Indirect Interest, Since The Law Respects The Separateness Of Other Companies ........................................................................................................... 1

    C.   Hilsenrath Is Unable To Prove Specific Jurisdiction Over Jardine ............................ 6

    D.   Exercising Jurisdiction Over Jardine Would Not Be Reasonable ............................... 7

II.  HILSENRATH'S ADMITTED FAILURE TO SERVE JARDINE BY ANY PERMISSIBLE MEANS OF SERVICE IS AN INDEPENDENT BASIS FOR DISMISSING THIS ACTION AS AGAINST JARDINE ....................................................... 8

III. CONCLUSION ............................................................................................................... 9

SF #1334942 v2    -i-
REPLY BRIEF OF DEFENDANT JARDINE MATHESON HOLDINGS LIMITED IN SUPPORT OF MOTION TO DISMISS
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CRB]

## I. HILSENRATH OFFERS NO FACTS OR LAW TO PROVE THAT JARDINE SHOULD BE SUBJECTED TO PERSONAL JURISDICTION IN CALIFORNIA

### A. Plaintiffs Do Not Dispute that They Bear the Burden of Proving Jurisdiction over Jardine

Plaintiffs ("Hilsenrath") do not dispute that they bear the burden of proving the necessary jurisdictional facts, i.e., that Jardine Matheson Holdings Limited ("Jardine") has sufficient contacts with California to justify forcing Jardine to defend itself in California. (*E.g., Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).)

### B. General Jurisdiction Over Jardine Cannot Be Based on Purported California Contacts of Other Companies In Which Jardine Has Some Indirect Interest, Since the Law Respects the Separateness of Other Companies

To prove general personal jurisdiction over Jardine, Hilsenrath must prove that Jardine – not an affiliate or company in which Jardine has some indirect interest – engages in "substantial, continuous and systematic" activities in California. (*E.g., Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 445 (1952).) Yet Hilsenrath is unable to offer a single contact that is relevant to whether jurisdiction is appropriate over Jardine, much less prove sufficiently systematic and continuous contacts with California to support jurisdiction.

Hilsenrath does not even attempt to dispute that Jardine does <u>not</u>:

- conduct business in California.
- pay taxes to the State of California.
- advertise in California.
- maintain offices in California.
- have officers, directors, managing agents, or employees in California.
- own real or personal property in California.
- maintain any bank account in California.[1]

---

[1] Hilsenrath relies on what appears to be an application by Ryburn Limited to open a financial account in New York in 1996. (Hilesenrath Decl., Ex. 15.) Ryburn Limited is not Jardine, nor does this New York financial application appear to have anything to do with opening an account in California. In any event, no evidence is offered to prove what this document is or how it evidences systematic and continuous contacts with California by anyone, and certainly not by Jardine.

SF #1334942 v2    -1-

REPLY BRIEF OF DEFENDANT JARDINE MATHESON HOLDINGS LIMITED IN SUPPORT OF MOTION TO DISMISS
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CW]

1          •    have an agent for service of process in California.

2 (Wilken Decl., ¶¶2-6.) Nor can Hilsenrath dispute the fact that Jardine has not filed suit, nor has it been sued, in a California court.[2]

4       Instead, Hilsenrath attaches documents to his declaration purporting to show some contacts with California by other entities that he contends are in some way affiliated with Jardine.[3] Hilsenrath's argument appears to be that Jardine, which is a publicly listed company, is subject to jurisdiction in California because it has some indirect interest in these other companies, which may conduct business in California.

9       However, as a threshold matter, the law respects the separateness of affiliates. It is well settled that "[t]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." (*Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001).) There are only two exceptions to this general rule, neither of which apply in this case. The first is where there is proof that the subsidiary is the alter ego of the parent such that the law will disregard the separateness of the two entities. (*Id.* at 925.) The other exception is where the subsidiary acts as the general agent of the parent such that the contacts of the subsidiary may be imputed to the parent. (*Id.*)

18       To satisfy the alter ego exception to the general rule that the contacts of a subsidiary are not imputable to its parent, the plaintiff must prove "(1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." (*Unocal*, 248 F.3d at 926, quoting *American Telephone & Telegraph Co. v. Companie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996).) To do this, "[t]he plaintiff must show that the parent controls the internal affairs and day-to-day operations of the subsidiary so as to "render the latter the mere instrumentality of

---

[2] Hilsenrath contends, in a conclusory manner, that previous actions filed by Janvrin, Crossgar, and Ryburn against U.S. Wireless Corp. and Hilsenrath were "brought by defendants in this case." (Opp. 11:11-13.) This is incorrect, as Jardine was never a party to any of those actions. (Wilken Supp. Decl., ¶2.) Hilsenrath, tellingly, offers absolutely no support for his contention.

[3] Jardine separately objects to and moves to strike these documents.

SF #1334942 v2      -2-

REPLY BRIEF OF DEFENDANT JARDINE MATHESON HOLDINGS LIMITED IN SUPPORT OF MOTION TO DISMISS
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CW]

1 the former." (*Harris Rutsky & Co. Insurance Services, Inc. v. Bell Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003).)

To satisfy the general agency exception to the rule that the contacts of a subsidiary are not imputable to its parent, the plaintiff must prove that the subsidiary performs services that are "sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services." (*Unocal*, 248 F.3d at 928, quoting *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994).) In other words, the plaintiff must prove that the subsidiary is engaged in a function that is so essential to the parent that the subsidiary functions "as merely the incorporated department of its parent." (*Unocal*, 248 F.3d at 928.)

Moreover, the courts have gone out of their way to "distinguish an agency relationship between a parent and its subsidiary from that of a holding company and its subsidiary, explaining that in the case of a holding company the parent could simply hold another type of subsidiary, in which case imputing the subsidiaries' contacts to the parent would be improper." (*Id.*)

### 1. Mandarin Oriental Hotel Group

Hilsenrath asserts that "Jardine are the owners of the Mandarin Oriental Hotels chain with an exquisite Mandarin Oriental Hotel in San Francisco." (Opp. 24:11–12.) This is both factually misleading and irrelevant to the question of jurisdiction. In fact, Jardine owns a partial interest in another publicly listed holding company (Jardine Strategic Holdings Limited), which in turn owns a 74% interest in another publicly listed company (Mandarin Oriental International Limited), which in turn indirectly owns an operating company that manages – but does not own – the Mandarin Oriental Hotel in San Francisco. (Wilken Supp. Decl. ¶3.) Not only does Jardine have no ownership interest (direct or indirect) in the Mandarin Oriental Hotel in San Francisco, it also has no involvement in the internal affairs or day-to-day operations of that hotel. (*Id.*) Thus, Hilsenrath is unable to establish that the Mandarin Oriental Hotel in San Francisco is an alter ego or general agent of Jardine such that the hotel's contacts may be imputed to Jardine for jurisdictional purposes.

SF #1334942 v2                            -3-

REPLY BRIEF OF DEFENDANT JARDINE MATHESON HOLDINGS LIMITED IN SUPPORT OF MOTION TO DISMISS
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CW]

**2. Pizza Hut Franchises in Asia**

Hilsenrath asserts in its opposition that "Jardine are the exclusive franchisee of Pizza Hut in Asia." (Opp. 24:13.) As a threshold matter, this is factually inaccurate. Jardine has an indirect interest in companies which hold Pizza Hut franchises in Vietnam, Taiwan, and Hong Kong, and no where else in the world. Jardine does not have an interest, direct or indirect, in Pizza Hut franchises in California, or anywhere in the U.S. for that matter. (Wilken Supp. Decl. ¶4.) Having an indirect interest in Pizza Hut franchises in *Asia* does not demonstrate a continuous and systematic contact with California that would justify jurisdiction here. (*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 480 (1985).)

**3. The Rothschilds Bank**

Hilsenrath further asserts that "Jardine are co owner of Rothschild bank with facilities in New York and Washington DC and regulated by the government," and asks the Court to rely on this as a basis for exercising general jurisdiction over Jardine. (Opp. 24:15–16; see also 37:17-22.) This is false and unsupported. Jardine holds a partial interest in a publicly listed company (Jardine Strategic Holdings Limited), which indirectly holds a 21% interest in Rothschilds Continuation Holdings AG, which has subsidiaries which in turn carry on banking business. (Wilken Supp. Decl. ¶5.) Jardine has no involvement in the internal affairs or day-to-day operations of Rothschilds Continuation Holdings AG or any bank which its subsidiaries may operate. (*Id.*) Thus, Hilsenrath has failed to establish that Rothschilds is an alter ego or general agent of Jardine such that Rothschilds' contacts may be imputed to Jardine for jurisdictional purposes.

**4. "Jardine Lloyds insurance company"**

Hilsenrath argues that Jardine is subject to general jurisdiction in California because "Jardine are the owner of a brand named Jardine Lloyds insurance company with offices throughout the world, the nation and specifically California." (Opp. 24:16–17.) Hilsenrath is legally and factually incorrect. Jardine owns a 31% interest in a publicly listed company (Jardine Lloyd Thompson Group plc), which has subsidiaries which provide insurance and reinsurance broking services, risk management advice, and employee benefit administration services and related

SF #1334942 v2                            -4-

REPLY BRIEF OF DEFENDANT JARDINE MATHESON HOLDINGS LIMITED IN SUPPORT OF MOTION TO DISMISS
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CW]

consultancy advice. (Wilken Supp. Decl. ¶6.) Jardine has no involvement in the internal affairs or day-to-day operations of Jardine Lloyd Thompson Group plc or its subsidiaries. (*Id.*) Hilsenrath has failed to demonstrate that Jardine Lloyd Thompson Group plc or any of its subsidiaries is an alter ego or general agent of Jardine such that their contacts may be imputed to Jardine for jurisdictional purposes.

In sum, personal jurisdiction cannot be established over Jardine simply because Jardine – as a holding company – holds interests in other businesses. To impute the contacts of these other businesses to Jardine for jurisdictional purposes, Hilsenrath was bound to prove that these other businesses are the alter egos or agents of Jardine. He is unable to do this. Further, Jardine's interest in every one of these four businesses is either through Jardine's partial shareholding in a publicly owned company which in turn has direct or indirect shareholdings in companies that own or manage the business (Mandarin Oriental Hotel, Rothschilds bank, and Jardine Lloyd Thompson) or has nothing to do with California (Pizza Hut franchises in Asia). Accordingly, Hilsenrath has not established any contacts, much less continuous and systematic contacts, with California on the part of Jardine.

Next, Hilsenrath argues that "Jardine Matheson is the original owner of Janvrin, Ryburn and Crossgar [Exhibit 35]" and that therefore "[i]t is Jardine Matheson who have filed the original litigations against the Hilsenraths in this jurisdiction…" (Opp. 23:13-19.) However, Hilsenrath offers no evidence whatsoever for these propositions.[4] The truth is that Jardine has never owned Janvrin, Ryburn and Crossgar, and Jardine never filed any action against the Hilsenraths. (Wilken Supp. Decl., ¶2.) Indeed, Jardine was unaware of the *Janvrin*, *Ryburn* and *Crossgar* actions against Hilsenrath until after Jardine learned of the present action. (*Id.*)

---

[4] Hilsenrath's reliance on Exhibit 35 is misplaced. Exhibit 35 purports to be two letters from entities named C.N. Limited and C.H. Limited to Matheson Trust Company (Jersey) Limited as trustee for The Garden Trust and The Green Trust, respectively, indicating that C.N. Limited and C.H. Limited are each holding a single $1 share in Ryburn Limited. This exhibit does not show that Jardine owned any interest in Ryburn, does not show that even Matheson Trust owned any interest in Ryburn (each of the $1 shares are apparently held for the benefit of The Garden Trust and the Green Trust), has no bearing on Hilsenrath's claims in this action, and does not show any contacts with California.

SF #1334942 v2                    -5-

REPLY BRIEF OF DEFENDANT JARDINE MATHESON HOLDINGS LIMITED IN SUPPORT OF MOTION TO DISMISS
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CW]

1  Finally, Hilsenrath argues that a few random documents demonstrate general jurisdiction
2 over Jardine. None are helpful or even relevant, as explained below.

3  Hilsenrath relies on what appears to be a handful of 1996 and 1998 tax forms, corporate
4 resolutions, and stock subscription agreements for Ryburn Limited or some other entity named
5 Enderlea Limited. (Hilsenrath Decl., Exs. 14, 15, 17.) Ryburn and Enderlea are not, nor have they
6 ever been, the same company as Jardine or even an affiliate of Jardine. (Wilken Supp. Decl., ¶7.)
7 Further, these documents do not demonstrate any contacts with California, as they appear to involve
8 communications directed toward New York. Likewise, Hilsenrath's assertion that "Jardine
9 Matheson opened dozens of accounts and filed dozens of tax returns for their companies in the US
10 between 1996 and 2000 (Opp. 23:21-23) is conclusory and unsupported by any evidence
11 whatsoever.

12  Hilsenrath offers a 1996 letter between Hilsenrath and Matheson Trust Company (Jersey)
13 Limited ("Matheson Trust") describing the nature of its financial services. (Hilesenrath Decl.,
14 Ex. 6.) But Hilsenrath offers no evidence demonstrating that Matheson Trust is the same entity as
15 Jardine or that its contacts are somehow imputed to Jardine. To the contrary, Matheson Trust was
16 an indirect subsidiary of Jardine until mid 2000 when it was agreed to be sold. (Wilken Supp.
17 Decl., ¶8.) Indeed, the letter itself identifies Jardine as the parent company of Matheson Trust,
18 not the same as Matheson Trust. (Hilesenrath Decl., Ex. 6, page 1, ¶ 5.) Further, Jardine was
19 not involved in the internal affairs or day-to-day operations of Matheson Trust. (Wilken Supp.
20 Decl., ¶8.)

21  **C.   Hilsenrath Is Unable to Prove Specific Jurisdiction Over Jardine**

22  Hilsenrath is unable to offer any evidence showing that Jardine purposefully availed itself
23 of the benefits of this forum in a manner sufficient to warrant a finding of specific jurisdiction.
24 Hilsenrath's claim against Jardine must be one which arises out of or results from Jardine's
25 California-related activities. (*Data Disc, Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1287
26 (9th Cir. 1977.) Here, there were no activities at all by Jardine in California, much less activities
27 that have any bearing on the claims asserted against Jardine in the complaint. (Wilken Decl.,
28 ¶¶2-6.) Thus, Hilsenrath cannot establish specific jurisdiction.

SF #1334942 v2                                       -6-

REPLY BRIEF OF DEFENDANT JARDINE MATHESON HOLDINGS LIMITED IN SUPPORT OF MOTION TO DISMISS
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CW]

In an effort to manufacture specific jurisdiction, Hilsenrath again argues that "[i]n the 2000 time frame Janvrin, Crossgar and Ryburn were owned and operated by Jardine Matheson [Exhibits 35]…" and that [u]nder Jardine Matheson they negotiated the original securities of Janvrin et al [Exhibits 7]." (Opp. 16:14-15, 16:17.)  However, Hilsenrath again offers no evidence whatsoever for these propositions.  As explained above, Jardine has never owned or operated Janvrin, Ryburn and Crossgar, nor did Jardine negotiate the "original securities" of Janvrin, Crossgar, or Ryburn. (Wilken Supp. Decl., ¶2.)  Nor do Exhibits 35 or 7 advance Hilsenrath's argument for specific jurisdiction, as they show no contacts with California, and certainly not any contacts by Jardine, and they are not the basis of Hilsenrath's claims in this action.

Consequently, there is no basis for specific jurisdiction over Jardine.

**D.      Exercising Jurisdiction Over Jardine Would Not Be Reasonable**

Apart from failing to prove that Jardine has sufficient contacts with California to conclude that Jardine purposefully availed itself of this forum, Hilsenrath has failed to prove that exercising jurisdiction over Jardine would be reasonable under the Ninth Circuit's seven-factor analysis.[5]

The seven-factor analysis demonstrates that exercising personal jurisdiction over Jardine would not be reasonable:

- Jardine has no contacts with California (even slight or minimal contacts are not sufficient).
- It would be burdensome to require Jardine to defend itself more than 3,000 miles from Bermuda, especially since Jardine has not conducted any business in California, and has not consented to jurisdiction here.
- Adjudicating Hilsenrath's claims against Jardine here would interfere with Bermuda's sovereign interest in deciding disputes allegedly arising within its territory and involving its citizens.

---

[5] The following seven factors are considered in determining whether the exercise of personal jurisdiction would be "reasonable":  (1) The extent of the defendant's purposeful interjection into the forum state; (2) the burden on the defendant of defending in the forum state; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient forum for judicial resolution of the dispute; (6) the importance of the forum to plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. (*Core-Vent Corp. v. Nobel Indus.*, *A.B.*, 11 F.3d 1482, 1487 (9th Cir. 1993).)

1  - The fact that Hilsenrath now resides in California is insufficient to justify jurisdiction against Jardine, especially given Bermuda's interest in deciding the dispute. "The primary concern is for the burden on a defendant." (*Insurance Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1272 (9th Cir. 1981).)

- Hilsenrath has not demonstrated that this Court is the most efficient forum for litigating this dispute given that every defendant is alleged to be foreign, and Hilsenrath alleges misconduct primarily outside California.

- Hilsenrath could pursue his claims against Jardine in Bermuda; the fact that California might be more convenient to Hilsenrath is of no consequence. (*See Core-Vent*, 11 F.3d at 1490 (plaintiff failed to prove it could not sue defendant in alternative forum).)

In sum, Hilsenrath cannot meet his burden of establishing either general or specific jurisdiction over Jardine, nor can he prove that the exercise of jurisdiction over Jardine would be unreasonable. Consequently, Jardine's motion to dismiss should be granted.

## II.   HILSENRATH'S ADMITTED FAILURE TO SERVE JARDINE BY ANY PERMISSIBLE MEANS OF SERVICE IS AN INDEPENDENT BASIS FOR DISMISSING THIS ACTION AS AGAINST JARDINE

Hilsenrath does not dispute that he bears the burden of proving that service was valid under Rule 4. (*Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).) Yet he is unable to refute any, much less all, of the three independent reasons why service of process on Jardine was invalid.

First, as explained in Jardine's opening brief, Jardine has no registered agent in Hong Kong for service of process, nor has Jardine consented to service of process in Hong Kong. (Wilken Decl., ¶6.) Yet Hilsenrath sent his summons and complaint to some other entity in Hong Kong. Accordingly, Jardine has not been served at all.

Second, Hilsenrath sent his summons and complaint to Hong Kong via a private international overnight courier — Federal Express — despite the fact that Rule 4 does not permit service by private overnight courier such as Federal Express. (*Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1430 (9th Cir. 1996) ("[D]elivery by Federal Express is not 'mail' for the purposes of

Rule 4.").)  The fact that Federal Express offers tracing to its customers (Opp. 9:6-7) does not excuse Hilsenrath's non-compliance with Rule 4.

Third, Hilsenrath's papers were neither mailed at the Court's direction, nor mailed by the Court clerk return-receipt requested, as is required when serving a foreign defendant by mail.  The plaintiff is not permitted to mail process himself unless he has been directed to do so by the Court.  (F.R.Civ.P. 4(f)(3); 4(f)(2)(C)(ii); *Brockmeyer*, 383 F.3d at 808–09 (9th Cir. 2004) [invalidating service of process where plaintiff mailed its summons and complaint without prior direction from the district court, and did not have the clerk of the court mail process in a manner requiring return receipt].)  Hilsenrath's quotation from *Nanya Tech. Corp. v. Fujitsu, Ltd.* (2007 U.S. Dist. Lexis 5754) (Opp. 9:21-10:2) confirms, rather than undermines, the need to serve process in compliance with Rule 4.

Hisenrath appears to argue that (a) Jardine can be served via an agent in Hong Kong, and (b) this Court should look the other way in terms of service because there was no prejudice to Jardine.  (Opp. 9:5-17, 10:3-8.)  However, (a) Jardine has no authorized agent for service of process in Hong Kong (a point Hilsenrath does not dispute), and (b) the law does not put the burden on the defendant to prove it was not prejudiced in order to be entitled to proper service of process.

Accordingly, the motion should be granted for the independent reason that Jardine has not been served with the summons and complaint.

### III.    CONCLUSION

Jardine respectfully requests that its motion be granted and that this action be dismissed as against Jardine for lack of personal jurisdiction and for failure to serve Jardine with process.

Dated:  September 27, 2007                                                Respectfully submitted,

THELEN REID BROWN RAYSMAN & STEINER LLP

By  _____*/s/ Daven G. Lowhurst*_____
DAVEN G. LOWHURST
Attorneys for Defendant
JARDINE MATHESON HOLDINGS LIMITED

SF #1334942 v2                                          -9-

REPLY BRIEF OF DEFENDANT JARDINE MATHESON HOLDINGS LIMITED IN SUPPORT OF MOTION TO DISMISS
[HILSENRATH v. EQUITY TRUST, et al., Case No. 3:07-CV-03312 CW]