LATHAM & WATKINS LLP
  Peter A. Wald (Bar No. 85705)
  peter.wald@lw.com
  Darius Ogloza (Bar No. 176983)
  darius.ogloza@lw.com
  Sarah M. Ray (Bar No. 229670)
  sarah.ray@lw.com
  Katie Y. Chang (Bar No. 246247)
  katie.chang@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone: +415.391.0600
Facsimile: +415.395.8095

Attorneys for Defendants
EQUITY TRUST (JERSEY) LIMITED,
CAROLINE BOUGEARD AND GRANT BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANA HILSENRATH AND OLIVER HILSENRATH,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>EQUITY TRUST (JERSEY) LIMITED, CANDOVER INVESTMENTS PLC, INSINGER DE BEAUFORT HOLDINGS S.A., JARDINE MATHESON HOLDINGS LIMITED, PHILIP JOSEPH AUSTIN, GRANT BROWN, MELVYN KALMAN, JOHN PERKINS, CAROLINE BOUGEARD, AND DOES 1-10,<br><br>　　　　　　Defendants. | CASE NO. C:07-CV-3312-CW<br><br>DEFENDANTS EQUITY TRUST (JERSEY) LIMITED, CAROLINE BOUGEARD, AND GRANT BROWN'S REPLY TO PLAINTIFFS' OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS ON GROUNDS OF INSUFFICIENT SERVICE, LACK OF JURISDICTION, VENUE, AND *FORUM NON CONVENIENS*<br><br>Date:　November 1, 2007<br>Time:　2:00 p.m.<br>Place:　Courtroom 2, 4th Floor<br>Judge:　Honorable Claudia Wilken<br><br>Complaint Filed: June 25, 2007 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED, CAROLINE BOUGEARD, AND GRANT BROWN'S REPLY TO PLAINTIFFS' OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS

**TABLE OF CONTENTS**

| | | | Page |
|---|---|---|---|
| I. | | INTRODUCTION | 1 |
| II. | | THE FORUM SELECTION CLAUSES MANDATE DISMISSAL | 2 |
| | A. | The Forum Selection Clause Governs Plaintiffs' Claims | 3 |
| | B. | Enforcement of the Forum Selection Clauses is Reasonable | 4 |
| III. | | PERSONAL JURISDICTION IS IMPROPER | 5 |
| | A. | Plaintiffs' Contact Theories of Personal Jurisdiction Lack Merit | 6 |
| | | 1. The Ninth Circuit Does Not Follow *Mackey* | 6 |
| | | 2. Plaintiffs' Consent-Based Allegations Also Lack Merit | 7 |
| | B. | Exercise of Nationwide Personal Jurisdiction over ETJL is Unavailable | 7 |
| | | 1. Personal Jurisdiction under RICO or the 1934 Act is Inapposite | 8 |
| | | 2. Plaintiffs Fail to Show Sufficient National Contacts by ETJL | 9 |
| | C. | Plaintiffs Fail to Establish Personal Jurisdiction Over Bougeard and Brown | 12 |
| | D. | Resolving the Jurisdictional Issue Must Precede Trial | 13 |
| IV. | | PLAINTIFFS' SERVICE OF PROCESS WAS INSUFFICIENT. | 14 |
| V. | | THE DOCTRINE OF *FORUM NON CONVENIENS* REQUIRES DISMISSAL | 15 |
| VI. | | CONCLUSION | 15 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED, CAROLINE BOUGEARD, AND GRANT BROWN'S REPLY TO PLAINTIFFS' OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Amini Innovation Corporation v. JS Imports Inc.*
   2007 U.S. Dist. LEXIS 43758 (C.D. Cal. May 21, 2007) ..................................................... 4

*Bridgeport Music, Inc. v. Rhyme Syndicate Music*
   376 F.3d 615, 623 (6th Cir. 2004) ...................................................................................... 14

*Brockmeyer v. May*
   383 F.3d 798, 801 (9th Cir. 2003) ...................................................................................... 14

*Butcher's Union Local No. 498 v. SDC Invest., Inc.*
   788 F.2d 535, 539 (9th Cir. 1986) .................................................................................... 8, 9

*Calder v. Jones*
   465 U.S. 783, 790 (1984) ................................................................................................ 7, 12

*Cannon Mfg Co. v. Cudahy Packing Co.*
   267 U.S. 333, 337 (1925) ..................................................................................................... 10

*Click v. Dorman Long Tech., Ltd.*
   2006 U.S. Dist. LEXIS 68978 at 14-15 (N.D. Cal. 2006) .................................................. 13

*Consolidated Dev. Corp. v. Sheritt, Inc.*
   216 F.3d 1286, 1293 (11th Cir. 2000) ....................................................................... 10, 11

*Cybersell, Inc. v. Cybersel*
   130 F.3d 414, 420 (9th Cir. 1997) ...................................................................................... 10

*Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174
   1184 (C.D.Cal. 1998) (aff'd by *Doe v. Unocal Corp.*, 248 F.3d 915
   (9th Cir. 2001) ........................................................................................................................ 8

*Flinkote Co. v. Gen. Accident Assur. Co. of Canada*
   2004 WL 1977220 at *2 (N.D. Cal. Sept. 7, 2004) ............................................................ 10

*Glencore Grain v. Rotterdam B.V. v. Shivnath Rai Harnarain Co.*
   284 F.3d 1114, 1127, n 7 (9th Cir. 2002) ........................................................................... 12

*Helicopteros Nacionales de Colombia, S.A. v. Hall*
   466 U.S. 408, 418 (1984) ..................................................................................................... 11

*Hilsenrath v. Switzerland*
   Case No. 07-cv-02782-WHA .............................................................................................. 1

*Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*,
   485 F.3d 450 (9th Cir. 2007) ....................................................................................... 11, 12

*In re Bulk [Extruded] Graphite Prods. Antitrust Litig.*
   2006 U.S. Dist. LEXIS 45762, at *13 (D.N.J.) .................................................................. 14

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED,
CAROLINE BOUGEARD, AND GRANT BROWN'S
REPLY TO PLAINTIFFS' OPPOSITION TO ALL
DEFENDANTS' MOTIONS TO DISMISS

*Indiana Plumbing Supply v. Standard of Lynn*
  880 F. Supp. 743, 750 (C.D. Cal. 1995) ............................................................................ 2

*Jumara v. State Farm Ins. Co.*
  55 F.3d 873, 880 (3d Cir. 1995) ....................................................................................... 4

*Karsten Mfg. Corp. v. U.S. Golf Ass'n*
  728 F. Supp. 1429 (D. Ariz. 1990) ................................................................................... 6

*Kipperman v. McCone*
  422 F. Supp. 860 (N.D. Cal. 1976) ................................................................................... 6

*KVOS, Inc. v. Assoc. Press*,
  299 U.S. 269 (1936) ................................................................................................ 12, 14

*Land v. Dollar*, 330 U.S. 731, 735 (1947) ............................................................................ 14

*LeDuc v. Kentucky Cent. Life Ins. Co.*
  814 F. Supp. 820, 826 (N.D. Cal. 1992) ........................................................................... 8

*M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1 (1972) ..................................................... 2

*M2 Software Inc. v. M2 Communications LLC*
  149 Fed. Appx. 612, 615 (9th Cir. 2005) .................................................................... 7, 12

*Mackey v. Compass Mktg.*
  391 Md. 117 (Md. Ct. App. 2006) .................................................................................... 6

*Manetti-Farrow, Inc. v. Gucci*
  858 F.2d 509, 514 (9th Cir. 1988) .................................................................................... 4

*Mansour v. Super. Ct. of Orange County*
  38 Cal. App. 4th 1750 (Cal. Ct. App. 1995) ..................................................................... 6

*McDonough v. Fallon McElligott Inc.*
  1996 U.S. Dist. LEXIS 15139 at 7-9 (S.D. Cal. 1996) ................................................... 11

*Mid-Continent Wood Prod., Inc. v. Harris*
  936 F.2d 297, 301 (7th Cir. 1991) .................................................................................. 15

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*
  473 U.S. 614, 1629 (1985) ............................................................................................... 5

*MMCA Group, Ltd. v. Hewlett-Packard Co.*
  2007 U.S. Dist. LEXIS 37315, 21-25 (N.D. Cal. 2007) ................................................... 6

*Northrop Corp. v. Triad Int'l Mktg, S.A.*
  811 F.2d 1265, 1270 (9th Cir. 1987) ............................................................................ 4, 5

*Omeluk v. Langsten Slip & Batbyggeri A/S*
  52 F.3d 267, 270 (9th Cir. 1995) .................................................................................... 10

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*
  149 F.3d 1086, 1090 (10th Cir. 1998) ............................................................................ 14

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED,
CAROLINE BOUGEARD, AND GRANT BROWN'S
REPLY TO PLAINTIFFS' OPPOSITION TO ALL
DEFENDANTS' MOTIONS TO DISMISS

*Pebble Beach Co. v. Caddy*
  453 F.3d 1151, 1158-59 (9th Cir. 2006) .................................................................... 9, 11

*Prewitt Enter., Inc. v. Org. of Petroleum Exporting Countries*
  353 F.3d 916, 924-925 (11th Cir. 2003) ........................................................................ 14

*Scherk v. Alberto-Culver Co.*
  417 U.S. 506, 517 n.11 (1974) .......................................................................................... 5

*Spector v. L.Q. Motor Inns, Inc.*
  517 F.2d 278, 284 (5th Cir. 1975) ................................................................................. 14

*Starlight Co., Inc. v. Arlington Plastics Mach., Inc.*
  2001 WL 677908 (N.D. Cal. June 8, 2001) .................................................................... 4

*Thornhill Publishing Co. v. General Tel. & Electronics*
  594 F.2d 730 (9th Cir. 1979) .......................................................................................... 13

*Transure, Inc. v. Marsh & McLennan, Inc.*
  766 F.2d 1297, 1299 (9th Cir. 1985) ............................................................................... 7

*Unisys Corp. v. Access Co., Ltd.*
  2005 WL 3157457 (N.D. Cal.) ......................................................................................... 4

*United States v. Hilsenrath*
  Case No. CR-03-213, WHA, Docket # 392 .................................................................... 2

**STATUTES**

18 U.S.C.S. § 1965(b) ................................................................................................ 9, 10, 11

U.S.C.S. § 1965(b) ................................................................................................................ 10

**OTHER AUTHORITIES**

27 Bus. Law. 61, 63-64 (1971) ............................................................................................. 9

Securities Exchange Act of 1934 ..................................................................................... 7, 9

Sherman Act
  595 F.2d at 739 ................................................................................................................ 13

**RULES**

Federal Rule of Civil Procedure 4(k)(2) ("Rule 4(k)(2)") .............................................. 7, 9, 10

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED, CAROLINE BOUGEARD, AND GRANT BROWN'S REPLY TO PLAINTIFFS' OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS

Defendants Equity Trust (Jersey Limited ("ETJL"), Caroline Bougeard ("Bougeard") and Grant Brown ("Brown") ("moving defendants," collectively) reply as follows to plaintiffs' opposition to moving defendants' motion to dismiss.

## I. INTRODUCTION

Despite taking over forty pages to present their opposition to defendants' motions to dismiss, plaintiffs Oliver and Hana Hilsenrath (the "Hilsenraths") fail to acknowledge, much less effectively rebut, the forum selection clauses contained in their signed agreements with ETJL, which designate Jersey as the proper forum to entertain this dispute. Rather, plaintiffs repeatedly assert—as if saying it enough times will make it so—that "previous litigations" were brought in this district by the named defendants, even though this is plainly false. None of the defendants named in plaintiffs' complaint have appeared in any related litigation of which the moving defendants are aware, and in fact, this Court expressly *rejected* plaintiffs' previous attempt to add moving defendant, ETJL, as a party to Case No. C-02-1068. *See* Order at Docket # 269. Plaintiffs' reliance on this fiction lacks merit.

Plaintiffs' failure to even address their signed agreements with ETJL is telling. Israeli citizens and domiciliaries, the Hilsenraths engaged the services of a Jersey trust company to provide trust services for their assets. They could have maintained these assets in California or Israel or any other jurisdiction of their choosing.[1] Instead, plaintiffs chose to engage a Jersey trust company, signed an agreement governed by Jersey law, placed their assets in trusts governed by Jersey trust law, and covenanted to "submit to the jurisdiction of the courts" of Jersey. Plaintiffs should be compelled to honor the parties' presumptively valid choice of forum, especially because the Northern District of California has no genuine interest in this dispute, and, indeed, the Hilsenraths appear poised to leave California as soon as Mr. Hilsenrath serves his

---

[1] It appears that the Hilsenraths also kept assets in Switzerland, another indication of their sophistication and experience with international financial institutions. *See, e.g., Hilsenrath v. Switzerland*, Case No. 07-cv-02782-WHA, currently pending in the Northern District of California.

1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED, CAROLINE BOUGEARD, AND GRANT BROWN'S REPLY TO PLAINTIFFS' OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS

1  criminal sentence.[2]  *See M/S Bremen v. Zapata Offshore Co.,* 407 U.S. 1 (1972) (forum selection

2  clauses in international contracts are presumptively valid).

3  Plaintiffs rely on the same "previous litigations" fiction to support exercise of

4  personal jurisdiction over moving defendants.  Plaintiffs do not attempt to controvert the sworn

5  declarations of Philip Austin, Caroline Bougeard or Grant Brown establishing moving

6  defendants' lack of meaningful contacts with California.  Rather, they assert, erroneously, that

7  the contacts of other entities involved in "previous litigations" should be imputed to moving

8  defendants.  Alternatively, plaintiffs contend, also erroneously, that nationwide service is

9  applicable.  Finally, as to Bougeard and Brown, plaintiffs fail to present any viable theory of

10 personal liability which would permit these defendants' corporate actions undertaken on behalf

11 of ETJL to be imputed to them individually.  *See, e.g., Indiana Plumbing Supply v. Standard of

12 Lynn*, 880 F. Supp. 743, 750 (C.D. Cal. 1995).  These individual defendants simply have no

13 place in this case

14 Lastly, plaintiffs have not advanced any good reason why their defective service

15 of process should not be quashed or why this forum should be burdened with this litigation

16 involving a Jersey trust company and Israeli citizens in California for the "sole purpose" of

17 defending a criminal prosecution (and subsequently, serving a criminal sentence).  Accordingly,

18 this action should be dismissed on these alternative grounds.[3]

19 **II.   THE FORUM SELECTION CLAUSES MANDATE DISMISSAL**

20 The Hilsenraths do not dispute that forum selection clauses are "presumptively

21 valid" or that they bear a "heavy burden" in showing that the clauses should not be enforced.

22 Nor do the Hilsenraths argue that this dispute falls outside the scope of their signed contracts

---

[2]  *See United States v. Hilsenrath*, Case No. CR-03-213, WHA, Docket # 392:  Motion to Correct Sentence Under *Rule* 35 And Application To Clarify Condition of Supervision, signed by Oliver Hilsenrath on July 16, 2007 (stating: "On July 9, 2007, this Court issued its sentence.  Oliver Hilsenrath opted to start the 12 months home confinement immediately with the intention to be free to leave the United States as soon as possible thereafter").

[3]  A recital of the relevant facts is available in defendant ETJL's memorandum of points and authorities in support of its motion to dismiss at Docket #13.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED, CAROLINE BOUGEARD, AND GRANT BROWN'S REPLY TO PLAINTIFFS' OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS

1  with ETJL or that it would be unreasonable to enforce their signed agreements.  Rather, the
2  Hilsenraths simply ignore the existence of the Company Management Agreements (CMAs) that
3  bear their signatures, and the forum selection clauses contained therein, and rely instead on the
4  fiction that moving defendants have selected this forum by engaging in prior litigation here.  This
5  is an inadequate defense to enforcement of the forum selection clauses.

      **A.**      **The Forum Selection Clause Governs Plaintiffs' Claims**

7        The Hilsenraths do not dispute that in May 1996 and August 1999, they entered
8  into CMAs with ETJL as to two relevant structures: (i) Aida Holdings Ltd.[4] and (ii) Oliver
9  Hilsenrath Family Investments Limited ("OHFI").  Austin Decl., Exhs. F & G.  Both CMAs bear
10 the signatures of Oliver Hilsenrath and Hana Hilsenrath.  *See id.*  The CMAs also include forum
11 selection and choice of law clauses requiring application of Jersey law and submission of
12 disputes implicating the CMAs to the Jersey courts.  Specifically, the CMAs provide:

> 8.  THIS AGREEMENT shall be governed by construed and
> interpreted in accordance with the laws of the Island of Jersey, and
> all parties shall submit to the jurisdiction of the courts of the said
> Island.

16 *See id.*, Exhs. F, ¶ 8 & G, ¶8.

17       Plaintiffs' opposition states that they are "bringing a case against Equity et al on
18 the basis of harbouring an extortion scheme that targeted" the Hilsenraths, and that "[n]one of the
19 agreements presented by Equity raise a meaningful argument against California Federal
20 Jurisdiction."  Opp. at 42.  Although this conclusory statement hardly qualifies as an argument,
21 to the extent plaintiffs are trying to say that their claims fall outside the scope of their contracts
22 with ETJL, the argument is inapt.  As made clear in moving defendants' opening papers,
23 resolution of plaintiffs' tort claims against moving defendants will require *interpretation* of the
24 CMAs between  plaintiffs and ETJL.  A party "cannot avoid enforcement of the forum selection
25 clause merely by couching its claims in tort…" *Indemnity Ins. Co. v. Schneider Freight USA,*

---

[4] Aida Holdings Ltd. was renamed Borazon and continued to be administered under the same Company Management Agreement.  Austin Decl., ¶ 13.

3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED, CAROLINE BOUGEARD, AND GRANT BROWN'S REPLY TO PLAINTIFFS' OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS

1  *Inc.*, 2001 WL 1356247 at 5 (C.D. Cal. 2001).  Under Ninth Circuit law, "[a]ny causes of action
2  arising out of or implicating the contract containing the forum selection clause are subject to that
3  clause." *Starlight Co., Inc. v. Arlington Plastics Mach., Inc.*, 2001 WL 677908 at *4 (N.D. Cal.
4  June 8, 2001) (citing *Manetti-Farrow, Inc. v. Gucci*, 858 F.2d 509, 514 (9th Cir. 1988).  In
5  *Manetti-Farrow*, the Ninth Circuit enforced the forum selection clause before it, reasoning that
6  plaintiff's tort claim "relate[] in some way to rights and duties enumerated in the exclusive
7  dealership contract" and, therefore, "cannot be adjudicated without analyzing whether the parties
8  were in compliance with the contract."  858 F.2d at 514.  *Manetti-Farrow* is controlling and
9  dispositive.

10  **B.  Enforcement of the Forum Selection Clauses is Reasonable**

11  Plaintiffs also assert that a party may not object to venue "if the objective is solely
12  to shift expenses from plaintiffs to defendants."  Opp. at 42.  Plaintiffs cite to a recent case out of
13  the Central District of California, *Amini Innovation Corporation v. JS Imports Inc.*, 2007 U.S.
14  Dist. LEXIS 43758 (C.D. Cal. May 21, 2007), apparently for the proposition that plaintiff's
15  choice of forum is to be afforded significant weight.  This case is inapposite for several reasons.
16  First, there was no forum selection clause at issue in *Amini,* which involved a patent
17  infringement claim between parties lacking any contractual relationship.  Where the parties have
18  not agreed in advance on a forum to resolve disputes, courts may afford plaintiff's choice of
19  forum significant weight.  However, "[w]hile courts normally defer to a plaintiff's choice of
20  forum, such deference is inappropriate where the plaintiff has already freely contractually chosen
21  an appropriate venue…. [Thus,] the plaintiffs bear the burden of demonstrating why they should
22  not be bound by their contractual choice of forum." *Unisys Corp. v. Access Co., Ltd.*, 2005 WL
23  3157457 (N.D. Cal.) at *5, (*quoting Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 880 (3d Cir.
24  1995)).  The Hilsenraths fail to make this showing.

25  Moreover, *Amini* involved a patent dispute between New York and California
26  corporations that did no business in each other's states.  The test for determining the appropriate
27  venue for that domestic dispute is inapplicable to this dispute which arises between parties whose
28  international commercial contract includes a forum selection clause.  In *Northrop Corp. v. Triad*

4

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED, CAROLINE BOUGEARD, AND GRANT BROWN'S REPLY TO PLAINTIFFS' OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS

*Int'l Mktg, S.A.*, the Ninth Circuit observed: "choice of law and choice of forum provisions in international commercial contracts are an almost indispensable precondition to achievement of the orderliness and predictability essential to any international business transaction, and should be enforced absent strong reasons to set them aside." 811 F.2d 1265, 1270 (9th Cir. 1987). In other words, "concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement, **even assuming that a contrary result would be forthcoming in a domestic context**." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 629 (1985) (emphasis added). As the Supreme Court has explained, in a similar context, there is "no basis for a judgment that only United States laws and United States courts should determine this controversy in the face of a solemn agreement between the parties that such controversies be resolved elsewhere." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 517 n.11 (1974). In short, plaintiffs have failed to carry their "heavy burden" to show that the parties' forum selection clauses should not be enforced.

Lastly, contrary to plaintiffs' assertions, most of the key documentary evidence, all of the individual defendants and many of the likely third-party witnesses in these cases are located outside of California. Compelling discovery of third-party witnesses and defendants' employees in California will be cumbersome, expensive and time-consuming. Moreover, as the CMAs "shall be governed by construed and interpreted in accordance with the laws of the Island of Jersey," it is plainly reasonable to have Jersey courts apply Jersey law.[5]

### III. PERSONAL JURISDICTION IS IMPROPER

Plaintiffs have failed to allege facts warranting exercise of personal jurisdiction over any moving defendant. There is nothing in their opposition to the contrary. Rather, the

---

[5] Plaintiff Oliver Hilsenrath should not be heard to complain that adjudication of this dispute in Jersey will be unreasonable as to him based on his enforced presence in California. These defendants should not be haled into court in California, despite an enforceable forum selection clause, merely because Mr. Hilsenrath has pleaded guilty to felonies in this jurisdiction and subsequently lost his freedom of movement. Plaintiff Hana Hilsenrath is free to travel to Jersey and can maintain this action on behalf of both plaintiffs until her husband serves his federally mandated sentence.

5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED,
CAROLINE BOUGEARD, AND GRANT BROWN'S
REPLY TO PLAINTIFFS' OPPOSITION TO ALL
DEFENDANTS' MOTIONS TO DISMISS

opposition concedes that the moving defendants are foreign persons with limited or no contacts to California.  The opposition relies principally on inapposite, out-of-Circuit case law for the proposition that bare allegations of conspiracy are sufficient to exercise personal jurisdiction.  This is not the law of the Ninth Circuit.  Plaintiffs' reliance on the demonstrably false proposition that moving defendants have consented to personal jurisdiction by engaging in previous, related litigation here is equally unavailing.  Lastly, plaintiffs attempt to demonstrate that personal jurisdiction is warranted based on nationwide contacts.  None of these theories establishes a *prima facie* case of personal jurisdiction over any moving defendant.

### A. Plaintiffs' Contact Theories of Personal Jurisdiction Lack Merit

#### 1. The Ninth Circuit Does Not Follow *Mackey*

Citing to *Mackey v. Compass Mktg.,* 391 Md. 117 (Md. Ct. App. 2006), no less than nine times throughout their opposition brief, the Hilsenraths assert that jurisdiction is proper over these defendants because they were allegedly members of a conspiracy and that a co-conspirator acted in this forum.  First and foremost, plaintiffs' reliance on *Mackey*, 391 Md. 117, is misplaced.  In fact, as the *Mackey* decision observes: "[i]ntermediate state appellate courts in California…have rejected the conspiracy theory" of personal jurisdiction discussed in *Mackey* and cites to decisions of other Ninth Circuit district courts, including the Northern District of California, for the proposition that many federal courts have "declined to adopt [the conspiracy theory], holding that it is inconsistent with due process."  *See id.* at 128, n.3 (citing *Mansour v. Super. Ct. of Orange County*, 38 Cal. App. 4th 1750 (Cal. Ct. App. 1995); *Karsten Mfg. Corp. v. U.S. Golf Ass'n*, 728 F. Supp. 1429 (D. Ariz. 1990); *Kipperman v. McCone*, 422 F. Supp. 860 (N.D. Cal. 1976).

Indeed, in *Kipperman*, 422 F. Supp. at 873, this very Court concluded that "personal jurisdiction over any non-resident individual must be premised upon forum-related acts personally committed by the individual" and that "imputed conduct is a connection too tenuous to warrant the exercise of personal jurisdiction."  Accordingly, exercising personal jurisdiction over any moving defendant based on the bare allegations of conspiracy in plaintiffs' complaint would be inconsistent with applicable law.  *See, e.g., MMCA Group, Ltd. v. Hewlett-*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*Packard Co.*, 2007 U.S. Dist. LEXIS 37315, 21-25 (N.D. Cal. 2007) (refusing to apply the conspiracy theory of personal jurisdiction, noting that "the majority of courts in California have held that the forum-related activity of co-conspirators cannot be attributed or imputed to nonresident defendants" and that in the Ninth Circuit "the validity of conspiracy theory of jurisdiction in [the] circuit is in doubt").

### 2. Plaintiffs' Consent-Based Allegations Also Lack Merit

Plaintiffs also assert that personal jurisdiction over ETJL is proper because ETJL availed itself of this forum by litigating *Janvrin et al v. Hilsenrath et al.*, Case No. 4:02-cv-01068-CW (filed March 5, 2002 ("Janvrin"), in this Court. In advancing this argument, plaintiffs overlook the fact that this Court expressly denied plaintiffs' motion to join ETJL as a party in *Janvrin*. *See* Order at Docket # 269. In fact, ETJL never appeared in any capacity in *Janvrin*, was never a party to that litigation, and plaintiffs fail to provide any evidence to rebut the declaration of Philip Joseph Austin establishing that ETJL is a separate entity from the plaintiffs in those cases. *See Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985) ("[c]orporate separation, though perhaps merely formal, [is] real") (citations omitted).

### B. Exercise of Nationwide Personal Jurisdiction over ETJL[6] is Unavailable

The Hilsenraths essentially concede that no basis exists for exercising personal jurisdiction over any of the moving defendants based on their contacts with California. Instead, plaintiffs argue that personal jurisdiction is warranted by virtue of moving defendants' national contacts based on Federal Rule of Civil Procedure 4(k)(2) ("Rule 4(k)(2)"), RICO, and the Securities Exchange Act of 1934 ("1934 Act"). The nationwide jurisdictional provisions under RICO and the 1934 Act are wholly inapplicable to this case. Moreover, the Hilsenraths fail to

---

[6] It appears from their opposition brief, the Hilsenraths are not asserting nationwide personal jurisdiction over Brown and Bougeard and as addressed below, we note that since the only contacts they allege are those of ETJL, nationwide personal jurisdiction would not be applicable to these individual defendants. *See, e.g., M2 Software Inc. v. M2 Communications LLC*, 149 Fed. Appx. 612, 615 (9th Cir. 2005) (under the fiduciary shield doctrine, "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit the forum to assert jurisdiction over the person"); *Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Petitioners are correct that their contacts with California are not to be judged according to the employer's activities there").

7

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED, CAROLINE BOUGEARD, AND GRANT BROWN'S REPLY TO PLAINTIFFS' OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS

establish a *prima facie* case that this Court's exercise of personal jurisdiction over ETJL, based on Rule 4(k)(2), comports with due process.

### 1.   Personal Jurisdiction under RICO or the 1934 Act is Inapposite

#### a.   RICO

Plaintiffs cannot establish that RICO's nationwide service provisions are applicable. "The nationwide service of process authorized by the RICO statute is conditional and provides that such process is available if it is shown that the ends of justice require that persons outside the district be brought before the court, pursuant to 18 U.S.C.S. § 1965(b)." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 826 (N.D. Cal. 1992). The Ninth Circuit interprets this provision as "enabl[ing] plaintiffs to bring all members of a nationwide RICO conspiracy before a court in a single trial." *Butcher's Union Local No. 498 v. SDC Invest., Inc.,* 788 F.2d 535, 539 (9th Cir. 1986). In order to obtain nationwide service of process pursuant to §1965(b): (1) the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy, and (2) the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators. *Id*.

RICO's nationwide service of process provisions are not applicable to foreign defendants, such as the moving defendants, who were "served"[7] outside of the United States. *See* U.S.C.S. § 1965(b) ("the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any *judicial district of the United States* by the marshal thereof") (italics inserted); *Doe v. Unocal Corp.,* 27 F. Supp. 2d 1174, 1184 (C.D.Cal. 1998) (aff'd by *Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001)) ("[b]ecause RICO's 'national contacts' test is based on the rule that a court may obtain personal jurisdiction over a defendant by effecting service under a federal statute authorizing nationwide or worldwide service, RICO does not apply where, as here, the defendant is served outside of the United States"). Further, as

---

[7] See Section IV discussing defective service of process.

8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED, CAROLINE BOUGEARD, AND GRANT BROWN'S REPLY TO PLAINTIFFS' OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS

1  explained in moving defendants' opening papers, plaintiffs fail to establish that there is personal
2  jurisdiction over any single defendant in the Northern District of California, a prerequisite to
3  application of the nationwide service provisions. *Butcher's Union Local No. 498*, 788 F.2d. at
4  539 ("merely naming persons in a RICO complaint does not, in itself, make them subject to
5  section 1965(b)'s nationwide service provisions).

### b. 1934 Act

Plaintiffs also cannot establish that the worldwide service of process provisions applicable to securities fraud actions are relevant to this case. Plaintiffs reference the "relaxed jurisdiction standards" related to "securities fraud" and argue that they should be applied to this case because the purported acts involve "securities of a public company US Wireless and *Janvrin v. Hilsenrath* involved an S3 registration with the SEC." Opp. Para. 13, p. 34-35. In an action to enforce liability under the Securities Exchange Act of 1934 ("1934 Act"), defendants can be served anywhere in the world. *See* 15 USC §§ 77aa & 78aa. However, nowhere in their complaint do plaintiffs assert a claim under the 1934 Act, nor would a claim be feasible considering the alleged wrongdoing and the scope of the 1934 Act. *See* Levinson, The Role of the SEC as a Consumer Protection Agency, 27 Bus. Law. 61, 63-64 (1971) ("The dominant purpose of the Securities Exchange Act of 1934 is, as you know, disclosure of current information on the securities of publicly held companies and the regulation of broker-dealers and the public trading markets in which they operate"). Plaintiffs reliance on these provisions is misplaced.

### 2. Plaintiffs Fail to Show Sufficient National Contacts by ETJL

Plaintiffs reliance on Rule 4(k)(2) is also misplaced. To establish personal jurisdiction under this Rule, plaintiff must show that: (1) his claim arises under federal law; (2) the defendant is not subject to the personal jurisdiction of any state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction comports with due process). *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158-59 (9th Cir. 2006). To meet this test, plaintiffs must show, as they fail to do here, that personal jurisdiction exists over ETJL when considering its contacts with the United States.

9

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED, CAROLINE BOUGEARD, AND GRANT BROWN'S REPLY TO PLAINTIFFS' OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS

a. No General Jurisdiction Exists Over ETJL

Plaintiffs fail to establish that ETJL's contacts with the United States are "substantial" or sufficiently "continuous and systematic" to support this Court's exercise of general jurisdiction based on Rule 4(k)(2). *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995); *Consolidated Dev. Corp. v. Sheritt, Inc.,* 216 F.3d 1286, 1293 (11th Cir. 2000) ("we emphasize that a nonresident corporation's contacts with the forum that are unrelated to the litigation must be substantial in order to warrant the exercise of personal jurisdiction under Rule 4(k)(2)"). The necessary contacts are those that are so pervasive as to "approximate a physical presence." *Flinkote Co. v. Gen. Accident Assur. Co. of Canada*, 2004 WL 1977220 at *2 (N.D. Cal. Sept. 7, 2004).

Plaintiffs' complaint accurately describes ETJL as a "foreign (non-US) corporation," Cmpl. ¶ 26, which operates "in far foreign countries, from Jersey/UK." Cmpl. ¶ 39. ETJL has headquarters and operations located exclusively in Jersey, Channel Islands in the U.K. Austin Decl. ¶ 3. ETJL does not have (and never has had) an office, mailing address or any employees in the United States. Austin Decl. ¶ 6. It is not registered or licensed to do business in the U.S., does not conduct business in the U.S. and has not designated an agent for service of process in the U.S. Austin Decl. ¶ 8. ETL does not maintain bank accounts or own real property. Austin Decl. ¶¶ 5, 6.

The Hilsenraths' allegations that ETJL has offices in New York, maintains a website, and has financial products for U.S. persons are not sufficient to meet the "substantial" contacts necessary for nationwide general jurisdiction under 4(k)(2). *See Doe*, 27 F. Supp. 2d at 1181 (noting that the Ninth Circuit extends general personal jurisdiction to foreign companies only in very limited circumstances). In fact, the Hilsenraths are mistaken in contending that ETJL has a presence in New York. Equity Trust, ETJL's corporate parent, maintains a sales office in New York. Austin Decl., ¶ 4. *See Cannon Mfg Co. v. Cudahy Packing Co.*, 267 U.S. 333, 337 (1925) (it is well established that as long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other). Further, that Equity Trust maintains a website which describes its financial products is

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED, CAROLINE BOUGEARD, AND GRANT BROWN'S REPLY TO PLAINTIFFS' OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS

not sufficient to support general jurisdiction over ETJL. *See Cybersell, Inc. v. Cybersell,* 130 F.3d 414, 420 (9th Cir. 1997) (finding no personal jurisdiction arising from a website that could be accessed by Arizona residents but where defendant did "nothing to encourage people in Arizona to access its site, and there is not evidence that any part of its business…was sought or achieved in Arizona"); *McDonough v. Fallon McElligott Inc.,* 1996 U.S. Dist. LEXIS 15139 at 7-9 (S.D. Cal. 1996) ("[b]ecause the Web enables easy world-wide access, allowing computer interaction via the web to supply sufficient contacts to establish jurisdiction would eviscerate the personal jurisdiction requirement as it currently exists; the Court is not willing to take this step"). Even the fact that ETJL may have some U.S. customers is not a sufficient basis to establish general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984) (engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the forum's borders).

      b.  No Specific Jurisdiction Exists Over ETJL

Demonstrating specific jurisdiction over a defendant requires a showing that : (1) defendant performed some act by which it "purposefully avail[ed] [it[sel[f] of the privilege of conducting activities in the forum," *and* (2) plaintiffs' claims "arise out of" or "result[s] from" the defendant's forum-related contacts, *and* (3) the forum's exercise of personal jurisdiction in the particular case comports with "fair play and substantial justice." *Omeluk*, 52 F.3d at 270. Plaintiffs' misleading assertions about ETJL's contacts with the United States do not add anything to the specific jurisdictional analysis because they cannot assert that their claims arise out of these contacts with the United States. *See Pebble Beach*, 453 F.3d at 1155 (to establish specific jurisdiction under Rule 4(k)(2), plaintiff must show that his claim arises out of or results from the defendant's forum-related activities) (citations omitted); *Consolidated Dev. Corp.*, 216 F.3d at 1292 (11th Cir. 2000) (where claims do not arise out of defendant's national contacts, there can be no specific jurisdiction). Thus, for the reasons stated in ETJL's motion to dismiss, there is also no basis for the assertion of specific nationwide jurisdiction over ETJL. *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007) (noting that cases in which courts have concluded that Rule 4(k)(2) conferred jurisdiction have involved defendants

11

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED, CAROLINE BOUGEARD, AND GRANT BROWN'S REPLY TO PLAINTIFFS' OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS

1   with extensive contacts to this country).

2   In short, exercise of personal jurisdiction over ETJL pursuant to Rule 4(k)(2)
3   would not be consistent with due process. *Glencore Grain v. Rotterdam B.V. v. Shivnath Rai*
4   *Harnarain Co.*, 284 F.3d 1114, 1127, n 7 (9th Cir. 2002).

5   **C.   Plaintiffs Fail to Establish Personal Jurisdiction Over Bougeard and Brown**

6   Especially as to Bougeard and Brown, plaintiffs fail to meet, and cannot meet
7   their burden to allege and establish facts demonstrating personal jurisdiction. *KVOS, Inc. v.*
8   *Assoc. Press*, 299 U.S. 269, 278 (1936); *Holland*, 485 F.3d at 458 ("unsubstantiated and vague
9   statement[s]" do not establish a prima facie case for jurisdiction). The Hilsenraths concede, by
10  failing to raise the issue, that there is no basis for the exercise of general jurisdiction over Brown
11  and Bougeard. As to specific jurisdiction, even if we accept the Hilsenraths' bare allegation that
12  Brown and Bougeard began their involvement with the BVI companies "on or around 2003,"[8]
13  the Hilsenraths concede that neither Brown nor Bougeard had knowledge of, nor involvement
14  with, the Hilsenraths or the BVI companies between November/December 2000 and March
15  2002, the dates that bookend the purportedly wrongful course of conduct alleged in the
16  complaint. *See* Cmpl. ¶ 15.

17  The Hilsenraths also make the unsupported allegation that jurisdiction over
18  Bougeard and Brown is proper because they "instructed" the 2002 litigation of the BVI
19  companies against Hilsenrath. However, Bougeard and Brown's contacts on behalf of ETJL or
20  the BVI companies are insufficient to warrant the exercise of personal jurisdiction as to either
21  defendant individually. *See, e.g., M2 Software Inc. v. M2 Communications LLC*, 149 Fed. Appx.
22  612, 615 (9th Cir. 2005) (under the fiduciary shield doctrine, "a person's mere association with a
23  corporation that causes injury in the forum state is not sufficient in itself to permit the forum to
24  assert jurisdiction over the person"); *Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Petitioners are
25  correct that their contacts with California are not to be judged according to the employer's

---

[8] In fact, neither Brown and Bougeard had any involvement with the Hilsenraths or with the BVI companies prior to June 2004. Brown Decl. ¶¶ 4, 14; Bougeard Decl. ¶¶ 3, 14, 16.

12

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED,
CAROLINE BOUGEARD, AND GRANT BROWN'S
REPLY TO PLAINTIFFS' OPPOSITION TO ALL
DEFENDANTS' MOTIONS TO DISMISS

1  activities there"). In order for fiduciary shield protections to be unavailable to defendants acting
2  on behalf of their employer – in order for personal jurisdiction to be exercised over an individual
3  defendant – a defendant's contacts must give rise to some identifiable theory of liability pursuant
4  to which the defendant's contacts on behalf of the corporate employer may justifiably be imputed
5  to the defendant individually. *See, e.g., Indiana Plumbing Supply*, 880 F. Supp. at 750.

6  The Hilsenraths fail to assert a *prima facie* case that either Bougeard or Brown
7  were the "central figure" or "guiding spirit" behind the alleged wrongdoing. *Indiana Plumbing*
8  *Supply*, 880 F.Supp. at 750 (internal citations omitted). Bougeard was merely an authorized
9  signatory of ETJL and administrative staff member, never holding an officer or director position.
10 Bougeard Decl. ¶¶ 3, 4, 17. *See, e.g, Click v. Dorman Long Tech., Ltd.*, 2006 U.S. Dist. LEXIS
11 68978 at 14-15 (N.D. Cal. 2006) (finding that where defendant is not alleged to be an executive
12 officer, director or primary shareholder, and is only alleged to be an employee, the court is not
13 compelled as in *Davis* to disregard the fiduciary shield doctrine). As to both Bougeard and
14 Brown, the Hilsenraths fail to allege any single act by which they directed the purported
15 wrongdoing. *See, e.g., Indiana Plumbing Supply*, 880 F. Supp. 743 (finding that the president
16 was not a primary participant of purported trademark infringement even where president had sole
17 responsibility of advertising, but did not himself develop the advertising campaigned which was
18 the focus of the alleged wrongdoing and did not choose to use the phrase "The Source" alone,
19 but was one of a group of three who made the decision). Accordingly, there is no basis for
20 personal jurisdiction over Bougeard and Brown, and nowhere in their opposition do the
21 Hilsenraths dispute that the exercise of jurisdiction over these individual defendants—under the
22 seven factor reasonableness test—would be improper.

23  **D.   Resolving the Jurisdictional Issue Must Precede Trial**

24  Plaintiffs cite *Thornhill Publishing Co. v. General Tel. & Electronics*, 594 F.2d
25  730 (9th Cir. 1979), for the proposition that this Court should resolve jurisdictional issues only
26  after trial. *Thornhill*, 594 F.2d 730, which deals with the specific case of *subject matter*
27  *jurisdiction* arising under the Sherman Act, where the jurisdictional issue and the substantive
28  issue are at times "so intermeshed that the question of jurisdiction is dependent on a decision on

13

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED,
CAROLINE BOUGEARD, AND GRANT BROWN'S
REPLY TO PLAINTIFFS' OPPOSITION TO ALL
DEFENDANTS' MOTIONS TO DISMISS

the merits," is plainly inapposite. 595 F.2d at 739. Since a court without jurisdiction over the parties cannot render a valid judgment, a court must generally address "Defendants' personal jurisdiction arguments *before reaching the merits* of the case." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998). Plaintiffs have not even met their burden necessary to survive a motion to dismiss of making a prima facie showing of jurisdictional facts as to ETJL, Bougeard, or Brown. *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936). Moreover, in this case, where defendants' lack of contacts with the forum are uncontroverted, the decision on the jurisdictional issues is not dependent on decision on the merits as to warrant a determination of personal jurisdiction at trial. *cf. Land v. Dollar*, 330 U.S. 731, 735 (1947); *Spector v. L.Q. Motor Inns, Inc.,* 517 F.2d 278, 284 (5th Cir. 1975).

## IV.     PLAINTIFFS' SERVICE OF PROCESS WAS INSUFFICIENT

Plaintiffs fail to meet their burden to establish that service was proper with respect to defendants ETJL, Bougeard or Brown. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2003).

While it is true that Article 10(a) of the Hague Convention allows for service by mail, plaintiffs continue to ignore Ninth Circuit precedent requiring service by international mail to comply, in addition, with FRCP 4(f)(2)(C)(ii) or FRCP 4(f)(3). *See Brockmeyer,* 383 F.3d at 808-809. As *Brockmeyer* makes clear, service of process should have been "sent by the clerk of the court" or delivered in a manner "specifically directed by the district court" under the circumstances of this case. *Id*.

Plaintiffs' reliance on the principle that service is merely about substance, not form is misplaced. Opp. at 9. The cases upon which plaintiffs rely in support of this proposition involve circumstances in which parties did everything required by the rules governing service of process, and *through no fault of their own*, service was ineffective. *See, e.g., In re Bulk [Extruded] Graphite Prods. Antitrust Litig.*, 2006 U.S. Dist. LEXIS 45762, at *13 (D.N.J.) (dismissal unwarranted because plaintiffs took all the necessary steps to serve in Germany but German Central Authority was delinquent). When the defects in service are attributable to the party attempting service, as here, even actual notice will not prevent dismissal. *See, e.g.,*

14

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED, CAROLINE BOUGEARD, AND GRANT BROWN'S REPLY TO PLAINTIFFS' OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS

1  *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004); *Prewitt*
2  *Enter., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 924-925 (11th Cir. 2003);
3  *Mid-Continent Wood Prod., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991).

**V.    THE DOCTRINE OF *FORUM NON CONVENIENS* REQUIRES DISMISSAL**

In opposing dismissal on the grounds of *forum non conveniens*, plaintiffs conveniently gloss over a number of important considerations:

- Jersey law will govern plaintiffs' claims against ETJL, Bougeard and Brown. Jersey courts are best equipped to decide these issues.
- None of the alleged misconduct by any moving defendant occurred in the United States. The key evidence and witnesses are located in Jersey or the UK.
- California has no interest in burdening its courts and citizens with litigation that bears no relationship to California other than it being the temporary residence of plaintiffs while one of them serves out his federal term of incarceration.

Where plaintiffs do argue against dismissal on grounds of *forum non conveniens*, they do so by asserting that "defendants in this litigation initiated all 4 litigations … therefore they have already selected this forum as the appropriate forum to adjudicate this matter." Opp. at 41. As discussed above, this statement is demonstrably false, as no named defendant has been a party in any related matter in this court, and thus could not have "selected this forum."

**VI.    CONCLUSION**

In sum, plaintiffs have advanced no good reason why this forum should be burdened with this foreign dispute, particularly as plaintiffs agreed to litigate such disputes in Jersey in the first place. The complaint as to moving defendants should be dismissed.

Dated: September 27, 2007

                      Respectfully Submitted,
                      LATHAM & WATKINS LLP

                      By /s/ Katie Chang
                      ATTORNEYS FOR ETJL

15

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS EQUITY TRUST (JERSEY) LIMITED, CAROLINE BOUGEARD, AND GRANT BROWN'S REPLY TO PLAINTIFFS' OPPOSITION TO ALL DEFENDANTS' MOTIONS TO DISMISS