| | |
|---|---|
| 1 | REGINALD D. STEER (SBN 56324) |
|   | rsteer@akingump.com |
| 2 | MARIA ELLINIKOS (SBN 235528) |
|   | mellinikos@akingump.com |
| 3 | ANDREW CHO (SBN 240957) |
|   | acho@akingump.com |
| 4 | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
|   | 580 California Street, 15th Floor |
| 5 | San Francisco, California 94104-1036 |
|   | Telephone:   415-765-9500 |
| 6 | Facsimile:    415-765-9501 |

Attorneys for Specially Appearing Defendant
Candover Investments PLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HANA HILSENRATH AND OLIVER HILSENRATH, | Case No. 07-3312 (CW) |
| Plaintiffs, | **REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| v. | |
| EQUITY TRUST (JERSEY) LIMITED, CANDOVER INVESTMENTS PLC INVESTMENTS PLC, INSINGER DE BEAUFORT SA, JARDINE MATHESON HOLDINGS LIMITED, GRANT BROWN, MELVYN KALMAN, JOHN PERKINS, CAROLINE BOUGEARD AND DOES 1-10, | Date:    November 1, 2007 |
|  | Time:    2:00 p.m. |
|  | Ctrm:    2, 4th floor |
| Defendants. | |

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................1

II. ARGUMENT........................................................................................................................2

    A. This Court Cannot Exercise Personal Jurisdiction Over Candover Investments PLC Because Candover Investments PLC Lacks The Requisite Contacts With California ...................................................................................................................2

        1. General Jurisdiction Does Not Exist...........................................................2

        2. Specific Jurisdiction Does Not Exist ..........................................................3

    B. Other Entities' Contacts With California or the United States Do Not Subject Candover Investments PLC to Personal Jurisdiction.................................................4

        1. Plaintiffs' Fail to Prove Alter Ego..............................................................4

        2. Plaintiffs Fail to Prove Agency...................................................................6

        3. Plaintiffs' Allegations of Conspiracy Do Not Establish Personal Jurisdiction..................................................................................................7

    C. This Court Cannot Exercise Personal Jurisdiction Over Candover Investments PLC Pursuant to Rule 4(k)(2) ..................................................................................8

    D. This Court May Not Exercise Nationwide Personal Jurisdiction ..........................10

III. CONCLUSION...................................................................................................................11

i

REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# TABLE OF AUTHORITIES

## CASES

Abrams Shell v. Shell Oil Co.,
    165 F. Supp. 2d 1096 (C.D. Cal. 2001) .......................................................... 10

American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert, S.A.,
    94 F.3d 586 (9th Cir. 1995) ............................................................................ 4

Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.,
    1 F.3d 848 (9th Cir. 1993) .............................................................................. 2

In re Automobile Antitrust Cases I & II,
    135 Cal. App. 4th 100 (2005) ................................................................. 6, 7, 8

Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,
    223 F.3d 1082 (9th Cir. 2000) ........................................................................ 2

Bourassa v. Desrochers,
    938 F.2d 1056 (9th Cir. 1991) ................................................................. 3, 11

Brand v. Menlove Dodge,
    796 F.2d 1070 (9th Cir. 1986) ........................................................................ 3

Butcher's Union Local No. 498 v. SDC Investment, Inc.,
    788 F.2d 535 (9th Cir. 1986) ........................................................................ 10

Calvert v. Huckins,
    875 F. Supp. 674 (E.D. Cal.1995) ............................................................. 5, 6

Candover Group. Hilsenrath Decl., Ex.,
    21 P.2 ............................................................................................................ 6

Carghani v. Pewag Austria G.m.b.H.,
    2007 WL. 415992 (E.D. Cal. Feb. 5, 2007) .................................................. 6

Consolidated Development Corp. v. Sherritt, Inc.,
    216 F.3d 1286 (11th Cir. 2000) .................................................................. 10

Data Disc, Inc. v. Systems Technology Associates, Inc.,
    557 F.2d 1280 (9th Cir. 1977) ........................................................................ 2

Doe v. Unocal Corp.,
    27 F. Supp. 2d 1174 (C.D. Cal. 1998) ........................................................... 3

REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Doe v. Unocal Corp.,
   248 F.3d 915 (9th Cir. 2001) ............................................................................. 2, 3, 6

Estate of Sumrall v. Ill. Cent. Railroad Co .................................................................... 7

Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,
   284 F.3d 1114 (9th Cir. 2002) ...................................................................................... 8

Holland America Line Inc. v. Wartsila N.A., Inc.,
   485 F.3d 450 (9th Cir. 2007) ........................................................................................ 9

Kaiser Aetna v. Deal,
   86 Cal. App. 3d 896 (1978) .......................................................................................... 8

Kipperman v. McCone,
   422 F. Supp. 860 (N.D. Cal. 1976) ............................................................................... 7

MMCA Group, Ltd. v. Hewlett-Packard Co.,
   2007 U.S. Dist. LEXIS 37315 (N.D. Cal. May 8, 2007) ............................................. 7

Mansour v. Super. Ct.,
   38 Cal. App. 4th 1750 (1995) ....................................................................................... 7

Mag Solutions, LLC v. Toda Kogyo Corp ..................................................................... 10

Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.,
   484 U.S. 97 (1987) ...................................................................................................... 10

Pebble Beach Co. v. Caddy,
   453 F.3d 1151 (9th Cir. 2006) .................................................................................. 8, 9

Piedmont Label Co. v. Sun Garden Packing Co.,
   598 F.2d 491 (9th Cir. 1979) ........................................................................................ 7

Rae Systems, Inc. v. TSA Systems, Ltd.,
   2005 U.S. Dist. LEXIS 39540 (N.D. Cal. June 24, 2005) ........................................... 5

Ryder Truck Rental, Inc. v. Acton Foodservices Corp.,
   554 F. Supp. 277 (C.D. Cal.1983) ............................................................................... 5

Sonora Diamond Corp. v. Superior Court,
   83 Cal. App. 4th 523 (2000) .................................................................................... 4, 6

Tuazon v. R.J. Reynolds Tobacco Co.,
   433 F.3d 1163 (9th Cir. 2006) ..................................................................................... 2

United States.,
   2006 U.S. Dist. LEXIS 94462 (N.D. Cal. December 21, 2006) ................................ 10

iii

REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**STATUTES**

15 U.S.C. §§ 77aa ...................................................................................................................... 10
18 U.S.C. § 1965(b) .................................................................................................................... 10
18 U.S.C. §§ 1961-1968 ............................................................................................................... 8
Rule 4(k)(2) ................................................................................................................................. 9
Rule 12(b)(2) ............................................................................................................................. 11

REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## I. INTRODUCTION

Plaintiffs premise their entire case for jurisdiction over Candover Investments PLC on the attribution of other entities' contacts to Candover Investments PLC.[1] Importantly, Plaintiffs concede that Candover Investments PLC lacks the requisite minimum contacts with California or the United States to confer personal jurisdiction. Indeed, Plaintiffs admit the only activity of Candover Investments PLC in California is a single passive investment in a California company. Similarly, Plaintiffs allege only two activities of Candover Investments PLC in the United States – Candover Investments PLC invested in two companies incorporated or organized in the United States. These investments cannot support this Court's exercise of general jurisdiction. Moreover, Plaintiffs allege no act by Candover Investments PLC, let alone an act in California or anywhere else in the United States, to support this Court's exercise of specific jurisdiction.

Instead, Plaintiffs try to impute to Candover Investments PLC the contacts of its subsidiaries, and entities in which Candover Investments PLC invested. But Candover Investments PLC is a separate and distinct entity, and Plaintiffs allege no facts demonstrating that its subsidiaries or the companies in which Candover Investments PLC invested are the agents or alter egos of Candover Investments PLC.

Plaintiffs similarly attempt to impute the contacts of the other defendants to Candover Investments PLC, but the facts again lend no support to their argument. First, Candover Investments PLC does not control Equity Trust (Jersey) Limited ("Equity Trust"), and cannot be held responsible for Equity Trust's allegedly wrongful acts. More importantly, however, Plaintiffs do not and cannot dispute that Candover Investments PLC acquired its indirect interest in Equity Trust <u>more than one year after Equity Trust allegedly committed the wrongful acts</u>. Nor do Plaintiffs argue that any of Equity Trust's allegedly wrongful acts occurred in California or the United States. Second, Plaintiffs'

---

[1] Plaintiffs filed a 42-page brief in support of Plaintiffs' Opposition to Defendants' Motions to Dismiss ("Opposition" or "Opp."). The brief exceeds the page limit imposed by Civ. L.R. 7-3(a), which states that an opposition brief may not exceed 25 pages. Plaintiffs did not seek leave of Court to file a brief in excess of the page limit.

1

1 allegations of conspiracy add nothing to the jurisdictional analysis because California does not recognize the conspiracy theory of personal jurisdiction.

For all these reasons, Candover Investments PLC respectfully urges the Court to grant its motion to dismiss with prejudice.

## II. ARGUMENT

### A. This Court Cannot Exercise Personal Jurisdiction Over Candover Investments PLC Because Candover Investments PLC Lacks The Requisite Contacts With California

#### 1. General Jurisdiction Does Not Exist

Plaintiffs concede that Candover Investments PLC lacks the sort of contacts with California "that approximate physical presence." Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000); see also Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1169 (9th Cir. 2006) ("a defendant must not only step through the door, it must also sit down and make itself at home").

Indeed, Plaintiffs admit that the only activity of Candover Investments PLC in California is a passive investment in Lombard Investments, Inc., a California corporation. But "[e]ngaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." Bancroft & Masters, 223 F.3d at 1086. Moreover, Plaintiffs do not even argue that this single investment constitutes "substantial" or "continuous and systematic" activity in California such that it is reasonable for this Court to exercise personal jurisdiction over Candover Investments PLC. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

Thus, in light of the Ninth Circuit's exacting standard for general jurisdiction, and Plaintiffs' apparent concession that a single passive investment in a California corporation does not confer general jurisdiction, this Court cannot exercise general jurisdiction over Candover Investments PLC. See Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc., 1 F.3d 848, 851n.3 (9th Cir. 1993) (noting that the Ninth Circuit has "regularly . . . declined to find general jurisdiction even where the contacts were quite extensive").

2
REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### 2. Specific Jurisdiction Does Not Exist

Plaintiffs do not argue that their claims arise out of any direct act by Candover Investments PLC. Rather Plaintiffs argue that Candover Investments PLC exercises control over Equity Trust and should be held responsible for its acts. Plaintiffs' argument fails for two independent reasons.

First, to support this Court's exercise of specific jurisdiction, Plaintiffs must show that their claims arise out of an act Candover Investments PLC performed or business it conducted in California, and that the exercise of personal jurisdiction is reasonable. <u>Brand v. Menlove Dodge</u>, 796 F.2d 1070, 1073 (9th Cir. 1986). Plaintiffs allege no such act. Because Plaintiffs instead seek to attribute the allegedly wrongful acts of Equity Trust to Candover Investments PLC, Plaintiffs must first establish that Candover Investments PLC controls Equity Trust. Plaintiffs fail to make this showing for the reasons discussed below (see infra Sections II.B.1. and II.B.2.).

Second, by Plaintiffs' own admission, Candover Investments PLC cannot, in any event, be held responsible for Equity Trust's allegedly wrongful acts, because these alleged acts occurred before Candover Investments PLC even acquired its indirect interest in Equity Trust. Indeed, Plaintiffs argue that "[s]ince 2003 Candover acted as the *de facto* management" of Equity Trust (Opp. at 17; see also First Amended Complaint ("FAC") ¶ 15), but allege that Equity Trust committed the allegedly wrongful acts between 2000 and 2002 (FAC ¶¶ 58-68).[2]

Finally, the exercise of personal jurisdiction over Candover Investments PLC is not reasonable because Candover Investments PLC is a holding company based in the United Kingdom that does not conduct business in California. Plaintiffs base their argument to the contrary on the improper attribution of other entities' contacts to Candover Investments PLC. But, as discussed below, because Candover Investments PLC does not control these entities, the Court cannot attribute their contacts to Candover Investments PLC.

In sum, this Court cannot exercise specific jurisdiction over Candover Investments PLC because Plaintiffs fail to establish that Candover Investments PLC directed an activity at California or

---

[2] Moreover, even if the acts of Equity Trust were somehow attributable to Candover Investments PLC (which they are not), specific jurisdiction is inappropriate because the allegedly wrongful acts of Equity Trust occurred in London and Jersey.

3

REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION

its residents out of which Plaintiffs' claims arise, or that it would be reasonable for this Court to exercise personal jurisdiction.

### B. Other Entities' Contacts With California or the United States Do Not Subject Candover Investments PLC to Personal Jurisdiction

Recognizing that the scant contacts of Candover Investments PLC are insufficient to confer personal jurisdiction, Plaintiffs try, but fail, to impute the contacts of other entities to Candover Investments PLC under the doctrines of alter ego and agency, and the conspiracy theory of personal jurisdiction.

#### 1. Plaintiffs' Fail to Prove Alter Ego

To prove alter ego, Plaintiffs must show that: (1) there is "such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist"; and (2) the failure to disregard their separate identities would lead to "an inequitable result". Sonora Diamond Corp. v. Superior Court, 83 Cal. App. 4th 523, 538 (2000); see also American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert, S.A., 94 F.3d 586, 591 (9th Cir. 1995). When applying the alter ego doctrine, courts consider the "commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other." Sonora Diamond, 83 Cal. App. 4th at 538-39.

None of these factors are present here. Plaintiffs offer only conclusory allegations that Candover Investments PLC acts as the "*de facto* management" of Equity Trust.[3] Opp. at 17. However, "[a]t the pleading stage, conclusory allegations that a corporate entity is the alter ego of the

---

[3] Plaintiffs also claim that abstract statements made in the 2006 Report and Accounts of the Candover Group, and published on the website of a subsidiary of Candover Investments PLC, aptly describe the relationship between Candover Investments PLC and Equity Trust. Opp. at 17. However, the corporate websites of the subsidiaries of Candover Investments PLC are prepared by its subsidiaries and are not controlled by Candover Investments PLC. Declaration of Andrew Moberly in Support of Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Moberly Decl.") ¶ 2. Plaintiffs improperly attribute these statements to Candover Investments PLC without the necessary evidence that its subsidiary is the alter ego or agent of Candover Investments PLC.

4

REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

defendant are insufficient to survive a motion to dismiss." See Rae Systems, Inc. v. TSA Systems, Ltd., 2005 U.S. Dist. LEXIS 39540, *9-10 (N.D. Cal. June 24, 2005).

Similarly, Plaintiffs claim that Candover Investments PLC owns and operates "$2 billion worth of business in the United States" (Opp. at 18), but merely list companies in which Candover Investments PLC owns minority interests and provide no support for their allegations of control. Indeed, Plaintiffs admit that Candover Investments PLC owned an 8.5% (fully diluted) passive interest in Dakota, Minnesota & Eastern Railroad Corporation ("DMERC").[4] See Declaration of Oliver Hilsenrath in Support of Opposition ("Hilsenrath Decl."), Ex. 34; Moberly Decl. ¶ 3. Similarly, Candover Investments PLC owns a 4.1% (fully diluted) indirect passive interest in Wood Mackenzie Group Limited, a 4.0% (fully diluted) passive interest in Springer Science + Business Media SA, a 1.4% (fully diluted) passive interest in Wellstream Holdings plc, and a 0.9% (fully diluted) passive interest in Aspen Insurance Holdings Limited.[5] See Moberly Decl. ¶¶ 4-7. Candover Investments PLC does not control any of these companies. See id. at ¶¶ 3-7. That Candover Investments PLC owns non-controlling minority interests in these companies negates Plaintiffs' alter ego theory.

Moreover, the contacts of the subsidiaries of Candover Investments PLC do not confer personal jurisdiction over Candover Investments PLC. "There is a presumption of corporate separateness that must be overcome by clear evidence that the parent in fact controls the activities of the subsidiary." Calvert v. Huckins, 875 F. Supp. 674, 678 (E.D. Cal.1995). "Sole ownership of the subsidiary by the parent is not enough." Ryder Truck Rental, Inc. v. Acton Foodservices Corp., 554 F. Supp. 277, 279 (C.D. Cal.1983). Rather, the record must indicate that "the parent dictates every facet of the subsidiary's business – from broad policy decisions to routine matters of day-to-day operations." Doe

---

[4] Candover Investments PLC in is the process of selling its interest in DMERC to Canadian Pacific Railroad, and currently owns a 7.9% (fully diluted) passive interest in DMERC. Moberly Decl., ¶ 3.

[5] Between July 2004 and August 2007, Candover Investments PLC owned approximately a 2.5% (fully diluted) passive interest in Vetco International Limited, a British corporation, but subsequently sold its interest. Moberly Decl., ¶ 8. Candover Investments PLC did not control Vetco International Limited. Id.

1  v. Unocal Corp., 248 F.3d 915, 926 (9th Cir. 2001) (citations omitted); see also Calvert, 875 F. Supp. at
2  679.[6]

3        Plaintiffs present no evidence that Candover Investments PLC dictates the business of its
4  subsidiaries or is involved in their day-to-day operations. Plaintiffs rely solely on the websites of
5  Candover Investments PLC or its subsidiary, and publications found on these websites, but nothing on
6  these websites indicates that Candover Investments PLC exercises any control over the operations of
7  its subsidiaries. See Carghani v. Pewag Austria G.m.b.H., 2007 WL 415992, *6-7 (E.D. Cal. Feb. 5,
8  2007). Indeed, the 2006 Report and Account available on the website of Candover Investments PLC
9  reports the consolidated activities of the Candover Group. Hilsenrath Decl., Ex. 21 p.2, 34 p.2;
10 Moberly Decl. ¶ 2. But "[c]onsolidating the activities of a subsidiary into the parent's annual reports is
11 a common business practice", and does not justify piercing the corporate veil. Calvert, 875 F. Supp. at
12 678-79. Similarly, the mention of Candover Investments PLC in a press release published on the
13 website of its subsidiary (see Hilsenrath Decl., Ex. 26 p.2) means nothing more than that a relationship
14 between the companies exists. Carghani, 2007 WL 415992 at *7 (in rejecting plaintiff's alter ego
15 argument, court stated that subsidiary's website boasting of 275 years of experience, when in fact, it
16 was the parent company's experience, was a "superficial indication[] of the interrelated nature of the
17 companies" and an expected result of the parent-subsidiary relationship).

18       Simply put, Plaintiffs' alter ego argument lacks factual support, and the Court cannot therefore
19 impute to Candover Investments PLC the contacts of Equity Trust, other companies in which Candover
20 Investments PLC invested, or subsidiaries of Candover Investments PLC to support its exercise of
21 personal jurisdiction.

22       2.    <u>Plaintiffs Fail to Prove Agency</u>
23       To prove agency, Plaintiffs must show by substantial credible evidence, that "the alleged
24 principal had the right to control the activities of the alleged agent." In re Automobile Antitrust Cases I

---

[6] Under California law, inadequate capitalization of a subsidiary may alone be a basis for holding the parent corporation liable for the acts of its subsidiary, but Plaintiffs offer no evidence that any of the subsidiaries of Candover Investments PLC are undercapitalized. See Doe v. Unocal Corp., 248 F.3d at 927.

& II, 135 Cal. App. 4th 100, 120 (2005); see also Sonora Diamond, 83 Cal. App. 4th at 541 ("Control is the key characteristic of the agent/principal relationship."). The foreign company must exercise "a highly pervasive degree of control over the local subsidiary" and "veer into management and day-to-day operations of the local subsidiary." In re Automobile Antitrust Cases I & II, 135 Cal. App. 4th at 120. Moreover, "jurisdiction will not lie when the parent is a true holding company, the business of which is not operations but passive investment in a subsidiary company." Id. at 121. "Investment alone is not a sufficient ground to exercise general jurisdiction, even if the foreign corporation could have chosen to simply run the local business itself." Id. at 121.

Here, Plaintiffs allege no facts establishing that Candover Investments PLC participated in the day-to-day activities of either the companies in which it invested, including Equity Trust, or its subsidiaries. See supra Sections II.B.1. and II.B.2. Moreover, Candover Investments PLC is a holding company in the business of investing.[7] The facts do not therefore support this Court's exercise of personal jurisdiction over Candover Investments PLC under an agency theory.

### 3. Plaintiffs' Allegations of Conspiracy Do Not Establish Personal Jurisdiction

Plaintiffs argue – on the basis of inapplicable Maryland law – that the conspiracy theory of jurisdiction supports this Court's exercise of personal jurisdiction over Candover Investments PLC. Opp. at 27-29.

But "the majority of courts in California have held that the forum-related activity of co-conspirators cannot be attributed or imputed to nonresident defendants."[8] MMCA Group, Ltd. v. Hewlett-Packard Co., 2007 U.S. Dist. LEXIS 37315, *21 (N.D. Cal. May 8, 2007); see Kipperman v. McCone, 422 F. Supp. 860, 873 n.14 (N.D. Cal. 1976) (rejecting plaintiff's assertion that personal

---

[7] Notably, Estate of Sumrall v. Ill. Cent. Railroad Co., on which Plaintiffs rely, is inapposite. 2007 U.S. Dist. LEXIS 4890 (S.D. Miss. Jan. 23, 2007). In Sumrall, the court held that the exercise of personal jurisdiction over the holding company was proper because the holding company's own documents stated that it served Mississippi and the plaintiff's claims arose out of the holding company's contacts with Mississippi. Id. at *18-19. Here, Plaintiffs' claims do not arise out of any acts of Candover Investments PLC, and Plaintiffs offer no documents published by Candover Investments PLC stating that it conducts business in California or the United States.

[8] Moreover, although the Ninth Circuit has never expressly addressed the conspiracy theory of personal jurisdiction, it expressly rejected the theory in the venue context. See Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 492 (9th Cir. 1979).

7

REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

jurisdiction over alleged co-conspirators may be acquired vicariously through the forum-related conduct of any single conspirator); Mansour v. Super. Ct., 38 Cal. App. 4th 1750, 1760 (1995) ("California does not recognize conspiracy as a basis for acquiring personal jurisdiction over a party"); Kaiser Aetna v. Deal, 86 Cal. App. 3d 896, 901 (1978) ("Allegations of conspiracy do not establish as a matter of law that if there is one resident conspirator, jurisdiction may be exercised over nonresident conspirators").

Rather, "[p]ersonal jurisdiction must be based on forum-related acts that were personally committed by each nonresident defendant." In re Automobile Antitrust Cases I & II, 135 Cal. App. 4th at 113. Because Plaintiffs fail to directly attribute a single wrongful act to Candover Investments PLC, there is no basis for this Court to exercise personal jurisdiction over Candover Investments PLC.[9]

### C. This Court Cannot Exercise Personal Jurisdiction Over Candover Investments PLC Pursuant to Rule 4(k)(2)

To establish personal jurisdiction under Rule 4(k)(2), Plaintiffs must prove that: (1) their claims arise out of federal law; (2) the defendant is not subject to the personal jurisdiction of any state court of general jurisdiction; and (3) the federal court's exercise of personal jurisdiction comports with due process. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1159 (9th Cir. 2006).

Although Plaintiffs assert a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, Plaintiffs fail to show that Candover Investments PLC is not subject to the personal jurisdiction of any state court of general jurisdiction. More importantly, however, Plaintiffs fail to show that this Court's exercise of personal jurisdiction comports with due process. The due process analysis is identical to the one discussed above when the forum was California, except here the relevant forum is the United States. Id. Thus, Plaintiffs must show that the national contacts of Candover Investments PLC support the Court's exercise of personal jurisdiction.

---

[9] Notably, even under the conspiracy theory of personal jurisdiction, there is no defendant with the requisite contacts with California to attribute to Candover Investments PLC. The alleged co-conspirator with California contacts, Nixon Peabody LLP, is not a party to this action.

8

REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Id. at 1159; Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1126 (9th Cir. 2002). Plaintiffs fail to make this showing.

First, because Plaintiffs' claims do not arise out of any acts by or contacts of Candover Investments PLC in the United States, the national contacts of Candover Investments PLC cannot support this Court's exercise of specific jurisdiction over Candover Investments PLC. See Pebble Beach, 453 F.3d at 1155 (to establish specific jurisdiction under Rule 4(k)(2), plaintiff must show that his claim arises out of or results from the defendant's forum-related activities) (citations omitted); Consolidated Development Corp. v. Sherritt, Inc., 216 F.3d 1286, 1292 (11th Cir. 2000) (where claims do not arise out of defendant's national contacts, there can be no specific jurisdiction).

Second, Candover Investments PLC does not have the requisite "substantial" or "continuous and systematic" national contacts to support this Court's exercise of general jurisdiction. Plaintiffs rest their entire argument on the non-controlling minority interests Candover Investments PLC owns in DMERC, Lombard Investments, Inc., Springer Science + Business Media SA, Wellstream Holdings plc, Wood Mackenzie Group Limited and Aspen Insurance Holdings Limited. But only two of these companies are incorporated or organized in the United States.[10] Moberly Decl. ¶¶ 4-7. Plaintiffs offer no authority for the proposition that two passive investments suffice to support the Court's exercise of personal jurisdiction over the defendant. Indeed, these passive investments simply do not constitute the type of "substantial" or "continuous and systematic" activities in the United States necessary to support the assertion of general jurisdiction over a foreign defendant. Holland America Line Inc. v. Wartsila N.A., Inc., 485 F.3d 450, 462 (9th Cir. 2007) (noting that the defendant must have "extensive contacts" with the United States to support court's exercise of personal jurisdiction pursuant to Rule 4(k)(2)).

---

[10] Notably, although Aspen Insurance Holdings Limited is listed on the New York Stock Exchange, it is a Bermuda corporation. Wood Mackenzie Group Limited and Wellstream Holdings plc are British corporations, and Springer Science + Business Media SA is a German corporation. Moberly Decl. ¶¶ 4-7. These foreign corporations' contacts with the United States contribute nothing to the jurisdictional analysis absent proof that these corporations are the alter egos or agents of Candover Investments PLC. Plaintiffs offer no such proof. See Section II.B.1 and II.B.2.

9

REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Finally, even if the Court finds that the national contacts of Candover Investments PLC support the Court's exercise of personal jurisdiction (which it should not), a reasonableness analysis compels a contrary result, for the reasons stated above. See supra Section II.A.2.; Glencore, 284 F.3d at 1127n7.

This Court should not, therefore, exercise personal jurisdiction over Candover Investments PLC pursuant to Rule 4(k)(2).

### D. This Court May Not Exercise Nationwide Personal Jurisdiction

Generally, federal courts do not have nationwide personal jurisdiction; "[a] federal court has powers of personal jurisdiction as broad as the courts of the state in which it sits, but no broader." Abrams Shell v. Shell Oil Co., 165 F. Supp. 2d 1096, 1104 (C.D. Cal. 2001) (citing Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104-05 (1987)); see also Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1183 (C.D. Cal. 1998) aff'd Doe v. Unocal Corp., 248 F.3d 915 (9th Cir. 2001). However, in cases that arise out of statutes which permit nationwide or worldwide service of process, so long as the properly served defendant has minimum contacts with the United States as a whole, the defendant may be subject to personal jurisdiction in any federal district. See Doe v. Unocal Corp., 27 F. Supp. 2d at 1182; Bourassa v. Desrochers, 938 F.2d 1056, 1058 (9th Cir. 1991).

Plaintiffs' claims against Candover Investments PLC do not arise under any statute authorizing worldwide service of process that implicates the national contacts test.[11] Although Plaintiffs assert a RICO claim, RICO authorizes nationwide, not worldwide, service of process and consequently, nationwide personal jurisdiction only where service is properly effected under RICO. Doe v. Unocal Corp., 27 F. Supp. 2d at 1182; 18 U.S.C. § 1965(b). Here, Plaintiffs served Candover Investments PLC in London, England, and thus not in accordance with RICO's provisions for nationwide service of process. Moberly Decl., ¶ 9; Opp. at 9. Plaintiffs' failure to effect service on Candover Investments

---

[11] Although Plaintiffs claim that this action involves securities fraud, they did not assert claims against Candover Investments PLC under the Securities Exchange Act of 1934, and may not therefore avail themselves of the Securities Exchange Act's provision for worldwide service of process. See 15 U.S.C. §§ 77aa and 78aa. Similarly, Plaintiffs' may not rely on eMag Solutions, LLC v. Toda Kogyo Corp. because their claims do not arise out of the Clayton Act, which provides for worldwide service of process and the exercise of personal jurisdiction over a foreign corporation in any judicial district in the United States, so long as the corporation has sufficient minimum contacts with the United States. 2006 U.S. Dist. LEXIS 94462 (N.D. Cal. December 21, 2006).

10
REPLY OF SPECIALLY APPEARING DEFENDANT CANDOVER INVESTMENTS PLC IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

PLC pursuant to RICO renders RICO's national contacts test for personal jurisdiction inapplicable. See id. 1182-1183 (holding that "service must be effected pursuant to RICO's service provisions before a plaintiff may rely on a defendant's national contacts to establish jurisdiction over the defendant").[12]

### III. CONCLUSION

For all the reasons set forth above and in its motion to dismiss, Candover Investments PLC respectfully requests that this Court grant its Motion to Dismiss For Lack of Personal Jurisdiction pursuant to Rule 12(b)(2).

Dated: September 27, 2007               AKIN GUMP STRAUSS HAUER & FELD LLP


                                        By_____/s/_____
                                                   Maria Ellinikos
                                        Attorneys for Specially Appearing Defendant
                                        Candover Investments PLC

---

[12] Moreover, the Ninth Circuit interpreted RICO as allowing nationwide service in a RICO action only if the court has "personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff [shows] that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." Butcher's Union Local No. 498 v. SDC Investment, Inc., 788 F.2d 535, 539 (9th Cir. 1986). Furthermore, the defendant must have the requisite minimum contacts with the United States such that the Court's exercise of personal jurisdiction comports with due process. Bourassa v. Desrochers, 938 F.2d 1056 at 1058. Plaintiffs cannot satisfy any of these requirements.