LATHAM & WATKINS LLP
 Peter A. Wald (Bar No. 85705)
 peter.wald@lw.com
 Darius Ogloza (Bar No. 176983)
 darius.ogloza@lw.com
 Sarah M. Ray (Bar No. 229670)
 sarah.ray@lw.com
 Katie Y. Chang (Bar No. 246247)
 katie.chang@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California  94111-2562
Telephone:  +415.391.0600
Facsimile:  +415.395.8095

Attorneys for Defendants
EQUITY TRUST (JERSEY) LIMITED, PHILIP
JOSEPH AUSTIN, CAROLINE BOUGEARD,
AND GRANT BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANA HILSENRATH AND OLIVER HILSENRATH,<br><br>Plaintiffs,<br><br>v.<br><br>EQUITY TRUST (JERSEY) LIMITED, CANDOVER INVESTMENTS PLC, INSINGER DE BEAUFORT HOLDINGS S.A., JARDINE MATHESON HOLDINGS LIMITED, PHILIP JOSEPH AUSTIN, GRANT BROWN, MELVYN KALMAN, JOHN PERKINS, CAROLINE BOUGEARD, AND DOES 1-10,<br><br>Defendants. | CASE NO. C:07-CV-3312-CW<br><br>PHILIP JOSEPH AUSTIN'S NOTICE OF ISSUES OF FOREIGN LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 44.1 |

Pursuant to Federal Rule of Civil Procedure 44.1, defendant Philip Joseph Austin hereby provides notice to all parties and to the Court that he intends to argue that the law of the Island of Jersey, Channel Islands, United Kingdom, applies to the claims and defenses as to him based on, *inter alia*, the following:

    1.  The Aida Company Management Agreement, dated May 22, 1996, and

LATHAM&WATKINS LLP  SF\628122.1
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. C:07-3312 CW
DEFENDANTS NOTICE OF ISSUES OF FOREIGN LAW
PURSUANT TO FRCP 44.1

1 signed by plaintiffs, a copy of which is attached hereto as Exhibit A, Provision 8 which indicates that the Agreement, and thus the relationship between the parties arising out of the Agreement, "shall be governed by construed and interpreted in accordance with the laws of the Island of Jersey, and all parties shall submit to the jurisdiction of the courts of the said Island."

      2. The Oliver Hilsenrath Family Investments Limited Agreement, dated August 20, 1999, and signed by plaintiffs and Equity Trust (Jersey) Limited, a copy of which is attached hereto as Exhibit B, Provision 8, which indicates that the Agreement, and thus the relationship between parties arising out of the Agreement, "shall be governed by construed and interpreted in accordance with the laws of the Island of Jersey, and all parties shall submit to the jurisdiction of the courts of the said Island."

Dated: September 27, 2007

                Respectfully Submitted,

                LATHAM & WATKINS LLP

By  /s/ Katie Chang
   ATTORNEYS FOR CAROLINE BOUGEARD AND GRANT BROWN

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
SF\628122.1

CASE NO. C:07-3312 CW
DEFENDANTS NOTICE OF ISSUES OF FOREIGN LAW
PURSUANT TO FRCP 44.1

**EXHIBIT A**

**Matheson Trust Company (Jersey) Limited**
A Member of the Jardine Matheson Group

## Company Management Agreement

THIS AGREEMENT is made the 22 day of May 1996
BETWEEN Hilsenrath *Hana & Oliver* of Haifa, Israel hereinafter called "the client") of the one part AND **MATHESON TRUST COMPANY (JERSEY) LIMITED** a company incorporated under the laws of the Island of Jersey and having its Registered Office at Jardine House, 1 Wesley Street, St. Helier, Jersey (hereinafter called "Matheson").

WHEREAS upon the instructions of the client a company was incorporated under the laws of the BVI with the name: Aida Holdings Ltd. (hereinafter called "the company")

AND WHEREAS Matheson has agreed to provide Shareholders (hereinafter called "the shareholders") to hold a share or shares in the issued capital of the company and also to provide Directors (hereinafter called "the directors") and other Officers ("the officers") and a company secretary for the Company.

NOW THIS AGREEMENT WITNESSETH as follows:

1. Matheson agrees:

    (a) That it will cause such shareholders to elect directors nominated by Matheson to constitute the Board of the Company and if called upon so to do will cause the shareholders to appoint such officers as the client may nominate who shall be acceptable to Matheson and who is not ineligible to hold office as a director.

    (b) To cause the shareholders to hold the issued share capital of the company upon trust for the client together with any shares issued to them by way of bonus issue, capitalization of profits or reserves, and any rights or options to which they may become entitled by virtue of holding the said shares.

    (c) To cause the shareholders to account to the client for any dividends or other moneys received in respect of their holding of shares in the company.

    (d) To cause the shareholders to transfer, mortgage or otherwise deal with the share capital of the company as it or they may be instructed by the client.

    (e) To cause the shareholders to exercise all voting rights conferred on them by virtue of their holding of shares in the company in such manner as they may from time to time be directed by the client.

    (f) To provide directors of the company and if called upon so to do to provide officers of the company and a company secretary, or upon the instructions of the client appoint such other persons as officers as may be acceptable to Matheson and who

1

are eligible to be such officers.

(g) To receive the advice and recommendations of the client or his duly appointed representative whether by word of mouth, letter, fax, cable, telephone or any electronic means of communication and to cause the business of the company to be managed in accordance with such advice and recommendations. In the event that no such instructions are forthcoming and it is impossible or impracticable for Matheson to obtain the same and in the opinion of Matheson, or its nominee or the directors, the best interests of the company require immediate action, then and in such event Matheson or its nominee or the directors shall take such action as may to it (or them) appear appropriate.

Matheson may require instructions to be in writing before taking action.

(h) To ensure that the corporate records are maintained and all filing requirements are complied with at all times to conform with the laws of the country of incorporation and any other country to whose laws the company is subject and that such books of account are maintained and such financial statements prepared in connection with the company as the client may request.

2. IT IS AGREED that neither Matheson nor the shareholders nor the directors or officers (if provided) shall be obliged to act in any manner which may:

(a) Be beyond its powers or ultra vires the company.

(b) Conflict with any of the provisions of the Memorandum and Articles of Association or other constitutive documents of the company.

(c) Conflict with any laws or Orders or directions of the court of the Island of Jersey or otherwise be illegal or immoral.

(d) Expose them or any of them to any personal liability or risk of prosecution in any jurisdiction.

(e) Be of any unusual nature or be unduly onerous or be of such nature that it might damage the reputation of, or be detrimental to Matheson its nominee or holding companies subsidiaries or other companies in the Jardine Matheson Group, the company, its directors, officers, bankers or other agents.

3. The client agrees:

(a) That he nor any third party over which he has control will not take any action with regard to the company nor enter into any contract on its behalf without the consent of the directors.

(b) That neither himself nor any third party over which he has control shall hold Matheson, the shareholders or the directors or other officers responsible as a shareholder or as a director or other officer of the company, except in the case of fraud, wilful misconduct or gross negligence on the part of the director or other officer sought to be made liable or in the case of a breach of trust arising from the fraud, wilful misconduct or gross negligence on the part of the shareholder sought to be made liable and that furthermore he will indemnify Matheson, the shareholders, the directors and any officers and each of them in respect of any costs, expenses, actions, proceedings, claims or other liability arising directly or indirectly by reason of each of Matheson, the shareholders, the directors and any other officers acting or having acted in their respective capacities with regard to the affairs of the company

2

or as the officers thereof or by the provision by Matheson of such directors, shareholders, secretary or other officers of the company provided the same shall not be due to fraud, wilful misconduct or gross negligence on the part of such one or more of them claiming indemnity hereunder, such indemnity being in addition to any indemnity provision contained in the statutes, Memorandum and Articles of Association or other constitutive documents of the company.

(c) That if any fees payable hereunder shall not be duly and punctually paid together with out-of-pocket expenses incurred in connection with the management of the affairs of the company and the provision of directors, shareholders, secretary and other officers the directors and other officers may resign from office as directors and officers of the company and neither they nor the shareholders shall be under any further obligation to provide corporate services for the company or to maintain the same in good standing.

(d) That any associated or affiliated company of the directors or the shareholders who may provide services for the company whether as banker, broker, investment adviser, registrar and transfer agent, custodian, trustee, manager or otherwise shall be entitled to be paid by the company their normal charges for so acting and retain any brokerage or commission received in respect of any transaction to which the company is a party.

(e) That the directors and shareholders shall not be liable for any loss suffered by the company or the client due to anything done or omitted to be done by them in connection with the affairs of the company provided they acted in good faith.

(f) That all proper accounts rendered to the company by Matheson or the shareholders or directors or other officers in respect of fees and disbursements or otherwise may be paid by the directors out of the funds of the company and if such funds are not sufficient by the client upon notice being given to the client of such insufficiency.

(g) And has acknowledged that it is his responsibility to obtain any appropriate advice on taxation and other relevant matters and warrants to Matheson that he is not acting as a nominee or trustee for any other person or persons.

4. Matheson shall be remunerated for its services in accordance with:

(1) The scale of fees in force at the date of this agreement and Matheson shall have the power if its standard scale of fees be altered after the date hereof to charge remuneration for its services in accordance with such scale of fees as shall from time to time be in force or

(2) Such other scale as may be agreed between the parties hereto from time to time.

In addition the directors, other officers and shareholders shall be entitled to re-imbursement of all out-of-pocket expenses incurred in connection with managing the affairs of the company.

5. Matheson or the directors may at any time terminate this agreement or cease to provide services to the client by giving notice thereof to the client by letter to his last known address. Upon termination of this agreement Matheson shall make available to the client any shares of the company held by Matheson, the shareholders or directors as nominee of the client. Notwithstanding termination of this agreement, the terms of Clause 3 (b) hereof shall remain applicable for so long as Matheson, any shareholders or director may be liable as a director or former director or administrator or former administrator or shareholder or former shareholder of the company.

3

6. If in this agreement the term "client" shall mean more than one person the shareholders and directors shall act upon the instructions of:

   (i)     ~~All such persons~~
   (ii)    Any one of such persons **

   and the indemnity given by the client under clause 3(b) hereof shall be binding on them jointly and severally and shall be deemed to have been made separately by each of them.

7. If in this agreement the term "client" shall mean more than one person the shareholders and directors shall treat all persons as:

   (i)     Joint tenants with rights of survivorship **
   (ii)    ~~Tenants in common~~

8. THIS AGREEMENT shall be governed by construed and interpreted in accordance with the laws of the Island of Jersey, and all parties shall submit to the jurisdiction of the courts of the said Island.

9. Special conditions.


SIGNED by the client(s)

*[signature]*                                      ...Hilsenrath......Hana......


SIGNED for and on behalf
of MATHESON TRUST COMPANY (JERSEY) LIMITED


.....................................              .....................................


** (Please delete as appropriate)




(CMATRANS)

4

# EXHIBIT B



**Matheson Trust Company (Jersey) Limited**
A Member of the Jardine Matheson Group

## Company Management Agreement

THIS AGREEMENT is made the 20th August 1999

BETWEEN DR OLIVER HILSENRATH and MRS HANA HILSENRATH of 58 Shimshon Street, Haifa, Isreal hereinafter called "the client") of the one part AND MATHESON TRUST COMPANY (JERSEY) LIMITED a company incorporated under the laws of the Island of Jersey and having its Registered Office at Jardine House, 1 Wesley Street, St. Helier, Jersey (hereinafter called "Matheson").

WHEREAS upon the instructions of the client a company was incorporated under the laws of the British Virgin Islands with the name: OLIVER HILSENRATH FAMILY INVESTMENTS LIMITED (hereinafter called "the company")

AND WHEREAS Matheson has agreed to provide Shareholders (hereinafter called "the shareholders") to hold a share or shares in the issued capital of the company and also to provide Directors (hereinafter called "the directors") and other Officers ("the officers") and a company secretary for the Company.

NOW THIS AGREEMENT WITNESSETH as follows:

1. Matheson agrees:

    (a) To use its best endeavours to obtain approval of the appropriate registration authority to the name of the company but shall not be liable for any loss arising directly or indirectly out of or in connection with the refusal by such registration authority to register the name or a subsequent direction to the company to change it.

    (b) Immediately upon receipt of sufficient funds from the client to proceed with the incorporation of the company by providing shareholders and causing them to subscribe to its Memorandum of Association and filing the same with Articles of Association or other prescribed particulars or documents relevant for the incorporation of the company in a form approved by the client with the appropriate registration authority.

    (c) That following incorporation of the company it will cause such shareholders to elect directors nominated by Matheson to constitute the Board of the Company and if called upon so to do will cause the shareholders to appoint such officers as the client may nominate who shall be acceptable to Matheson and who are not ineligible to hold office as a director.

    (d) To cause the shareholders to hold the issued share capital of the company upon trust for the client together with any shares issued to them by way of bonus issue, capitalization of profits or reserves, and any rights or options to which they may become entitled by virtue of holding the said shares.

    (e) To cause the shareholders to account to the client for any dividends or other moneys received in respect of their holding of shares in the company.

    (f) To cause the shareholders to transfer, mortgage or otherwise deal with the share capital of

the company as it or they may be instructed by the client.

(g) To cause the shareholders to exercise all voting rights conferred on them by virtue of their holding of shares in the company in such manner as they may from time to time be directed by the client.

(h) To provide directors of the company and if called upon so to do to provide officers of the company and a company secretary, or upon the instructions of the client appoint such other persons as officers as may be acceptable to Matheson and who are eligible to be such officers.

(i) To receive the advice and recommendations of the client or his duly appointed representative whether by word of mouth, letter, fax, cable, telephone or any electronic means of communication and to cause the business of the company to be managed in accordance with such advice and recommendations. In the event that no such instructions are forthcoming and it is impossible or impracticable for Matheson to obtain the same and in the opinion of Matheson, or its nominee or the directors, the best interests of the company require immediate action, then and in such event Matheson or its nominee or the directors shall take such action as may to it (or them) appear appropriate.

Matheson may require instructions to be in writing before taking action

(j) To ensure that the corporate records are maintained and all filing requirements are complied with at all times to conform with the laws of the country of incorporation and any other country to whose laws the company is subject and that such books of account are maintained and such financial statements prepared in connection with the company as the client may request.

2. IT IS AGREED that neither Matheson nor the shareholders nor the directors or officers (if provided) shall be obliged to act in any manner which may:

(a) Be beyond its powers or ultra vires the company.

(b) Conflict with any of the provisions of the Memorandum and Articles of Association or other constitutive documents of the company.

(c) Conflict with any laws or Orders or directions of the court of the Island of Jersey or otherwise be illegal or immoral.

(d) Expose them or any of them to any personal liability or risk of prosecution in any jurisdiction.

(e) Be of any unusual nature or be unduly onerous or be of such nature that it might damage the reputation of, or be detrimental to Matheson its nominee or holding companies subsidiaries or other companies in the Jardine Matheson Group, the company, its directors, officers, bankers or other agents.

3. The client agrees:

(a) That he nor any third party over which he has control will not take any action with regard to the company nor enter into any contract on its behalf without the consent of the directors.

(b) That neither himself nor any third party over which he has control shall hold Matheson, the shareholders or the directors or other officers responsible as a shareholder or as a director or other officer of the company, except in the case of fraud, wilful misconduct or gross negligence on the part of the director or other officer sought to be made liable or in the case of a breach of trust arising from the fraud, wilful misconduct or gross negligence on the part

2

of the shareholder sought to be made liable and that furthermore he will indemnify Matheson, the shareholders, the directors and any officers and each of them in respect of any costs, expenses, actions, proceedings, claims or other liability arising directly or indirectly by reason of each of Matheson, the shareholders, the directors and any other officers acting or having acted in their respective capacities with regard to the affairs of the company or as the officers thereof or by the provision by Matheson of such directors, shareholders, secretary or other officers of the company provided the same shall not be due to fraud, wilful misconduct or gross negligence on the part of such one or more of them claiming indemnity hereunder, such indemnity being in addition to any indemnity provision contained in the statutes, Memorandum and Articles of Association or other constitutive documents of the company.

(c) That if any fees payable hereunder shall not be duly and punctually paid together with out-of-pocket expenses incurred in connection with the management of the affairs of the company and the provision of directors, shareholders, secretary and other officers the directors and other officers may resign from office as directors and officers of the company and neither they nor the shareholders shall be under any further obligation to provide corporate services for the company or to maintain the same in good standing.

(d) That any associated or affiliated company of the directors or the shareholders who may provide services for the company whether as banker, broker, investment adviser, registrar and transfer agent, custodian, trustee, manager or otherwise shall be entitled to be paid by the company their normal charges for so acting and retain any brokerage or commission received in respect of any transaction to which the company is a party.

(e) That the directors and shareholders shall not be liable for any loss suffered by the company or the client due to anything done or omitted to be done by them in connection with the affairs of the company provided they acted in good faith.

(f) That all proper accounts rendered to the company by Matheson or the shareholders or directors or other officers in respect of fees and disbursements or otherwise may be paid by the directors out of the funds of the company and if such funds are not sufficient by the client upon notice being given to the client of such insufficiency.

(g) And has acknowledged that it is his responsibility to obtain any appropriate advice on taxation and other relevant matters and warrants to Matheson that he is not acting as a nominee or trustee for any other person or persons.

4. Matheson shall be remunerated for its services in accordance with:

(1) The scale of fees in force at the date of this agreement and Matheson shall have the power if its standard scale of fees be altered after the date hereof to charge remuneration for its services in accordance with such scale of fees as shall from time to time be in force or

(2) Such other scale as may be agreed between the parties hereto from time to time.

In addition the directors, other officers and shareholders shall be entitled to reimbursement of all out-of-pocket expenses incurred in connection with managing the affairs of the company.

5. Matheson or the directors may at any time terminate this agreement or cease to provide services to the client by giving notice thereof to the client by letter to his last known address. Upon termination of this agreement Matheson shall make available to the client any shares of the company held by Matheson, the shareholders or directors as nominees of the client. Notwithstanding termination of this agreement, the terms of Clause 3 (b) hereof shall remain applicable for so long as Matheson, any shareholders or director may be liable as a director or former director or administrator or former administrator or shareholder or former shareholder of the company.

6. If in this agreement the term "client" shall mean more than one person the shareholders and directors

3

shall act upon the instructions of:

(i) All such persons

and the indemnity given by the client under clause 3(b) hereof shall be binding on them jointly and severally and shall be deemed to have been made separately by each of them.

7. If in this agreement the term "client" shall mean more than one person the shareholders and directors shall treat all persons as:

(i) Joint tenants with rights of survivorship

8. THIS AGREEMENT shall be governed by construed and interpreted in accordance with the laws of the Island of Jersey, and all parties shall submit to the jurisdiction of the courts of the said Island.

9. Special conditions.

SIGNED by the client(s)

_____    Hilsenrath Hans

SIGNED for and on behalf
of MATHESON TRUST COMPANY (JERSEY) LIMITED

_____    J. Perkins
                              DIRECTOR

(COMANAG)

4