1  REGINALD D. STEER (SBN 56324)
   rsteer@akingump.com
2  MARIA ELLINIKOS (SBN 235528)
   mellinikos@akingump.com
3  ANDREW CHO (SBN 240957)
   acho@akingump.com
4  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   580 California Street, 15th Floor
5  San Francisco, California 94104-1036
   Telephone:    415-765-9500
6  Facsimile:    415-765-9501

7  Attorneys for Specially Appearing
   Defendant Candover Investments PLC
8
   *On Behalf of All Defendants*
9

10

11                 UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                      OAKLAND DIVISION

14

15 HANA HILSENRATH AND OLIVER          Case No. 07-3312 (CW)
   HILSENRATH,
16                                      **DEFENDANTS' JOINT EVIDENTIARY**
                Plaintiffs,             **OBJECTIONS TO EXHIBITS**
17                                      **ATTACHED TO DECLARATION OF**
        v.                              **OLIVER HILSENRATH IN SUPPORT OF**
18                                      **PLAINTIFFS' OPPOSITION TO**
   EQUITY TRUST (JERSEY) LIMITED,       **DEFENDANTS' MOTIONS TO DISMISS**
19 CANDOVER INVESTMENTS PLC
   INVESTMENTS PLC, INSINGER DE         Date:    November 1, 2007
20 BEAUFORT SA, JARDINE MATHESON        Time:    2:00 p.m.
   HOLDINGS LIMITED, GRANT BROWN,       Ctrm:    2, 4th floor
21 MELVYN KALMAN, JOHN PERKINS,
   CAROLINE BOUGEARD AND DOES 1-
22 10,

23              Defendants.

24

25

26

27

28

DEFENDANTS' JOINT EVIDENTIARY OBJECTIONS TO EXHIBITS ATTACHED TO DECLARATION OF OLIVER
HILSENRATH IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

## I.    **INTRODUCTION**

Defendants Candover Investments PLC, Equity Trust (Jersey) Limited, Caroline Bougeard, Grant Brown, and Jardine Matheson Holdings Limited (collectively "Defendants") jointly submit the following objections to Exhibits 3, 6-22, 24-44, 46 and 48 attached to the Declaration of Oliver Hilsenrath in Support of Plaintiffs' Opposition to Defendants' Motions to Dismiss ("Hilsenrath Declaration"). In addition, pursuant to Civ. L. R. 7-5(b) Defendants respectfully request that the Court strike Exhibits 3, 6-22, 24-44, 46 and 48 attached to the Hilsenrath Declaration.

## II.    **EVIDENTIARY OBJECTIONS**

Documents submitted for consideration on a motion to dismiss for lack of personal jurisdiction must meet evidentiary requirements, including proper foundation to authenticate the documents. *See Beyene v. Coleman Secs. Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988) (finding inadmissible "documents which have not had a proper foundation laid to authenticate them"); *Hancock v. Hitt*, 1998 U.S. Dist. LEXIS 10058, *5 (N.D. Cal. June 19, 1998) ("plaintiff must present admissible evidence to support the court's exercise of personal jurisdiction"). Thus, to constitute admissible evidence, the Hilsenrath Declaration and the exhibits attached thereto must comply with the Federal Rules of Evidence. *Beyene*, 854 F.2d 1179, 1182; *Travelers Casualty and Surety Co. of Am. v. Telstar Construction Co., Inc.*, 252 F. Supp. 2d 917, 923 (D. Ariz. 2003). Defendants make the following evidentiary objections to Exhibits 3, 6-22, 24-44, 46 and 48 attached to the Hilsenrath Declaration:

### A.    **Objections of Defendants Equity Trust Jersey Limited, Caroline Bougeard, and Grant Brown**

1.    Exhibit 3

Equity Trust Jersey Limited ("ETJL"), Caroline Bougeard ("Bougeard") and Grant Brown ("Brown") object to Plaintiffs' Exhibit 3, "BVI Register - Janvrin Ryburn Crossgar - vanished - status re Stacie Vanderpool," on the grounds that it fails to comply with Fed. R. Evid. 902(3) and is inadmissible hearsay under Fed. R. Evid. 802. Fed. R. Evid. 902(3) allows for foreign public documents to be admitted into evidence if "accompanied by a final certification as to the genuineness of the signature and official position (A) of the executing or attesting person, or (B) of any foreign

1  official whose certificate of genuineness of signature and official position relates to the execution or

2  attestation...." Fed. R. Evid. 902(3). Because Exhibit 3 purports to be a letter from the "Director of

3  Corporate Affairs" of the British Virgin Islands Financial Services Commission, this document requires

4  a final certification of the genuineness of the signature and official position. Failure to so authenticate

5  this document requires that it be disregarded. In addition, this document is inadmissible hearsay,

6  because it is a written assertion by an absent declarant offered in evidence to prove the truth of the

7  matter asserted. *See* Fed. R. Evid. 801; 802.

8  2.    Exhibits 6-16, 35, 40-44

9  ETJL, Bougeard and Brown object to the admissibility of Plaintiffs' exhibits 6 through 16, 35,

10 and 40 through 44 on several bases.

11 First, Plaintiffs have failed to authenticate any of these exhibits. Fed. R. Evid. 901(a) states:

12 "[t]he requirement of authentication or identification as a condition precedent to admissibility is

13 satisfied by evidence sufficient to support a finding that the matter in question is what its proponent

14 claims." Fed. R. Evid. 901(a). Plaintiffs have not even attempted to authenticate the exhibits attached

15 to the Hilsenrath Declaration. Rather, this declaration merely states that all 54 exhibits attached to the

16 Hilsenrath Declaration are "true copies of public records and documents from the discovery" of other

17 cases. Hilsenrath Declaration at 2. Fed. R. Evid. 901(a) requires more than a statement by Plaintiffs

18 that the exhibits are what they claim them to be.

19 For example, while it does not appear that these documents are in fact, public records, Plaintiffs

20 are obligated to do more than simply assert that they are public records before they will be admissible

21 as such. According to Fed. R. Evid. 901(7), public records may be authenticated by "[e]vidence that a

22 writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a

23 purported public record, report, statement, or data compilation, in any form, is from the public office

24 where items of this nature are kept." Fed. R. Evid. 901(7). Plaintiffs have provided no evidence

25 showing that these documents were authorized to be filed or filed in a public office, or were otherwise

26 from such a public office.

27 Also unauthenticated and inadmissible are the many exhibits that Plaintiffs assert are "true

28 copies of ... documents from the discovery of: Case 4:02-cv-01068-CW *Janvrin Holdings Limited et*

2

1  *al. v. Hilsenrath et al.* and Case 3:03-cr-00213-WHA *USA v. Hilsenrath, et al.*" As a preliminary

2  matter, the scope of inquiry for purposes of discovery is generally broader than the test for

3  admissibility at trial and relevance for discovery purposes is broader than relevance for evidentiary

4  purposes. *U.S. v. City of Torrance*, 164 F.R.D. 493 (C.D. Cal. 1995). Accordingly, the fact that these

5  documents may have been obtained through discovery does not render them admissible. In fact, each

6  of these exhibits is inadmissible because they have not been authenticated and are not self-

7  authenticating under Fed. R. Evid. 902.

8     Finally, these exhibits are not relevant, and therefore not admissible, pursuant to Fed. R. Evid.

9  402 and contain inadmissible hearsay pursuant to Fed. R. Evid. 801 and 802.

10          3.     Exhibits 17-18

11     ETJL, Bougeard and Brown object to Plaintiffs' Exhibits 17 and 18 because they were

12  seemingly obtained from a website of "Equity Trust." First, evidence taken from a website, without

13  being sufficiently authenticated with additional evidence that will support a finding that it is what it is

14  claimed to be, cannot meet the requirement of Fed. R. Evid. 901(a). *See, e.g., Wady v. Provident Life*

15  *and Accident Ins. Co. of America*, 216 F. Supp. 2d 1060 (C.D. Cal. 2002) (*citing to United States v.*

16  *Jackson*, 208 F.3d 633, 638 (7th Cir. 2000) (finding that evidence taken from the Internet lacked

17  authentication where the proponent was unable to show that the information had been posted by the

18  organizations to which she attributed it). Plaintiffs have made no showing that Defendant ETJL posted

19  the information contained in Exhibits 17 and 18. Nor could Plaintiffs make such a showing, where

20  ETJL had absolutely no involvement with the corporate website of Equity Trust, maintained by a

21  separate corporate entity, Equity Trust (Netherlands) BV. *See* Declaration of Philip Austin in Support

22  of ETJL, Bougeard and Brown's Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss at

23  ¶ 4. Exhibits 17 and 18 are therefore inadmissible.

24   **B.     Objections of Defendant Candover Investments PLC**

25     Candover Investments PLC objects to Exhibits 19-22, 24-34, 46 and 48 to the Hilsenrath

26  Declaration on the following independent grounds.

27     First, Plaintiffs failed to authenticate these exhibits as required by Fed. R. Evid. 901. The

28  Hilsenrath Declaration attaches Exhibits 19-22, 24-34, 46 and 48 and avers no foundational facts to

1    authenticate them.  However, "[a] writing is not authenticated simply by attaching it to an affidavit."

2    *Beyene*, 854 F.2d at 1182 (*citing United States v. Dibble*, 429 F.2d 598, 601 (9th Cir. 1970)).

3          Nor does the statement that these exhibits are "true copies of public records and documents

4    from the discovery" of other cases (Hilsenrath Declaration at 2) satisfy the requirements of Fed. R.

5    Evid. 901.[1]  If Plaintiffs contend these documents are public records, Plaintiffs must provide "evidence

6    that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office,

7    or a purported public record, report, statement, or data compilation, in any form, is from the public

8    office where items of this nature are kept." Fed. R. Evid. 901(7).  Plaintiffs provided no such evidence.

9    Moreover, Fed. R. Evid. 901(a) requires that the declarant lay a foundation "by evidence sufficient to

10   support a finding that the matter in question is what its proponent claims."  Plaintiffs' statement that

11   these documents are true copies from the discovery of other cases is not sufficient under Fed. R. Evid.

12   901(a).  *See Beyene*, 854 F.2d at 1182 (noting that it is not enough for the declarant to characterize the

13   document as true and correct).  Accordingly, Exhibits 19-22, 24-34, 46 and 48 are inadmissible, and

14   should be stricken because Plaintiffs failed to authenticate them and they not self-authenticating under

15   Fed. R. Evid. 902.

16         Second, Exhibits 19-22, 24-34, 46 and 48 constitute inadmissible hearsay.  Plaintiffs offer these

17   documents for the truth of the matters asserted therein, but under the Federal Rules of Evidence,

18   "[h]earsay is not admissible." Fed. R. Evid. 802; *see also Taylor v. List*, 880 F.2d 1040, 1040 (9th Cir.

19   1989) (hearsay statements cannot be offered for the truth of the matter asserted).  Plaintiffs lay no

20   foundation for any of the exceptions to the hearsay rule with respect to these exhibits, and none apply.[2]

21

22         [1] With respect to documents Plaintiffs seemingly obtained from the Internet (*see* Exhibits 19,
23   20, 21, 24-26, 28-34 and 48), Candover Investments PLC further objects that Plaintiffs cannot
     authenticate them because they have no personal knowledge of who maintains the websites from which
24   they obtained the documents, who authored the documents, or the accuracy of their contents.  *See
     Wady*, 216 F. Supp. 2d at 1064.

25         [2] It is well-settled that the news articles and press releases comprising Exhibits 19, 22, 24-33,
     46 and 48 constitute hearsay and do not fall within any exceptions to the hearsay rule.  *See Eisenstadt
26   v. Centel Corp.*, 113 F.3d 738, 742-43 (7th Cir. 1997) (article offered to prove the truth of the matter
     asserted constitutes inadmissible hearsay); *New England Mut. Life Ins. Co. v. Anderson*, 888 F.2d 646,
27   650-51 (10th Cir. 1989) (newspaper article constituted inadmissible hearsay).  Moreover, Internet
     postings by third parties comprising Exhibits 20, 21 (p. 1) and 34 (pp. 1, 3-5), including those obtained
28   from the corporate websites of subsidiaries of Candover Investments PLC, constitute hearsay.  Indeed,
     the corporate websites of the subsidiaries of Candover Investments PLC are prepared by its

4

1  Finally, these exhibits are not relevant, and therefore inadmissible pursuant to Fed. R. Evid. 402

2  ("Evidence which is not relevant is not admissible.").

3  **C.    Objections of Defendant Jardine Matheson Holdings Limited**

4  Defendant Jardine Matheson Holdings Limited ("Jardine") hereby objects to and moves to

5  strike Exhibits 7, 13, 14, 15, 35, 36, 37, 38, 39, and 40 attached to the Hilsenrath Declaration on the

6  following grounds.

7  First, Plaintiffs have failed to authenticate any of these exhibits. "The requirement of

8  authentication or identification as a condition precedent to admissibility is satisfied by evidence

9  sufficient to support a finding that the matter in question is what a proponent claims." Fed. R. Evid.

10  901(a). Plaintiffs have not even attempted to authenticate these exhibits. Rather, the Hilsenrath

11  declaration merely states that all of the attached exhibits are "true copies of public records and

12  documents from the discovery" of other cases. Hilsenrath Decl., ¶2. Fed. R. Evid. 901(a) requires

13  more than a statement that the exhibits are what they claim them to be.

14  If Plaintiffs contend that these documents qualify as public records, they were obligated to do

15  more than simply assert that conclusion. Public records may be authenticated by "[e]vidence that a

16  writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a

17  purported public record, report, statement, or data compilation, in any form, is from the public office

18  where items of this nature are kept." Fed. R. Evid. 901(7). Plaintiffs have made no such showing

19  whatsoever.

20  Nor does Plaintiffs' conclusory assertion that certain exhibits are "true copies of … documents

21  from the discovery" in another case authenticate the exhibits. Plaintiffs were obligated to comply with

22  Fed. R. Evid. 901(a) but have not done so. *Beyene*, 854 F.2d at 1182, *citing United States v. Dibble*,

23  429 F.2d 598, 601 (9th Cir. 1970) ("A writing is not authenticated simply by attaching it to an

24  affidavit.").

25

26

27

28  subsidiaries and are not controlled by Candover Investments PLC. *See* Declaration of Andrew
Moberly in Support of Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss at ¶ 2.

DEFENDANTS' JOINT EVIDENTIARY OBJECTIONS TO EXHIBITS ATTACHED TO DECLARATION OF OLIVER
HILSENRATH IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

1    Plaintiffs' exhibits 38 and 39 are not authenticated simply because there is a "dot-com"

2   reference at the bottom of each exhibit. Documents purportedly taken from a website are not

3   authenticated without sufficient evidence of authentication in accordance with the requirements of Fed.

4   R. Evid. 901(a). *See, e.g., Wady*, 216 F. Supp.2d 1060, *citing United States v. Jackson*, 208 F.3d 633,

5   638 (7th Cir. 2000) (evidence taken from the internet lacked authentication where the proponent did

6   not prove that the information had been posted by the organization to which the proponent attributed

7   it). Here, Plaintiffs have made no showing that Jardine posted the information contained in Exhibits 38

8   and 39, nor could Plaintiffs make such a showing, since these exhibits, on their face, purport to refer to

9   entities other than Jardine. Exhibit 38 refers to "rothschild.com," and Exhibit 39 refers to

10  "unctad.org." Exhibits 38 and 39 are therefore unauthenticated and inadmissible for this additional

11  reason.

12    Second, all of these exhibits are objectionable and should be stricken because they are not

13  relevant to establishing personal jurisdiction over Jardine because, as explained in Jardine's Reply

14  Brief, none of these exhibits establishes any contacts by Jardine with the State of California. Fed. R.

15  Evid. 402 ("Evidence which is not relevant is not admissible.").

16    Third, all of these exhibits contain, and constitute, inadmissible hearsay. Plaintiffs offer these

17  documents for the truth of the matters asserted therein, but "[h]earsay is not admissible." Fed. R. Evid.

18  802; *see also Taylor v. List*, 880 F.2d at 1040 (hearsay statements cannot be offered for the truth of the

19  matter asserted). Moreover, Plaintiffs' exhibits 38 and 39 are, on their face, "press releases," and press

20  releases clearly constitute inadmissible hearsay. *Eisenstadt v. Centel Corp.*, 113 F.3d at 742-43 (article

21  offered to prove the truth of the matter asserted constitutes inadmissible hearsay); *New England Mut.*

22  *Life Ins.*, 888 F.2d at 650-51 (same). Here, Plaintiffs lay no foundation for any of the exceptions to the

23  hearsay rule with respect to these exhibits, and none apply. This is an independent basis for striking

24  these exhibits.

25  //

26  //

27  //

28

DEFENDANTS' JOINT EVIDENTIARY OBJECTIONS TO EXHIBITS ATTACHED TO DECLARATION OF OLIVER
HILSENRATH IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

III.    **CONCLUSION**

For the reasons stated herein, Defendants respectfully request that the Court sustain their objections to the exhibits to the Hilsenrath declaration and strike the offending documents from the record.

Dated:  September 27, 2007                    AKIN GUMP STRAUSS HAUER & FELD LLP


                                              By_____/s/_____
                                                         Maria Ellinikos
                                              Attorneys for Specially Appearing Defendant On
                                              Behalf of All Defendants

7