# LIST OF EXHIBITS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Hilsenrath v Equity et al

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A: Perkins' initial solicitation 1996

10/10 Page 3 of 169

 **Matheson Trust Company (Jersey) Limited**

*Aida Holdings*

A Member of the Jardine Matheson Group

---

| | | |
|---|---|---|
| P.O. Box 316 | Telephone: | 01534 888111 |
| Jardine House | Facsimile: | 01534 888118 |
| 1 Wesley Street | Telex: | 4192012JARJSY G |
| St. Helier | | |
| Jersey JE4 8UD | | |
| Channel Islands | | |

Dr Oliver Hilsenrath                                        14 May 1996
32 Essex Court
Round Hill Country Club                                    JHP/VJJ
Alamo
CA 94507
USA


Dear Dr Hilsenrath

I write with further reference to our recent telephone conversation and your fax of 11 May 1996. I am grateful for the information provided concerning your personal background.

As promised, I now have pleasure in providing you with some details regarding this company and the nature of our services.

As you will see from the enclosed brochure, this company is part of the Jardine Matheson Group of Trust Companies, which are geared to combine asset management in its broadest terms with asset protection arrangements through the use of trust and corporate structures established and administered from a stable, low tax jurisdiction. Our group consists of six principal operating companies, located in Jersey Channel Islands, Bermuda, British Virgin Islands, Hong Kong, Labuan, Malaysia and Mauritius through which we are able to provide effective arrangements for the protection and management of a world-wide asset base, having regard to the varying demands and concerns of our international clientele. These operating companies are owned by Jardine Matheson Trust Corporation, a British Virgin Island holding company, which in turn is a direct subsidiary of the Bermuda parent of the Jardine Matheson Group.

We believe that this ownership structure itself is of significant appeal and importance to our clients, given that it avoids any ultimate connection with the main jurisdictions such as, for example, the United States of America or the United Kingdom. We further believe that our international trading background affords a depth of commercial experience, understanding and support to our trust and financial services.

Our parent company, Jardine Matheson Holdings, is, as I am sure you appreciate, an international service-related company incorporated in Bermuda, and headquartered in Hong Kong. Founded in 1832, the group has extensive business interests world-wide, falling into five main areas of financial services, marketing and distribution, engineering and construction, property and hotels and transport services.

The facilities of the Trust Group are particularly directed towards those individuals, family groups and indeed private companies who hold investments and assets away from the home base. We often find that although there may well be a focus on the merits of investment diversification, less attention is given to the establishment of an effective and efficient holding structure that will provide long term protection.

A Trust Corporation registered in Jersey, Channel Islands. Registered No: 42712

JAG 01602

CONFIDENTIAL PURSUANT
TO SECTION 24 (d)
02693

**Dr Oliver Hilsenrath**                                                    **14 May 1996**

Some of the aspects of trusts that are important in this respect are addressed in the accompanying paper which outlines the principal features of trusts and which may be of interest to you.

As you will see from our brochure, our services extend to the incorporation and management of companies established in a wide range of jurisdictions. Our facilities are provided for both investment holding and trading companies and in addition to the maintenance of the necessary statutory records will extend to the full management of the underlying affairs of the company.

Also enclosed is a Questionnaire and a Fee Schedule in connection with the incorporation and ongoing administration of a British Virgin Islands registered company. As I explained over the telephone, if we are required to provide full services, this will include the provision of three Directors, all of whom are directors of Matheson Trust Company (Jersey) Limited, the Company Secretary, Nominee Shareholders, the Registered Office in the BVI and Administrative Office here in Jersey. We will establish bank accounts in the name of the BVI company in whatever currencies are required, the authorised signatories of which will again be officers of Matheson Trust Company. It is not our policy to allow third parties to be signatories over bank accounts; neither do we entertain 'mixed' Boards of Directors. There are several reasons for adopting this policy but primarily, we take our responsibilities as directors of the company seriously and all major decisions regarding the company's activities, including the administration of its financial affairs must be clearly seen to rest with the Board.

In the circumstances you may well ask what recourse you would have if for any reason you were unhappy with our administration of the company's affairs at some future date. I would simply say that, as the actual beneficial owner of the company you have the necessary power to appoint alternative directors in place of our officers and instruct us to transfer the administration to another organisation. A copy of our standard Company Management Agreement is enclosed which I think you will agree clearly sets out both our responsibilities as the administrators of the company and what is required of you as the client.

I believe I also mentioned that the setting up costs and ongoing administration fees for either a Jersey registered or BVI registered company were broadly similar although there are no disclosure requirements in the BVI, whereas if we incorporate a Jersey company the name of the beneficial owner must be given to the local Financial Services Department. Nevertheless, this is not a matter of public record and at the end of the day the choice of jurisdiction is largely down to the client's preference. If you have no particular concerns, I would like to suggest that a BVI company would be most appropriate in your particular circumstances.

Turning now to the question of ownership, I note that your children are all minors. Therefore I suggest that you and your wife be named jointly so that, in the event of the demise of one or other of you, the survivor will automatically become the sole owner of the issued share capital of the company and therefore its underlying assets. Once the children come of age, we can review the position. Alternatively, depending on the sums involved, you may wish to contemplate creating a trust into which the company shares could be settled. Please refer to the enclosed paper entitled 'Features of a Trust'.

Finally, if the proposed company was to be used for the purpose of investing funds and holding securities, it would be perfectly in order for the directors of the BVI company to appoint an Investment Manager such as the gentleman in New York referred to in your fax. Obviously we would report to you on a regular basis in accordance with guidelines which we would need to establish with you.

**JAG 01603**

CONFIDENTIAL PURSUANT
TO SECTION 24 (d)
**02694**

**Dr Oliver Hilsenrath**                                          **14 May 1996**

I hope that I have addressed the main issues which may be of interest and concern to you at this early stage, although I am sure you will have further questions once you have had an opportunity to consider this letter and the enclosures. I therefore look forward to hearing from you again in due course.


Yours sincerely,



John H Perkins
Senior Manager


Encl

**JAG 01604**

CONFIDENTIAL PURSUANT
TO SECTION 24 (d)
**02695**

1

2

3     **Exhibit B: Jardine to Lampert**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# *Saffray Limited*

---

*Administrative address:*
P.O. Box 316
Jardine House
1 Wesley Street
St. Helier
Jersey JE4 8UD
Channel Islands

Telephone: 01534 888111
Facsimile:  01534 888118
Telex:      4192012 JARJSY G

Our Ref:   JHP/VJJ

22 July 1996

B Y   C O U R I E R

Mr David S Klarman
Lampert & Lampert
Attorneys at Law
10 East 40th Street
New York
NY 10016
USA

Dear Mr Klarman,

I write with reference to Dr O Hilsentrath's letter to me dated 15 July 1996 together with the copies of the Subscription Agreement No. 003. This has been completed and signed by Mr Melvyn Kalman, Director, and is returned herewith.

Arrangements will be made to remit US$48,000 directly by wire transfer to Labyrinth Communications Technology Grup, Inc., Escrow account in accordance with the details contained in Dr Hilsenrath's letter, to cover the purchase of 4,000 shares of common stock, par value $.001 of Labyrinth Communications Technology Grup, Inc., at the purchase price of $12.00 per share.

I look forward to receiving confirmation of Labyrinth's acceptance of this subscription and that we will receive the original Stock Certificate and a fully executed copy of the Subscription Agreement in accordance with the terms of Clause 2 of the Agreement, in due course.

Yours sincerely

John H Perkins
for Wesley Secretaries Limited, Secretary

c.c. Dr O Hilsentrath

SAF 112006 0201

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit C: Declaration of Austin re Aida and Telecom Associates

LATHAM & WATKINS LLP
   Peter Wald (Bar No. 85705)
   Darius Ogloza (Bar No. 176983)
   Sarah M. Ray (Bar No. 229670)
   Katie Chang (Bar No. 246247)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone: +415.391.0600
Facsimile: +415.395.8095

Attorneys for Defendants
EQUITY TRUST (JERSEY) LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANA HILSENRATH AND OLIVER HILSENRATH,<br><br>        Plaintiffs,<br><br>      v.<br><br>EQUITY TRUST (JERSEY) LIMITED, CANDOVER INVESTMENTS PLC, INSINGER DE BEAUFORT SA, JARDINE MATHESON HOLDINGS LIMITED, GRANT BROWN, MELVYN KALMAN, JOHN PERKINS, CAROLINE BOUGEARD, AND DOES 1-10,<br><br>        Defendants. | CASE NO. C-07-3312 CRB<br><br>DECLARATION OF PHILIP JOSEPH AUSTIN IN SUPPORT OF EQUITY TRUST (JERSEY) LTD'S MOTION TO DISMISS FOR IMPROPER VENUE; LACK OF PERSONAL JURISDICTION; INSUFFICIENCY OF SERVICE OF PROCESS AND *FORUM NON CONVENIENS*<br><br>Date:    August 24, 2007<br>Time:   10:00 a.m.<br>Place:   Courtroom 8<br>Judge:  Honorable Charles R. Breyer<br><br>Complaint Filed: June 25, 2007 |

     I, PHILIP JOSEPH AUSTIN, declare as follows:

        1.     I currently am a Managing Director of Equity Trust (Jersey) Limited ("ETJL") and have held this position since 8 May 2006. In my capacity as Managing Director, I have access to, and would in the ordinary course of ETJL's business become aware of information with respect to: the location of ETJL's officers, directors, managing agents and employees; the location of ETJL's offices, real property, personal property, bank accounts and other assets; the location of ETJL's business activities; the payment of taxes;

SF\616928.2
Case Number: C-07-3312 CRB
DECLARATION OF PHILIP JOSEPH AUSTIN



**Matheson Trust Company (Jersey) Limited**
A Member of the Jardine Matheson Group

# Company Management Agreement

THIS AGREEMENT is made the 22 day of May 1996
BETWEEN Hana & Oliver Hilsenrath of Haifa, Israel   hereinafter called "the client") of the one
part AND **MATHESON TRUST COMPANY (JERSEY) LIMITED** a company incorporated under the
laws of the Island of Jersey and having its Registered Office at Jardine House, 1 Wesley Street,
St. Helier, Jersey (hereinafter called "Matheson").

WHEREAS upon the instructions of the client a company was incorporated under the laws of the
B V I                    with the name: Aida Holdings Ltd. (hereinafter called "the
company")

AND WHEREAS Matheson has agreed to provide Shareholders (hereinafter called "the
shareholders") to hold a share or shares in the issued capital of the company and also to provide
Directors (hereinafter called "the directors") and other Officers ("the officers") and a company
secretary for the Company.

NOW THIS AGREEMENT WITNESSETH as follows:

1.      Matheson agrees:

(a)     That it will cause such shareholders to elect directors nominated by Matheson to
        constitute the Board of the Company and if called upon so to do will cause the
        shareholders to appoint such officers as the client may nominate who shall be
        acceptable to Matheson and who is not ineligible to hold office as a director.

(b)     To cause the shareholders to hold the issued share capital of the company upon trust
        for the client together with any shares issued to them by way of bonus issue,
        capitalization of profits or reserves, and any rights or options to which they may
        become entitled by virtue of holding the said shares.

(c)     To cause the shareholders to account to the client for any dividends or other moneys
        received in respect of their holding of shares in the company.

(d)     To cause the shareholders to transfer, mortgage or otherwise deal with the share
        capital of the company as it or they may be instructed by the client.

(e)     To cause the shareholders to exercise all voting rights conferred on them by virtue
        of their holding of shares in the company in such manner as they may from time to
        time be directed by the client.

(f)     To provide directors of the company and if called upon so to do to provide officers
        of the company and a company secretary, or upon the instructions of the client
        appoint such other persons as officers as may be acceptable to Matheson and who

1

are eligible to be such officers.

(g) To receive the advice and recommendations of the client or his duly appointed representative whether by word of mouth, letter, fax, cable, telephone or any electronic means of communication and to cause the business of the company to be managed in accordance with such advice and recommendations. In the event that no such instructions are forthcoming and it is impossible or impracticable for Matheson to obtain the same and in the opinion of Matheson, or its nominee or the directors, the best interests of the company require immediate action, then and in such event Matheson or its nominee or the directors shall take such action as may to it (or them) appear appropriate.

Matheson may require instructions to be in writing before taking action.

(h) To ensure that the corporate records are maintained and all filing requirements are complied with at all times to conform with the laws of the country of incorporation and any other country to whose laws the company is subject and that such books of account are maintained and such financial statements prepared in connection with the company as the client may request.

2. IT IS AGREED that neither Matheson nor the shareholders nor the directors or officers (if provided) shall be obliged to act in any manner which may:

(a) Be beyond its powers or ultra vires the company.

(b) Conflict with any of the provisions of the Memorandum and Articles of Association or other constitutive documents of the company.

(c) Conflict with any laws or Orders or directions of the court of the Island of Jersey or otherwise be illegal or immoral.

(d) Expose them or any of them to any personal liability or risk of prosecution in any jurisdiction.

(e) Be of any unusual nature or be unduly onerous or be of such nature that it might damage the reputation of, or be detrimental to Matheson its nominee or holding companies subsidiaries or other companies in the Jardine Matheson Group, the company, its directors, officers, bankers or other agents.

3. The client agrees:

(a) That he nor any third party over which he has control will not take any action with regard to the company nor enter into any contract on its behalf without the consent of the directors.

(b) That neither himself nor any third party over which he has control shall hold Matheson, the shareholders or the directors or other officers responsible as a shareholder or as a director or other officer of the company, except in the case of fraud, wilful misconduct or gross negligence on the part of the director or other officer sought to be made liable or in the case of a breach of trust arising from the fraud, wilful misconduct or gross negligence on the part of the shareholder sought to be made liable and that furthermore he will indemnify Matheson, the shareholders, the directors and any officers and each of them in respect of any costs, expenses, actions, proceedings, claims or other liability arising directly or indirectly by reason of each of Matheson, the shareholders, the directors and any other officers acting or having acted in their respective capacities with regard to the affairs of the company

2

or as the officers thereof or by the provision by Matheson of such directors, shareholders, secretary or other officers of the company provided the same shall not be due to fraud, wilful misconduct or gross negligence on the part of such one or more of them claiming indemnity hereunder, such indemnity being in addition to any indemnity provision contained in the statutes, Memorandum and Articles of Association or other constitutive documents of the company.

(c)   That if any fees payable hereunder shall not be duly and punctually paid together with out-of-pocket expenses incurred in connection with the management of the affairs of the company and the provision of directors, shareholders, secretary and other officers the directors and other officers may resign from office as directors and officers of the company and neither they nor the shareholders shall be under any further obligation to provide corporate services for the company or to maintain the same in good standing.

(d)   That any associated or affiliated company of the directors or the shareholders who may provide services for the company whether as banker, broker, investment adviser, registrar and transfer agent, custodian, trustee, manager or otherwise shall be entitled to be paid by the company their normal charges for so acting and retain any brokerage or commission received in respect of any transaction to which the company is a party.

(e)   That the directors and shareholders shall not be liable for any loss suffered by the company or the client due to anything done or omitted to be done by them in connection with the affairs of the company provided they acted in good faith.

(f)   That all proper accounts rendered to the company by Matheson or the shareholders or directors or other officers in respect of fees and disbursements or otherwise may be paid by the directors out of the funds of the company and if such funds are not sufficient by the client upon notice being given to the client of such insufficiency.

(g)   And has acknowledged that it is his responsibility to obtain any appropriate advice on taxation and other relevant matters and warrants to Matheson that he is not acting as a nominee or trustee for any other person or persons.

4.   Matheson shall be remunerated for its services in accordance with:

(1)   The scale of fees in force at the date of this agreement and Matheson shall have the power if its standard scale of fees be altered after the date hereof to charge remuneration for its services in accordance with such scale of fees as shall from time to time be in force or

(2)   Such other scale as may be agreed between the parties hereto from time to time.

In addition the directors, other officers and shareholders shall be entitled to re-imbursement of all out-of-pocket expenses incurred in connection with managing the affairs of the company.

5.   Matheson or the directors may at any time terminate this agreement or cease to provide services to the client by giving notice thereof to the client by letter to his last known address. Upon termination of this agreement Matheson shall make available to the client any shares of the company held by Matheson, the shareholders or directors as nominee of the client. Notwithstanding termination of this agreement, the terms of Clause 3 (b) hereof shall remain applicable for so long as Matheson, any shareholders or director may be liable as a director or former director or administrator or former administrator or shareholder or former shareholder of the company.

3

6. If in this agreement the term "client" shall mean more than one person the shareholders and directors shall act upon the instructions of:

    (i) ~~All such persons~~

    (ii) Any one of such persons **

and the indemnity given by the client under clause 3(b) hereof shall be binding on them jointly and severally and shall be deemed to have been made separately by each of them.

7. If in this agreement the term "client" shall mean more than one person the shareholders and directors shall treat all persons as:

    (i) Joint tenants with rights of survivorship **

    (ii) ~~Tenants in common **~~

8. THIS AGREEMENT shall be governed by construed and interpreted in accordance with the laws of the Island of Jersey, and all parties shall submit to the jurisdiction of the courts of the said Island.

9. Special conditions.

SIGNED by the client(s)

..................................          ...Hilsenrath....Hana........

SIGNED for and on behalf
of MATHESON TRUST COMPANY (JERSEY) LIMITED

..................................          ...........................................

** (Please delete as appropriate)

(CMATRANS)

4

# FORMATION OF A BVI COMPANY

To incorporate an International Business Company in the British Virgin Islands we require the following information:

1.  Name of Company; please list 4 choices in order of preference.

    1. _Aida Holdings Ltd._    3. _____

    2. _____    4. _____

2.  Name, address and occupation of all Beneficial Owners and the % of ownership if more than one owner. This is for our own files only and is not a matter of public record.

    Name: _Oliver Hilsenrath_    Name: _Hana Hilsenrath_

    Address: _58 Shimshon Str._    Address: _58 Shimshon Str._
    _Haifa, Israel_    _Haifa, Israel_

    Occupation: _Engineer_  % of Ownership: _100%_    Occupation: _Psychologist_ % of Ownership: _100%_

    Name: _____    Name: _____

    Address: _____    Address: _____

    _____    _____

    Occupation: _____ % of Ownership: ___    Occupation: _____ % of Ownership: ___

3.  Please provide a brief description of the business to be undertaken by the company, including geographical location of its activities and commodities to be dealt with:

    _Investments in stock, bonds, commodities, real estate_
    _in the US, Europe, Far East_
    _____

4.  The maximum Authorised Capital of $50,000 or equivalent foreign currency incurs an annual duty of $300. Authorised Capital above this amount incurs an annual duty of $1,000. Please indicate the desired Authorised Capital:

    $50,000/Other _~~$300,000~~ $50,000_

5.  The minimum issued share capital is one shareholder holding one share and it is normal for our subsidiary companies to act as Nominee Shareholders on behalf of the owners and to issue Declarations of Trust to them. Please indicate any special shareholding requirements you may have:

    _____

6.  We normally provide the Directors and Secretary of the company and this is included in our standard management fee. If you have other requirements this can be discussed independantly.

7.  Where should the fee notes be sent?

    _To be determined in the future._
    _____

Incorporation of the company can be the same day as instructions are received in Jersey, pending availability of names, with documentation following in 10 days. We also hold a small supply of shelf companies in Jersey which are available immediately.



**Matheson Trust Company (Jersey) Limited**
A Member of the Jardine Matheson Group

## Company Management Agreement

THIS AGREEMENT is made the 20th August 1999

BETWEEN DR OLIVER HILSENRATH and MRS HANA HILSENRATH of 58 Shimshon Street, Haifa, Isreal hereinafter called "the client") of the one part AND MATHESON TRUST COMPANY (JERSEY) LIMITED a company incorporated under the laws of the Island of Jersey and having its Registered Office at Jardine House, 1 Wesley Street, St. Helier, Jersey (hereinafter called "Matheson").

WHEREAS upon the instructions of the client a company was incorporated under the laws of the British Virgin Islands with the name: OLIVER HILSENRATH FAMILY INVESTMENTS LIMITED (hereinafter called "the company")

AND WHEREAS Matheson has agreed to provide Shareholders (hereinafter called "the shareholders") to hold a share or shares in the issued capital of the company and also to provide Directors (hereinafter called "the directors") and other Officers ("the officers") and a company secretary for the Company.

NOW THIS AGREEMENT WITNESSETH as follows:

1.  Matheson agrees:

    (a) To use its best endeavours to obtain approval of the appropriate registration authority to the name of the company but shall not be liable for any loss arising directly or indirectly out of or in connection with the refusal by such registration authority to register the name or a subsequent direction to the company to change it.

    (b) Immediately upon receipt of sufficient funds from the client to proceed with the incorporation of the company by providing shareholders and causing them to subscribe to its Memorandum of Association and filing the same with Articles of Association or other prescribed particulars or documents relevant for the incorporation of the company in a form approved by the client with the appropriate registration authority.

    (c) That following incorporation of the company it will cause such shareholders to elect directors nominated by Matheson to constitute the Board of the Company and if called upon so to do will cause the shareholders to appoint such officers as the client may nominate who shall be acceptable to Matheson and who are not ineligible to hold office as a director.

    (d) To cause the shareholders to hold the issued share capital of the company upon trust for the client together with any shares issued to them by way of bonus issue, capitalization of profits or reserves, and any rights or options to which they may become entitled by virtue of holding the said shares.

    (e) To cause the shareholders to account to the client for any dividends or other moneys received in respect of their holding of shares in the company.

    (f) To cause the shareholders to transfer, mortgage or otherwise deal with the share capital of

1

the company as it or they may be instructed by the client.

(g) To cause the shareholders to exercise all voting rights conferred on them by virtue of their holding of shares in the company in such manner as they may from time to time be directed by the client.

(h) To provide directors of the company and if called upon so to do to provide officers of the company and a company secretary, or upon the instructions of the client appoint such other persons as officers as may be acceptable to Matheson and who are eligible to be such officers.

(i) To receive the advice and recommendations of the client or his duly appointed representative whether by word of mouth, letter, fax, cable, telephone or any electronic means of communication and to cause the business of the company to be managed in accordance with such advice and recommendations. In the event that no such instructions are forthcoming and it is impossible or impracticable for Matheson to obtain the same and in the opinion of Matheson, or its nominee or the directors, the best interests of the company require immediate action, then and in such event Matheson or its nominee or the directors shall take such action as may to it (or them) appear appropriate.

Matheson may require instructions to be in writing before taking action

(j) To ensure that the corporate records are maintained and all filing requirements are complied with at all times to conform with the laws of the country of incorporation and any other country to whose laws the company is subject and that such books of account are maintained and such financial statements prepared in connection with the company as the client may request.

2. IT IS AGREED that neither Matheson nor the shareholders nor the directors or officers (if provided) shall be obliged to act in any manner which may:

(a) Be beyond its powers or ultra vires the company.

(b) Conflict with any of the provisions of the Memorandum and Articles of Association or other constitutive documents of the company.

(c) Conflict with any laws or Orders or directions of the court of the Island of Jersey or otherwise be illegal or immoral.

(d) Expose them or any of them to any personal liability or risk of prosecution in any jurisdiction.

(e) Be of any unusual nature or be unduly onerous or be of such nature that it might damage the reputation of, or be detrimental to Matheson its nominee or holding companies subsidiaries or other companies in the Jardine Matheson Group, the company, its directors, officers, bankers or other agents.

3. The client agrees:

(a) That he nor any third party over which he has control will not take any action with regard to the company nor enter into any contract on its behalf without the consent of the directors.

(b) That neither himself nor any third party over which he has control shall hold Matheson, the shareholders or the directors or other officers responsible as a shareholder or as a director or other officer of the company, except in the case of fraud, wilful misconduct or gross negligence on the part of the director or other officer sought to be made liable or in the case of a breach of trust arising from the fraud, wilful misconduct or gross negligence on the part

2

of the shareholder sought to be made liable and that furthermore he will indemnify Matheson, the shareholders, the directors and any officers and each of them in respect of any costs, expenses, actions, proceedings, claims or other liability arising directly or indirectly by reason of each of Matheson, the shareholders, the directors and any other officers acting or having acted in their respective capacities with regard to the affairs of the company or as the officers thereof or by the provision by Matheson of such directors, shareholders, secretary or other officers of the company provided the same shall not be due to fraud, wilful misconduct or gross negligence on the part of such one or more of them claiming indemnity hereunder, such indemnity being in addition to any indemnity provision contained in the statutes, Memorandum and Articles of Association or other constitutive documents of the company.

(c) That if any fees payable hereunder shall not be duly and punctually paid together with out-of-pocket expenses incurred in connection with the management of the affairs of the company and the provision of directors, shareholders, secretary and other officers the directors and other officers may resign from office as directors and officers of the company and neither they nor the shareholders shall be under any further obligation to provide corporate services for the company or to maintain the same in good standing.

(d) That any associated or affiliated company of the directors or the shareholders who may provide services for the company whether as banker, broker, investment adviser, registrar and transfer agent, custodian, trustee, manager or otherwise shall be entitled to be paid by the company their normal charges for so acting and retain any brokerage or commission received in respect of any transaction to which the company is a party.

(e) That the directors and shareholders shall not be liable for any loss suffered by the company or the client due to anything done or omitted to be done by them in connection with the affairs of the company provided they acted in good faith.

(f) That all proper accounts rendered to the company by Matheson or the shareholders or directors or other officers in respect of fees and disbursements or otherwise may be paid by the directors out of the funds of the company and if such funds are not sufficient by the client upon notice being given to the client of such insufficiency.

(g) And has acknowledged that it is his responsibility to obtain any appropriate advice on taxation and other relevant matters and warrants to Matheson that he is not acting as a nominee or trustee for any other person or persons.

4. Matheson shall be remunerated for its services in accordance with:

(1) The scale of fees in force at the date of this agreement and Matheson shall have the power if its standard scale of fees be altered after the date hereof to charge remuneration for its services in accordance with such scale of fees as shall from time to time be in force or

(2) Such other scale as may be agreed between the parties hereto from time to time.

In addition the directors, other officers and shareholders shall be entitled to re-imbursement of all out-of-pocket expenses incurred in connection with managing the affairs of the company.

5. Matheson or the directors may at any time terminate this agreement or cease to provide services to the client by giving notice thereof to the client by letter to his last known address. Upon termination of this agreement Matheson shall make available to the client any shares of the company held by Matheson, the shareholders or directors as nominee of the client. Notwithstanding termination of this agreement, the terms of Clause 3 (b) hereof shall remain applicable for so long as Matheson, any shareholders or director may be liable as a director or former director or administrator or former administrator or shareholder or former shareholder of the company.

6. If in this agreement the term "client" shall mean more than one person the shareholders and directors

3

shall act upon the instructions of:

    (i)  All such persons

and the indemnity given by the client under clause 3(b) hereof shall be binding on them jointly and severally and shall be deemed to have been made separately by each of them.

7.  If in this agreement the term "client" shall mean more than one person the shareholders and directors shall treat all persons as:

    (i)  Joint tenants with rights of survivorship

8.  THIS AGREEMENT shall be governed by construed and interpreted in accordance with the laws of the Island of Jersey, and all parties shall submit to the jurisdiction of the courts of the said Island.

9.  Special conditions.

SIGNED by the client(s)

_____       Hilsenrath Hans

SIGNED for and on behalf
of MATHESON TRUST COMPANY (JERSEY) LIMITED

_____       J. Perkins
                                   DIRECTOR

(COMANAG)

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit D: Grant Brown's letters to the Hilsenraths' attorney Federal Public Defender Steve Kalar

# EQUITY TRUST
## fax

Equity Trust (Jersey) Limited
Equity Trust House, P.O. Box 546
28-30 The Parade, St Helier, Jersey JE4 8XY
Channel Islands

Tel    +44 (0) 1534 636211
Fax    +44 (0) 1534 636215
Email  infojc@equitytrust.com

| To | Mr Barry J Portman & Mr Steve G Kalar | | |
|---|---|---|---|
| Fax number | 00 415 436 7706 | | |
| From | Mr Grant Brown | | |
| Subject | The Firefly Trust | | |
| Date | 20 February 2006 | No. of pages | 1 |

Dear Mr Portman and Mr Kalar

**The Firefly Trust (the "Trust")**

I write with reference to your fax dated 14 February 2006.

From your fax, I note that Mr Hilsenrath does not wish to be represented by a public defender in the criminal proceedings against him the United States and that instead he wishes to retain your firm as private counsel. Clearly, it is a matter for Mr Hilsenrath as to whom he wishes to appoint to defend him in these proceedings (since the proceedings are against him in his personal capacity) and what arrangements he wishes to make to discharge your firm's fees and costs.

I confirm that it is the case that Mr Hilsenrath has requested the Trustee to make Trust funds available to him in order that he may defend the proceedings against him and that the trustee of the Trust has declined to acquiesce to his request. The trustee of the Trust has reconsidered your further request and declines to accede to your request. The Trustee does not hold the Trust property for Mr Hilsenrath under a bare trust or nominee arrangement and Mr Hilsenrath and / or any representative of Mr Hilsenrath cannot instruct the Trustee to adopt a particular course of action in order to benefit him.

The trustee of the Trust is the legal owner of the Trust property and is obliged by fiduciary and statutory duties (inter alia) to act impartially in the interests of all of the beneficiaries of the Trust (in the sense of fairly and disinterestedly) and to preserve and enhance the Trust assets. The trustee of the Trust may exercise its dispositive powers in its absolute and unfettered discretion so that the trustee is not obliged to disclose its reasons or deliberation process.

Finally, there is no question of the Trust's "seizure" of its own assets.

Yours sincerely

Grant Brown
Director
Equity Trust (Jersey) Limited

The information contained in this facsimile message is intended only for the use of the persons or entity to whom it is addressed and may contain information that is confidential and may be legally privileged and exempt from disclosure under applicable laws. If you read this message and are not the addressee you are notified that use, dissemination, distribution or reproduction of this message is prohibited. If you have received this message in error, please notify us immediately and return the original message to us.

Regulated by the Jersey Financial Services Commission and registered under the Financial Services (Jersey) Law 1998 Registration No. 57583

# EQUITY TRUST

## fax

Equity Trust (Jersey) Limited
Equity Trust House, P.O. Box 546
28-30 The Parade, St Helier, Jersey JE4 8XY
Channel Islands

Tel    +44 (0) 1534 636211
Fax    +44 (0) 1534 636215
Email  infoje@equitytrust.com

| To | Mr Barry J Portman & Mr Steve G Kalar |
| Fax number | 001 415 436 7706 |
| From | Mr Grant Brown |
| Subject | The Firefly Trust |
| Date | 06 March 2006 |

No. of pages    1

Dear Mr Portman and Mr Kalar

**The Firefly Trust (the "Trust")**

I write with reference to your fax dated 03 March 2006.

I note your position as an Assistant Federal Public Defender paid by the United States government. I further note your comment that Mr Hilsenrath does not wish to be represented by a public defender in the criminal proceedings against him in the United States.

I reiterate the point in my previous fax that it is a matter for Mr Hilsenrath as to whom he wishes to appoint to defend him in these proceedings and what arrangements he wishes to make to discharge the corresponding fees and costs.

Mr Hilsenrath does not have a fixed proprietary interest in the property comprised in the Trust fund. He therefore has no entitlement to demand that the Trustee makes any distribution of Trust property to him.

Pursuant to the **Trusts (Jersey) Law 1984 (as amended)**, subject to the terms of the trust and any order of the court (the **"Court"**),[1] the Trustee is not under any obligation to disclose his deliberations as to the manner in which he has exercised a power or discretion and the reason for any particular exercise of such power or discretion.

Should Mr Hilsenrath, as a beneficiary of the Trust, wish to challenge the resolution of the Trustee not to release funds to him then we advise that he appoints Jersey counsel to make an application to the Court on his behalf accordingly.

Yours sincerely

Grant Brown
Director
Equity Trust (Jersey) Limited

---

[1] The court means the Inferior Number of the Royal Court in Jersey
The information contained in this facsimile message is intended only for the use of the persons or entity to whom it is addressed and may contain information that is confidential and may be legally privileged and exempt from disclosure under applicable laws. If you read this message and are not the addressee you are notified that use, dissemination, distribution or reproduction of this message is prohibited. If you have received this message in error, please notify us immediately and return the original message to us.

Regulated by the Jersey Financial Services Commission and registered under the Financial Services (Jersey) Law 1998 Registration No. 57383