LATHAM & WATKINS LLP
Peter A. Wald (Bar No. 85705)
peter.wald@lw.com
Darius Ogloza (Bar No. 176983)
darius.ogloza@lw.com
Sarah M. Ray (Bar No. 229670)
sarah.ray@lw.com
Katie Y. Chang (Bar No. 246247)
katie.chang@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-2562
Telephone: +415.391.0600
Facsimile: +415.395.8095

Attorneys for Defendants
EQUITY TRUST (JERSEY) LIMITED, PHILIP JOSEPH AUSTIN, CAROLINE BOUGEARD, AND GRANT BROWN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HANA HILSENRATH AND OLIVER HILSENRATH,

Plaintiffs,

v.

EQUITY TRUST (JERSEY) LIMITED, CANDOVER INVESTMENTS PLC, INSINGER DE BEAUFORT HOLDING, S.A., JARDINE MATHESON HOLDINGS LIMITED, PHILIP JOSEPH AUSTIN, GRANT BROWN, MELVYN KALMAN, JOHN PERKINS, CAROLINE BOUGEARD, AND DOES 1-10,

Defendants.

CASE NO. C:07-CV-3312-CW

REPLY TO OPPOSITION TO DEFENDANT PHILIP JOSEPH AUSTIN'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENCY OF SERVICE OF PROCESS, IMPROPER VENUE, *FORUM NON CONVENIENS*, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Date: November 1, 2007
Time: 2:00 p.m.
Place: Courtroom 2, 4th Floor
Judge: Honorable Claudia Wilken

Complaint Filed: June 25, 2007

Plaintiff Oliver and Hana Hilsenrath's ("plaintiffs") entire opposition[1] to

[1] Plaintiffs' Opposition fails to specifically address, much less oppose, any of the jurisdictional arguments made in Austin's motion to dismiss for lack of jurisdiction. Further, plaintiffs have failed to adequately address, in <u>any</u> of their moving papers, the presumptive validity and

defendant Philip Joseph Austin's ("Austin") motion to dismiss is devoted to the argument that Austin's statements, made in a declaration in support of ETJL's motion to dismiss, were actually false. Plaintiffs incorrectly assume that the alleged falsity of these statements impacts the application of the California litigation privilege. This position is legally untenable. Put simply, the fatal flaw in plaintiffs' opposition is a failure to grasp the absolute nature of the litigation privilege.

The litigation privilege applies broadly and regardless of allegations of malice. *See Silberg v. Anderson*, 50 Cal. 3d 205, 211, 215-16 (Cal. 1990). Plaintiffs suggest that courts may exercise a balancing of interests and decline to extend the litigation privilege where the statements made are false. Yet this kind of balancing occurs only where it is not clear that the litigation privilege applies, as where statements are made outside of litigation but may yet be related to the litigation. What plaintiffs misunderstand is that courts have no discretion to deny application of the California litigation privilege when the statements are made in the following context: (1) in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. *See* Cal. Civil Code § 47(b). Where the litigation privilege indisputably applies, as here, the privilege is absolute, and the cases relied upon by plaintiff are unavailing.

For example, plaintiffs' reliance on *Sengchanthalangsy v. Accelerated Recovery Specialists, Inc*., 473 F. Supp. 2d 1083 (S.D. Cal. 2007), is misplaced. In *Sengchanthalangsy*, plaintiffs contended that the litigation privilege did not apply because the affidavit containing the disputed statements was not prepared or contemplated for litigation purposes. *Id*. In the present case, however, there can be no doubt that Austin's sworn declaration was prepared solely for litigation purposes. Austin's declaration was (1) submitted in a judicial proceeding; (2) by an

---

enforceability of the foreign forum selection clauses contained in plaintiffs' contracts with ETJL. Accordingly, the arguments relating to Austin's limited contacts with California and the forum selection clauses are uncontroverted, and therefore, not repeated herein.

employee of a defendant; (3) to support the employer-defendant's motion to dismiss; and thus, (4) the declaration had both an explicit connection and a logical relation to the action. As the court in *Sengchanthalangsy* observed: "If the litigation privilege applies, then the protection is absolute, even when a statement is made with malice." *Id*. at 1087 (citations omitted).[2] Accordingly, whether Austin's statements are true or false, they are protected by the litigation privilege.

Plaintiffs cite only one other case[3] in support of their position that this Court should allow their cause of action against Austin despite the litigation privilege. This second case is similarly unavailing. Relying on *Kimmel v. Goland*, 51 Cal. 3d 202, plaintiffs attempt to avoid the litigation privilege by characterizing Austin's declaration as a non-communicative act to which the litigation privilege does not apply. In *Kimmel*, the court found that the litigation privilege did not apply to the unauthorized recording of confidential telephone conversations because the conduct occurred prior to the commencement of the lawsuit at issue. *Id*. Plaintiffs point to dicta in *Kimmel* that purely non-communicative conduct is generally not afforded the litigation privilege. *Id*. at 211. Regardless of the status of non-communicative conduct, however, Austin's only "act" in this case are the statements contained in his declaration, a purely communicative act. This plaintiffs concede: "Austin is trying to conceal his firm's control over Janvrin **by stating** (paraphrased) that "he knows nothing about Janvrin et al, he has no connection with it whatsoever." Opposition at 2 (emphasis added). Setting aside the obvious

---

2 At any rate, the *Sengchanthalangsy* court determined that the litigation privilege was applicable and the statements protected, even where the statements were not made in a court filing, but rather in a letter sent by defendant's counsel to plaintiff's counsel. *See id*.

3 The third and final case cited by plaintiffs, *Sphere Drake Ins. V. All Am. Life Ins. Co*., 221 F. Supp. 874 (N.D. Ill. 2002), is wholly inapplicable to the present situation. That case is not concerned with the California litigation privilege at all; rather, it involves an entirely different legal doctrine: *i.e.*, whether Sphere Drake properly invoked the English law of privilege in its refusal to turn over documents prepared in anticipation of litigation. Accordingly, the analysis set out in *Sphere Drake* is irrelevant to the question of whether the California litigation privilege bars plaintiffs' cause of action based on statements made in Austin's declaration.

problem with plaintiffs' attribution of their own invented statements to Austin through the device of "paraphrasing," plaintiffs here admit the conduct to which they object is communicative — Austin's statements in his declaration.

As set out in Austin's Motion to Dismiss, Plaintiffs' First Amended Complaint as to defendant Austin should be dismissed for five independent reasons. First, plaintiffs have alleged no relevant contact to this forum by Austin that may support the exercise of personal jurisdiction, and, in fact, Austin has demonstrated a complete lack of relevant contacts with the forum. Second, plaintiffs failed to serve Austin in accordance with the Federal Rules of Civil Procedure, and have made no attempt to remedy this defect. Third, valid foreign forum selection clauses contained in the Hilsenraths' contract with Austin's employer, ETJL, mandate dismissal of this action in favor of the courts of Jersey. Fourth, the complaint should be dismissed on the basis of the *forum non conveniens* doctrine. Finally, the Hilsenraths' sole claim against Austin, for alleged "perjury" based on his declaration in support of ETJL's motion to dismiss, is not legally tenable and, is so singularly without merit, the Court should dismiss the claim as to Austin under the Federal Rule of Civil Procedure 12(b)(6) on its merits. *See Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 950 (N.D. Cal. 2006).

Based on the foregoing, and for the uncontroverted reasons set out in his Motion to Dismiss, Austin respectfully requests that the complaint against him be dismissed with prejudice.

Dated: October 18, 2007

Respectfully Submitted,

LATHAM & WATKINS LLP

By /s/ Katie Chang
ATTORNEYS FOR PHILIP JOSEPH AUSTIN