# Exhibit C

Hilsenrath v. Equity Trust (Jersey) Ltd., et al., No. 3: 07-cv-03312 CW

CHAPMAN POPIK & WHITE LLP
J. MICHAEL MATTHEWS (State Bar No. 71848)
650 California Street, Suite 1900
San Francisco, California 94105
Telephone: 415.352-3000
Facsimile: 415.352-3030

Attorneys for Counter-Claimant
Oliver Hilsenrath

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JANVRIN HOLDINGS LIMITED, CROSSGAR LIMITED, and RYBURN LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>DR. OLIVER HILSENRATH, et al.,<br><br>Defendants. | Case No. C02-1068 CW<br><br>**DECLARATION OF OLIVER HISLENRATH IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED PLEADINGS**<br><br>Date:    February 9, 2007<br>Time:   10:00 a.m.<br>Dept.:   Courtroom 2 |

I, Oliver Hilsenrath, declare:

1.  I am a defendant and counterclaimant in this case. I make this declaration from my own personal knowledge and belief. If called upon to do so, I could and would so testify.

2.  I am an Israeli citizen, as is my wife and six children. We have a family home in Tel Aviv. We returned to our home in late 2001 after I was terminated as Chairman and

Page 1
Case No. C02-1068 CW  DECLARATION OF OLIVER HILSENRATH IN SUPPORT OF REPLY
TO OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED PLEADINGS

1  CEO of US Wireless. We did not "flee" California. When I learned that the U.S. Government had charged me with various criminal offenses, I immediately contacted the US Government, retained counsel and then returned voluntarily in late 2004 to face the charges. I am free without a secured bond and have been able to leave the country as need be since my return.

3. The criminal case against me has been settled. I am available at any time to discuss the settlement personally with the court, and I have authorized my civil attorney in this action to do so as well, if the court has any question about the criminal case.

4. As set forth in my proposed amended pleading, over a period in the late 90s and early part of this decade, my wife Hana and I entered into various trust agreements with Equity Trust in Jersey. To this day, the company continues as our fiduciary. In June 2005, I discovered for the first time that in late 2000 Equity Trust had betrayed my and Hana's trust by delivering our confidential financial and trust information to Plaintiffs, Mr. Westreich and his colleague. When the court set aside the wrongful default that had been entered against me, and I had an answer filed for me in this case, I directed my attorneys to file a counter-claim based on the facts as I then knew them.

5. I attach as Exhibit A to this declaration a copy of a fax transmittal cover (in Hebrew) I received from Amos Bentzur (David Dahan's lawyer) on June 14, 2005. Receiving this fax and its attachments was the first knowledge I ever had of Equity Trust's delivery of our private information to the parties that had been suing us in the original cases, and their lawyers.

6. Since filing my original answer and counterclaim on October 14, 2005, I have

Page 2

Case No. C02-1068 CW  DECLARATION OF OLIVER HILSENRATH IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED PLEADINGS

been actively involved in the defense of the criminal claims against me. I have had access to and reviewed over 200 bankers' boxes of documents, in excess of 100 compact disks, and tens of hours of video and audio recordings of testimony taken by various government agencies and attorneys, including testimony in 2005 from certain Equity Trust employees. The material I've reviewed includes approximately 30 boxes from Equity Trust and thousands of pages from David Dahan and/or his attorney in Israel, Amos Bentzur. (I expect to receive numerous additional documents from Equity Trust in the next month.) I have reviewed witness interviews conducted on my behalf and on behalf of the U.S. government. As revealed by the amended pleading I propose to file, I now have much greater information about the wrongful acts committed by Equity Trust and those who colluded with it.

7. The records I've seen reveal that in 2002 the SEC subpoenaed all records relating to holdings of Equity Trust in US Wireless, and that in 2003 and 2004 the FBI and the Jersey Crown Advocate collected additional documents from the firm. They obtained 14 bankers' boxes of materials and five hours of taped interviews. There was no trace in these materials of my private documents produced to Plaintiffs and Westreich in December 2000, so it appears that even in the face of subpoenas from the U.S. and Jersey Authorities Equity Trust was still trying at that time to hide the breach of trust that had occurred. Equity Trust began to cooperate with the Jersey and the U.S. governments in mid 2006 only when confronted with evidence from other sources that demonstrated its egregious breaches.

8. Although I knew in May 1999 that Mr. Dahan had asked Equity Trust for a copy of a power of attorney in the file of one of our trusts, I believed Equity Trust would comply with both my verbal and written directions not to release information to him. I had

Page 3

no idea in 1999, 2000, 2001, or at any time before mid-2005 that it had released this information. I had been interviewed by outside counsel for the US Wireless Audit Committee prior to signing the Settlement Agreement, but they did not disclose to me any documents they had received or otherwise disclose the factual basis for their inquiries. I did not sign the Settlement Agreement in 2001 with knowledge that my trust had been invaded, and did not understand myself to be releasing such claims when I signed it.

9. I was terminated as CEO of US Wireless on May 25, 2001, over the Memorial Day weekend. The Board of Directors of US Wireless was convened secretly without my knowledge and without inviting me to the meeting. I was traveling in Europe on a fundraising mission for the company. To my knowledge, US Wireless never prepared, and no one has ever seen minutes of the meeting of the Board discussing my termination and the Audit Committee's findings.

10. On a personal level, I believe the consequences of Equity Trust's actions, and of those who worked with it, to have been tragic. The number of lives affected by the failure of US Wireless is almost too great to calculate. As revealed in our proposed pleading, the financial and emotional consequences to me and to Hana have been severe.

11. I have read Mr. Westreich's declaration in which he states under penalty of perjury that he has not had contact with a "current" representative of the three plaintiffs since October 14, 2005, when we filed my first answer and counterclaim. I know he is wrong and misrepresenting facts to the court. He has been in contact with both Equity Trust and David Dahan since that time.

12. I attach as Exhibit B a copy of a document which was a part of the discovery in

Case No. C02-1068 CW  DECLARATION OF OLIVER HILSENRATH IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED PLEADINGS

Page 4

the criminal action against me. It is a printed copy of an e-mail from Caroline Bougeard in the Legal Department at Equity Trust dated February 8, 2006, sent to Mr. Westreich and copied to other Equity Trust employees.

13. On about December 10, 2006, I had a lengthy call with David Dahan, who is the beneficial owner of plaintiff Janvrin. (I reestablished contact with Mr. Dahan, despite this lawsuit, in connection with the criminal investigation of me. Had I not settled the criminal case, he would have been a very favorable defense witness establishing the propriety of transactions that occurred.) Mr. Dahan told me that Mr. Westreich had sent him the pending motion and the proposed amended counterclaim, and that Mr. Westreich had followed up with a call on December 5, 2006, which lasted about 30 minutes.

I declare under penalty of perjury that the foregoing is true and correct.

Executed pursuant to the laws of the State of California on this day, January 26, 2007, at Danville, California.

_____
Oliver Hilsenrath

Page 5
Case No. C02-1068 CW DECLARATION OF OLIVER HILSENRATH IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED PLEADINGS

EXHIBIT "A"

JUN.14.2005  2:37PM  ● BENTZUR LAW 972 3 5662255  ●  NO.209  P.1/23

# AMOS BENTZUR & CO. ATTORNEYS AT LAW

עמוס בנצור ושות' עור׳ דין

LEVINSTEIN TOWER, 23 MENACHEM BEGIN RD, TEL-AVIV 66182  מגדל לוינשטיין, דרך מנחם בגין 23, תל-אביב 66182
Tel: 972-3-5662030 Fax: 972-3-5662255  E-Mail: bentzur@bentzurlaw.co.il   03-5662255 :פקס  03-5662030 :טל

DATE: 14/6/05    תאריך:

TO:  אל בוב כהן  אל:

FAX NO.  33493433837  מספר פקס:

CC:  העתק:

FROM:  מאת:

CLIENT\MATTER  אס בקבלת זה  מס' תיק:

RE:  הנדון:

NO OF PAGES (Incl. Cover)  1+41  מס' העמודים (כולל עמוד זה):

בוב שלום,

אבקש...

אודה לעיונך ואישורך או הערות...

בברכה,

עמוס

This Message is intended only for the use of its intended recipient and may contain information that is privileged and confidential. Any dissemination, distribution or copying of this communication by or to anyone other than the recipient designated above by the sender is unauthorized and strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (972-3) 5662030 and return the original message to us by mail. Thank You.



EXHIBIT A

EXHIBIT "B"

### Paul Kingham

| | |
|---|---|
| From: | Caroline Bougeard |
| Sent: | 13 October 2005 08:46 |
| To: | 'gwestreich@nixonpeabody.com' |
| Cc: | Grant Brown; Victoria Loraine; Paul Kingham |
| Subject: | Janvrin Holdings Limited, Ryburn Limited, Crossgar Limited - David Dahan |
| Attachments: | e-mail from cjb to GWestreich 16sept05.htm |

Dear Mr Westreich
I refer to my previous e-mail of 16th September 2005 (copy attached) to which your earliest reply would be appreciated.
Regards
Caroline Bougeard

Caroline Bougeard
Legal Department
Equity Trust (Jersey) Limited
Equity Trust House
PO Box 546
28-30 The Parade
St Helier
Jersey JE4 8XY
Channel Islands
Tel: 44 (0) 1534 636211
Direct Line: 44 (0) 1534 515369
Fax: 44 (0) 1534 636215
e-mail: cbougeard@equitytrust.com

RYB 00016

01/06/2006

EXHIBIT B

## PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is Chapman, Popik & White, 650 California Street, 19th Floor, San Francisco, CA 94108.

On January 26, 2007, I served the following document(s):

DECLARATION OF OLIVER HISLENRATH IN SUPPORT OF REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED PLEADINGS

on the parties involved addressed as follows:

**Attys for Pltff Janvrin Holdings**
**Cross-Def Crossgar Unlimited**
**Plaintiff and Counter-Def Ryburn Limited**
Beth L. Mitchell and Glenn E. Westreich
Nixon Peabody LLP
Two Embarcadero Center, Suite 2700
San Francisco, CA 94111-3996
415/984-8200
415-984-8300 (fax)

_____ **BY PERSONAL DELIVERY**: The within document(s) were served by hand in an envelope addressed to the addressee(s) above on this date.

__X__ **BY MAIL**: By placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid, in the United States mail, at San Francisco, California

_____ **BY FEDERAL EXPRESS OVERNIGHT DELIVERY**: I caused each envelope, with delivery fees provided for, to be deposited in a box regularly maintained by Federal Express.

_____ **BY FACSIMILE**: By use of a facsimile number 415/352-3030, I served a copy of the within document(s) on the above interest parties at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 26, 2007 at San Francisco, California.

Denise Brasher